UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JENNIFER SMITH,**

        **Plaintiff,**

v.                                              **Case No: 6:24-cv-457-PGB-RMN**

**FLORIDA AGRICULTURAL &
MECHANICAL UNIVERSITY
BOARD OF TRUSTEES,**

        **Defendant.**
_____/

## ORDER

This cause comes before the Court on Plaintiff Jennifer Smith's ("**Plaintiff**") Emergency Motion and Memorandum of Law in Support of Temporary Restraining Order and Injunctive Relief (Doc. 6 (the "**Motion**")), filed March 6, 2024. [1,2] Upon due consideration, Plaintiff's Motion is denied.

### I.     BACKGROUND

This case, which was initiated less than five months ago, has already developed a complex procedural history. Plaintiff is a tenured professor at

---

[1] Because the title of Plaintiff's Motion references injunctive relief, the Court clarifies that it construes Plaintiff's Motion as requesting only a temporary restraining order under Local Rule 6.01 and not a preliminary injunction under Local Rule 6.02. The Court construes the Motion in this manner because (1) a temporary restraining order is what Plaintiff specifically requests in the body of the Motion, and (2) Defendant has a right to respond to a motion for preliminary injunction, and thus, such a motion would not yet be ripe. *See* Local Rule 6.02(c).

[2] The Court cautions Plaintiff that all future motions shall meet the requirements set forth in Local Rule 3.01, including the requirements regarding page limits, or they are subject to being stricken.

Defendant Florida Agricultural & Mechanical University Board of Trustees' ("**Defendant**") College of Law. (Doc. 1-1, ¶¶ 8–10). This action began when Plaintiff sued Defendant in state court on October 17, 2023, under the Equal Pay Act ("**EPA**"), bringing claims for pay discrimination and for retaliation. (Doc. 1-6, pp. 1–16). Plaintiff did not serve this version of the Complaint upon Defendant. (*See* Doc. 1-1, ¶ 75). However, according to Plaintiff, Defendant learned of this filing on November 13, 2023, through litigation involving another one of its professors. (*Id.*). Then, on December 5, 2023, Defendant sent Plaintiff notice that it planned to terminate her employment. (*Id.* ¶ 76). Defendant's purported reason for terminating Plaintiff was based upon an investigation concerning a student complaint that arose from an encounter between Plaintiff and the student in October of 2022. (*Id.* ¶¶ 36, 76–77). Plaintiff, who believed this investigation had been closed, asserts this is a pretext and that Defendant seeks to terminate her based upon her suing Defendant under the EPA. (*Id.* ¶¶ 68, 95–97).

Accordingly, on January 29, 2024, Plaintiff filed her First Amended Complaint (Doc. 1-1) in the state court. This iteration of the Complaint adds allegations regarding the events that Plaintiff asserts have taken place since the filing of her initial Complaint, as described above, and contains claims for: (i) pay discrimination under the EPA, (ii) retaliation under the EPA, (iii) breach of her employment contract, (iv) First Amendment retaliation, and (v) violations of procedural due process under 42 U.S.C. § 1983, as well as (vi) a request for preliminary and permanent injunctive relief. (*See id.*).

On January 29, 2024, Plaintiff also filed an Emergency Motion for Temporary Restraining Order and Preliminary Injunctive Relief (Doc. 1-6, pp. 26–29 (the "**State Court Motion**")) and an accompanying memorandum of law (Doc. 1-6, pp. 30–54). In the State Court Motion, Plaintiff asserted that Defendant had provided her notice that her termination would be effective the following day (January 30) and thus, Plaintiff sought an order preventing this termination from occurring. (*See id.* at pp. 26–29). The trial court denied Plaintiff's request, and its ruling is currently on appeal to the Sixth District Court of Appeal. (*See id.* at pp. 77–85).

Subsequently, on February 2, 2024, Defendant received a copy of the First Amended Complaint, and on March 4, 2024, Defendant removed this case to the instant Court.[3] (Doc. 1). Now, Plaintiff moves, on an emergency basis, for a temporary restraining order preventing Defendant from terminating her employment. (Doc. 6). Although Plaintiff asserts that she is still employed by Defendant despite its notice that it would terminate her on January 30, 2024, she also discloses that, on March 1, 2024, Defendant locked her out of her professional e-mail and removed her access to Defendant's personnel database. (*Id.* at pp. 1–3). Additionally, Plaintiff is not currently permitted on Defendant's campus and is unable to perform her duties as a professor. (*Id.* at pp. 3, 28). Plaintiff asserts that "it appears extremely likely that Defendant will attempt to act on an unlawful

---

[3] Defendant contests that service in this case was proper and asserts that a process server left the Summons and a copy of the First Amended Complaint with an administrative assistant who was not authorized to accept service on its behalf. (Doc. 1, p. 2).

3

termination on Friday, March 8, 2024, should [Plaintiff] not receive her biweekly pay," and argues that she is entitled to a restraining order to prevent this from occurring. (*Id.* at p. 1).

