687 Fed.Appx. 888 (Mem)
This case was not selected for
publication in West's Federal Reporter.
See Fed. Rule of Appellate Procedure 32.1 generally governing citation of judicial decisions issued on or after Jan. 1, 2007. See also U.S. Ct. of App. 11th Cir. Rule 36-2.
United States Court of Appeals, Eleventh Circuit.

Jennifer SMITH, Plaintiff-Appellant,

v.

FLORIDA AGRICULTURAL AND
MECHANICAL UNIVERSITY BOARD
OF TRUSTEES, Defendant-Appellee.

Nos. 15-14613 & 16-15582
|
(May 8, 2017)

Appeal from the United States District Court for the Northern District of Florida, D.C. Docket No. 4:14-cv-00540-RH-CAS

**Attorneys and Law Firms**

Stephen M. Smith, Law Offices of Stephen M. Smith, New Orleans, LA, for Plaintiff-Appellant

Jennifer M. Smith, Pro Se

Maria A. Santoro, William Peter Martin, Dennis Jackson Martin & Fontela, PA, Tallahassee, FL, Teresa Cooper Ward, Teresa Cooper Ward, Attorney at Law, Tallahassee, FL, for Defendant-Appellee

Before ED CARNES, Chief Judge, DUBINA and HIGGINBOTHAM, [*] Circuit Judges.

**Opinion**

PER CURIAM:

Professor Jennifer Smith sued her employer, Florida A&M University ("FAMU"), alleging pay inequity, sex discrimination, and retaliation. She claimed that FAMU discriminated against its female law professors by paying them less than comparable male law professors and retaliated against her when she voiced opposition. The district court denied summary judgment, and the case went to trial. The jury found FAMU not liable on any of Professor Smith's claims. While the jury found that Professor Smith was paid less than comparable male professors, it was persuaded that the difference was for reasons other than her sex.

At the trial, one of FAMU's witnesses alluded to a list of professors' salaries that was not produced in discovery. Professor Smith did not object at the time, but later moved for a new trial based on this perceived ambush. The district court denied the motion. Later, under the leadership of a new interim dean, FAMU conducted a statistical analysis of publicly available salary data of its law professors. That study concluded that FAMU's female law professors were paid less than its male law professors, and FAMU took measures to remedy this gap. It also appears that Professor Smith's fourth application for a promotion, post-trial, was rejected for stated reasons in tension with reasons given for the previous three rejections. Based on these post-trial developments, among others, Professor Smith again moved for a new trial and also for relief from judgment arguing that the developments were newly discovered evidence and evidence of fraud upon the court. The district court denied all of her motions. It is from these rulings, as well a one pre-trial ruling on a motion in limine, that Professor Smith appeals.

We review a district court's denial of a Rule 60(b) motion for abuse of discretion. *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1316 (11th Cir. 2000). We review a district court's denial of a Rule 59(a) motion for abuse of discretion. *McGinnis v. Am. Home Mortgage Serv., Inc.*, 817 F.3d 1241, 1255 (11th Cir. 2016). The evidentiary rulings of a district court are reviewed **\*889** for a clear abuse of discretion. *Aycock v. R.J. Reynolds Tobacco Co.*, 769 F.3d 1063, 1068 (11th Cir. 2014). We review a district court's denial of a motion for relief from judgment under Rule 60(d) for abuse of discretion. *Aldana v. Del Monte Fresh Produce N.A., Inc.*, 741 F.3d 1349, 1355 (11th Cir. 2014). However, as Professor Smith candidly acknowledges, plain-error review applies to the objection that went unpreserved in the district court. To overturn the district court on plain-error review, "there must (1) be error, (2) that is plain, (3) that affects the substantial rights of the party, and (4) that seriously affects the fairness, integrity, or public reputation of a judicial proceeding." *Brough v. Imperial Sterling Ltd.*, 297 F.3d 1172, 1179 (11th Cir. 2002).

We are not persuaded that the able district court abused its discretion or plainly erred in denying any of the relief that Professor Smith sought. FAMU's pay-inequity study was based entirely on publicly available data that Professor Smith drew upon in her presentation to the jury. Indeed, she

**Defendant's Exhibit 4**

WESTLAW  © 2024 Thomson Reuters. No claim to original U.S. Government Works.    1

persuaded the jury that she was paid less than comparable male professors. Nor are the remedial measures taken to correct the pay difference a confession that they were the product of gender bias. FAMU's challenged rejection of Professor Smith's fourth promotion application came post-trial and is not new evidence entitling her to relief. *See NLRB v. Jacob E. Decker & Sons, 569 F.2d 357, 364 (5th Cir. 1978)*.

We perceive no evidence of fraud perpetrated upon the district court. The district court's well-reasoned rejections of the balance of Professor Smith's objections were sound. Professor Smith's motion to supplement the record is denied, and the judgment of the district court is affirmed.

**All Citations**

687 Fed.Appx. 888 (Mem), 2017 Fair Empl.Prac.Cas. (BNA) 152,352

**Footnotes**

\*   Honorable Patrick E. Higginbotham, United States Circuit Judge for the Fifth Circuit, sitting by designation.

End of Document © 2024 Thomson Reuters. No claim to original U.S. Government Works.

# Defendant's Exhibit 4