UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JENNIFER SMITH,

    Plaintiff,

v.

FLORIDA AGRICULTURAL & MECHANICAL UNIVERSITY BOARD OF TRUSTEES,

    Defendant.

Case No. 6:24-cv-457-PGB-RMN

## ORDER

This cause comes before the Court for consideration without oral argument on Defendant's Unopposed Motion for Enlargement of Time to Respond to Plaintiff's Amended Complaint (Dkt. 16), filed March 13, 2024.

### I. BACKGROUND

Although this action was filed in state court in October 2023, Defendant states that service was not attempted until February 2, 2024. Dkt. 1 at 2. By that time, Plaintiff had filed an amended complaint. Dkt. 1-1. Defendant did not respond within twenty days of February 2, and so Plaintiff moved for the clerk of the state court to enter a clerk's default against Defendant, which the clerk entered the same day. Dkt. 1-6 at 92, 95.

Four days later, on March 1, Defendant appeared in state court. Dkt. 1-6 at 97–98. Then, on March 4, Defendant filed a motion asking the state court to set aside the clerk's default. *Id.* at 100–103. But because Defendant also removed the action to this Court on March 4, the state court did not act on Defendant's motion. Dkts. 1 (notice of removal), 1-5 (state court docket).

Since the removal of this case, Plaintiff has filed two motions seeking preliminary injunctive relief against Defendant. Dkts. 6, 11. The first motion was denied by the Court on March 8. Dkt. 10. Plaintiff filed her second motion on March 11. Dkt. 14.

Then, on March 14, Defendant moved to extend its deadline to respond to the amended complaint. Dkt. 16.

## II.   LEGAL STANDARDS

Motions for the extension of deadlines imposed by the Federal Rules of Civil Procedure are governed by Rule 6(b). Under that rule, a court may, for good cause shown, extend a deadline if (A) a party requests an extension before the deadline passes or (B), if the deadline has passed, upon a showing of excusable neglect. Fed. R. Civ. P. 6(b)(1).

## III.   ANALYSIS

The motion is due to be denied for at least three reasons.

*First*, Defendant cannot ignore the clerk's default that has been entered against it by the state court. Defendant is currently in default, and it must

seek affirmative relief in this Court if it wishes the clerk's default entered in the state court to be set aside. *See* Local Rule 1.06(c) ("A motion pending in state court and not refiled within twenty-one days after removal and in compliance with these rules is denied without prejudice.").

*Second*, Defendant believes that "[u]nder proper service, [the] current deadline to respond to the Amended Complaint would be March 14, 2024." Dkt. 16 at 1. How Defendant reached this belief is clear as mud. It cited no authority or support for its belief. *See id.*

Perhaps Defendant believes its response deadline is set by the Florida Rules of Civil Procedure. If that were so (and assuming the service effected on February 2 was proper), then Defendant's responsive pleading was due on March 13, not March 14. *See* Fla. R. Civ. P. 1.140(a)(2)(A) (providing state agencies with 40 days to respond). Defendant knows this, of course, because that is what it told the state court. Dkt. 1-6 at 101 ("Accordingly, FAMU, [sic] has at least 40 days—or until March 13, 2024—to respond to Plaintiff's Amended Complaint.").

But that deadline went out the window once this case was removed. It has long been the case that, once a case is "removed to the District Court, the Federal Rules of Civil Procedure became applicable." *Bush v. Allstate Ins. Co.*,

425 F.2d 393, 395 (5th Cir. 1970) [1]; *see also* Fed. R. Civ. P. 81(c)(1) ("These rules apply to a civil action after it is removed from a state court."). And so, Defendant's responsive deadline is set by the Federal Rules of Civil Procedure, not the Florida Rules.

Federal Rule of Civil Procedure 81(c)(2) requires a "defendant who did not answer before removal" to answer or otherwise respond to a complaint no later than the longest of three periods. The first period is "21 days after receiving—through service or otherwise—a copy of the initial pleading stating the claim for relief." Fed. R. Civ. P. 81(c)(2)(A). The second is "21 days after being served with the summons for an initial pleading on file at the time of service." *Id*. 81(c)(2)(B). And the third is "7 days after the notice of removal is filed." *Id*. 81(c)(2)(C).

Defendant's deadline to respond was February 23 applying the first period—21 days after Defendant admits it received a copy of the initial pleading. If service on that date was effective, then Defendant's deadline under the second period is the same as the first. If not, the second period is inapplicable. Under the third period, the deadline for Defendant to answer was

---

[1] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981. *Bonner v. City of Pritchard*, 661 F.1206, 1209 (11th Cir. 1981) (en banc).

seven days after removal. That deadline expired on March 11. So Defendant's deadline to respond to the amended complaint has passed.

*Third*, because the motion was filed after the pleading response deadline had passed, Defendant must show both good cause and excusable neglect. Fed. R. Civ. P. 6(b)(1)(B); *see also Omni Healthcare Inc. v. N. Brevard Cnty. Hosp. Dist.*, No. 6:22-cv-696, 2024 WL 711066, at *1 (M.D. Fla. Feb. 21, 2024) (holding litigant who moves after the expiration of a deadline must demonstrate excusable neglect and good cause). But Defendant does nothing to establish excusable neglect, and so its motion should be denied. *See Farina v. Mission Inv. Tr.*, 615 F.2d 1068, 1076 (5th Cir. 1980) (concluding that, "absent an affirmative showing of excusable neglect . . . according to Rule 6(b)," a court does not abuse its discretion by refusing to consider out-of-time materials).

In sum, Defendant must first move to set aside the clerk's default that has been entered against it. Defendant must also properly seek leave to file an out-of-time response to the amended complaint. And when it does so, Defendant must establish good cause and excusable neglect, as required by Rule 6(b)(1)(B), if it can.[2]

---

[2] Defendant is forewarned that the Eleventh Circuit has held that a litigant's misunderstanding of law or "an attorney's failure to grasp the relevant procedural law" does not constitute excusable neglect. *Advanced Estimating Sys., Inc. v. Riney*, 130 F.3d 996, 998 (11th Cir. 1997).

## IV.  CONCLUSION

Accordingly, it is **ORDERED** that Defendant's Unopposed Motion for Enlargement of Time to Respond to Plaintiff's Amended Complaint (Dkt. 16) is **DENIED**. If Defendant renews its motion, it must do so on or before March 18, 2024.

**DONE** and **ORDERED** in Orlando, Florida, on March 15, 2024.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:

Counsel of Record