UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JENNIFER SMITH,**

    **Plaintiff,**　　　　　　　　　**Case No.:  6:24-cv-457-PGB-RMN**

v.

**THE FLORIDA AGRICULTURAL &
MECHANICAL UNIVERSITY BOARD
OF TRUSTEES,**

    **Defendant.**
_____/

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION
FOR PRELIMINARY INJUNCTION AND SUPPORTING MEMORANDUM**

Defendant, THE FLORIDA AGRICULTURAL & MECHANICAL UNIVERSITY BOARD OF TRUSTEES ("Defendant" or "FAMU"), by and through its undersigned counsel and pursuant to Local Rule 6.02 and Rule 65, *Federal Rule of Civil Procedure*, hereby responds to Plaintiff, JENNIFER SMITH's ("Plaintiff") Motion for Preliminary Injunction [ECF No. 11] (the "Preliminary Injunction Motion") and states:

**I.  INTRODUCTION**

Plaintiff, for the third time, brings this request for injunctive relief with no factual or evidentiary basis and asks for relief to which she is not entitled. Plaintiff's Motion fails for two reasons. First, the Preliminary Injunction Motion should be stricken from the record because it fails to satisfy the procedural requirements set out under Local Rules 3.01 and 6.02. Plaintiff violated the Local Rules by incorporating

1

fourteen (14) pages of argument from a prior motion and circumventing the page limit prescribed in Local Rule 3.01(a), without seeking leave from this Court. In addition, Plaintiff fails to attach or cite to any evidentiary record that she relies on, in violation of Local Rule 6.02. Due to Plaintiff's failure to satisfy the procedural requirements as prescribed by the Local Rules, Defendant is severely prejudiced by the lack of verifiable factual information in support of her Motion. Defendant therefore respectfully requests that this Court require Plaintiff's strict compliance with Local Rules 3.01 and 6.02, and strike Plaintiff's Motion for failure to comply therewith, or alternatively deny Plaintiff's Motion on those grounds.

Second, Plaintiff's Preliminary Injunction Motion fails to meet the high standard required for entry of a preliminary injunction. Plaintiff has not met the elements to establish she is entitled to reinstatement as she cannot show that she is likely to succeed on the merits of any of her claims, nor that she has any irreparable harm that cannot be cured by backpay or other damages. Further, Plaintiff requests that this Court enjoin her "impending termination", however, Plaintiff's termination was effective January 30, 2024. The only equitable relief the Court could provide is reinstatement. However, reinstatement at this juncture would be futile as this Court would be reinstating Plaintiff at the end of the current semester and with less than seven weeks from the end of her contract term. Accordingly, Plaintiff's Preliminary Injunction Motion should be denied.

## II. STATEMENT OF FACTS

Plaintiff's employment with FAMU began on August 8, 2004 as a law professor for the College of Law. *See* Declaration of Provost Allyson Watson, attached as "**Exhibit A.**" In October 2014, Plaintiff sued FAMU for violations of the Equal Pay Act, Title VII of the Civil Rights Act, Title IX of the Education Amendments Act, and the Florida Civil Rights Act. Plaintiff's case was adjudicated at a jury trial which found in favor of FAMU. *See* Verdict from *Smith v. Florida Agricultural & Mechanical University Board of Trustees,* Case No. 4:14-cv-540-RH-CAS (N.D. Fla. July 22, 2015) attached as "**Exhibit B.**" The jury found that even though FAMU paid another male professor of equal skill, under the same working conditions, a higher salary than Plaintiff, the difference in compensation was caused by factors other than gender. *Id.* This judgment was affirmed on appeal. *See Smith v. Florida Agricultural & Mechanical University Board of Trustees,* 687 Fed. App'x 888 (11th Cir. 2017) attached as "**Exhibit C.**"

In July 2018, Plaintiff sued FAMU, again, for violation of the Equal Pay Act. Plaintiff's second case also ended in favor of FAMU, this time on summary judgment. *See Smith v. Florida Agricultural & Mechanical University Board of Trustees,* Case No. 4:18-cv-409-RH-CAS (N.D. Fla. June 2, 2019) attached as "**Exhibit D.**" In that case, the court held that although FAMU made some changes to the pay structure since Plaintiff's prior case, none of these changes affected Plaintiff, nor were the changes motivated by gender. *Id.* at *3. This case was also affirmed on appeal by the Eleventh Circuit. *See Smith v. Florida Agricultural & Mechanical University Board of Trustees,* 831 Fed. App'x 434 (11th Cir. 2020) attached as "**Exhibit E.**"

