**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

JENNIFER SMITH,

    Plaintiff,

    v.

FLORIDA AGRICULTURAL & MECHANICAL UNIVERSITY BOARD OF TRUSTEES,

    Defendant.

Case No. 6:24-cv-457-PGB-RMN

## ORDER

This cause comes before the Court for consideration without oral argument on Plaintiff's Motion for Clerk's Default (Dkt. 33), filed March 29, 2024. Upon consideration, the Motion is due to be denied.

In the Motion, Plaintiff requests that this Court enter a default against Defendant, Florida Agricultural & Mechanical University ("FAMU"), after it removed the case to this federal court, filed a motion to quash service of process and for an extension of time to respond to the Complaint, and responded in opposition to Plaintiff's preliminary injunction motion. *See* Dkt. 33. Plaintiff bases her request on the fact that Defendant did not file a response to the Complaint seven days after the notice of removal was filed in this case. *Id.* at 2; *see also* Dkt. 18 at 4 (applying Federal Rule of Civil Procedure 81(c)(2)).

A district court may enter a default judgment when a party "has failed to plead or otherwise defend," but it also has the discretion to deny a motion for default judgment. *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1316–17 (11th Cir. 2002); *see* Fed. R. Civ. P. 55(a)–(b). The Eleventh Circuit has explained that "a district court acts within its discretion in denying a motion for default judgment where the defendant made an appearance in the case before the motion was filed and filed a motion dismiss 'a short time after the deadline' for filing the responsive pleading, with no prejudice to the plaintiffs." *Powers v. U.S. Homeland Sec.*, No. 22-10042, 2023 WL 4623608, at *2 (11th Cir. July 19, 2023) (citing *Mitchell*, 294 F.3d at 1317).

The circumstances here are like those in *Powers*. On March 4, 2024, Defendant removed the case to federal court. Dkt. 1. On March 18, Defendant filed a motion to quash service of process, set aside the state court's clerk's default, and for an extension of the deadline to respond to the Complaint. Dkt. 22. And Plaintiff has not shown that she is prejudiced in any way. The Motion is therefore due to be denied.

Accordingly, it is **ORDERED** that Plaintiff's Motion (Dkt. 33) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on March 29, 2024.

ROBERT M. NORWAY
United States Magistrate Judge

Copies furnished to:

Counsel of Record