**Regulations of**
**Florida A&M University**



**10.206    Complaint Procedures for Tenured or Permanent Status Employees.**

(1) Purpose – The purpose of this regulation~~rule~~ is to promote a prompt and efficient procedure for the investigation and resolution of complaints filed by Faculty or Administrative and Professional employees of the University who have tenure or permanent status or who may file a complaint pursuant to Regulation 10.206.~~Rule 6C3-10.233, F.A.C.~~ The provisions of this regulation~~Rule~~ are not applicable to University Support Personnel System employees who may file a complaint pursuant to Regulation 10.303.~~Rule 6C3-10.338, F.A.C.~~

(2) All problems should be resolved, whenever possible, before the filing of a complaint and open communication is encouraged so that resort to the formal complaint procedure will not normally be necessary. Therefore, informal resolution of complaints is encouraged.

(3) Burden of Proof – The burden of proof shall be on the University in disciplinary complaints. In all other complaints, except disciplinary complaints, the burden of proof shall be on the complainant.

(4) Resort to Other Procedures – If prior to seeking resolution of a dispute by filing a complaint under this rule, a complainant seeks resolution of the matter in any other forum, administrative or judicial, the University shall have no obligation to entertain or proceed further with the matter pursuant to this rule. Further, SINCE IT IS NOT INTENDED THAT THE COMPLAINT PROCEDURE BE A DEVICE FOR APPELLATE REVIEW, the response of the President or President's designee to a recommended order of a presiding officer acting pursuant to Chapter 120, F.S., or to other individuals or groups having appropriate jurisdiction in any other procedure shall not be an act or omission giving rise to a complaint under this regulation~~rule~~.

(5) Time Limits – All time limits contained in this rule may be extended by mutual agreement of the parties. Upon failure of the University or its representative to provide a decision within the time limits provided in this rule, the complainant may appeal to the next appropriate step.

Upon the failure of the complainant or counsel to file an appeal within the time limits provided in this rule, the complaint shall be deemed to have been resolved at the prior step.

(6) Definitions.

    (a) The term "complaint" is the allegation by the employee that any condition affecting the employee's terms and conditions of employment is unjust, inequitable, or creates a problem. An employee shall not have the right to file a complaint concerning evaluations of performance, unless the employee alleges that the evaluation is based on factors other than performance.

    (b) The term "complainant" shall mean the employee whose rights have been directly affected by an act or omission and who has filed a complaint.

    (c) The term "days" shall mean calendar days.

    (d) The term "counsel" shall mean a lawyer or other qualified representative.

    (e) The term "presiding officer" shall mean the person, either a Division of Administrative Hearing (DOAH) hearing officer or the President or President's designee, who conducts a hearing under the Formal Procedure below.

    (f) The term "party" shall mean the University or the complainant.

    (g) The term "substantial interest" shall mean an act or omission involving tenure, termination, suspension, or other discipline for just cause, nonrenewal of employment contract, salary and layoff.

(7) Step One – All complaints shall be filed with the person designated by the President or President's designee as Step One Representative for the unit of the University, in which the complainant performs the complainant's duties, within 30 days following the act or omission giving rise thereto, or the date on which the complainant knew or reasonably should have known of such act or omission if that date is later. The complainant may, in the written complaint which is filed, request the postponement of any action in processing the complaint formally for a period of up to 30 days, during which period efforts to resolve the complaint informally shall be made. Upon the complainant's written request, an additional 30-day extension should be liberally granted unless to do so would impede resolution of the complaint. Upon the request, the Step One representative shall, during such postponement period(s) arrange an informal conference between the appropriate administrator and complainant. The complainant may at any time terminate a postponement period by giving written notice to the Step One Representative that the complainant wishes to proceed with the

Step One meeting provided for below. If the initial postponement period, or any extension thereof, expires without such written notice, the complaint shall be deemed informally resolved to the complainant's satisfaction and need not be processed further. The Step One Representative shall conduct a meeting no sooner than seven and no later than 15 days following (1) receipt of the complaint if no postponement is requested, or (2) receipt of written notice that the complainant wishes to proceed with the Step One meeting. In advance of the Step One meeting, the complainant shall have the right upon request to a copy of any identifiable documents relevant to the complaint. At the Step One meeting, the complainant shall have the right to present any evidence in support of the complaint. The Step One Representative shall issue a written decision, stating the reasons therefore, within 30 days following the conclusion of the meeting. In the event the decision at Step One refers to documents not requested or presented by the complainant, copies of such documents shall be attached to the decision.

