## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

JENNIFER SMITH,

    Plaintiff,

v.

FLORIDA AGRICULTURAL & MECHANICAL UNIVERSITY BOARD OF TRUSTEES,

    Defendant.

Case No. 6:24-cv-457-PGB-RMN

### REPORT AND RECOMMENDATION

    This cause comes before the Court for consideration without oral argument on Defendant's Motion to Quash Service of Process, Set Aside Clerk's Default, and extend the deadline to respond to the complaint (Dkt. 22), filed March 18, 2024. Plaintiff opposes the relief requested. Dkt. 32. Defendant filed an amended declaration in support of its motion on March 26, 2024. Dkt. 29.

    The Motion and related materials have been referred to me for a report and recommendation (the "Report"). Upon consideration, I respectfully recommend that the Court grant the Motion in part and deny it in part.

### I. BACKGROUND

    Jennifer Smith sued the Florida Agricultural and Mechanical University Board of Trustees ("FAMU") in state court in October 2023. Dkt. 1-6 at 6–16.

The state court clerk issued a summons about two weeks after Smith launched this action. *Id.* at 22–24 (initial summons); *see also* Dkt. 1-5 at 1.

Several months later, in January 2024, Smith filed an amended complaint and emergency motion for a temporary restraining order and preliminary injunctive relief in the state court action. Dkt. 1-1 (First Amended Complaint); Dkt. 1-6 at 26–29 (motion), 30–73 (supporting memorandum and attachments); *see also* Dkt. 1-5 at 1–2. The state court denied Smith's motion two days after it was docketed. *Id.* at 83–84.

Later, Smith filed proof of service in the state court proceeding. Dkt. 1-6 at 87. The return showed that Smith served FAMU by leaving copies of the summons and amended complaint with "James Bond." *Id.* When FAMU did not appear within twenty days of service, Plaintiff moved for entry of clerk's default, which was granted the same day. Dkt. 1-6 at 92–93 (motion), 95 (state court clerk's default). Counsel appeared in state court on FAMU's behalf on March 1. Dkt. 1-6 at 97–98. Soon after, FAMU filed a motion in state court seeking to set aside the default. *Id.* at 100–01. FAMU also noticed the removal of this action from state court. Dkt. 1.

Then, on March 13, FAMU moved this Court for an extension of its deadline to respond to the complaint. Dkt. 16. This Court denied FAMU's motion because clerk's default entered against FAMU by the state court had not been set aside. Dkt. 18 at 2–3. Further, even assuming FAMU was required

to respond to the amended complaint, the deadline to do so had passed before FAMU filed its motion. *Id.* at 3–4. And lastly, because it was not timely filed, the motion was denied because FAMU did not demonstrate excusable neglect for its belated request. *Id.* at 5.

FAMU now moves to quash service of process, set aside the state court clerk's default, and to extend its deadline to file a response to the amended complaint. Dkt. 22.

## II. LEGAL STANDARDS AND ANALYSIS

This Report will first discuss FAMU's request to quash service of process and then will address FAMU's other requests and the parties' other arguments.

### A. Request to Quash Service of Process

#### i. Legal Standards

An argument about the insufficiency of service of process is appropriately raised under Federal Rule of Civil Procedure 12(b)(5). Proper service of process is necessary because "a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990). "[A] party challenging sufficiency of service of process must specify the particular way or ways in which the serving party failed to satisfy the service-of-process rules." *Fly Brazil Grp., Inc. v. The Gov't of Gabon, Afr.*, 709 F. Supp. 2d 1274, 1279 (S.D. Fla. 2010). The burden then

shifts to the plaintiff. *Id.*; *see also Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981).[1] When evaluating the sufficiency of service of process that occurred before removal, the Eleventh Circuit "look[s] to the state law governing process." *Usatorres v. Marina Mercante Nicaraguenses, S.A.*, 768 F.2d 1285, 1286 n.1 (11th Cir. 1985) (per curiam).

