UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JENNIFER SMITH,

    Plaintiff,

                                    CASE NO: 6:24-cv-00457-PGB-RMN

FLORIDA AGRICULTURAL &
MECHANICAL UNIVERSITY
BOARD OF TRUSTEES,

    Defendant.
_____/

**PLAINTIFF'S OBJECTIONS TO THE
REPORT AND RECOMMENDATION**

Pursuant to Fed. R. Civ. P. 72, 28 U.S.C. § 636(b)(1) and Rule 3.01(a) of the Local Rules, Plaintiff, Jennifer Smith ("Professor Smith"), respectfully submits the following objections to the Magistrate Judge's Report and Recommendation dated April 10, 2024. (Doc. 40) For the reasons stated below, the Report should not be followed, and service should be deemed proper.

Professor Smith argues this Court should refuse to adopt the Report and Recommendation ("R&R") because the Magistrate Judge erred in numerous ways. First, the R&R is erroneous because it applied incorrect law and relies on the rule articulated in *Space Coast Credit Union*, but that case is patently distinguishable and did not even involve a university defendant. Second, the R&R is erroneous because

1

it summarily dismisses FAMU OGC Advisory 11-01 in a footnote demonstrating that the Magistrate Judge refused to even consider or evaluate Professor Smith's argument that the advisory applied. Third, the R&R is erroneous because it dismissively overlooks Professor Smith's common practice argument without citing a single case or statute for its conclusion that a university's prior actions can evidence a routine business practice. Because Professor Smith has offered clear and convincing evidence of service in this case, she respectfully asks that the Court reject the R&R as explained in more detail below.

## I. LEGAL STANDARD

This Court's review of a magistrate judge's report and recommendation is de novo. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

## **OBJECTIONS**

### II. The R&R Must Be Rejected Because It Applies Incorrect Law From *Space Coast Credit Union.*

The Magistrate Judge erred in three material ways in its application of *Space Coast* to the present case. (Doc. 40 at 6-7) First, the R&R sets out a misunderstanding of education law. In the university context, Board of Trustees members neither regularly sit nor work from the University that they govern. *N.L.R.B. v. Yeshiva University*, 444 U.S. 672, 675 (1980) (finding that ultimate authority of a university

is vested in a Board of Trustees, whose members (other than the President) hold no administrative positions at the University, implying that the members of the Board of Trustees neither regularly sit nor work from the University that they govern). In *Space Coast*, the service statute being evaluated was Florida Statute § 48.081 – governing domestic corporations. A key, yet distinguishable feature of domestic corporations is that their officers are normally employees of the same and will maintain offices at the corporation's place of business. 467 So.2d 737, 739 (Fla. 5th DCA 1985). The Fifth DCA in *Space Coast* reached the conclusion that "[a]n affidavit showing service upon an inferior officer or agent of a corporation, in order to bind the corporation for jurisdictional purposes must show the absence of all the officers of a superior class designated in the statute as those upon whom service shall be had, before resort is had to service upon one of an inferior class" by relying on a Florida Supreme Court case also governing domestic corporations, not universities. *Id.* at 739-40.

  Here, Florida Statute § 1001.71(2) makes clear that serving on a board of trustees is a voluntary, unpaid position. It is also commonplace for trustees to maintain employment at places other than the University, which explains and accounts for a trustee's usual absence from the University absent a quarterly meeting. Additionally, its generally known that trustees are only required to attend

the quarterly meetings set by the board.[1] Therefore, *Space Coast* is distinguishable on this basis alone because that case involved service of a writ of garnishment on a for profit domestic corporation whose President and Vice President are paid officers of the corporation. Moreover, Florida Statute §1001.72 does not break down classes of employees as articulated in *Space Coast* and Florida Statute § 48.081.[2] The statutory distinctions between Florida Statute § 48.081 and Florida Statute § 1001.72 also inform this Court that *Space Coast* is inapplicable and distinguishable from the present case. Therefore, because the Magistrate Judge failed to engage in any *Erie*-like analysis demonstrating that the R&R predicted Florida courts would apply *Space Coast* to the educational context constitutes clear error. *See e.g., Winn Dixie Stores Inc. LLC v. Dolgencorp LLC*, 746 F.3d 1008 (11th Cir. 2014) (reversing a district court for erring in interpreting and applying Florida law concerning a restrictive covenant according to the laws of intermediate appellate courts).

