**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**JENNIFER SMITH,**

          **Plaintiff,**

**v.**                                       **Case No: 6:24-cv-457-PGB-RMN**

**FLORIDA AGRICULTURAL &
MECHANICAL UNIVERSITY
BOARD OF TRUSTEES,**

          **Defendant.**
_____/

## ORDER

This cause comes before the Court on Plaintiff Jennifer Smith's ("**Plaintiff**") response to the Court's May 6, 2024 Order to Show Cause (Doc. 51 (the "**Response**")).

In the Order to Show Cause (Doc. 50 (the "**Order to Show Cause**")), the Court found that Plaintiff had failed to meet the requirements of the Court's Case Management and Scheduling Order (Doc. 45 (the "**CMSO**")) by failing to timely file a Notice of Mediation with the Court. The Court ordered Plaintiff to "show cause" and file a response within fourteen (14) days. (*Id.*). The Court further cautioned, as is customary in issuing such orders, that "[f]ailure to comply with this Order may result in dismissal of the case without further notice or other appropriate sanctions." (*Id.*).

Plaintiff filed her Response the same day. (*See* Docs. 50, 51). Therein, Plaintiff disputed that it was her duty to coordinate the mediation. (*See* Doc. 51, pp. 1–2). Plaintiff argued that, under the terms of the CMSO, where a plaintiff is acting *pro se* and a defendant is represented, defendant is required to coordinate compliance with sections of the CMSO that require a meeting of lead trial counsel. (*See id.* at p. 2 (quoting Doc. 45, p. 13)). Plaintiff asserted that she is a *pro se* litigant and argued that, since mediation requires the presence of lead trial counsel, the duty to coordinate mediation shifted to Defendant. (*See id.*).

Additionally, in her Response, Plaintiff argued that the Court's standard warnings that continued failure to follow the Court's Orders may result in dismissal without prejudice are "unusual" in her thirty years of experience in the legal field, "especially for *pro se* parties," and have caused her "undue harm." (*Id.* (italics added)). Consequently, Plaintiff asked that the Court "cease the threats of potential dismissal[.]" (*Id.*). Subsequently, Plaintiff filed a Notice of Mediation in this case. (*See* Doc. 52).

There is inherent ambiguity regarding whether a person who represents herself in a legal matter is acting *pro se* when that person is also a lawyer. However, according to the Local Rules, "'[p]ro se' means not represented by a lawyer." Local Rule 1.01(15). Further, "'[l]awyer' means a member of the Middle District bar or a lawyer specially admitted in the Middle District." Local Rule 1.01(8). Finally, "'[l]ead counsel' means the lawyer responsible to the Court and other parties for the conduct of the action, including scheduling." Local Rule 1.01(9).

The Court notes that Plaintiff filed a Notice of Appearance designating that Plaintiff, through her law office, would be the attorney representing Plaintiff in the case. (Doc. 9). Plaintiff is a member of the Middle District bar and is designated as lead counsel for Plaintiff here. Not only is Plaintiff an attorney, but Plaintiff is suing for reinstatement to her position as a tenured law professor—one of the most prestigious positions available to legal practitioners—and bolsters this claim by alleging her excellent track record in this field. (*See generally* Docs. 1-1, 37).

Considering the circumstances, the Court finds it appropriate to discharge the Order to Show Cause. (*See* Doc. 45, p. 13; Doc. 50; Doc. 52). However, the Court will not entertain the fiction that Plaintiff should be treated like a novice litigant or that Plaintiff lacks the knowledge and experience necessary to coordinate simple meetings between herself and defense counsel. Plaintiff is clearly as competent as defense counsel is to accomplish such tasks.[1]

The Court additionally reminds Plaintiff that its Orders and the Local Rules are not mere suggestions. Despite Plaintiff's allegations detailing her extensive legal experience, Plaintiff's filings in the instant case have repeatedly violated the Local Rules. (*See* Doc. 10, p. 1 n.2; Doc. 25; Doc. 31; Doc. 34). Simply put, violations of the Court's Orders and of the Local Rules have consequences. Repeated violations may, and often do, result in the dismissal of a case without prejudice or

---

[1] The purpose of the provision in the CMSO that shifts the burden of coordinating certain meetings to defense counsel where the plaintiff is acting *pro se* is that a *pro se* plaintiff may not have the sophistication necessary to readily coordinate such meetings. Given Plaintiff's "three decades of experience" in the legal field, that rationale clearly does not apply in the case at bar. (*See* Doc. 51, p. 3).

3

other appropriate sanctions. This is true for *pro se* and represented litigants alike. Such "warnings" do not constitute a valid basis for Plaintiff to allege that the Court has caused undue harm to Plaintiff, particularly given Plaintiff's professional background and experience. To the contrary, such warnings should be seen as a courtesy.

For the aforementioned reasons, the Court's May 6, 2024 Order to Show Cause (Doc. 50) is **DISCHARGED**.

**DONE AND ORDERED** in Orlando, Florida on May 9, 2024.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties