UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JENNIFER SMITH,

      Plaintiff,

v.                            Case No.  6:24-cv-00457-PGB-RMN

FLORIDA AGRICULTURAL AND
MECHANICAL UNIVERSITY,
BOARD OF TRUSTEES,

      Defendant.
_____/

**DEFENDANT'S RESPONSE TO PLAINTIFF'S TIME SENSITIVE OPPOSED MOTION FOR AN EXTENSION OF TIME, AND FOR LEAVE TO FILE AN AMENDED COMPLAINT AND ADD PARTIES**

Defendant, Florida Agricultural and Mechanical University Board of Trustees ("University"), responds to Plaintiff's Time Sensitive Opposed Motion for an Extension of Time, and for Leave to File an Amended Complaint and Add Parties, [Doc. 54] ("Motion to Amend"), and states:

Plaintiff filed a First Amended Complaint on January 29, 2024, prior to removal to this Court. [Doc. 1-1]. A second amendment requires the "opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a). Plaintiff seeks to file a Second Amended Complaint, to "name additional parties and assert additional claims." Plaintiff did not include a proposed pleading with the Motion.

Jennifer Smith v. Florida A&M University Board of Trustees
Case No.: 6:24-cv-00457-PGB-RMN
Defendant's Response to Plaintiff's Motion for Extension
of Time and To Amend Report and Recommendation

The Motion to Amend is without proper foundation and must be denied for the following reasons. It fails to suggest a date certain for filing the requested amendment, fails to advise this Court and counsel of the substance of the proposed amended claims, fails to attach a proposed amended pleading, and fails to identify the proposed additional defendants and the substance of the claims against them.

The Motion to Amend overall fails to comply with the recognized practice of this district, and the expressed practice for amending pleadings in other Florida districts, the State of Florida, and the Eleventh Circuit. The established law is clear - the substance of the proposed amendment, or a proposed amended complaint must be included with the Motion to Amend. *See*, *Urquilla–Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1057 n. 14 (11th Cir. 2015); ("[I]f a plaintiff wants to amend his complaint he 'must either attach a copy of the proposed amendment to the motion or set forth the substance thereof.'"); *See, also*, N.D. Fla. Loc. R. 15.1; S.D. Fla. Loc. R. 15.1; and Fla. R. Civ. P. 1.190(a).

> A motion for leave to amend filed pursuant to Rule 15 "should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment." *Rance v. Winn*, 287 F. App'x 840, 841 (11th Cir. 2008) (citing *Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999)). This enables the Court to "assess the viability of the proposed amendment." *Farrell v. G.M.A.C.*, No. 2:07-cv-817-FtM-34DNF, 2008 WL 1766909, at *1 (M.D. Fla. 2008); *See Sure Fill & Seal, Inc. v. GFF, Inc.*, No. 8:08-cv-00882-T-17-TGW, 2009 WL 1751726, at *2 (M.D. Fla. June 17, 2009). The Court needn't grant leave to amend when the proposed amendment would be futile. "The denial of leave

Case 6:24-cv-00457-PGB-RMN   Document 59   Filed 05/28/24   Page 3 of 6 PageID 1796

Jennifer Smith v. Florida A&M University Board of Trustees
Case No.: 6:24-cv-00457-PGB-RMN
Defendant's Response to Plaintiff's Motion for Extension
of Time and To Amend Report and Recommendation

to amend for futility is justified when the complaint as amended is still subject to dismissal." [citation omitted].

*Williams v. Orlando Family Physicians, LLC*, 2017 WL 11037515, at *1 (M.D. Fla., 2017).

Even in the absence of an express rule in the Middle District, it is unreasonable to request this Court or the University to consent to a second amended complaint without knowing the substance of it, without a deadline for filing it, without knowing the identity of the parties to be joined, and without identification of the new claims.

The Motion to Amend also neglects the rules in respect to adding parties. To join additional parties, Plaintiff must not only seek leave to amend under Rule 15 but must also establish compliance with Federal 20.  "[W]hen requesting leave to add parties, the requirements of both Federal Rules of Civil Procedure 15 and 20 must be satisfied." *Scoma Chiropractic, P.A. v. Dental Equities, LLC*, 2016 WL 11410896, at *1 (M.D. Fla. 2016).  Plaintiff does not identify the additional defendants, her claims against them, or her right to relief from them:

> **(2) Defendants.**  Persons--as well as a vessel, cargo, or other property subject to admiralty process in rem--may be joined in one action as defendants if:
> **(A)** any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> **(B)** any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(2)(A), (B).

