# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**JENNIFER SMITH,**

        **Plaintiff,**

**v.**                                       **Case No: 6:24-cv-457-PGB-RMN**

**FLORIDA AGRICULTURAL &**
**MECHANICAL UNIVERSITY**
**BOARD OF TRUSTEES,**

        **Defendant.**

_____/

## **ORDER**

This cause comes before the Court on Defendant Florida Agricultural & Mechanical University ("**FAMU**") Board of Trustees' ("**Defendant**") Motion to Quash Service of Process, Set Aside Clerk's Default and Renewed Motion for Enlargement of Time to File Response (Doc. 22 (the "**Motion**")).[1] Plaintiff Jennifer Smith ("**Plaintiff**") filed a response in opposition (Doc. 32 (the "**Response to the Motion**")). Magistrate Judge Robert M. Norway submitted a Report (Doc. 40 (the "**Report**")) recommending that this Court grant the Motion in part and deny it in part. Plaintiff filed several objections to the Report (Doc. 47 (the "**Objections**")) and Defendant filed a response to the Objections (Doc. 48 (the "**Response to the Objections**")). Upon consideration, the Objections are due to be overruled and the Report is due to be adopted and confirmed.

---

[1] Defendant later filed an Amended Declaration in support of the Motion. (Docs. 29, 29-1).

## I.   BACKGROUND

The procedural and factual background as set forth in the Report are hereby adopted and made a part of this Order. (*See* Doc. 40, pp. 1–3).

Briefly, in the Motion, Defendant argues: (1) that the service of process filed with the state court prior to the removal of this action should be quashed, as Defendant was not properly served with the operative complaint; (2) that, because service was improper, the clerk's default that was entered by the state court is void and should be set aside; and (3) that, assuming the Court finds service upon Defendant was proper, Defendant should be granted an extension of time to respond to the operative complaint. (*See generally* Doc. 22). In her Response to the Motion, Plaintiff opposes each of these arguments. (*See generally* Doc. 32).

In the Report, Magistrate Judge Norway found that Plaintiff had not met her burden of showing that service upon Defendant was proper. (Doc. 40, p. 7). The Magistrate Judge thus recommended that Defendant's request to quash service be granted. (*Id.*). As a result of this ruling, the Magistrate Judge additionally found that the state court lacked personal jurisdiction over Defendant when it entered a clerk's default against Defendant. (*Id.* at p. 8). The Magistrate Judge thus recommended that the clerk's default be set aside. (*Id.*). The aforementioned findings by the Magistrate Judge rendered the remaining request for relief sought by Defendant in the Motion moot. (*See id.* at p. 9). Accordingly, Magistrate Judge Norway recommended that this Court grant the Motion in part and deny it in part. (*Id.* at pp. 9–10).

## II.    LEGAL STANDARD

### A.    Report and Recommendation

When a party objects to a magistrate judge's "recommended disposition" and "proposed findings of fact," the district court must "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1)(C). However, the district court must consider the record and factual issues independent of the magistrate judge's report, as *de novo* review is essential to the constitutionality of § 636. *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512–13 (11th Cir. 1990).

That said, "a party that wishes to preserve its objection must clearly advise the district court and pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009) "Frivolous, conclusive, or general objections need not be considered by the district court." *Id.* Moreover, "[o]bjections that . . . simply rehash or reiterate the original briefs to the magistrate judge are not entitled to de novo review." *Fibertex Corp. v. New Concepts Distribs. Int'l, LLC*, No. 20-20720-Civ-Scola, 2021 WL 302645, at *2 (S.D. Fla. Jan. 29, 2021).[2] "These kinds of objections are instead reviewed for clear error." *Id.* (citing *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006)).

The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b)(1)(C).

---

[2]  "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d 1340, 1345 n.7 (11th Cir. 2007).

3

### B. Service of Process

"When service of process is challenged, the party on whose behalf it is made must bear the burden of establishing its validity." *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981).[3] A federal court considering the sufficiency of process after an action is removed from the state court "does so by looking to the state law governing process." *Usatorres v. Marina Mercante Nicaraguenses, S.A.*, 768 F.2d 1285, 1286 n.1 (11th Cir. 1985) (per curiam) (internal citation omitted). Finally, under Florida law, "[b]ecause of the importance of litigants receiving notice of actions against them, statutes governing service of process are to be strictly construed and enforced." *Shurman v. Atl. Mortg. & Inv. Corp.*, 795 So. 2d 952, 954 (Fla. 2001) (internal citations omitted).

