# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**JENNIFER SMITH,**

      **Plaintiff,**

v.                                                              Case No: 6:24-cv-457-PGB-RMN

**FLORIDA AGRICULTURAL &**
**MECHANICAL UNIVERSITY**
**BOARD OF TRUSTEES,**

      **Defendant.**

_____/

## ORDER

This cause comes before the Court on Defendant Florida Agricultural & Mechanical University's ("**Defendant**") Time Sensitive Opposed Short Form Discovery Motion (Doc. 56 (the "**Motion**")) and Plaintiff's Response thereto (Doc. 57 (the "**Response**")). Upon consideration, Defendant's Motion, which seeks either a stay of discovery or a protective Order as to certain discovery requests, is due to be denied. (*See* Doc. 56). However, the Court, *sua sponte*, grants Defendant an extension of time for responding to the subject discovery requests.

## I.   BACKGROUND

On April 10, 2024, Magistrate Judge Robert M. Norway issued a Report recommending that this Court find that Defendant has not been properly served with process in this case. (Doc. 40 (the "**Report**")). Subsequent to this ruling, on

April 23, 2024, Plaintiff served extensive discovery requests upon Defendant (Doc. 56-1 (the "**discovery requests**")).

In the Motion, Defendant seeks either (1) the entry of a protective order directing that Defendant need not answer these discovery requests, or (2) a stay of discovery in this matter. (Doc. 56, p. 1). In support of the Motion, Defendant cites the Report's finding that the Court lacks jurisdiction over Defendant in this matter. (*Id.* at p. 2). While the Motion remained pending, the instant Court adopted and confirmed the Report in full. (*See* Doc. 60). However, and importantly, on May 31, 2024, Defendant filed a Notice indicating that, as of May 31, 2024, Defendant voluntarily accepted service of process in this matter. (Doc. 62).

## II.     DISCUSSION

### A.     "Time Sensitive" Filings

As a preliminary matter, the Court notes the repeated use of the label "time sensitive" in the parties' recent filings. (*See* Docs. 54, 56, 58). The Court appreciates that, from the parties' perspectives, their requests feel "time sensitive." But when a party files a "time sensitive" motion, the Court stops whatever it is doing to address the matter. Therefore, when a matter that is not time sensitive is presented as such, it wastes the Court's time. Further, the Court will not treat a motion as "time sensitive" when the relevant time constraints are occasioned by the movant's own delay. (*See* Doc. 56).

Here, Defendant was already aware of the Magistrate Judge's finding in the Report that Defendant had not been properly served with process in the matter at

2

the time that it received the discovery requests. (*See* Doc. 40; Doc. 56-1). However, as Plaintiff notes in her Response, Defendant waited until the day before its deadline for responding to the discovery requests before moving for a "time sensitive" stay of discovery. (*See id.*; Doc. 57, p. 3). Now, Defendant asks the Court to address the matter in a "time sensitive" fashion despite failing to do so itself. (*See* Doc. 56).

As a result of the foregoing, the parties are cautioned to only caption a motion as "time sensitive" when the motion specifically addresses circumstances that genuinely warrant it. The failure to comply with this advisement by continuing to file motions as "time sensitive" when this designation is not warranted may result in the imposition of sanctions. *See* Local Rule 3.01(e).

**B.     Request for a Stay of Discovery or for a Protective Order**

It is a "bedrock principle" that "[a]n individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under the court's authority, by formal [service of] process." *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999); *see also Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990) ("Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served.").[1]

---

[1] Moreover, a district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). District courts frequently employ this discretion to stay discovery in cases where the court's jurisdiction over the matter has been called into doubt. *See, e.g.*, *Abercrombie & Fitch Stores, Inc. v. Texas Fixture Installers*, No. 3:09-cv-860-J-TEM, 2010 WL 2465185, at *1–2 (M.D. Fla. June 9,

On May 31, 2024, Defendant voluntarily accepted service of process in this matter. (Doc. 62). Accordingly, because the arguments in Defendant's Motion are premised upon this Court's lack of jurisdiction over Defendant, the relief requested in the Motion is no longer warranted. (*See id.*). However, given the circumstances, and the fact that Defendant only formally accepted service of process in this matter on May 31, 2024, the Court finds good cause to *sua sponte* grant Defendant an extension of time for responding to the discovery requests. *See* FED. R. CIV. P. 6(b); (Doc. 56-1).

### III. CONCLUSION

Therefore, it is **ORDERED** as follows:

1. Defendant's Opposed Short Form Discovery Motion (Doc. 56), which requests a stay of discovery or, in the alternative, a protective Order as to Plaintiff's discovery requests (Doc. 56-1), is **DENIED**.

2. However, the Court *sua sponte* grants Defendant an extension of time for responding to Plaintiff's discovery requests (Doc. 56-1). Defendant shall respond to these discovery requests on or before **July 1, 2024**.

**DONE AND ORDERED** in Orlando, Florida on June 4, 2024.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

---

2010); *Latell v. Triano*, No. 2:13-cv-565-FtM-29CM, 2014 WL 5822663, at *1–2 (M.D. Fla. Feb. 28, 2014).

Copies furnished to:

Counsel of Record
Unrepresented Parties