## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**JENNIFER SMITH,**

     **Plaintiff,**

                          **CASE NO: 6:24-cv-00457-PGB-RMN**

**FLORIDA AGRICULTURAL &**
**MECHANICAL UNIVERSITY**
**BOARD OF TRUSTEES,**

     **Defendant.**

_____/

### PLAINTIFF'S RESPONSE IN OPPOSITION TO
### DEFENDANT'S MOTION TO DISMISS OR
### IN THE ALTERNATIVE, TO TRANSFER VENUE

Plaintiff, Jennifer Smith ("Professor Smith"), respectfully submits her response in opposition to Defendant's Opposed Motion to Dismiss, or in the Alternative, to Transfer Venue (Doc. 63).[1] Defendant's motion must be denied

---

[1] In an abundance of caution, Professor Smith submits this response within fourteen days from Defendant's filing (Doc. 63) because the Court has not *sua sponte* stricken Defendant's filing as impermissible under the Local Rules. Importantly, the Middle District has interpreted the local rules as permitting a single motion to dismiss. *See e.g., United States v. Fleming*, No. 3:09-cv-153-J-34PDB, 2014 U.S. Dist. LEXIS 100329, (M.D. Fla. July 23, 2014) ("the Flemings filed seven separate motions to dismiss . . . and later filed supplemental motions to dismiss . . .The Court also struck the Supplemental Motions for failing to comply with the Local Rules, United States District Court, Middle District of Florida (Local Rule(s)) and directed the Flemings to file an answer to the Complaint or a single motion to dismiss in compliance with the Local Rules."). Moreover, and explained in more detail below, Defendant has waived the Rule 12(b)(3) defense, thus Professor Smith is left to presume the Court is considering Defendant's filing as a motion to transfer under 28 U.S.C. § 1406 only, and as will be seen below, 28 U.S.C. § 1406 does not even apply.

because (1) any venue challenge has been waived by Defendant's failure to assert the objection in its initial pleading, motion or first significant defensive move; (2) federal law – 28 U.S.C. § 1441 – preempts the state home venue privilege; and (3) Defendant admitted in its notice of removal that venue is proper in the Middle District.

## I.    INTRODUCTION

It is well established that a party is deemed to have waived Federal Rule of Civil Procedure 12(b)(2)-(5) defenses, "if the party makes a pre-answer motion under Rule 12 and fails to include such objections in that motion." *See Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990). Any such objections must be made in a party's "first Rule 12 motion, other initial pleading or general appearance." *See also Valdez v. Feltman (In re Worldwide Web Sys.)*, 328 F.3d 1291, 1299 (11th Cir. 2003) (extending *Pardazi* to a pre-answer motion challenging the sufficiency of service of process pursuant to 60(b)). Here, Defendant waived its ability to now challenge to improper venue (FRCP 12(b)(3)) by not asserting it in its first motion, which was the Motion to Quash Service of Process, Set Aside Clerk's Default, and Renewed Motion for Enlargement of Time to File Answer, wherein it challenged insufficient service of process (Doc. 22). Fed R. Civ. P. 12(h)(1); 12(g)(2).

Defendant removed this case from the state court in Orlando and correctly represented to this federal Court that "Venue is proper in this Court under 28 U.S.C. § 1391(b), 1441(a)." (Doc. 1, p. 11) Because venue is proper in the Middle District, Defendant's motion must be analyzed under § 1404, not § 1406. Defendant improperly analyzes this case under 28 U.S.C. § 1406. A §1406 transfer motion assumes that the court is an improper venue, which fact should have been readily apparent from the start of the case. Most courts have held that a venue objection as asserted in motions to dismiss as well as motions to transfer under § 1406 is waived under Rule 12 if not timely asserted, even though Rule 12 speaks only of dismissals. *See* 17 James Wm. Moore, *Moore's Federal Practice* §111.36. That said, there is at least some modest authority to the contrary. *See Wright & Miller* § 3826 (citing – and criticizing – a case in which a district court considered a § 1406 motion, even though it was untimely according to the standards in Rule 12). However, as will be seen below, § 1406 simply does not apply. Accordingly, Defendant's motion must be denied for the reasons explained in more detail below.

