UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JENNIFER SMITH,**

        **Plaintiff,**

v.                            Case No: 6:24-cv-457-PGB-RMN

**FLORIDA AGRICULTURAL &
MECHANICAL UNIVERSITY
BOARD OF TRUSTEES,**

        **Defendant.**

_____/

## **ORDER**

This cause comes before the Court upon Defendant's Motion to Strike Plaintiff's Notice of Filing Amended 3.01(g) Certificate (Doc. 69 (the "**Motion to Strike**")). Plaintiff has filed a response in opposition (Doc. 70 (the "**Response to the Motion to Strike**")). Upon consideration, the Motion to Strike is due to be granted.

On May 20, 2024, Plaintiff filed an opposed request to amend the Complaint in this action (Doc. 54 (the "**Motion to Amend**")). The Local Rule 3.01(g) Certification in the Motion to Amend indicated that it was opposed, at least in part, because Defendant had not received a copy of the proposed amended complaint (the "**proposed amendment**"). (*Id.* at pp. 6–7). Defendant timely responded in opposition to the Motion to Amend (Doc. 59 (the "**Response to the Motion to Amend**")). Therein, Defendant argued, *inter alia*, that the Motion to Amend

should be denied because Plaintiff had not attached a copy of the proposed amendment and had not adequately identified the substance of the new claims Plaintiff seeks to add. (*Id.*).

Subsequently, on May 31, 2024, Plaintiff filed a Notice of Filing Amended 3.01(g) Certificate for the Motion to Amend (Doc. 65 (the "**Notice**")). Therein, Plaintiff provided a copy of the proposed amendment and indicated that she had again conferred with defense counsel, who continued to oppose the Motion to Amend. (*Id.* at p. 3). In light of the Notice, the Court issued an Order allowing Defendant the opportunity to file an amended response to the Motion to Amend on or before June 13, 2024. (Doc. 66). Now, Defendant asks the Court to strike the Notice as an improper filing that fails to comply with the Local Rules.[1] (*See generally* Doc. 69).

---

[1] In the Response to the Motion to Strike, Plaintiff asserts that Defendant violated the Local Rules in its communications with Plaintiff regarding the Motion to Amend. (*See generally* Doc. 70). Plaintiff argues, *inter alia*, that Defendant did not promptly respond to her requests to confer regarding the Motion to Amend and then subsequently, for a period of time, refused to confer on the matter. (*See id.* at pp. 2–3; Doc. 70-4 (attaching an e-mail from defense counsel in response to Plaintiff's request to confer wherein defense counsel asserts "[w]e do not have to conference with you to object to this motion.")).

The Court finds that Defendant's initial refusal to confer regarding the Motion to Amend violates the spirit, if not the letter, of the Local Rules and the Case Management and Scheduling Order (Doc. 45 (the "**CMSO**")). *See* Local Rule 3.01(g)(3) ("The purposeful evasion of a communication under this rule can result in a sanction"); (Doc. 45, pp. 5–6 ("The term 'confer' in Rule 3.01(g) requires a substantive conversation *in person or by telephone* in a good faith effort to resolve the motion without court action and does not envision an exchange of ultimatums by fax, letter or email.")). A motion to amend the pleadings is among the types of motions that require a conferral under Local Rule 3.01(g)(1). Accordingly, pursuant to the Local Rules and CMSO, the Court expects the parties to engage with each other in a professional and timely manner to narrow the issues regarding such motions. *See* Local Rule 3.01(g); (Doc. 45, pp. 5–6). Defendant shall comply with these expectations in all future communications regarding conferrals under Local Rule 3.01(g).

The Court finds that the Notice is an improper filing under Local Rule 3.01(g). (*See* Doc. 65). Local Rule 3.01(g) requires a party to include a certification at the end of a motion confirming that the parties have conferred on the motion and explaining whether the parties "agree on the resolution of all or part of the motion." Local Rule 3.01(g)(2). Additionally, in a case where the nonmovant's counsel is unavailable to discuss the matter before the motion is filed, "the movant must supplement the motion with a statement certifying whether the parties have resolved all or part of the motion." Local Rule 3.01(g)(3). Accordingly, while Local Rule 3.01(g)(3) allows a movant to supplement a motion with a statement regarding a conferral that occurs after a motion is filed, it is not a proper vehicle for a movant to supplement the same motion with an exhibit. Thus, the Notice is due to be stricken.

However, the Court appreciates that in attaching the proposed amendment to the Notice, Plaintiff was attempting to cure one of the concerns raised by Defendant in its Response to the Motion to Amend. (*See* Doc. 65). Moreover, Defendant and the Court can better assess the merits of the request to amend the pleadings if they are in possession of a copy of the proposed amendment.[2] Accordingly, the Court grants Plaintiff leave to file an amended motion to amend the Complaint solely to attach a copy of the proposed amendment as an exhibit.

---

[2] The Court is mindful of the facts that (1) Plaintiff filed the Motion to Amend before the CMSO deadline to amend the pleadings expired, (2) this is Plaintiff's first request to amend her Complaint, and (3) Federal Rule of Civil Procedure 15 dictates that this Court should "freely give leave" for the parties to amend the pleadings "when justice so requires." FED. R. CIV. P. 15(a)(2); (*see* Docs. 40, 54).

Therefore, it is **ORDERED** as follows:

1. Defendant's Motion to Strike Plaintiff's Notice of Filing Amended 3.01(g) Certificate (Doc. 69) is **GRANTED**;

2. Plaintiff's Notice of Filing Amended 3.01(g) Certificate (Doc. 65) is hereby **STRICKEN**;

3. Plaintiff may file an amended motion to amend the Complaint, consistent with the directives of this Order, on or before **June 18, 2024**; and

4. Defendant may file a response to Plaintiff's amended motion to amend the Complaint on or before **June 21, 2024**.

**DONE AND ORDERED** in Orlando, Florida on June 13, 2024.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

4