UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JENNIFER SMITH,

    Plaintiff,

                                                                     CASE NO: 6:24-cv-00457-PGB-RMN

FLORIDA AGRICULTURAL &
MECHANICAL UNIVERSITY
BOARD OF TRUSTEES,

    Defendant.
_____/

**PLAINTIFF'S AMENDED MOTION
FOR AN EXTENSION OF TIME, AND FOR LEAVE TO FILE AN
AMENDED COMPLAINT AND ADD PARTIES**

    Plaintiff, Jennifer Smith ("Professor Smith"), respectfully moves for an extension of time and or for leave to amend the complaint, including adding parties, pursuant to the Federal Rules of Civil Procedure. There are existing motions pending, and thus, the Defendant has not yet responded to Plaintiff's complaint. Further, there is a preliminary injunction pending, which Plaintiff does not want to moot by amending the complaint. Professor Smith submits that good cause exists for the extension of time and states as follows:

1

## I. BACKGROUND

1. On October 17, 2023, Professor Smith commenced this action in state court.

2. On January 29, 2024, Professor Smith amended her complaint as a matter of course in state court.

3. On March 4, 2024, Defendant removed this action to federal court. (Doc. 1)

4. On April 1, 2024, Professor Smith moved for a preliminary injunction based on certain claims in her amended complaint. (Doc. 37)

5. On April 12, 2024, the parties submitted their Uniform Case Management Report, and requested June 26, 2024 for the deadline to amend pleadings. (Doc. 43)

6. On April 15, 2024, the Court entered its Case Management and Scheduling Order, which set May 31, 2024 as the deadline to amend the pleadings. (Doc. 45)

7. On May 20, 2024, Professor Smith moved for an extension of the deadline to add parties and amend her complaint and alternatively for a motion for leave to do the same. (Doc. 54)

8. On May 22, 2024, the Court directed Defendant to file a response to Professor Smith's motion. (Doc. 55)

9. On May 28, 2024, Defendant filed its response. (Doc. 59)

10. On May 31, 2024, Professor Smith acted in good faith resolution of the pending motion and identified the additional parties and claims with the basis in the proposed Second Amended Complaint, and attached it with an Amended 3.01(g) Certificate. (Doc. 65) Professor Smith noted that Defendant still objected to Professor Smith's time sensitive motion.

11. On June 10, 2024, Defendant filed a Motion to Strike the Amended 3.01(g) Certificate (Doc. 69).

12. On June 12, 2024, Professor Smith filed a Response. (Doc. 70)

13. On June 13, 2024, the Court granted the Defendant's Motion to Strike, but allowed Professor Smith to file an amended motion to amend the Complaint to attach the proposed Second Amended Complaint by June 18, 2024, and allowed the Defendant to response by June 21, 2024.[1] (Doc. 71)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 15 provides that "[a] party may amend its pleading once as a matter of course no later than: **(A)** 21 days after serving it, or **(B)** if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading . . ." FED. R. CIV. P. 15(a)(1). "In all other cases, a

---

[1] Professor Smith has attached the proposed Complaint and hopes she followed the directives of the Court as the facts of this case continue to change and evolve as administrative hearings and other things impacting this case continue.

3

party may amend its pleading only with the opposing party's written consent or the court's leave[,]" which should be freely given when justice so requires. FED. R. CIV. P. 15(a)(2). The Supreme Court has stated:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. — the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

The former Fifth Circuit also recognized that while a court may weigh the prejudice that a denial will cause to a plaintiff in evaluating a request for leave to amend a complaint, "it is appropriate for the court to consider judicial economy and the most expeditious way to dispose of the merits of the litigation." *Dussouy v. Gulf Coast Inv. Corp.,* 660 F.2d 594, 598 (5th Cir. 1981).

Under Federal Rule of Civil Procedure 16(b)(4), case management and scheduling orders may be modified "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also* Fed. R. Civ. P. 6(b); *Hill v. Allianz Life Ins. Co. of N. Am.,* No. 6:14-cv-950-ORL-41-KRS, 2015 WL 12838838,*4 (M.D. Fla. June 17, 2015). Generally, a court should consider "the danger of prejudice to the opposing

party; the length of delay and its potential impact on the judicial proceedings; the reason for the delay, including whether it was within the reasonable control of the movant; and whether the movant acted in good faith." *Sapphire Int'l Group, Inc. v. Allianz Glob. Risks US Ins. Co.*, No. 18-CV-80101-DMM, 2018 WL 8344838, at *2 (S.D. Fla. Sept. 26, 2018); (citations omitted). Of particular importance is the "absence of prejudice to the nonmoving party and to the interest of efficient judicial administration." *See Ashmore v. Sec'y, Dep't of Transp.*, 503 F. App'x 683, 685 (11th Cir. 2013).

