## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIA
## ORLANDO DIVISION

**JENNIFER SMITH,**

        **Plaintiff,**

**v.**                       **CASE NO: 6:24-cv-00457-PGB-RMN**

**THE FLORIDA AGRICULTURAL &**
**MECHANICAL UNIVERSITY**
**BOARD OF TRUSTEES,**

        **Defendant.**

_____/

## DEFENDANT'S MOTION FOR PROTECTIVE ORDER

Defendant, The Florida Agricultural & Mechanical University Board of Trustees ("University"), by and through its undersigned counsel, pursuant to Rules 26(c) and 36 of the Federal Rules of Civil Procedure, requests this Court protect Defendant's rights, quash discovery requests and grant Defendant's objections to Plaintiff's discovery as set forth hereafter.

### I.    Relief Requested

The University seeks protection from being compelled to respond to certain discovery propounded by the plaintiff.

### II.    Basis for the Request

The plaintiff seeks certain discovery which is vague, unduly burdensome, irrelevant to the issues in this matter, overbroad in scope, and disproportionate to the needs of the case.

### III.    Facts

The University files herewith Affidavits of Saundre Wilson and Duan Yongheng ("Affidavits") in support of this Motion for Protective Order to support its objections to the discovery, to demonstrate the excessive costs and time which compelling it to research certain items would require, and how compliance will unduly burden its resources should the Court compel responses to overbroad, burdensome, vague, and irrelevant discovery demands as explained herein.

This case was removed from the Ninth Judicial Circuit in and for Orange County, Florida on March 4, 2024. [Doc. 1-1]. The plaintiff had filed a First Amended Complaint on January 29, 2024, prior to removal. [Doc. 1-1]. No Answer has been required or filed to date.  The plaintiff propounded discovery in the form of eighteen (18) interrogatories, ninety-six (96) requests for admission and seventy-eight (78) expansive requests for production of documents on April 23, 2024. [Doc. 56-1].  The University filed a Motion to Stay Discovery [Doc. 56] and responded timely to the plaintiff's discovery on May 23, 2024.  On May 31, 2024, the parties conferred about a number of topics including the responses to the discovery, including the plaintiff entering a Motion to Compel. On June 3, 2024, the plaintiff sent the University counsel a detailed list of objections to the University's responses.  The Court granted the University until July 1, 2024, to respond to the discovery. [Doc. 67].

The University has filed a Motion to Dismiss the First Amended Complaint with Prejudice, showing it to be a shotgun pleading that also fails to state a cause of action in each Count. [Doc. 64].  The plaintiff has moved to amend the First Amended

Complaint. [Doc. 72].  The University responded to that motion, asserting that the proposed Second Amended Complaint is a futile attempt to correct the errors of the First Amended Complaint, showing it to be another shotgun pleading, which again fails to state any claim for which relief may be granted. [Doc. 73].

The defense motions are pending and dispositive.  The relevant complaint remains the First Amended Complaint [Doc. 1-1].

This is the plaintiff's third lawsuit against the University alleging violation of the Equal Pay Act.  [Doc. 17].  Previous cases established certain facts, including, that as of 2019, Plaintiff suffered no pay disparity based on discrimination.  *Smith v. Florida Agricultural & Mechanical University, Board of Trustees*, 2019 WL 12317725 (N.D. Fla. June 2, 2019); *Smith v. Fla. A & M University Board of Trustees*, 831 Fed. Appx. 434 (11th Cir. 2020); [Doc. 17-6, p. 1; Doc. 17-7, p. 1].

Plaintiff's First Request for Production of Documents states that the "time period covered by this request is January 1, 2017, to date unless otherwise stated in any individual request below."  [Doc. 56-1, p. 19].  Plaintiff's First Set of Interrogatories to Defendant states that the relevant time period is "January 1, 2017, to the present." [Doc. 56-1, p. 14]. Thus, the plaintiff's 'relevant time periods' claimed in discovery are overbroad.

The First Amended Complaint alleges the following causes of action:

Count I: Discrimination in Compensation, Equal Pay Act of 1963

Count II:  Retaliation, Equal Pay Act of 1963

Count III:   Breach of Contract

Count IV:  First Amendment Retaliation

Count V:  Violation of Procedural Due Process

Count VI:  Request for Injunctive Relief

## IV.   Memorandum and Argument

"Upon motion by a party, and for good cause shown, a district court can limit discovery and 'make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense....' Fed.R.Civ.P. 26(c)." *Moore v. Potter*, 141 Fed.Appx. 803, 807, 2005 WL 1600194, at *3 (11th Cir. 2005).

