**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JENNIFER SMITH,**

        **Plaintiff,**

**v.**                              **Case No: 6:24-cv-457-PGB-RMN**

**FLORIDA AGRICULTURAL &**
**MECHANICAL UNIVERSITY**
**BOARD OF TRUSTEES,**

        **Defendant.**

_____/

## ORDER

This cause comes before the Court on Plaintiff Jennifer Smith's ("**Plaintiff**") Amended Motion for an Extension of Time, and for Leave to File an Amended Complaint and Add Parties (Doc. 72 (the "**Amended Motion to Amend**")). Defendant Florida Agricultural & Mechanical University ("**FAMU**") Board of Trustees ("**Defendant**") has responded in opposition (Doc. 74 (the "**Response**")). Upon consideration, the Motion is due to be granted in part and denied in part.

**I.  BACKGROUND**

Plaintiff, then a tenured full professor at FAMU's law school, filed this action in state court on October 17, 2023. (*See* Doc. 1-1, ¶¶ 7–10; Doc. 1, pp. 1–2). On January 29, 2024, prior to service of the first Complaint on Defendant, Plaintiff filed an Amended Complaint (Doc. 1-1 (the "**FAC**")) in the state court. Defendant subsequently removed the action to the instant court. (Doc. 1).

In the FAC, which remains operative at this time, Plaintiff alleges that she initially sued Defendant after learning she was being paid less than a male professor who performed substantially equal work to Plaintiff but had less experience than her. (*See* Doc. 1-1, ¶¶ 22–32). Plaintiff further contends that when Defendant learned of her unserved Complaint, it revived a stale investigation involving an encounter Plaintiff had with a disruptive student and used it as a pretext to terminate her. (*Id.* ¶¶ 75–78). Accordingly, in the FAC, Plaintiff brings six (6) counts against Defendant, asserting claims for: (1) discrimination in compensation under the Equal Pay Act ("**EPA**"); (2) retaliation under the EPA; (3) breach of contract; (4) First Amendment retaliation under the United States and Florida Constitutions; (5) violations of procedural due process under 42 U.S.C. § 1983; and (6) preliminary and permanent injunctive relief. (*See generally* Doc. 1-1).

On May 20, 2024, Plaintiff moved for leave to file a second amended complaint ("**SAC**") to assert additional claims against Defendant and add new parties to the suit (Doc. 54 (the "**First Motion to Amend**")). Therein, Plaintiff explained that the newly added claims "will significantly alter the pleadings to reflect information learned since amending her original complaint." (*Id.* at p. 4). The First Motion to Amend was filed prior to the deadline for amending the pleadings set forth in the Case Management and Scheduling Order (Doc. 45 (the "**CMSO**")), which has since expired on May 31, 2024. (*See* Doc. 45, p. 1; Doc. 54). However, in the First Motion to Amend, Plaintiff also requested an open-ended

extension of time for filing the SAC until this Court rules on her pending motion for preliminary injunction, which Plaintiff "does not want to moot by amending the complaint." (Doc. 54, p. 1). The First Motion to Amend included a Local Rule 3.01(g) Certificate indicating that the requested relief was opposed. (*Id.* at pp. 6–7).

Defendant filed a response in opposition to the First Motion to Amend, arguing, *inter alia*, that the First Motion to Amend should be denied because it "fail[ed] to attach a proposed amended pleading, and fail[ed] to identify the proposed additional defendants and the substance of the claims against them." (Doc. 59, p. 2). Subsequently, Plaintiff filed a Notice of Filing Amended Local Rule 3.01(g) Certificate for the First Request to Amend (Doc. 65 (the "**Notice**")). Plaintiff attached to the Notice a copy of the proposed SAC and indicated that, despite providing the proposed pleading to Defendant, the First Motion to Amend remained opposed. (Docs. 65, 65-1).

Upon Defendant's request, the Court struck the Notice as an improper filing, but provided Plaintiff the opportunity to re-file an amended version of her First Motion to Amend which would be changed solely to add a copy of the proposed SAC as an exhibit. (Docs. 69, 71). Pursuant to the Court's directive, Plaintiff filed the Amended Motion to Amend, attaching the SAC as an exhibit. (Docs. 72, 72-1).

The proposed SAC adds a new count against Defendant under Title VII. (Doc. 72-1, pp. 42–43). It also adds eight (8) new defendants to the suit, including five (5) faculty members of FAMU (the "**FAMU faculty defendants**"), as well as

one (1) law firm and two (2) of its attorneys[1] (the "**law firm defendants**"). (*See* Doc. 72-1). The SAC alleges that each of the new defendants played a role in Plaintiff's retaliatory termination and brings counts against them for: (1) conspiracy to interfere with civil rights (law firm defendants); (2) failure to prevent conspiracy (law firm defendants), and (3) civil conspiracy (FAMU faculty defendants). (Doc. 72-1, pp. 43–48). The SAC also amends the facts Plaintiff has pled against the instant Defendant, both adding new allegations and omitting others. (*Compare* Doc. 1-1, ¶¶ 8–97 *with* Doc. 72-1, ¶¶ 16–148).