## II. STANDARD OF REVIEW

The standard for analyzing a motion for temporary restraining order where the opposing party has notice is the same as a motion for a preliminary injunction: Plaintiff must show (1) a substantial likelihood of success on the merits of the underlying case; (2) irreparable harm in the absence of a restraining order; (3) that the harm suffered by Plaintiff in the absence of a restraining order would exceed the harm suffered by Defendants if the restraining order issued; and (4) that a restraining order would not disserve the public interest. *Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc.*, 299 F.3d 1242, 1246–47 (11th Cir. 2002); *Miccosukee Tribe of Indians of Fla. v. United* States, 571 F. Supp. 2d 1280, 1283 (S.D. Fla. 2008).

Further, temporary restraining orders are "extraordinary and drastic remed[ies] not to be granted unless the movant clearly establishe[s] the 'burden of persuasion' as to *each* of the four prerequisites." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (quoting *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998) (emphasis added). Ultimately, issuing a temporary restraining order should be "the exception rather than the rule." *Siegel*, 234 F.3d at 1176.

4

## III. DISCUSSION

In the instant case, Plaintiff has not clearly established that, absent a restraining order, Plaintiff will suffer irreparable harm. *See Johnson & Johnson*, 299 F.3d at 1246–47. With regard to this requirement, Plaintiff urges that "[l]osing a tenured position—a role with significant job security and professional esteem—cannot ever fully be remedied with money." (Doc. 6 at p. 2). However, it appears from the Motion that much of the harm that Plaintiff fears has already occurred. She cannot access her professional e-mail or Defendant's personnel database, cannot teach, and is currently not even permitted to step foot on Defendant's premises. (*See id.* at pp. 3, 28). Indeed, the primary argument Plaintiff advances to justify the emergency nature of the Motion is her fear that Defendant will remove the only apparent remaining vestige of Plaintiff's employment by Defendant: her pay. (*See id.* at p. 1). Should this come to pass, Plaintiff has an adequate remedy available, in that she can seek monetary damages for the compensation that she has lost.

Moreover, the cases cited by Plaintiff as demonstrating the irreparable harm posed here are either clearly distinguishable from the instant case, do not stand for the proposition asserted, or both. (*See* Doc. 6, pp. 33–34). For example, Plaintiff notes that this case involves an alleged violation of her First Amendment rights, and cites *KH Outdoor, LLC v. City of Trussville*, 458 F.3d 1261 (11th Cir. 2006), for the proposition that such violations always cause irreparable harm. (Doc. 6, pp. 33–34). However, *KH Outdoor* is patently distinguishable from the case at bar, as

5

it concerned a court's issuance of an injunction preventing a city from enforcing an ordinance that was actively suppressing protected speech through its regulation of billboards. *See* 458 F.3d at 1265. Here, Plaintiff alleges she used her free speech rights to file this matter in state court and Defendant is *retaliating* against her for doing so. (Doc. 1-1, ¶¶ 119–125). However, the act of retaliation that Plaintiff seeks to prevent in her Motion is monetary. (*See* Doc. 6, p. 1). As such, here, unlike in *KH Outdoor*, monetary damages can make Plaintiff whole. *See* 458 F.3d at 1265.

Plaintiff additionally argues that "irreparable harm is usually presumed in breach of contract actions arising under Florida law," citing to *Capraro v. Lanier Bus. Prods. Inc.*, 466 So. 2d 212 (Fla. 1985). (Doc. 6, p. 34). However, *Capraro*'s holding is far narrower than Plaintiff suggests, as the Court there held that irreparable harm is presumed in breach of contract cases *where the alleged breach concerned a covenant not to compete. See* 466 So. 2d at 213. If irreparable harm was presumed in every breach of contract case, the Court would be flooded with requests for temporary restraining orders and for preliminary injunctive relief in such cases, even where the damages were simply monetary.

Further, Plaintiff's Motion does not clearly establish that a restraining order would not disserve the public interest in this case. *See Johnson & Johnson*, 299 F.3d at 1246–47. Plaintiff essentially seeks to require Defendant to keep her on its payroll until such time as this litigation is concluded despite the fact that she is already unable to perform the primary functions of her job. (*See* Doc. 6, pp. 3, 28). The Court is not convinced that issuing such orders would represent good public

6

policy under circumstances such as these, especially considering that, in cases where the employee does not prevail in the litigation, the employer may need to use the legal system to claw back the required payments.

Because the Court finds that Plaintiff has not clearly established two requirements for obtaining a temporary restraining order, it concludes that this "extraordinary and drastic" remedy is not warranted here. *Siegel*, 234 F.3d at 1176. Accordingly, the Court does not reach the remaining requirements for establishing entitlement to such relief or the issue of whether Plaintiff has established good cause for waiving a bond here.

### IV. CONCLUSION

For the aforementioned reasons, Plaintiff's Emergency Motion and Memorandum of Law in Support of Temporary Restraining Order and Injunctive Relief (Doc. 6) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on March 8, 2024.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

7