On December 5, 2023, FAMU sent Plaintiff a Notice of Intent to Dismiss from Employment ("Intent to Dismiss"), informing her of her rights as a tenured professor and that her employment would be ending. *See* Intent to Dismiss attached to Ex. A as "**Exhibit 1.**" On December 12, 2023, Plaintiff exercised her rights by opting to have a conference pursuant to FAMU's Regulation 10.120, which was held on January 11, 2024. *See* Letter to Provost Watson attached as "**Exhibit F.**" While the panel at the conference made a recommendation to rescind the Intent to Dismiss, the Provost, who had ultimately decision-making authority, decided to move forward with Plaintiff's termination. *See* Notice of Dismissal attached Ex. A as "**Exhibit 2.**" On January 23, 2024, FAMU informed Plaintiff of its decision to move forward and terminate her employment on January 30, 2024. *Id.* Plaintiff's termination was effective January 30, 2024. *Id.*

While this was occurring, on October 17, 2023, Plaintiff filed a complaint in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida. *See* ECF No. 1-6. Prior to serving the Defendant, Plaintiff filed her First Amended Compliant in state court on January 29, 2024, alleging claims under the Equal Pay Act of 1963, 42 U.S.C. § 1983 for First Amendment Retaliation and Violation of her Procedural Due Process, and for breach of contract. *See* ECF No. 1-1. The same day, Plaintiff filed an Emergency Motion for Temporary Restraining Order and Preliminary Injunctive Relief ("State Court TRO"), which was denied by the state court on January 31, 2024

4

because Plaintiff's termination already occurred by the time the state court received the motion[1]. *See* Order Denying State Court TRO attached as "**Exhibit G.**"

Defendant removed this case to the United States District Court, Middle District of Florida Orlando Division on March 4, 2024. *See* ECF No. 1. Two days later, Plaintiff refiled her Emergency Motion for Temporary Restraining Order and Preliminary Injunctive Relief in this Court ("Federal Court TRO"), which was again denied. *See* ECF Nos. 6, 10, Plaintiff's Federal Court TRO and this Court's Order Denying the Federal Court TRO are attached as "**Exhibit J**" and "**Exhibit K**", respectively. This time, Plaintiff's Federal Court TRO was denied because she failed to meet her burden of establishing that she would suffer irreparable harm absent the injunctive relief. *See* Ex. K, at 5-7. Now, for a third time, Plaintiff files her Preliminary Injunction Motion requesting the Court enjoin what she has represented as her impending termination or order reinstatement, if the termination is carried out. *See* ECF No. 11, at 1, which is attached as "**Exhibit H.**"

### III.   MEMORANDUM OF LAW

#### a.   STANDARD OF REVIEW

The Court is authorized to enter a preliminary injunction pursuant to Federal Rule of Civil Procedure 65. To prevail on its request for injunctive relief, Plaintiff must demonstrate the following four elements: (1) a substantial likelihood of success

---

[1] Plaintiff has appealed the Order Denying State Court TRO to the Sixth District Court of Appeal, but that court has declined to her the appeal given Defendant's Notice of Removal to this Court. *See* Order by the Court, *Smith v. Florida Agricultural & Mechanical University Board of Trustees*, 6D24-0233 (Fla. 6th DCA March 20, 2024)

on the merits of the underlying case; (2) the movant will suffer irreparable harm in the absence of an injunction; (3) the harm suffered by the movant in the absence of an injunction would exceed the harm suffered by the opposing party if the injunction issued; and (4) an injunction would not disserve the public interest. *Johnson & Johnson Vision Care. Inc. v. 1-800 Contacts. Inc.*, 299 F.3d 1242, 1246–47 (11th Cir. 2002). A preliminary injunction is a drastic and extraordinary remedy which should not be granted unless the movant can clearly establish each of the four elements. *America's Health Ins. Plans v. Hudgens*, 742 F.3d 1319, 1329 (11th Cir. 2014).

### b. ARGUMENT

#### i. Plaintiff's Preliminary Injunction Motion Fails to Meet the Requirements under the Local Rules.

While Plaintiff must satisfy the four elements to prevail on her injunctive relief, she must also comply with the requirements of the Local Rules for the United States District Court for the Middle District of Florida. *Wicked Grips LLC v. Badaan*, 2021 WL 4710488 at *2 (M.D. Fla. Oct. 8, 2021) (*citing Squitieri v. Nocco*, 2019 WL 4671095 at *3 (M.D. Fla. July 18, 2019)) ("The party seeking a preliminary injunction must 'fully comply with [these] procedural requirements.'").

First, Plaintiff's Motion is subject to the formatting requirements under Local Rule 3.01(a), which provides that a motion "must include—in a single document no longer than twenty-five pages inclusive of all parts." M.D. Fla. Loc. R. 3.01(a). If a party wishes to file a longer motion, they must seek leave from the court to do so in a motion not to exceed three pages. *Id.* Instead, Plaintiff filed a twenty (20) page

6

Preliminary Injunction Motion, *see* Ex. H, and then incorporates fourteen (14) pages of her Federal Court TRO, *see id.* at 19 ("Professor Smith reincorporated and renews her arguments concerning the remaining preliminary injunction elements from her motion for temporary restraining order, as if stated herein. (Doc. 6-1)"), making her motion span over two documents and thirty-four (34) pages. Here, Plaintiff's Motion violates Local Rule 3.01(a) by incorporating arguments from another document and exceeding the page limit, without seeking leave from the Court. Failure to comply with the requirements of Local Rule 3.01(a) constitutes proper grounds for striking the noncompliant motion. *See Voter Verified, Inc. v. Premier Election Sols., Inc.*, 2010 WL 1049793 at *2 (M.D. Fla. Mar. 22, 2010) (affirming Magistrate Judge's order striking motion that failed to comply with the requirements of Local Rule 3.01(a)).

Plaintiff also failed to comply with the requirements of Local Rule 6.02, which requires the movant to "include as an attachment each paper on which the movant relies." M.D. Fla. Loc. R. 6.02(a)(2). Although Plaintiff mostly relies on her own conclusory, unsworn statements, she cites to her Amended Complaint and the eleven (11) exhibits to her Amended Complaint, which are not attached to her Motion or rarely even cited to throughout her Motion. *See e.g.* Ex. H, at ¶¶ 4, 6, 11, 12. In addition, Plaintiff refers to her email communications with Defendant that are not in the record. *See id.* at ¶¶ 5, 8, 10, 13. Despite Plaintiff's reliance on these items to form the basis of Plaintiff's Preliminary Injunction Motion, Plaintiff fails to attach these documents or cite to the record.

Indeed, this is not the first time that Plaintiff has failed to abide by this Court's Local Rules, and her blatant disregard should not be countenanced by this Court. *See* ECF No. 25 (striking Plaintiff's Motion for Hearing for failure to comply with Local Rule 3.01(g)). Accordingly, Defendant respectfully requests the Court strike Plaintiff's Motion for failure to comply with the Local Rules or alternatively deny Plaintiff's Motion on these grounds.

### ii. Plaintiff Has Not Met Her Burden for Obtaining Preliminary Injunctive Relief.

As a threshold matter, Plaintiff requests this Court enjoin the Defendant from "carrying out its threatened or impending termination or reinstatement if so." *See* Ex. H, at 1. The evidence shows, Plaintiff's employment was terminated effective January 30, 2024, via Provost Watson's January 23, 2023 Notice of Dismissal. *See* Ex. A, at Ex. 2. Plaintiff even attached this Notice of Dismissal as Exhibit 7 to her Amended Complaint. *See* ECF No. 1-4, at 1. The Notice provides that her employment "will end at the close of business on Tuesday, January 30, 2024" and Plaintiff's termination was effective as of January 30, 2024. *Id.* This was further acknowledged in the state court's January 31, 2024 Order Denying Plaintiff's State Court TRO. *See* Ex. G. In that order, the state court denied Plaintiff's State Court TRO because by the time the Motion was received by the court, Plaintiff's termination was already effective on January 30, 2024. *Id.*

Plaintiff mistakenly believes, and misleads this Court into believing, that she is still employed by Defendant. It is utterly unclear why Plaintiff thinks that she is still

employed by Defendant, given that she received this Notice of Dismissal and she admits in her Preliminary Injunction Motion that she is no longer being paid by Defendant, she no longer has access to her email address or research resources, she has not been notified that she will teach in the Summer or Fall semesters, and she is no longer allowed on campus. *See* Ex. H, at ¶¶ 4, 11, 14, 15, 16.

Nothing in the facts have changed that necessitate the re-filing of Plaintiff's Preliminary Injunction Motion since it was first denied in state court on January 31, 2024. Yet, Plaintiff still has not met her burden to obtain such drastic relief from this Court.

### 1. Plaintiff has not established a likelihood of success on the merits.

Plaintiff's Preliminary Injunction Motion does not address this element; instead, she incorporates this argument from her Federal Court TRO, a motion that has already been denied by this Court. Regardless, Plaintiff has not demonstrated a likelihood of success on the merits for any of her claims. The first count of her Amended Complaint under the Equal Pay Act for discrimination in compensation is not addressed in either Plaintiff's Federal Court TRO or her Preliminary Injunction Motion. *See* Exs. H, J. Notwithstanding, Plaintiff is unlikely to prevail on this claim. This is Plaintiff's third attempt at making an Equal Pay Act claim against FAMU. *See* Exs. B-E. Plaintiff's first claim for equal pay against FAMU was made in 2015. Plaintiff was given a full and fair trial, after which a jury returned a verdict for FAMU, finding that while Plaintiff was paid less than at least one other male professor, with

substantially equal skill performing work under the same conditions, the difference in compensation was caused by factors other than gender. *See* Ex. B.

Plaintiff's second claim against FAMU for equal pay came in 2018. In that case, FAMU obtained an order granting summary judgment in its favor, and the court held, again, there was no evidence that gender was a factor in Plaintiff's pay since the prior case's jury verdict. *See* Ex. D. Like the prior two cases, Plaintiff here has not set forth any evidence that FAMU has changed its pay structure since her last lawsuit against FAMU, or that any changes to Plaintiff's pay were because of gender. Accordingly, Plaintiff is unlikely to prevail on the merits in her third case against FAMU.

As for Plaintiff's Equal Pay Act and First Amendment Retaliation claims, Plaintiff has not shown that she is likely to succeed on the merits for either claim because Defendant has a legitimate, non-discriminatory reason to end her employment, which had nothing to do with her protected activity. *See* Ex. A, at Ex. 1. FAMU's burden here is "exceedingly light." *Weston-Brown v. Bank of Am. Corp.*, 167 F. App'x 76, 80 (11th Cir. 2006). "The employer need not persuade the court that its proffered reasons are legitimate; the defendant's burden is merely one of production, not proof." *Id.* "An employer may fire an employee for a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all, as long as its action is not for a discriminatory [or retaliatory] reason." *Gogel v. Kia Motors Mfg. of Georgia, Inc.*, 967 F.3d 1121, 1148 (11th Cir. 2020) (citations omitted).

Plaintiff's employment ended because she retaliated against a student for making a written complaint against Plaintiff. *See* Ex. A, at ¶¶ 5,7. Plaintiff filed a

complaint against the student "for the purpose of ensuring that [the student] would report that she was the subject of an investigation on her bar application." Ex. A, at Ex. 1, 13-14. This reason was fully investigated and substantiated by Defendant's Division of Audit and Compliance in Reports 2022-11-17 and 2022-11-117. *See* Ex. A, at Ex. 1. Defendant's supplemental investigation also found that Plaintiff was unprofessional and inappropriate with students regarding the confrontation between Plaintiff and the student from the original report, and that her rivalry with a fellow College of Law professor was being internalized by students and creating a distraction. *Id.* Defendant would have made the same decision to end Plaintiff's employment, regardless of Plaintiff's alleged protected activities. *See* Ex. A. Plaintiff has not set forth any evidence to disprove Defendant's legitimate, non-discriminatory reason and cannot establish pretext. Therefore, she has not shown that she is likely to prevail on the merits of her Equal Pay Act and First Amendment retaliation claims.

As for Plaintiff's breach of contract claim, Plaintiff is also unlikely to succeed on the merits because she fails to state a claim. Plaintiff argues that Defendant breached her one-page employment contract for employment from August 7, 2023 to May 10, 2024, by terminating her without just cause. *See* employment contract attached as "**Exhibit I.**" More specifically, Plaintiff argues Defendant breached the contract by violating its own regulations when it "carried out a malicious investigation against Professor Smith and manufactured subterfuge for the intended termination." Ex. J, at 29-31. However, Defendant followed Regulation 10.120, which provides for the predetermination procedures for tenured faculty, as described in detail below and

11

had just cause for the reasons articled in Defendant's retaliation argument above. *See* Ex. A, at Ex. 1. Accordingly, without being able to state a claim for relief, Plaintiff is not likely to succeed on the merits of her breach of contract claim.

Finally, Plaintiff also argues that she is substantially likely to succeed on the merits of her procedural due process claim because she alleges, without any record evidence or citations to support, that the decisionmaker was bias and refused to follow the panel's recommendation to rescind her Intent to Dismiss, thereby denying her a fair opportunity to be heard. Plaintiff's due process claims stems from Defendant's alleged failure to abide by Regulation 10.120. Regulation 10.120 provides that the employee will receive written notice, prior to dismissal and that such written notice shall contain: (1) the date of the proposed action, (2) reasons for the action, (3) documents which the charges are based, (4) a statement allowing for the employee to request a conference, prior to the proposed date of the action, (5) a statement that FAMU desires to reduce the risk of error and wants to consider the employee's response, and (6) a copy of Regulation 10.120. *Id.* Plaintiff's December 5, 2023 Intent to Dismiss contains all of these elements. *See id*.

Regulation 10.120 also provides for a conference, which will then "make a recommendation to affirm or alter the disciplinary action." *Id*. Plaintiff had her three-person impartial panel on January 11, 2024. *See* Ex. F. Per the Regulation, the panel's determination is a "recommendation" to the final decision-maker, who makes the final determination as to whether it will proceed with the proposed disciplinary action, which is exactly what occurred here. *Id.;* Ex. A, at Ex. 1. The panel recommended the

12

Provost rescind the Intent to Dismiss, but the decision-maker ultimately decided to carry out the termination, for just cause as articulated and substantiated by the Investigative Reports. *See* Ex. F; Ex. A, at Ex. 1. The Defendant provided Plaintiff her process under the Regulation and complied with all its obligations prior to termination. Just because Plaintiff did not achieve her desired final outcome does not mean that she was not provided with the proper process that she was entitled to receive. Accordingly, Plaintiff has not demonstrated or cited to any evidence in the record that shows the Defendant provided her with a constitutionally inadequate process and therefore is unlikely to succeed on the merits.

### 2. Plaintiff has failed to clearly establish irreparable harm.

In light of the Court's March 8, 2024 Order, Plaintiff's Preliminary Injunction Motion now argues that under *Middleton-Keirn v. Stone*, 655 F.2d 609 (1981), the element of irreparable injury should be presumed. However, Plaintiff's reliance on this case is misplaced. First, *Stone* alleged violation of Title VII of the Civil Rights Act ("Title VII"), which requires the exhaustion of administrative remedies with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff does not bring any claims under Title VII. Her claims are brought through the Equal Pay Act, a state law breach of contract claim, and 42 U.S.C. § 1983 for violations of her constitution rights. None of these claims have the same administrative exhaustion requirement that Title VII requires. Yet, Plaintiff argues that *Stone* should apply because like Title VII, the Equal Pay Act is a federal statute aimed to remedy workplace discrimination.

13

Plaintiff does not cite to a single case to support this proposition. Rather, she cites to cases seeking preliminary injunctive relief under 42 U.S.C. § 1983 for procedural due process violations, which all analyze the irreparable harm element. *See Schrank v. Bliss,* 412 F. Supp. 28 (M.D. Fla. 1976); *Blaine v. N. Brevard Cnty. Hosp. Div.,* 312 F. Supp. 3d 1295 (M.D. Fla. 2018); *Keyer v. Civil Serv. Comm'n of the City of New York,* 397 F. Supp. 1362 (E.D.N.Y. 1975). Therefore, Plaintiff is not relieved of her burden to show irreparable harm for a preliminary injunction.

Despite her lengthy briefing on the matter, Plaintiff still fails to establish that she will suffer irreparable harm absent an injunction. *Blue-Grace Logistics LLC v. Fahey*, 340 F.R.D. 460, 465 (M.D. Fla. 2022) (stating that failure to show a substantial likelihood of irreparable injury, standing alone, would make preliminary injunctive relief improper). Plaintiff's allegations that she has lost her pay and health benefits are not irreparable given that she has other employment through her private law practice, the Law Office of Jennifer Smith. Further this Court has already ordered that loss of compensation has an adequate remedy available in the form of monetary damages. *See* Ex. K, at 5. The possibility that adequate compensatory or other corrective relief may be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm. *Sampson*, 415 U.S. 90.

The Court was also correct in its prior ruling that many of these alleged harms have already occurred. Again, Plaintiff's alleged reputational damages and loss of repute within the academic community cannot be cured by reinstatement nearly two months after her termination. Her other alleged harms such as career advancement,

ability to secure a job in this market, and potential for eviction are all too speculative to constitute irreparable harm. *Oviedo Med. Ctr., LLC v. Adventis Health Sys./Sunbelt, Inc.*, No. 6:19-cv-1711-ORL-78EJK, 2019 WL 7423546, at *3 (M.D. Fla. Oct. 15, 2019) (denying motion for preliminary injunction where plaintiff only presented "speculative and unproven risks of reputational harm to establish irreparable harm). There is nothing in Plaintiff's Declaration that establishes these forms of irreparable harm are imminent, nor is there any other evidence in the record to support such a finding. *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) ("As we have emphasized on many occasions, the asserted irreparable injury 'must be neither remote nor speculative, but actual and imminent.'") (citations omitted); *Blue-Grace Logistics LLC*, 340 F.R.D. at 465.

Like the Court previously noted, Plaintiff's cases are distinguishable from the instant case. For example, *Canal Authority of Fla. v. Callaway*, 489 F.2d 567 (5th Cir. 1974), is not an employment case. The plaintiff there sought to enjoin the termination of a canal project to prevent downdraw of a lake created by part of the project. And only one of Plaintiff's cases, *Assaf v. Univ. of Texas System,* 399 F. Supp. 1245 (S.D. Tex. 1975), concern a plaintiff requesting reinstatement on a preliminary injunction in the field of higher education, but this case is only persuasive authority, and not binding on this Court. Plaintiff cites to *Blaine v. N. Brevard Cnty. Hosp. Div.,* 312 F. Supp. 3d 1295 (M.D. Fla. 2018)*,* in support of the proposition that reporting termination to the state licensing board is irreparable harm. But unlike the oncologists in that case, Plaintiff's for-cause termination as a professor is not a reportable incident to the Florida Bar as

the oncologists' terminations were to the National Practitioner Data Bank in *Blaine*. Since Plaintiff still has not met her burden to show irreparable harm, her request for reinstatement as preliminary injunctive relief should be denied.

### 3. Balance of Interest of Public Interest

To meet her burden on the public interest factors, Plaintiff argues that terminating her employment would be a disservice to the students. However, the Investigative Reports make clear that unlike the plaintiff in *Assaf*, Plaintiff is not an educator of "impeccable character," rather, she was found to be retaliatory, unprofessional, and inappropriate with students, dragging them into her "rivalry" with another law professor. *See* Ex. A, at Ex. 1. Reinstating Plaintiff would not be good public policy. Accordingly, Plaintiff fails to carry her burden to obtain the "extraordinary and drastic" relief she seeks in her Preliminary Injunction Motion.

## IV.   CONCLUSION

Defendant, THE FLORIDA AGRICULTURAL & MECHANICAL UNIVERSITY BOARD OF TRUSTEES, respectfully requests this Honorable Court to render an Order denying Plaintiff's Motion and granting any other relief this Court deems just and proper.

Respectfully submitted March 25, 2024.

| | |
|---|---|
| */s/ Julie M. Zolty* | */s/ Maria A. Santoro* |
| **Richard E. Mitchell, Esq.** | **Maria A. Santoro, Esq.** |
| Florida Bar No: 0168092 | Florida Bar Number: 0654809 |
| rick.mitchell@gray-robinson.com | msantoro@sniffenlaw.com |
| maryann.hamby@gray-robinson.com | jlunt@sniffenlaw.com |
| **Julie M. Zolty, Esq.** | tward@sniffenlaw.com |
| Florida Bar No: 1036454 | **SNIFFEN & SPELLMAN, P.A.** |

| | |
|---|---|
| julie.zolty@gray-robinson.com<br>chantal.mccoy@gray-robinson.com<br>**GRAYROBINSON, P.A.**<br>301 East Pine Street, Suite 1400<br>Post Office Box 3068 (3208-3068)<br>Orlando, Florida 32801<br>(407) 843-8880 Telephone<br>(407) 244-5690 Facsimile<br><br>*Counsel for Defendant FAMU* | 123 North Monroe Street<br>Tallahassee, Florida 32301<br>Telephone: (850) 205-1996<br>Facsimile: (850) 205-3004<br><br>*Counsel for Defendant FAMU* |

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this 25th day of March, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all registered users.

    */s/ Julie M. Zolty*
    **Julie M. Zolty, Esq.**
    Florida Bar No: 1036454
    *Counsel for Defendant FAMU*