(8) Step Two – If the complaint is not satisfactorily resolved at Step One, the complainant may file a written request for review with the appropriate Vice President or representative within 30 days following receipt of the Step One decision. The appropriate Vice President or representative and the complainant shall schedule a meeting for the purpose of reviewing the matter no sooner than seven and no later than 15 days following receipt of the request for review. The meeting shall afford the complainant or counsel an opportunity to present written and/or oral evidence opposing the University's act or omission including a written statement challenging the grounds upon which such act or omission is justified. If the issue involves a substantial interest of the complainant, the complainant may use the provisions of Step Three below. If the issue does not involve a substantial interest of the complainant, the Step Two decision shall be final and binding. The Step Two decision shall be in writing and be issued within 90 days of the meeting. The record of the Step Two meeting shall only consist of:

    (a) The notice of the University's act or omission, and the grounds therefor:

    (b) Evidence received or considered;

    (c) All written statements submitted by parties to the complaint and by any other persons;

    (d) A complete record of any ex parte communication made relative to the complaint, along with the disposition thereof; and If after the Step Two decision has been issued, and the complaint is not related to a substantial interest, no further review of the

complaint is required. However, if the complaint is related to a substantial interest and the complaint has not been resolved to the satisfaction of the complainant, the complainant may, within 30 days of the receipt of the Step Two decision, file a request for a hearing pursuant to Step Three below, which is written to comply with the requirements of Section 120.57(1), F.S.

(9) Step Three: Formal Procedure – Either the President of the University or President's designee, or a hearing officer assigned by the Division of Administrative Hearings (DOAH) shall conduct the hearing at this step. If the University elects to use a DOAH hearing officer, it shall notify the Division within 10 days of the receipt of the request for the hearing. A notice of the hearing shall be sent to all parties at least 14 days before it is to take place. The notice shall include: (1) A statement of time, place, and nature of the hearing; (2) A statement of the legal authority and jurisdiction under which the hearing is to be held; (3) A reference to the particular section(s) of the statutes and rules involved; (4) A short and plain statement of the matters asserted by the University and by all parties of record at the time notice is given. If any party is unable to state the matters in sufficient detail at the time the initial notice is given, the notice may be limited to a statement of the issues involved, and thereafter, upon timely written application, a more definite and detailed statement shall be furnished not less than three days prior to the date set for the hearing.

    (a) Rights of the parties under the Formal Procedure:

        1. To respond to allegations and evidence;

        2. To present evidence and argument on all issues;

        3. To conduct cross-examination and submit rebuttal evidence;

        4. To submit proposed findings of facts and orders;

        5. To be represented by counsel;

        6. To file exceptions to any order or hearing officer's recommended order.

(b) The University shall accurately and completely preserve all testimony in the proceedings before the President or DOAH hearing officer and, upon the request of any party of the complaint, shall make full or partial transcript available at no more than actual cost.

(c) After a hearing conducted under this subsection, the presiding officer shall submit a recommended order to all parties. Each party shall have 10 days in which to submit written exceptions to the recommended order. The University may adopt the

recommended order in the final order or may reject or modify the findings therein, except that the findings of fact of a DOAH hearing officer may be modified or rejected only after a review of the complete record and must be accompanied by a statement that such findings were not based upon competent substantial evidence or that the proceedings on which the findings were based did not comply with essential evidence or that the proceedings on which the findings were based did not comply with essential requirements of law.

(d) The record for purposes of Step Three shall consist only of:

    1. All notices, pleadings, motions, and intermediate rulings;

    2. Evidence received or considered;

    3. A statement of matters officially recognized;

    4. Questions and proffers of proof and objections and rulings thereon;

    5. Proposed findings and exceptions;

    6. Any decision, opinion, proposed or recommended order, or report by the presiding officer;

    7. All staff memoranda or data submitted to the hearing officer during the hearing or prior to its disposition, after notice of the submission to all parties, except communications by advisory staff as permitted under Section 120.66(1), F.S., if such communications are public records;

    8. All matters placed on the record after an ex parte communication made to DOAH hearing officer pursuant to Section 120.66(2), F.S.; and

    9. The official transcript.

(e) The final order shall be issued within 90 days of the final date on which written exceptions to the recommended order must be received by the University.  The final order shall be in writing and include separately stated findings of fact and conclusions of law.

*Specific Authority 1001.74, 1001.75 FS. Law Implemented 1001.74, 1001.75 FS. History-New 6-27-96.*