Under Florida law, ordinarily, "[s]trict construction of compliance with statutes governing service of process is required." *Scotlynn USA Div., Inc. v. Valdez*, No. 2:15-cv-151, 2015 WL 13734078, at *3 (M.D. Fla. Sep. 2, 2015) (quoting *Bennett v. Christiana Bank & Tr.*, 50 So. 3d 43, 45 (Fla. 3d DCA 2010)). "However, case law in Florida provides for some exceptions to strict compliance with the statute. Under Florida law, the real purpose of the service of summons is to give proper notice to the defendant in the case that he is answerable to the claim of plaintiff." *Id.* (quoting *Haney v. Olin Corp.*, 245 So. 2d 671, 673 (Fla. 4th DCA 1971)). "The major purpose of the constitutional provision which guarantees 'due process' is to make certain that when a person is sued he has notice of the suit and an opportunity to defend." *Id.*

---

[1] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before the close of business on September 30, 1981, in *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

### ii.  Analysis

FAMU is an institution within the Florida university system. *See* Fla. Stat. § 1001.705(1)(c) (defining "institutions of higher learning" as that term is used in Florida law). Quoting *Fla. Dept. of Children and Families v. Sun-Sentinel, Inc.*, 865 So. 2d 1278, 1285 (Fla. 2004), FAMU contends service was improper because Plaintiff did not serve the "chief executive officer of the agency," as required by Fla. Stat. § 48.111(2). Dkt. 22 at 8. Plaintiff argues that this statute is inapplicable. Dkt. 32 at 13.

Plaintiff is correct. Fla. Stat. § 48.111(2) applies only to process served on a "public agency, board, commission, or department" that is "not a body corporate." Under Florida law, FAMU is a "body corporate." Fla. Stat. §§ 1001.63, 1001.72(1).[2] And so, by its plain language, Fla. Stat. § 48.111(2) is inapplicable.

---

[2] According to the Florida Supreme Court, a "body corporate" is like a "corporation." *Fla. Virtual Sch. v. K12, Inc.*, 148 So. 3d 97, 102 (Fla. 2014) (interpreting the use of "body corporate" in Fla. Stat. § 1002.37 and relying on the use of similar terms in Fla. Stat. §§ 215.56002(2)(c) (Florida Inland Navigation District), 374.983(1) (state mosquito control districts), 388.161(2), 1001.63 (Florida College System institutions)). For this and other reasons explained in this Report, FAMU's alternative arguments—that process is improper because (1) the return indicates the type of service as "corporate" and that (2) Florida law designates the university president as the "proper person" who must be served—are frivolous. *See* Dkt. 22 at 6 (arguing FAMU "is not a corporation but rather an agency of the State of Florida"), 8 (arguing the university president is "the proper person" who must be served).

Plaintiff argues service was proper under Fla. Stat. § 1001.72(1). Dkt. 32 at 13. This statute specifically provides for service on each university in the Florida university system through service "on the chair of the board of trustees or, in the absence of the chair, on the corporate secretary or designee." Fla. Stat. § 1001.72(1). Plaintiff contends the person served here—the assistant to the University's chief financial officer for special projects (Dkt. 29-1 ¶ 9)—is authorized to accept service and represented as much to the process server. Dkt. 32 at 14. Plaintiff's argument turns on whether the assistant was a "designee" authorized to accept service.

FAMU's policies provide guidance on who serves as a designee for service of process. In a notice issued by its office of general counsel, FAMU designated attorneys within that office the authority to accept process if service cannot be perfected on the chair of the Board or the University President.[3] *See* Dkt. 32-8 (OGC Advisory No. 13-01).[4] Process here was not served on the chair of the board, the University President, or an attorney employed by University's general counsel's office. *See* Dkts. 1-6 at 87 (return of service misidentifying a

---

[3] Neither party explains why service on the University President is proper. So far as I can discern, it is because FAMU's President serves as the corporate secretary of the board of trustees. *See About FAMU, Bd. Of Trustees*, https://www.famu.edu/about-famu/leadership/board-of-trustees/index.php.

[4] Plaintiff also relies on another notice from this office, but because that notice is limited to service related to law enforcement investigations, it does not appear to apply.

person who serves as an assistant to the University's chief financial officer for special projects), 29-1 ¶¶ 6–9. It is therefore improper, and the Motion to quash service is due to be granted.

Plaintiff seeks to avoid this result by arguing service was proper because the assistant represented that he was authorized to accept service. Dkts. 32 at 14 (relying on Dkt. 32-6 (amended return of service)). This argument misses the forest for the trees. For a return to be valid under Florida law, there must be an affidavit attached that shows attempted service in the order required by statute. *See, e.g.*, *Space Coast Credit Union v. The First, F.A.*, 467 So. 2d 737, 740 (Fla. 5th DCA 1985) (construing statute providing for service on corporations). Neither the original return nor the amended return show that service was attempted on the board chair or the University President before service was made on the University's purported designee. *See* Dkts. 1-6 at 87 (original return), 32-6 (amended return). Plaintiff has therefore not satisfied her burden of showing service was proper under Fla. Stat. § 1001.72(1), regardless of whether the person served held himself out as the University's authorized designee.

Plaintiff also emphasizes that another person accepted service on the University's President's behalf in a prior lawsuit. Dkt. 32 at 15. This argument is little more than a non sequitur. That Plaintiff may have fulfilled the legal requirements for service in a prior lawsuit is irrelevant to whether she fulfilled

the requirements here. Further, defendants may always voluntarily appear and submit to a court's jurisdiction, thereby curing any defect in service. *Allstate Mortg. Sols. Transfer, Inc. v. Bank of Am., N.A.*, 338 So. 3d 985, 987 (Fla. 3d DCA 2022). So the correctness of the premise of Plaintiff's argument—that service on an assistant to the University's President is proper—is not proved by FAMU's actions in a prior lawsuit.

Additionally, as FAMU has contested the propriety of service in its filings and pressed the issue in its initial response to the amended complaint, there has been no waiver. *See Mybusinessloan.com, LLC v. F. Networking Events, Inc.*, No. 8:15-cv-2739, 2016 WL 3919484, at *3–4 (M.D. Fla. June 10, 2016), *report and recommendation adopted*, No. 8:15-cv-2739, 2016 WL 3906959 (M.D. Fla. July 19, 2016).

## B.   Other Requests and Arguments

Because service of process is not perfected, the state court lacked personal jurisdiction over FAMU. *See Thompson v. State, Dep't of Revenue*, 867 So. 2d 603, 605 (Fla. 1st DCA 2004). The state court's clerk's default entered against FAMU therefore should be vacated. *See Maseda v. Honda Motor Co., Ltd.*, 861 F.2d 1248, 1252 (11th Cir. 1988) (a "federal district court may dissolve or modify injunctions, orders, and all other proceedings which have taken place in state court prior to removal"); *see also* 28 U.S.C. § 1450 ("Whenever any action is removed from a State court to a district court of the United States, . . .

[a]ll injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court."). FAMU's request to set aside the clerk's default is thus due to be granted.

Given these recommendations, FAMU's other requests and the parties' remaining arguments are moot. In the interest of judicial efficiency, and to avoid further delay, I respectfully recommend the Court inquire of FAMU's counsel whether they will agree to accept service on FAMU's behalf.

### III. RECOMMENDATIONS

Accordingly, I respectfully recommend that the Court:

1. **GRANT** the Motion (Dkt. 22) in part and **DENY** it in part;

2. **ORDER** counsel for Defendant to advise the Court and Plaintiff, no more than three days after issuance of an Order adopting this Report, whether counsel will accept service of process for Defendant and file a response to the amended complaint on Defendant's behalf;

3. **DIRECT** Plaintiff to obtain an alias summons and serve Defendant as required by Federal Rule of Civil Procedure 4(c), if counsel declines to accept service on Defendant's behalf; and

4. **ORDER** Plaintiff to serve Defendant within thirty days of issuance of an order adopting this Report and Recommendation.

## NOTICE TO PARTIES

"Within 14 days after being served with a copy of [a report and recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id*. A party's failure to serve and file specific objections to the proposed findings and recommendations alters review by the district judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**Entered** in Orlando, Florida, on April 10, 2024.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:

Counsel of Record