Second, the Magistrate Judge's reading of *Space Coast* places a heightened standard on process servers that is neither articulated in Florida Statute § 1001.72 and case law nor feasible for serving University defendants. Under the Magistrate

---

[1] No matter the kind of organization, it is generally accepted that boards of trustees meet quarterly. *See, e.g., U.S. v. Moody,* 903 F.2d 321, 323 (5th Cir. 1990) ("Several law firms assist the board of trustees, which meets quarterly, in evaluating the merits of the various grant applications); *Louisiana Restaurant Trust v. U.S.*, 2014 WL 2600080 (E.D. La. 2014) ("The fund is managed by a volunteer board of trustees that meets quarterly.").
[2] It is well established that University President's serve as members of the Board of Trustees, where as here, usually occupying the position of corporation secretary. Therefore, Professor Smith did not raise this detail in her response because such a fact is subject to judicial notice.

Judge's reading of *Space Coast*, Professor Smith's process server would have had to appear at FAMU, identify himself as a process server, demand the Chair of the Board of Trustees appear and accept service, demand the President as board secretary of the University appear and accept service if the Chair was not there, or demand the designee appear and accept service if the President was unavailable; and documenting each step of same on a return of service affidavit. This is fundamental error because it contravenes sound public policy, which should not require a complete overhaul of service procedures for proper service on University defendants.

Third and finally, the R&R erred in its application of *Space Coast* because the Magistrate Judge specifically stated, "Neither the original return nor the amended return show that service was attempted on the board chair or the University President before service was made on the University's purported designee." This is fundamental error as well because the amended declaration specifically indicates that Mr. Kady appeared at the location all parties concede is where the University must be served – 1601 S. Martin Luther King Jr. Blvd., 400 Lee Hall, Tallahassee, FL 32307. Once there, Kady identified himself and he was told to report to the President's office. Kristin Harper as Board Chair does not have an office at the

5

University, so Mr. Kady did not report to the wrong location to effect service.[3] While at the President's office, Kady detailed the interaction and was led to believe that the service documents were being accepted in the care of the President – the corporation's secretary within the meaning of Florida Statute § 1001.72, making any discussion of inferior officers as articulated in *Space Coast* distinguishable and patently inapplicable. Therefore, it was error for the R&R to rely exclusively on this case without more.

### III. The R&R Must Be Rejected Because It Failed to Address Let Alone Consider Arguments Raised by Professor Smith.

The Magistrate Judge erred when the R&R summarily dismissed FAMU OGC Advisory 11-01 in a footnote demonstrating that the Magistrate Judge did not consider or evaluate Professor Smith's argument that the advisory applied. The R&R specifically stated, "Plaintiff also relies on another notice from this office, but because that notice is limited to service related to law enforcement investigations, it does not appear to apply." (Doc. 40 at 6 n.4) The R&R states no factual or legal basis for this recommended finding of fact. This is fundamental error because it shows the Magistrate Judge simply looked at the title of the document and dismissed Professor Smith's assertion without evaluating her position. OGC Advisory 11-01 contains an express limitation on the advisory for public records requests and nothing more.

---

[3] As explained in the section below, FAMU OGC 11-01 explains the University's role in receiving subpoenas by process servers and not just law enforcement agencies.

(Doc 32-7 ("This advisory is not applicable to public records requests, which is processed through the Office of Communications.")). Where or how the R&R reaches the conclusion that OGC 11-01 is limited to law enforcement investigations and does not reach subpoenas is neither supported by this record or competent, substantial evidence. OGC Advisory 11-01 specifically incorporates 13-01 and this is crucial to Professor Smith's argument. (Doc. 32-7 ("Process servers requesting to present University personnel with subpoenas, warrants or court documents involving official University business must be directed to the appropriate person or department pursuant to OGC Advisory 13-01."))

The burden was on FAMU to direct Kady to the Chair and then in her absence the President. FAMU's motion fails to indicate any steps taken to comply with OGC 11-01, but as Kady explained FAMU tried to comply by directing Kady to the President's office because Chair Harper neither works fulltime at the University nor was present on the service date. FAMU cannot be rewarded for failing to follow its own procedures and Florida law. Therefore, it is error for the Magistrate Judge to have dismissed Professor Smith's argument without evaluating it for the factual sufficiency. *See e.g., Thomas v. Evans*, 880 F.2d 1235 (11th Cir. 1989) (reversing a district court's finding when "the magistrate's report and recommendation did not include an examination of the factual bases of most of the claims raised . . .").

7

### IV. The R&R Must Be Rejected Because It Contains Factual Findings That Are Unsupported by the Record.

The Magistrate Judge also erred when the R&R finds that James Vaughn's title is "assistant to the University's chief financial officer for special projects." This recommended finding is grossly erroneous because James Vaughn's duties are to assist the University's chief financial officer for special projects, but his title is Administrative Assistant to the Office of the President. (Doc. 22-1) Indeed, Vaughn signed his sworn declaration with his title listed thereunder as "Administrative Assistant to the Office of the President." (*Id.*) Professor Smith argued, and the R&R failed to even address, that FAMU has clandestinely confused the issues here by arguing in its motion that Vaughn is a special assistant when his declaration specifically notes otherwise. Vaughn's title is a crucial fact because as administrative assistant to the Office of the President, it corroborates Professor Smith's position that FAMU's routine practice is to allow administrative assistants to the President to accept court service document in the care of the President. *See* FED. R. EVID. 406. Instead, the R&R discounts the leniency afforded to pro se litigants and fails to recognize that "an organization's routine practice[, which] may be admitted to prove that on a particular occasion the person or organization acted in accordance with the habit or routine practice. The court may admit this evidence regardless of whether it is corroborated or whether there was an eyewitness." FED. R. EVID. 406.

8

The R&R does not even address Professor Smith's routine practice argument or evidence and that is fundamental error because the Eleventh Circuit has stated that "such evidence, when substantial, allows the trier of facts to infer that the habit was conformed with on a particular occasion." *See Loughan v. Firestone Tire & Rubber Co.*, 749 F.2d 1519 (11th Cir. 1985). Therefore, this was also an error, and the R&R should be rejected.

Lastly, and alternatively, the R&R accepts Defendant's argument that OGC 13-01 identifies the General Counsel's office as formal designee under Florida Statute § 1001.72. However, the R&R fails to even consider whether (1) Vaughn acted as an informal designee under § 1001.72 and (2) § 1001.72 allows for formal and informal designees. Arguments of which were raised by Professor Smith in her responsive papers. The Magistrate Judge's refusal to even consider these arguments is error, especially after sua sponte causing rumpus when the parties had agreed to an extension of time to respond to the Plaintiff's complaint and apparent willingness to waive service issues nearly six weeks ago.[4]

Respectfully submitted,

*/s/ Jennifer Smith*
Jennifer Smith
Florida Bar No. 964514 (*pro se*)
Law Office of Jennifer Smith, 13506 Summerport Village Pkwy., Ste 108
Windermere, FL 34786
407-455-0712, jensmithesq@aol.com

---

[4] Service issues would potentially unearth issues of bad faith, which the R&R also overlooks.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 23rd day of April, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all registered users.

/s/ Jennifer Smith<br>
Jennifer Smith (pro se)<br>
Law Office of Jennifer Smith