Jennifer Smith v. Florida A&M University Board of Trustees
Case No.: 6:24-cv-00457-PGB-RMN
Defendant's Response to Plaintiff's Motion for Extension
of Time and To Amend Report and Recommendation

Plaintiff has not only failed to establish that her claims arise from the same circumstances, she fails to allege *any* claims, parties, or circumstances justifying joinder of new defendants. "Plaintiffs have failed to establish that their claims arise from the 'same series of transactions or occurrences' as required for permissive joinder under Rule 20(a)." *Barber v. America's Wholesale Lender*, 289 F.R.D. 364, 368 (M.D. Fla. 2013)*; see also*, *Honor v. USA Truck, Inc.*, 2020 WL 12175835, at *4 (M.D. Fla. 2020) (addressing Fed. R. Civ. P. 19 regarding required joinder of parties).

The Motion for Extension of Time further seeks an indefinite extension of time in which to file an amended pleading, again, ignoring established practice. *See, eg., Hart v. Allergan, Inc.,* 2018 WL 7436513, at *2 (M.D. Fla. 2018); *Transatlantic, LLC v. Humana, Inc.,* 2015 WL 12938946, at *1 (M.D. Fla. 2015); *Durden v. Citicorp Trust Bank, FSB*, 2008 WL 11318338, at *2 (M.D. Fla. 2008). Nor does the plaintiff propose amendment to the Case Management and Scheduling Order to conform to consequences of her Motion. [Doc. 45].

Plaintiff could have cured many of these defects by submitting a proposed Second Amended Complaint with the Motion. In the absence thereof, the University was correct in its decision to oppose the Motion to Amend and this Court is obligated to deny it.

Jennifer Smith v. Florida A&M University Board of Trustees
Case No.: 6:24-cv-00457-PGB-RMN
Defendant's Response to Plaintiff's Motion for Extension
of Time and To Amend Report and Recommendation

**WHEREFORE,** Defendant Florida Agricultural and Mechanical University Board of Trustees respectfully requests the Court render an Order Denying Plaintiff's Time Sensitive Opposed Motion for An Extension of Time, and for Leave to File an Amended Complaint and Add Parties and grant such other relief as it shall deem proper.

/s/ *Maria A. Santoro*
**MARIA A. SANTORO**
Florida Bar Number: 0654809
*Lead Counsel for the Board of Trustees, Florida A&M University*

-and-

**Richard E. Mitchell, Esq.**
Florida Bar No: 0168092
rick.mitchell@gray-robinson.com
maryann.hamby@gray-robinson.com
**Julie M. Zolty, Esq.**
Florida Bar No: 1036454
chantal.mccoy@gray-robinson.com
GRAYROBINSON, P.A.
301 East Pine Street, Suite 1400
Post Office Box 3068 (3208-3068)
Orlando, Florida 32801
(407) 843-8880 Telephone
(407) 244-5690 Facsimile
*Co-Counsel for Defendant FAMU*

Jennifer Smith v. Florida A&M University Board of Trustees  
Case No.: 6:24-cv-00457-PGB-RMN  
Defendant's Response to Plaintiff's Motion for Extension  
of Time and To Amend Report and Recommendation

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY on this 28th of May, 2024, a true and correct copy of the foregoing was filed through the CM/ECF system which will serve an electronic copy on all parties of record.

    <u>/s/ *Maria A. Santoro*</u>
    **MARIA A. SANTORO**
    Florida Bar Number: 0654809
    msantoro@sniffenlaw.com
    jlunt@sniffenlaw.com
    tward@sniffenlaw.com
    SNIFFEN & SPELLMAN, P.A.
    123 North Monroe Street
    Tallahassee, Florida 32301
    Telephone: (850) 205-1996
    Facsimile: (850) 205-3004
    *Lead Counsel for the Board of Trustees, Florida A&M University*