## III. DISCUSSION

Plaintiff cites three grounds for objecting to the Report, which the Court addresses, in turn, below. (*See* Doc. 47).

### A. The applicability of the *Space Coast* case

In the Report, Magistrate Judge Norway found that Florida Statute § 1001.72(1) governs service in this case. (*See* Doc. 40, pp. 5–6). Florida Statute § 1001.72(1) requires that, in all suits brought against the board of trustees of a public university such as FAMU, "service of process shall be made on the chair of

---

[3] The Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

4

the board of trustees, or **in the absence of the chair**, on the corporate secretary or designee." FLA. STAT. § 1001.72(1) (emphasis added).

Of additional relevance, FAMU has enacted a policy entitled "Subpoenas, Summons, Court Orders, and Other Written Requests for Information" (Doc. 32-8 ("**OGC Advisory No. 13-01**")). OGC Advisory No. 13-01 expressly addresses FAMU's procedure regarding service of process in a case wherein FAMU's Board of Trustees is listed as a defendant, as it is here. This policy states that, where process "is not served on the Office of General Counsel [("**OGC**")]," the following procedure applies:

> For lawsuits filed against the FAMU Board of Trustees or FAMU, **service must be upon the Chair of the Board of Trustees** at 1601 S. Martin Luther King Jr. Blvd., 400 Lee Hall, Tallahassee, FL 32307, telephone number (850) 599-3225. **In the absence of the Chair of the Board of Trustees, process is to be served on the President of the University** at 1601 S. Martin Luther King Jr. Blvd., 400 Lee Hall, Tallahassee, FL 32307, telephone number (850) 599-3225. **In the absence of the President, service must be upon an attorney in the OGC** at 1601 S. Martin Luther King Jr. Blvd., 300 Lee Hall, Tallahassee, FL 32307, telephone number (850) 599-3591.

(*Id.* (emphases added)).

It is undisputed that Plaintiff did not effectuate service upon the Chair of FAMU's Board of Trustees, nor upon any of the other individuals listed within OGC Advisory No. 13-01. (*See* Docs. 32, 32-5, 32-6). Instead, Plaintiff argues that service upon FAMU employee James Vaughn ("**Mr. Vaughn**") was proper, as Plaintiff asserts that Mr. Vaughn is the "designee" of Defendant under Florida Statute § 1001.72(1). (Doc. 32, pp. 13–15).

5

In the Report, Magistrate Judge Norway found that service upon Mr. Vaughn was improper, even assuming Mr. Vaughn is Defendant's "designee." (*See* Doc. 40, pp. 6–7). Specifically, the Magistrate Judge applied *Space Coast Credit Union v. First, F.A.*, 467 So. 2d 737, 740 (Fla. 5th DCA 1985) to find that Plaintiff's affidavit of service needed to reflect that the process server "attempted service in the order required by [the] statute" to be valid. (Doc. 40, p. 7). Because neither the original nor the amended returns showed that service was attempted upon anyone aside from Mr. Vaughn, the Magistrate Judge found that the service was invalid. (*Id.*).

*Space Coast* involved a judgment creditor's failed attempt to serve a writ of garnishment upon a garnishee bank (the "**bank**"). *See* 467 So. 2d at 738. When the bank failed to answer the writ, a default judgment was entered against it. *Id.* The bank moved for relief from the judgment, arguing service of process had been defective. *Id.* The Fifth District Court of Appeal agreed. *Id.* at 739. The court reasoned that the service statute applicable in that case "require[d] that service of process first be attempted on the president or vice-president of [the] corporation," and that "only in their absence may other corporate functionaries as described in the statute be served." *Id.*

Consequently, the *Space Coast* court found that the process server had violated the statute by serving "a lower echelon employee" of the bank without first attempting to serve the corporate officeholders in the order required by the service statute. *Id.* at 738–40. It explained:

6

> An affidavit showing service upon an inferior officer or agent of a corporation, in order to bind the corporation for jurisdictional purposes[,] must show the absence of all the officers of a superior class designated in the statute as those upon whom service shall be had, before resort is had to service upon one of an inferior class. If this requirement is not met, a court's jurisdiction is not perfected, and any judgment entered thereon is void.

*Id.* at 740 (citing *Milton Land & Inv. Co. v. Our Home Life. Ins. Co.*, 87 So. 636 (Fla. 1921). The court thus found that the attempted service had been invalid. *Id.*

In reaching this result, the *Space Coast* court relied upon the holding of the Florida Supreme Court in *Milton*. *Id.* (citing *Milton*, 87 So. 636). *Milton* concerned the application of a service statute that required plaintiffs to attempt service upon a chain of corporate officeholders. 87 So. at 637. There, the plaintiff had obtained a clerk's default against the defendant, which was vacated by the trial court after it determined the plaintiff had failed to effectuate proper service on the defendant. *Id.* at 636. Discussing service statutes, broadly, the court emphasized:

> It is **uniformly held under such statutes** that a return showing service upon an inferior officer or agent of a corporation, in order to bind the corporation, must show the absence of all officers of a superior class designated in the statute as those upon whom service shall be had, before resort is had to service upon one of an inferior class. **The absence of all members of a superior class is a condition precedent to the validity of service upon a member of an inferior class. This is the clear and explicit language of the statute, and courts cannot ignore the expressed intention of the Legislature.**

*Id.* at 637 (internal quotation and citation omitted) (emphases added). Accordingly, the court confirmed that the clerk's default that had been entered against the defendant below was void, as the defendant had not been properly served. *Id.*; *see also Sardis v. Vista St. Lucie Ass'n*, 804 So. 2d 372, 373 (Fla. 4th DCA 2001) (applying *Milton* to find that service was ineffective); *York Commc'ns,*

7

*Inc. v. Furst Grp, Inc.*, 724 So. 2d 678, 679 (Fla. 4th DCA 1999) (finding service was defective because plaintiff's return of service failed to affirmatively state the grounds supporting the necessity of substitute service).

Plaintiff lodges myriad objections regarding the Magistrate Judge's application of *Space Coast* to the instant case. (Doc. 47, pp. 2–6). Plaintiff begins by asserting that *Space Coast* is hopelessly distinguishable from the case at bar, as it did not involve a university defendant. (*Id.* at pp. 2–4). In particular, Plaintiff argues that, unlike the domestic corporation at issue in *Space Coast*, "in the university context, Board of Trustees members neither regularly sit nor work from the [u]niversity that they govern." (*Id.* at p. 2). However, the service statute at issue here, which allows for service upon a university's designee only "in the absence of" the chair of the board of trustees, singularly applies to Florida's universities. *See* FLA. STAT. § 1001.72(1). Consequently, as Defendant aptly notes in its Response to the Objections, Plaintiff's quarrel lies not with the judiciary, but with the Florida Legislature. (*See* Doc. 48, pp. 2–3).

Plaintiff also asserts that the application of *Space Coast* to the university context "places a heightened standard on process servers that is neither articulated in Florida Statute § 1001.72(1) and case law nor feasible[.]" (Doc. 47, pp. 4–5). However, the requirement that a plaintiff first attempt service on the chair of the board of trustees is expressly articulated in the service statute and in case law interpreting directly analogous statutes. FLA. STAT. § 1001.72(1); *see, e.g.*, *Milton*, 87 So. at 636. Moreover, while the service statute at issue here only requires a

8

process server to exhaust the possibility that a single individual–the chair of the board of directors—is unable to be served, the service statute at issue in *Milton* required attempted service upon a succession of multiple corporate figureheads "in the absence" of others. *See* 87 So. at 230. This fact undermines Plaintiff's argument regarding feasibility.

Lastly, Plaintiff asserts that the Magistrate Judge misapplied *Space Coast*, since the process server here "appeared at the location all parties concede is where the University must be served" and since the process server avers that Mr. Vaughn told him that Mr. Vaughn could accept service. (Doc. 47, pp. 5–6). However, this argument is just to the left of the point, as the process server clearly concedes in his Amended Return of Service that he *made no attempt* to serve anyone *above* Mr. Vaughn in the chain of command. (*See* Doc. 32-6). Accordingly, Plaintiff's objections to the applicability of *Space Coast* to the case at hand are due to be overruled.

### B. The applicability of FAMU OGC Advisory 11-01

Plaintiff additionally objects that the Magistrate Judge "summarily dismissed" her argument that an additional FAMU policy (Doc. 32-7 ("**OGC Advisory 11-01**")) applied to the service of process here. (Doc. 47, p. 6). Plaintiff protests that the Magistrate Judge only addressed her argument regarding OGC Advisory 11-01 in a footnote and assumes that he must have determined it was inapplicable after "simply look[ing] at the title of the document" to find that it did not apply. (*Id.* at pp. 6–7).

9

This objection is, arguably, a "re-hashing" of the arguments in the original briefs to the Magistrate Judge, which indicates that the Magistrate Judge's finding should be reviewed for clear error. *See Fibertex Corp.*, 2021 WL 302645, at *2. However, even upon a *de novo* review, the Court agrees with the Magistrate Judge's finding that OGC Advisory 11-01 does not apply. (*See* Doc. 40, p. 6 n.4).

The title of the document—Protocol for Assisting Outside Law Enforcement Agencies Conducting Investigations—does support that it is inapplicable here. (*See* Doc. 32-7). Moreover, a review of the language in OGC Advisory 11-01 confirms its inapplicability, as the entire purpose of the policy is to aid outside law enforcement agencies in their investigations. (*See, e.g.*, *id.* at p. 2 (requiring the Department of Public Safety and the OGC to assist process servers in "making appropriate contact with the necessary individuals on campus in order to ensure a non-disruptive process *for the investigating outside agency*." (emphasis added))). This matter does not involve an investigation by an outside law enforcement agency. (*See* Doc. 1-1). Accordingly, Plaintiff's objection is due to be overruled.

### C. Mr. Vaughn's job title and FAMU's routine practice

Plaintiff additionally objects that the Magistrate Judge erred by assigning the wrong job title to Mr. Vaughn and argues that the Magistrate Judge should have found that Mr. Vaughn was the Administrative Assistant to the Office of the President. (Doc. 47, p. 8). Even if Plaintiff is correct, this fact would be irrelevant to the Magistrate Judge's recommendation, as Plaintiff concedes Mr. Vaughn is

neither the Chair of the FAMU Board of Trustees nor does he occupy any of the roles listed in OGC Advisory No. 13-01. (*See id.*).

Although Plaintiff argues Mr. Vaughn's job title is relevant because it supports Plaintiff's assertion that it was FAMU's routine practice to have its administrative assistants accept service of process, this argument is also unavailing. (*See id.*). Clearly, Florida Statute § 1001.72(1) does not reference that a defendant's "routine practice" is relevant to who may be properly served. Further, while Plaintiff cites to Federal Rule of Evidence 406 in support of her argument, she cites no cases applying that rule in the context of service of process. (Doc. 47, pp. 8–9). Finally, even assuming this rule of evidence could be applied to the Court's inquiry here, the Court finds that Plaintiff has provided scant evidence to support a finding that this practice is FAMU's "routine." (*See id.*). Therefore, this objection is also due to be overruled.

### IV.   CONCLUSION

For these reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Objections to the Report and Recommendation (Doc. 47) are **OVERRULED**;

2. Magistrate Judge Robert M. Norway's Report and Recommendation (Doc. 40) is **ADOPTED** and **CONFIRMED** and made a part of this Order;

3. Defendant's Motion to Quash Service of Process, Set Aside Clerk's Default and Renewed Motion for Enlargement of Time to File

11

      Response (Doc. 22) is **GRANTED IN PART AND DENIED IN PART**;

4. Counsel for Defendant is **ORDERED** to advise the Court and Plaintiff on or before **June 1, 2024**, whether counsel will accept service of process for Defendant and file a response to the amended complaint on Defendant's behalf;

5. If counsel declines to accept service on Defendant's behalf, then Plaintiff is **DIRECTED** to obtain an alias summons and serve Defendant as required by Federal Rule of Civil Procedure 4(c); and

6. Plaintiff is **ORDERED** to serve Defendant on or before **June 28, 2024**.[4]

**DONE AND ORDERED** in Orlando, Florida on May 29, 2024.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[4] To the extent that an extension of time for service is needed to comply with the Federal Rules of Civil Procedure, given the circumstances, the Court finds good cause to grant Plaintiff such an extension. *See* FED. R. CIV. P. 4(m). Plaintiff attempted in good faith to timely serve Defendant, Defendant will not be prejudiced by an extension, and the interests of justice will be served thereby.