## II.    LEGAL STANDARD

Generally, venue in federal civil actions is governed by 28 U.S.C. § 1391(b), which is the general venue statute. "When a defendant moves to dismiss on grounds of improper venue, the plaintiff has the burden of demonstrating that venue in the forum is proper." *Def. of Freedom Inst. for Pol'y Stud., Inc. v. United States Dep't of*

*Educ.*, No. 6:23-cv-1515-PGB-EJK, 2024 U.S. Dist. LEXIS 47923, at *5 (M.D. Fla. Mar. 19, 2024).

However, 28 U.S.C. § 1441 is the specialized federal venue statute that governs venue in removal actions and allows defendants to remove a case from state court to federal court under the court's original jurisdiction. "When an action is removed from state court to federal court, it is removed to the district court embracing the place where such action is pending." *Hollis v. Florida State University*, 259 F.3d 1295, 1296 (11th Cir. 2001). Thus, venue is proper in the Middle District, as Defendant acknowledged in its Notice of Removal. (Doc. 1).

Because the Middle District is a proper venue, 28 U.S.C. § 1404 applies, not 28 U.S.C. § 1406. Defendant analyzes venue only under 28 U.S.C. § 1406 but 28 U.S.C. § 1406 is inapplicable in this case because "state-law venue deficiencies cannot be the basis for dismissal of a removed action." *Hollis v. Florida State University*, 259 F.3d at 1296." Defendant seems to argue that because of the home venue privilege, venue was never proper in the Middle District, but as will be shown below, that is also incorrect.

## III.   ARGUMENT

Professor Smith argues venue in the Middle District of Florida is proper, and Defendant's motion must be denied because (1) Defendant has waived its ability to challenge venue, (2) the home venue privilege is preempted by federal law, and (3)

venue is proper in the Middle District of Florida, as the Defendant has admitted in Doc. 1, p. 11.

### A. Defendant has Waived its Ability to Challenge Venue.

#### 1. Federal Rule of Civil Procedure 12(g)(2) Bars Multiple or Successive Motions Asserting Rule 12 Defenses.

Defendant has waived its ability to challenge improper venue based on the plain language of the consolidation rule within Federal Rule of Civil Procedure 12 when it moved to quash service of process and failed to include its venue objection.

Federal Rule of Civil Procedure 12(g)(2) provides that: "[e]xcept as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." FED. R. CIV. P. 12(g)(2). Rule 12(h) goes on to explain that "[a] party waives any defense listed in Rule 12(b)(2)–(5)" by "omitting it from a motion in the circumstances described in Rule 12(g)(2); or (B) failing to either: (i) make it by motion under this rule; or (ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course." FED. R. CIV. P. 12(h)(1).

Eleventh Circuit precedent has long reiterated the Rule 12(g)(2) bar by stating that "a party is deemed to have waived any objection [omitted from] . . . a pre-answer motion under Rule 12 and fails to include such objections in that motion." *Pardazi*, 896 F.2d at 1317. The propriety of venue, as listed in Rule 12(b)(3), "is a personal

privilege to be raised by motion and the privilege may be waived." *Harris Corp. v. Nat'l Iranian Radio & Television*, 691 F.2d 1344, 1349 (11th Cir. 1982). Moreover, this Court has even recognized, albeit in a separate case, that Federal Rule 12(g) "contemplates the presentation of an omnibus pre-answer motion in which defendant advances every available Rule 12 defense and objection he may have that is assertable by motion." *Baumann v. Prober & Raphael*, No. 6:15-cv-1951-PGB, 2018 U.S. Dist. LEXIS 119526 (M.D. Fla. July 18, 2018) (citation omitted).

Here, Defendant filed a pre-answer motion challenging personal jurisdiction and service of process, (Doc. 22), but now Defendant has filed a second pre-answer motion to challenge venue. Two Eleventh Circuit cases and myriad federal district court cases support the conclusion that Defendant's motion should be denied under Rule 12(g)(2).

First, in *Pardazi*, the Eleventh Circuit reversed a district court's summary judgment order in favor of an employer when the district court concluded the Title VII discrimination complaint was barred by the ninety-day statute of limitations for such cases. 896 F.2d at 1314. Importantly, the *Pardazi* plaintiff failed to properly serve or show good cause for failing to serve the defendant-medical center within 120 days, but the district court kept the case on the docket permitting the defendant-medical center to respond in a pre-answer motion to dismiss. *Id.* The *Pardazi* court then concluded that, because the defendant-medical center "failed to raise its

6

personal-jurisdiction and service-of-process objections in its pre-answer motion to dismiss, it waived any objections that it might have had to the court's exercise of personal jurisdiction." *Id.* at 1317. Relevant here, the *Pardazi* court went on to explain that "when a defendant has waived his objection to insufficient service of process (or any other defect in personal jurisdiction) by failing timely to object as required under Rule 12(g) and (h), and has thus consented to litigate the action in that court, the court may not, either upon the defendant's motion or its own initiative, dismiss the suit . . . ." *Id.*

Second, the Eleventh Circuit revisited its *Pardazi* decision in *Valdez* when it affirmed bankruptcy and district court's orders denying a motion to set aside final default judgment. 328 F.3d at 1291. In *Valdez*, a Chapter 11 bankruptcy trustee sought to recover $1.7-1.8 million in improper payments made to a closely held corporation and its principal, but the corporation and principal never appeared to defend in the action until a default was entered and hearing on default judgment occurred. *Id.* at 1294. In arguing they satisfied the standard for excusable neglect, the corporation and its principal "raised for the first time the claim that final default judgment should be set aside as void for lack of proper service of process pursuant to Rule 60(b)(4)." *Id.* at 1295. Pertinent to Professor Smith's case, however, the *Valdez* court reiterated its holding in *Pardazi* by stating "[c]onsistent with *Bauxites*, we have found that a party's right to dispute personal jurisdiction on insufficient

service of process grounds is waived if the party fails to assert that objection in his first Rule 12 motion, other initial pleading or general appearance." *Id.* at 1299. The *Valdez* court then concluded the service of process issue was waived. *Id.* at 1301.

Thus, *Pardazi* and *Valdez* make clear that Rules 12(g)(2) and 12(h)(1) render Defendant's untimely raised venue challenge waived. However, and to the extent Defendant's first pre-answer motion (Doc. 22) is concerned, this motion certainly falls within Rule 12(g)(2)'s "motion under this rule" language for several reasons.

First, *Valdez* clarifies the *Pardazi* holding is not merely limited to motions that are titled as brought pursuant to Rule 12. *See* 328 F.3d at 1299 ("if the party fails to assert that objection in his first Rule 12 motion, **other initial pleading** or **general appearance.**") (emphasis added). Second, the 1966 advisory committee notes further bolster this conclusion by stating:

> Amended subdivision (h)(1)(A) eliminates the ambiguity and states that certain specified defenses which were available to a party when he made a preanswer motion, but which he omitted from the motion, are waived. The specified defenses are lack of jurisdiction over the person, improper venue, insufficiency of process, and insufficiency of service of process (see Rule 12(b)(2)–(5)). A party who by motion invites the court to pass upon a threshold defense should bring forward all the specified defenses he then has and thus allow the court to do a reasonably complete job. The waiver reinforces the policy of subdivision (g) forbidding successive motions.

Third, myriad district court decisions support such a conclusion that motions to quash fall within the ambit of the consolidation rule. *See Potomac Insulation & Drywall v. Capitol Mach. Int'l*, No. 1:18-cv-0288-JEO, 2018 U.S. Dist. LEXIS

243833, at *14 (N.D. Ala. July 31, 2018) ("a defendant may waive a Rule 12(b)(5) objection by appearing and defending on substantive grounds without timely raising defects in service.").[2] Fourth, the most respected treatise on practice and procedure – WRIGHT & MILLER – explains that waivable Rule 12 defenses should be raised in a defendant's "first significant defensive move." *See* 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1391. Therefore, and for these reasons, Defendant has waived its ability to challenge venue by failing to include it in the prior motion to quash.

### 2. Defendant Waived Venue by its Own Actions and Admission.

The Eleventh Circuit has held "[v]enue is not a jurisdictional prerequisite and its presence or absence does not affect a court's authority to adjudicate." *See Harris*,

---

[2] *See also Frye v. Ulrich GmbH & Co. KG*, No. 3:08-cv-158-MEF, 2010 U.S. Dist. LEXIS 81611, at *1 (M.D. Ala. Aug. 11, 2010) ("In this case, Ulrich filed a Rule 12(b)(5) motion to quash service of process and failed to object to personal jurisdiction in that motion. Therefore, according to the plain language of Rules 12(g)(2) and 12(h)(1), Ulrich has waived its personal-jurisdiction defense."); *Glob. Lift Corp. v. Hiwin Corp.*, No. 14-cv-12200, 2016 U.S. Dist. LEXIS 80843, at *13-14 (E.D. Mich. June 22, 2016) ("On July 17, 2015, the Taiwanese [*14] Defendants filed a motion to quash for insufficient service of process under Rule 12(b)(5) and a motion to dismiss for improper venue pursuant to Rule 12(b)(3). The Taiwanese Defendants did not raise a defense of lack of personal jurisdiction in either of those motions, but stated in a footnote that they were preserving their right to do so in the future. Such a footnote is insufficient to overcome the specific dictates of the Federal Rules of Civil Procedure. Under Rule 12(h), by raising any Rule 12 defenses in their first filings, the Taiwanese Defendants were obliged to raise all such defenses in those filings."); *but see Florio v. Success Agency LLC*, No. 17-80557-CV, 2017 U.S. Dist. LEXIS 227261, at *9 (S.D. Fla. Oct. 27, 2017) ("Defendant's Motion to Quash based on Rule 12(b)(5) is granted because Plaintiff did not strictly comply with relevant Florida law governing service of process on limited liability companies, Fla. Stat. § 48.062, when she served Defendant. Defendant properly raised the 12(b)(5) defense of insufficient service of process it its first pre-answer motion that raised 12(b) defenses, the Motion to Quash. *See* FED. R. CIV. P. 12(g)(2); 12(h)(1)".

691 F.2d at 1349. The Eleventh Circuit reiterated this notion in *Peterson v. BMI Refractories*, 124 F.3d 1386, 1388 (11th Cir. 1997), by holding that "failure to comply with the geographic requirements of 28 U.S.C. § 1441(a) is a procedural defect that does not deprive a district court of subject matter jurisdiction in a removed case."

Concerning Defendant's actions, Defendant properly removed this case to the Middle District of Florida, but could have filed the removal paperwork in the Northern District of Florida, notwithstanding the directive in § 1441. The *Peterson* decision is directly significant to this case because it involved a Title VII discrimination that was removed from a county that did not embrace where the action was actually pending. 124 F.3d at 1388-89. In *Peterson*, the defendant removed the case to the Northern District of Alabama embracing Jefferson County in lieu of the Middle District of Alabama, which embraced the county where the case had recently been transferred and where it was actually pending – Montgomery County. *Id.* at 1388. The Eleventh Circuit concluded that, although removed to the wrong district pursuant to the directive in § 1441, the Northern District could properly adjudicate the case because the plaintiff could have timely moved for remand and had plaintiff done so that court would have been justified in granting such a motion. *Id.* at 1395. Where, as here, Defendant intentionally removed to the Middle District of Florida

when it could have used the *Peterson* decision to remove this action to the Northern District, Defendant did not and it has therefore waived its ability to challenge venue.

Concerning Defendant's admission, Defendant's notice of removal stated, "Venue is proper in this Court under 28 U.S.C. § 1391(b), 1441(a)." Defendant could have followed *Pollard v. Cigna Corp.*, No. 06-0194-KD-M, 2006 U.S. Dist. LEXIS 21686, at *2 (S.D. Ala. Apr. 17, 2006) and stated it "appears specially for purposes of this removal and without consent to jurisdiction or waiver of its F.R.C.P. defenses, including without limitation lack of subject matter jurisdiction, personal jurisdiction, improper venue, and failure to state a claim upon which relief can be granted." But Defendant did not. Instead, Defendant plainly and properly represented to this Court that venue was proper, and Defendant cannot under principles of equity be allowed to change its position now. Therefore, this Court should find that Defendant consented to venue in the Middle District by stating that venue was proper upon removal.

### B. The Home Venue Privilege is Inapplicable Because the Federal Venue Statute Preempts State Procedural Rules.

Notwithstanding the procedural flaws in Defendant's motion, should this Court endeavor to address the merits of Defendant's claim, Professor Smith argues the home venue privilege is inapplicable because the federal venue statute controls.

"Typically, venue for civil actions in federal courts is governed by 28 U.S.C. § 1391, [e]xcept as otherwise provided by law." *See Def. of Freedom Inst. for Pol'y*

*Stud., Inc. v. United States Dep't of Educ.*, No. 6:23-cv-1515-PGB-EJK, 2024 U.S. Dist. LEXIS 47923, at *6 (M.D. Fla. Mar. 19, 2024) (quoting 28 U.S.C. § 1391(a)). "In removed actions the general venue provision, 28 U.S.C. § 1391, does not apply." *Hollis v. Florida State University*, 259 F.3d 1295, 1299 (11th Cir. 2001). Instead, 28 U.S.C. § 1441(a) applies, which states "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *See id.* The Supreme Court has long recognized § 1441 contains a built-in venue provision. *Polizzi v. Cowles Magazines, Inc.* 345 U.S. 663, 665-66 (1953).

Here, Defendant somehow argues a state procedural law – the home venue privilege – applies in federal court. This contention is squarely foreclosed by Eleventh Circuit precedent, and it is flawed for several reasons. First, Defendant's argument is foreclosed by *Hollis v. Florida State University*, 259 F.3d 1295, 1300 (11th Cir. 2001), which held that "it [is] sufficient to recognize that, as a matter of law, § 1441(a) establishes federal venue in the district where the state action was pending, and it is immaterial that venue was improper under state law when the action was originally filed." While *Hollis* did not address the home venue privilege, that privilege is a state procedural law that, as *Hollis* so holds, is immaterial because this action was pending in Orlando, Florida making removal to the Middle District

of Florida proper.[3] *See also Stewart Org., Inc. v. Ricoh Corp.*, 810 F.2d 1066, 1068

(11th Cir. 1987) ("Venue is a matter of federal procedure for several reasons.");

*Glob. Satellite Commun. Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269, 1271 (11th Cir.

2004) ("A defendant's right to remove an action against it from state to federal court

is purely statutory and therefore its scope and the terms of its availability are entirely

dependent on the will of Congress") (internal quotation marks omitted); *Murphree*

*v. Miss. Pub. Corp.*, 149 F.2d 138, 140 (5th Cir. 1945) (noting that "where a federal

statute fixed the venue of the federal courts, state laws are inapplicable").[4]

Second, district courts in this Circuit have refused to apply home venue

privilege much less rely on it as the determinative factor in a venue analysis. *See*

*Boyce v. Harper et al.*, No. 0:22-cv-61845-RAR (S.D. Fla. Jan. 24, 2023) ("this

Court will instead ground its analysis in the federal venue transfer statute and the

federal caselaw applying that statute as the sole basis for its conclusions."); *Young*

*v. Corizon LLC*, No. 4:18-cv-444-RH/MJF, 2019 U.S. Dist. LEXIS 105225, at *10

(N.D. Fla. May 21, 2019) (rejecting application of the home venue privilege). Third,

the Florida Supreme Court has even authorized state trial courts to use their

---

[3] The home venue privilege discussed below contain an exception when a law waives the privilege. See *Fla. Dep't of Children & Families v. Sun-Sentinel, Inc.*, 865 So. 2d 1278, 1287 (Fla. 2004) ("One exception exists in cases where the Legislature has by statute waived the privilege.") Where, as here, a conflict exists between the federal venue statute and the home venue privilege, the state law gives way for federal to preempt any application of the home venue privilege.

[4] Judge Norway previously advised Defendant that "[i]t has long been the case that, once a case is 'removed to the District Court, the Federal Rules of Civil Procedure became applicable.'" (Doc. 18 at 3) Following Judge Norway's observation, the same is true for a state's procedural rules.

discretion in applying this privilege "when a governmental body is sued as a joint tortfeasor." *Bd. of Cnty. comm'rs v. Grice*, 438 So. 2d 392, 395 (Fla. 1983).

Fourth, and even if the privilege controlled, the sword-wielder exception most certainly applies, contrary to Defendant's baseless and conclusory assertion to the contrary. The "sword-wielder exception" is a legal doctrine in Florida that allows a plaintiff to file suit against a state agency in a county other than the county where the agency's headquarters are located, which is normally required under the "home venue privilege." *Fla. Dep't of Children & Families v. Sun-Sentinel, Inc.*, 865 So. 2d 1278, 1286 (Fla. 2004) ("The home venue privilege provides that, absent waiver or exception venue in a suit against the State, or an agency or subdivision of the State, is proper only in the county in which the State, or the agency or subdivision of the State, maintains its principal headquarters."). The sword-wielder exception "applies only where direct judicial protection is sought from an unlawful invasion of a constitutional right of the plaintiff, directly threatened in the county where the suit is instituted." *Id.* at 1288. The sword-wielder exception allows a plaintiff to sue in the county where the state is taking or threatening imminent action that violates the plaintiff's constitutional rights, rather than being required to sue at the agency's home venue. *See Fla. Pace Funding Agency v. Pinellas Cnty.*, 49 Fla. L. Weekly 660 (Fla. 2d DCA 2024)("The type of constitutional invasions which have supported the application of the sword-wielder doctrine" include alleged takings of property, free

speech violations, and unconstitutional conditions of confinement.). When a state agency is the "initial sword-wielder" threatening a plaintiff's constitutional rights in a particular county, the plaintiff's suit in that county is "in the nature of a shield" against the state's actions there.

Professor Smith's case falls within this exception because she has sought to vindicate the violation of her free speech rights and other rights, which is analogous to *Barr v. Fla. Bd. of Regents*, 644 So. 2d 333, 337 (Fla. 1st DCA 1994) ("Here, the BOR notified appellant that her employment was being terminated only eight to ten days after she filed a grievance regarding her reassignment. Thus, her second grievance was in the nature of a "shield" to the sword-wielding conduct of the BOR. We conclude the circumstances of this termination warrant application of the "sword-wielder" exception to the state agency's home venue privilege.").

## C. Venue is Otherwise Proper in the Middle District of Florida.

Defendant's motion must be denied because its reliance on § 1406 is totally misplaced, and § 1406 does not apply. "In some cases, venue will be proper in more than one district." *Kapordelis v. Danzig*, 387 F. App'x 905, 906 (11th Cir. 2010). Because venue is proper in the Middle District under § 1441, this Court must analyze Defendant's assertions under § 1404, which supports maintaining this action in the Middle District. Defendant fails to even address § 1404.

A district court is authorized "to transfer a civil action to another district "for the convenience of parties and witnesses, in the interest of justice," if venue is otherwise proper in the transferee district." *Stewart Org., Inc. v. Ricoh Corp.*, 810 F.2d 1066, 1072 (11th Cir. 1987) "[U]nder section 1404(a), the burden is on the movant to establish that the suggested forum is more convenient." *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989). The court must first "determine, as a threshold matter, whether the case could have been filed in the proposed district." *Nat'l Tr. Ins. v. Penn. Nat'l Mut. Cas. Ins.,* 223 F. Supp. 3d 1236, 1241 (M.D. Fla. 2016). "Next, the court must consider 'whether the transfer would be for the convenience of the parties and witnesses and in the interest of justice.'" *Id.* Courts regularly weigh nine factors absent a forum-selection clause, and those factors are:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; [*6]  (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Epler v. Air Methods Corp.*, No. 6:21-cv-461-PGB-DCI, 2021 U.S. Dist. LEXIS 104945, at *5-6 (M.D. Fla. June 4, 2021).

Here, these factors favor maintaining this action in the Middle District of Florida for several reasons. First, Defendant improperly points this court to one of many acts of retaliation – the ultimate act – that Professor Smith has alleged.

Understanding the entire landscape of this case, majority of the witnesses with substantive testimony are located in the Middle District of Florida, including the student who filed the unsubstantiated complaint, then-Dean Keller, Ewanrinareto Imoukhuede, Patricia Broussard, Markita Cooper, Associate Dean Reginald Green, other professors who teach Constitutional Law, and potentially others. These individuals are likely to give the most substantive testimony about the Equal Pay violation and complaints giving rise to this lawsuit.

Second, the location of documents is neutral or slightly favors Professor Smith given the rise of electronic discovery and media such that most documents are kept digitally and not on papers; however, any contracts signed that give rise to Professor Smith's equal pay violation were signed in Orlando, Florida by her. Additionally, Professor Smith's memorandums comprising the investigative file were sent from Orlando, Florida, the student complaint and associated documents were sent from Orlando, Florida, and any notices from the Defendant were purposefully mailed to the Middle District of Florida.

Third, the Northern District is completely inconvenient for Professor Smith as she cares for her elderly father who cannot be moved to travel with her to the Northern District. *See Boyce*. Also, Defendant regularly travels to Orlando, Florida annually for various events, including other lawsuits with faculty from the law school, and should the Court permit the second amended complaint to be filed, then

several of the new defendants also reside in Orlando, Florida. Furthermore, Defendant has and is defending current cases in the Middle District related to its law school. Fourth, the locus of operative facts giving rise to Professor Smith's underlying equal pay and retaliation claims occurred in Orlando, Florida, such as hiring of Comparator, each electronic deposit of paychecks received by Comparator and Professor Smith, the October 20, 2022 incident and its reporting, the witness statements, the production and submission of Professor Smith's memorandums, etc. Additionally, Professor Smith's reinstatement would occur in the Middle District and not the Northern District.

Fifth, the Middle District can compel unwilling witnesses to appear, either in person or by remote platform. Sixth, Defendant has more financial means than Professor Smith, as it stopped paying her and she has to otherwise conserve financial resources to ensure her caregiver obligations are met. Seventh, the Middle District is just as knowledgeable as the Northern District on governing law. Eighth, Professor Smith's choice of forum should be given substantial consideration because she worked in Orlando, Florida, lives nearby, cares for her father there, the harm giving rise to her complaints occurred here and Defendant maintains an entire professional school in this district. *See Boyce*. Finally, trial efficiency and the interests of justice also favor laying venue in this District.

## IV.   CONCLUSION

**WHEREFORE**, Professor Smith, respectfully asks this Court to strike Defendant's motion as barred by Rule 12(g)(2), deny this motion to transfer finding that Defendant has waived any challenge to venue under Rule 12(h), recognize that venue is proper in the Middle District for the reasons indicated in this motion, consider extending the deadline for Professor Smith to respond to Defendant's third motion (Doc. 64), order Defendant to pay attorney's fees and costs for Professor Smith's defense against the motion, and any other relief this Court deems proper.

Dated: <u>June 10, 2024</u>

Respectfully submitted,

<u>*/s/ Jennifer Smith*</u>
Jennifer Smith
Florida Bar No. 964514 (*pro se*)
Law Office of Jennifer Smith
13506 Summerport Village Pkwy.
Suite 108
Windermere, FL 34786
407-455-0712
407-442-3023 (facsimile)
jensmithesq@aol.com

## CERTIFICATE OF SERVICE

I, HEREBY CERTIFY that on this <u>10th</u> day of June 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all registered users.

<u>*/s/ Jennifer Smith*</u>
Jennifer Smith (*pro se*)
Law Office of Jennifer Smith