### III.  ARGUMENT

1. Professor Smith respectfully moves for an extension of the deadline to file a second amended complaint and or, in the alternative, leave to file a second amended complaint to name additional parties and assert additional claims against Defendant pursuant to the Due Process Clause of the U.S. Constitution, Title VII, 42 U.S.C. § 1985, and 42 U.S.C. § 1983 and related state law claims. The proposed Second Amended Complaint is attached.

2. An extension of time until the Court has ruled on Professor Smith's motion is necessary because Professor Smith's new claims will significantly alter the pleadings to reflect information learned since amending her original complaint. Thus, so as not to moot her current motion for preliminary injunction and further delay the requested relief, good cause exists to extend this deadline. *Compare*

*American Airlines, Inc. v. Spada*, No. 1:23-cv-21844-CMA (S.D. Fla. Nov. 18, 2023) *with Chianne D. et al. v. Weida*, No. 3:23-cv-985-MMH-LLL (M.D. Fla. Jan. 23, 2024).

3. Additionally, Professor Smith has acted diligently by preparing this motion, attempting to confer with counsel, and filing this motion well before the deadline; expediting her receipt of a right to sue letter from the U.S. Department of Justice based on additional actions taken by Defendant since the filing of this action; serving discovery on Defendant; and otherwise pursuing this matter.

4. Notwithstanding Professor Smith's diligent efforts, compliance with the Court's deadline for Professor Smith to amend her complaint and add parties is nearly impossible due largely to matters beyond her control.

5. Such an extension should not affect the dispositive motions deadline and trial date because Professor Smith has already served discovery on Defendant.

6. Further, Professor Smith understands that that (1) any discovery conducted after the dispositive motions date established in the Court's Case Management and Scheduling Order will not be available for summary judgment purposes and (2) no party will use the granting of the extension in support of a motion to extend another date or deadline.

7. Lastly, Defendant will not be prejudiced by this extension because the Parties have expended considerable time on the pending preliminary injunction,

which to date has not been heard or decided by the Court, so an extension that prevents re-briefing the issues will save this Court and the Parties' time and resources.

8. In addition, Professor Smith argues she should be granted leave to file a second amended complaint because she has timely moved to raise additional claims and parties learned already in these proceedings pursuant to the Due Process Clause of the U.S. Constitution, Title VII, 42 U.S.C. § 1985, 42 U.S.C. § 1986 and 42 U.S.C. § 1983, and related state law claims. Professor Smith does not seek leave to file an amended complaint for bad faith purposes and instead Professor Smith submits Defendant has already been made aware of, or could readily ascertain, many of the claims that will be asserted based on her discovery requests to Defendant and her pending motion for preliminary injunction.

WHEREFORE, Professor Smith respectfully moves for an extension of the deadline to file a second amended complaint and join parties and leave to file same.

## LOCAL RULE 3.01(g) CERTIFICATION

I hereby certify that, on May 31, 2024, Professor Smith emailed opposing counsel to confer on amending the complaint. Opposing counsel did not respond. On May 20, 2024, Professor Smith emailed opposing counsel reminding them of the need to confer. Opposing counsel replied: "Please forward a copy of the pleading and motion as it will be filed for review. We can then set a telephone conference."

7

Professor Smith sent the draft motion and indicated that the amended complaint would be drafted if the court allowed for the amendments. Opposing counsel replied: "We do not have to conference with you to object to this motion. A proposed amended complaint must also be submitted."[2] Thus, opposing counsel did not confer or consent to this motion. Professor Smith reached out again, and on May 31, 2024, the parties conferred on this motion, and opposing counsel did not consent. Specifically, the parties did not agree on the resolution of all or part of the motion, and thus, have not resolved all or part of the motion.

Dated: June 18, 2024

Respectfully submitted,

*/s/ Jennifer Smith*
Jennifer Smith
Florida Bar No. 964514 (*pro se*)
Law Office of Jennifer Smith
13506 Summerport Village Pkwy.
Suite 108
Windermere, FL 34786
407-455-0712
407-442-3023 (facsimile)
jensmithesq@aol.com

---

[2] Local Rule 4.01, "Unless otherwise directed by the Court, any party permitted to amend a pleading shall file the amended pleading in its entirety with the amendments incorporated therein," was withdrawn in the local rules.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this <u>18h</u> day of June, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all registered users.

<u>/s/ Jennifer Smith</u>
Jennifer Smith (*pro se*)
Law Office of Jennifer Smith