The University's pending Motions are dispositive, rendering this discovery premature.  The plaintiff has asserted claims in both versions of her complaint that completely lack necessary allegations to support them.  Non-meritorious claims should be eliminated prior to discovery.  *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1371 (11th Cir. 1997).

> *Chudasama* and its progeny 'stand for the . . . proposition that courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount.' *Id.* (citing *In re Winn Dixie Stores, Inc.*, 2007 WL 1877887, at *1 (M.D. Fla. June 28, 2007))."

*Inglis v. Wells Fargo Bank N.A.*, 2015 WL 13734079, at *1 (M.D. Fla. May 18, 2015).

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed

discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26 (b)(1).

### 1. Plaintiff's Requests for Admission

Plaintiff propounded 96 Requests for Admission "[p]ursuant to Rule 36 of the Federal Rules of Civil Procedure." [Doc. 56-1, p. 2].

Count I of the First Amended Complaint alleges violation of 29 U.S.C. §206, et seq., ("Equal Pay Act," or "EPA"). The EPA states in part:

(d) Prohibition of sex discrimination

(1) No employer having employees subject to any provisions of this section shall discriminate, within any establishment in which such employees are employed, between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which **he pays wages** to employees of the opposite sex in such establishment for **equal work** on jobs the performance of which requires **equal skill, effort, and responsibility**, and which are **performed under similar working conditions**. [Emphasis added]

29 USCA § 206

The central facts that the plaintiff must prove, then, are that she and her comparator performed equal work on jobs requiring equal skill, effort and responsibility under similar working conditions.

In Request 1, Plaintiff, whose filed Exhibits show that she is no longer employed with the University [Doc. 1-3, p. 18], asks that the University admit she and her comparator **hold** the same title. This is use of a present tense verb. In Request 2, the plaintiff again uses the present tense to state that both she and her comparator **are** employed. The University should not be compelled to accept the faulty premise of the

Requests, nor should it need to respond to these vague and undefined contradictory requests.

In Requests 3, 4, 5, and 6, 11, 40, and 43, Plaintiff seeks the admission of central facts in dispute, quoting the precise terms in the statute under which Plaintiff brings this lawsuit. [Doc. 56-1].

> Rule 36 is not a discovery device, and its proper use is as a means of avoiding the necessity of proving issues which the requesting party will doubtless be able to prove. [citations omitted]. Accordingly, requests for admissions as to central facts in dispute are beyond the proper scope of the rule. Such requests have consistently been held improper.

*Pickens v. Equitable Life Assur. Soc. of U. S.*, 413 F.2d 1390, 1393 (11th Cir. 1969).

Requests 12, 13, and 14 ask if University leaders, "have had to address" complaints. This is vague and could mean anything. The University is unable to answer without the possibility of being accused of falsehood when the meaning of "address" is eventually defined by the plaintiff in some fashion. Has the University received any formal complaint against Professor Imoukhuede? No, it has not, but the phrase "has had to address" is amorphous. The University should not be compelled to speculate as to the plaintiff's meaning. "[A] party is not required to respond to a request that contains vague or ambiguous statements." *Cutino v. Untch*, 303 F.R.D. 413, 415 (S.D. Fla. 2014). Where the "requests for admissions are vague in that Defendant would be required to guess as to the meaning of certain words," the requests are improper. *Bingham v. Baycare Health System*, 2016 WL 3595772, at *2 (M.D. Fla. Jul. 5, 2016).

In Requests 15, 16, 17, 18, 19, 20, 21, 23, 24, and 25, Plaintiff seeks admissions about other professors' jobs and salaries that have no bearing whatsoever on any issue in this case. Moreover, the research and production of these records is unduly burdensome considering their miniscule value to the case. [See, Affidavits]. "[T]he probative value of such evidence is substantially outweighed by the burden its retrieval would impose on Defendant." *Smith v. Integrated Community Oncology Network, LLC*, 2009 WL 10670606, at *3 (M.D. Fla. Nov. 19, 2009). Plaintiff's burden is to show that she and her comparator were paid differently for the same jobs and that the difference was due to discrimination. Other people's employment is completely irrelevant to the elements that the plaintiff must prove. The jobs of other people are even more irrelevant to the other Counts in the First Amended Complaint, which relate only to the plaintiff's job. "The party requesting discovery has the burden of demonstrating the relevance of the discovery requests. *See Stern v. O'Quinn*, 253 F.R.D. 663, 670 (S.D. Fla. 2008)." *Jones v. Government Employees Insurance Company*, 2019 WL 2613284, at *3 (M.D. Fla. Apr. 22, 2019).

> To sustain its discovery objections in response to the pending motions to compel, Defendant must, therefore, show that the requested discovery has no possible bearing on the claims and defenses in this case. See *Flora v. Hamilton*, 81 F.R.D. 576, 578 (M.D.N.C.1978); *Graham*, 206 F.R.D. at 254 ("The party opposing discovery has the burden of showing the discovery is overly broad, unduly burdensome, or not relevant.").

> This means that Defendant must show either that the requested discovery (1) does not come within the broad scope of relevance as defined under Rule 26 or (2) is of such marginal relevance that the potential harm occasioned by discovery would far outweigh the ordinary presumption in favor of broad disclosure. E.g., *Giardina v. Lockheed Martin Corp.*, 2003 WL 21276348 (E.D.La. May 30, 2003).

*Milinazzo v. State Farm Ins. Co.*, 247 F.R.D. 691, 695 (S.D. Fla. 2007).

The University has met this burden.  Requests 15, 16, 17, 18, 19, 20, 21, 23, 24, and 25 have absolutely no bearing on the claims asserted in this matter and are unlikely to lead to anything admissible or relevant to the First Amended Complaint.

Request 27 seeks a legal conclusion, which is improper under Rule 36.  "A request for admission of a conclusion of law is improper."  *U.S. v. Block 44, Lots 3, 6, Plus West 80 Feet of Lots 2 and 5*, 177 F.R.D. 695, 695 (M.D. Fla. 1997).  "A party may not . . . request an admission of a legal conclusion." *Bingham* at *1.

Request 29 rehashing the "COL pay equity study from 2015" is completely irrelevant to the issues in this case since it predates 2019 and does nothing to support an EPA or EPA retaliation claim.

> Smith contends that the district court erred by granting summary judgment to FAMU on her Equal Pay Act claim because the pay disparity in Smith I was not carried forward, but rather, FAMU "reset" its salary formula through the 2016 one-time salary adjustment. And under FAMU's "new" salary formula, she avers, she should be but is not being paid the same as Professor Brown. We disagree. Even though FAMU's 2016 one-time adjustment "reset" some of its faculty member's salaries, the current pay disparity between Smith and Brown is clearly attributable to the preexisting and benign disparity between them from *Smith I*.

*Smith v. Fla. A & M University Board of Trustees*, 831 Fed.Appx. 434, 439 (11th Cir.  2020).

Requests 34, 37, and 71 again address the salaries of *other* professors which are not at issue in any Count of the First Amended Complaint.  Request 35 is irrelevant since it asks for admission of a 2016 salary structure, a matter which is res judicata.

*Smith*, supra.  Request 73 asks the University to admit that Professor "Imoukhuede asked Professor Broussard to teach him First Amendment. . . ."  Not only would a response require omniscience but Request 73 asks for inadmissible hearsay and is completely irrelevant to any issue in this case.  "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim . . ."  Fed. R. Civ. P. 26. "The party requesting discovery has the burden of demonstrating the relevance of the discovery requests."  *Jones at *3.*  "The purpose of discovery is to require disclosure of relevant information so that the resolution of the civil action is based upon a full and accurate understanding of the facts."  *Lesti v. Wells Fargo Bank NA*, 297 F.R.D. 665, 666–67 (M.D. Fla. 2014).

An EPA retaliation claim requires that the plaintiff "engaged in statutorily protected conduct . . . (2) she suffered an adverse action; and (3) 'there is some causal relationship between the two events.'" [citation omitted].  *Calicchio v. Oasis Outsourcing Group Holdings, L.P.*, 584 F.Supp.3d 1215, 1242 (S.D. Fla. 2021).  Requests 74, 75, and 76 about whether any male has been terminated at the College of Law might be relevant in a Title VII claim but bear absolutely no relationship to any claim now pending here.  *See, eg., Stephen v. H. Lee Moffitt Cancer Center and Research Institute Lifetime Cancer Screening Center, Inc.*, 259 F. Supp. 3d 1323, 1335 (M.D. Fla. 2017).

Request 78 is moot and therefore irrelevant since this Court quashed service of process.  [Docs. 22, 60]. The University should not have to answer it. *Jones, Lesti.*  Even if it were not moot, it goes to the heart of a formerly contested fact and is improper under Rule 36.  *Pickens.*  Likewise, Request 93 regarding Plaintiff's employment status

in 2004 is moot and res judicata.  *Smith, supra*.  Requests 94, and 95 likewise are irrelevant to any matter at issue since Plaintiff is not a visiting professor nor does she compare herself to one.

The University, therefore, requests this Court render an Order protecting it from the need to respond to Plaintiff's Requests for Admission numbers 1-6, 11-25, 27, 29, 34, 35, 37, 40, 43, 71, 73-76, 78, 93, 94, and 95 on the grounds explained above.

### 2. Plaintiff's First Set of Interrogatories

Plaintiff's interrogatories instruct that the relevant time period is "January 1, 2017 to the present."  In question 4, Plaintiff asks for "all the reasons that Plaintiff is paid a lesser salary than Professor Ewanrinareto "Areto" Imoukhede (comparator)." Plaintiff is no longer employed by the University.  The University should not be compelled to reinterpret the question, nor accept the premise that the plaintiff remains employed.  Plaintiff supplied the exhibits to show her termination from employment. [Doc. 1-3, p. 18].

Question 5 asks that the defendant "identify the student(s) who the University contends Professor Smith had an inappropriate or unprofessional relationship [sic] and define what the conduct was?"  The question is vague because the University does not contend that the plaintiff had such a relationship with anyone.  The University will object to the fallacious premise.

Interrogatory 6 demanding that the University "list all law professors who have been hired at the COL within the last 10 years, including their starting salary, current salary, tenure status, experience and years of experience prior to hire, and educational

degrees" is completely irrelevant to the issue of whether the plaintiff was paid less than her comparator for discriminatory reasons, and unduly burdensome in light of its irrelevance. Again, this is not a Title VII case. This is an EPA case. Plaintiff has chosen her comparator. Other professors and their salaries are not at issue, and the cost of finding and preparing the material is far outweighed by the relevance to this case. [See, Affidavits].

Interrogatory Number 8 likewise asks for "any disciplinary actions, complaints, or performance issue related to or involving law faculty within the last 10 years, including the outcomes and any related documentation." The effort and time to respond is unduly burdensome and not at all related to any issue in the First Amended Complaint. [See, Affidavits]. There is no Title VII Count in the First Amended Complaint. This request is irrelevant to any issue raised. Question 9 is also irrelevant, as are 10, and 14 on the same grounds. These questions do not address any issue or seek any evidence to support a claim in the First Amended Complaint.

The University should not be compelled to answer Interrogatories 6, 8, 9, 10, and 14 which will either require extensive research and staff hours to find and prepare and are therefore unduly burdensome or are irrelevant to the issues in the First Amended Complaint.

### 3. Plaintiff's First Requests [sic] for Production of Documents

Plaintiff's First "Requests" for Production of Documents also asks for irrelevant material disproportionate to the needs of the case and makes unduly burdensome requests. "Parties may obtain discovery regarding any nonprivileged matter that is

relevant to any party's claim or defense and proportional to the needs of the case."
*Brotz v. Simm Associates, Inc.*, 2018 WL 7269700, at *1 (M.D. Fla. May 8, 2018), citing
Fed. R. Civ. P. 26(b)(1).  These requests are not proportional.

Request 3 asks for "all contracts between founding law faculty and Defendant
for the entire course of their employment with Defendant."  "Founding law faculty"
is undefined.  The request is overbroad.  The plaintiff has not a single allegation in the
First Amended Complaint that addresses the salaries of anyone except for herself and
the comparator.  Request 3 is irrelevant.  Moreover, the College of Law opened in
2000, making the University responsible to produce, review, and redact personal
identifying information from over twenty years of personnel files which remain
irrelevant to the case at hand.  This is unduly burdensome in light of the irrelevance of
the request. [See, Affidavits].

> The overall purpose of discovery under the Federal Rules is to require the
> disclosure of all relevant information so that the ultimate resolution
> of disputed issues in any civil action may be based on a full and accurate
> understanding of the true facts, and therefore embody a fair and just
> result.

*Oliver v. City of Orlando*, 2007 WL 3232227, at *1 (M.D. Fla. Oct. 31, 2007).

Likewise, Request 4 seeks "all contracts executed between law faculty hired in
2003-2007 and Defendant for the entire course of their employment with defendant."
This Request is completely irrelevant to the causes at hand.  Plaintiff has chosen a
comparator, stated that he was hired in 2021, and everyone else at the College of Law
is extraneous to that claim.  In addition, the Request is unduly burdensome.  [See,
Affidavits].

Request 15 is vague, seeking "all investigations of Plaintiff before and during her employment with Defendant," and then Request 16 seeks "each and every investigation of any and/or all faculty members" of the College of Law since 2017. There is nothing in the First Amended Complaint that makes these Requests relevant, and the research to provide this material is unduly burdensome. [See, Affidavits]. Likewise, Request 17 asks for "disciplinary records for law faculty from 2007 to present." Again, this is irrelevant to both an EPA claim and a retaliation claim and would provide absolutely nothing to support the other four Counts which relate only to the plaintiff's employment.

Request 19 is unduly burdensome for the sheer volume of material requested. Plaintiff seeks all emails and documents that were written to or about her since 2017. [See, Affidavits].

Requests 28 asks for "all documents authored by and/or at the direction of any and/or all employees of Defendant about Professor Smith. There are over 5,000 employees at the University. Likewise, Requests 30 and 35 are overbroad, cost prohibitive, and unduly burdensome to research and produce. [See, Affidavits].

Again, keeping in mind the elements of the causes of action alleged, Requests 67 ("Any and all pay studies completed by the University") and 72 ("Any annual statements/documents/records required to be submitted by the University to any government agency") are completely irrelevant and the University should not be compelled to produce them. Request 72 is particularly overbroad and burdensome since the University processes payroll for over 5,000 employees and contractors and

submits annual tax information for each one, the Internal Revenue Service being just one government agency to which it reports.

Request 68 seeking "[a]ny and all statistics concerning the types of issues reported to the law school's counselor from 2022-December 5, 2023" is vague, inscrutable, undefined, and requires both interpretation and speculation to respond. "Counselor" is undefined.

Request 74 asks for "[t]he years in which law faculty each received a summer grant, the amount of each grant for each year, and the scholarship produced related to that grant for past [sic] 7 years." This really has nothing to do with whether the plaintiff was discriminated against in terms of salary, or retaliated against, let alone the other Counts in the First Amended Complaint. The University should not have to research and find this information as it is irrelevant and disproportionate to the needs of the case and unduly burdensome to find, review, and redact. [See, Affidavits].

Request 75 requires a search of emails from James Vaughn "referencing or related to Professor Smith or her complaint." James Vaughn was the person allegedly handed the First Amended Complaint in the attempted service of process which the University contested, so this request is rendered moot by the Order of this Court quashing service of process. [Docs. 22, 60]. The University should not be compelled to search for and produce this material. It is moot and therefore, irrelevant.

Wherefore, the University requests that it be protected from being compelled to respond to Requests 3, 4, 16, 17, 19, 28, 30, 35, 67, 68, 72, 74, and 75 on the grounds above stated, and that the discovery be quashed.

WHEREFORE, Defendant, Florida Agricultural & Mechanical University Board of Trustees prays this Court will protect it from producing or responding to the discovery to which it objects, and quashing same on the grounds explained herein, which is unduly burdensome to produce as set forth above and grant such other relief as it shall deem proper.

## **LOCAL RULE 3.01(g) CERTIFICATION**

In accordance with Middle District Local Rule 3.01(g), the parties conferred on May 31, 2024 with respect to the plaintiff's objections to the discovery produced on May 23, 2024.  Plaintiff gave notice by phone on May 31, 2024, that it is her intent to file a motion to compel better answers.  Plaintiff provided a detailed list of the objections to the University's previous discovery responses on June 3, 2024. The undersigned contacted the Plaintiff on July 1, 2024 regarding the filing of this Motion, and the parties are set to confer July 2, 2024.  Due to the Court's Order [Doc. 67] and the need to preserve objections, the undersigned counsel for Defendant files this Motion and has made arrangements to confer with Plaintiff.  If the matter can be resolved by conference then the Motion will be withdrawn.

/s/ *Maria A. Santoro*
**MARIA A. SANTORO**
Florida Bar Number: 0654809
msantoro@sniffenlaw.com
jlunt@sniffenlaw.com
tward@sniffenlaw.com
**SNIFFEN & SPELLMAN, P.A.**
123 North Monroe Street
Tallahassee, Florida 32301
Telephone: (850) 205-1996
Facsimile: (850) 205-3004

-and-

Richard E. Mitchell, Esq.
Florida Bar No: 0168092
rick.mitchell@gray-robinson.com
maryann.hamby@gray-robinson.com

Julie M. Zolty, Esq.
Florida Bar No: 1036454
chantal.mccoy@gray-robinson.com
GRAYROBINSON, P.A.
301 East Pine Street, Suite 1400
Post Office Box 3068 (3208-3068)
Orlando, Florida 32801
(407) 843-8880 Telephone
(407) 244-5690 Facsimile
Co-Counsel for Defendant FAMU

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 1st day of July, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all registered users and counsel in this case.

*/s/ Maria A. Santoro*
**MARIA A. SANTORO**
Florida Bar Number: 0654809
**SNIFFEN & SPELLMAN, P.A**.
123 North Monroe Street
Tallahassee, Florida 32301
Telephone: (850) 205-1996
Facsimile: (850) 205-3004
*Lead Counsel for Defendant Florida A&M University Board of Trustees*