In its Response, Defendant primarily argues that Plaintiff's request to amend the FAC should be denied on grounds of futility. (*See* Doc. 74). To this end, Defendant applies the motion to dismiss standard to each count of the FAC, including the counts that predate the requested amendment. (*Id.* at pp. 6–18).

## II. LEGAL STANDARD

"The decision whether to grant leave to amend a complaint is within the sole discretion of the district court." *Laurie v. Ala. Ct. of Crim. Appeals*, 256 F.3d 1266, 1274 (11th Cir. 2001). However, pursuant to Federal Rule of Civil Procedure 15, courts should "freely" grant parties leave to amend pleadings "when justice so requires." FED. R. CIV. P. 15(a)(2). "This standard of liberality is mandated absent any apparent reason to the contrary." *Gropp v. United Airlines, Inc.*, 847 F. Supp.

---

[1] In the SAC, Plaintiff alleges that the law firm and attorneys had been notified by a different FAMU professor that Plaintiff had filed, but had not yet served, a lawsuit against Defendant. (*See* Doc. 72-1, ¶ 90). Plaintiff further avers that the law firm and attorneys informed FAMU's general counsel—whom Plaintiff also seeks to add as a defendant in this matter—of the unserved lawsuit and that they entered a "formal or informal agreement" with general counsel to carry out Plaintiff's alleged unlawful termination. (*Id.* ¶¶ 92–95).

4

941, 945 (M.D. Fla. 1994); *see Laurie*, 256 F.3d at 1274. In fact, to deny a motion to amend the complaint, there must be a substantial reason "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *E.g.*, *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Laurie*, 256 F.3d at 1274.

Accordingly, the Eleventh Circuit has instructed that "district courts should generally exercise their discretion in favor of allowing amendments to reach the merits of the dispute." *Pinnacle Advert. & Mktg. Grp., Inc. v. Pinnacle Advert. & Mktg. Grp., LLC*, 7 F.4th 989, 1000 (11th Cir. 2021); *see also In re Engle Cases*, 767 F.3d 1082, 1108 (11th Cir. 2014) ("The thrust of Rule 15(a) is to allow parties to have their claims heard on the merits, and accordingly, district courts should liberally grant leave to amend when 'the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief.'" (quoting *Foman*, 371 U.S. at 182)).

## III.   DISCUSSION

The Court finds that denial of Plaintiff's request for leave to file the SAC is not warranted. Plaintiff has not acted with undue delay in seeking to amend the FAC. Plaintiff filed her initial request to do so prior to the CMSO's deadline for amending the pleadings. (*See* Doc. 45, p. 1; Doc. 54). Indeed, Plaintiff's Notice containing the proposed SAC as an exhibit was also filed before this deadline expired. (*See* Doc. 65). Although the Court ultimately directed Plaintiff to re-file

5

the same materials in a different form, Plaintiff did not act with undue delay in initially seeking to amend the FAC. (*See* Doc. 71).

Additionally, the Court finds no evidence that Plaintiff has acted in bad faith in seeking to amend the FAC. Moreover, this is only Plaintiff's second amendment to the pleadings. (*See* Doc. 1-1). Accordingly, Plaintiff has not failed to cure deficiencies in the allegations through amendments previously allowed. There is no apparent prejudice to Defendant in allowing the amendment. Further, the Court does not find that the claims Plaintiff seeks to add are futile. Instead, Defendant's arguments regarding the claims' lack of merit would be better addressed at the motion to dismiss stage, where the Court will have the benefit of briefing from both sides.

Consequently, Plaintiff's request to amend the pleadings is granted. However, Plaintiff's request for an indefinite extension of time for filing the SAC is denied. The Court will not delay the case for an indeterminate period of time so that it may rule on a request for preliminary injunction brought under a complaint that is now obsolete.

### IV. CONCLUSION

Accordingly, it is **ORDERED** as follows:

1. Plaintiff's Amended Motion for an Extension of Time, and for Leave to File an Amended Complaint and Add Parties (Doc. 72) is **GRANTED IN PART** and **DENIED IN PART**.

2. Plaintiff's request to amend the First Amended Complaint is **GRANTED**.

3. Plaintiff's Amended Motion for an Extension of Time, and for Leave to File an Amended Complaint and Add Parties (Doc. 72) is **DENIED** in all other respects.

4. Plaintiff shall file Plaintiff's second amended complaint on or before July 8, 2024.

**DONE AND ORDERED** in Orlando, Florida on July 3, 2024.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties