UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIA
ORLANDO DIVISION

**JENNIFER SMITH,**

    **Plaintiff,**

v.                        **CASE NO: 6:24-cv-00457-PGB-RMN**

**FLORIDA AGRICULTURAL &**
**MECHANICAL UNIVERSITY**
**BOARD OF TRUSTEES,**

    **Defendant.**
_____/

## MOTION TO STRIKE SECOND AMENDED COMPLAINTS

Defendant Florida Agricultural and Mechanical University Board of Trustees ("University") by and through its undersigned counsel hereby moves to strike Plaintiff's Second Amended Complaint and Corrected Second Amended Complaint and states:

**I.    Relief Sought**

The University asks that this Court render an Order striking Plaintiff's Second Amended Complaint and Corrected Second Amended Complaint. [Docs. 81, 84]. They are impermissible amended pleadings filed without leave of court or consent.

**II.    Basis for Relief**

The Second Amended Complaint [Doc. 81] and Corrected Second Amended Complaint [Doc. 84] vary significantly from Plaintiff's proposed Second Amended Complaint. [Doc. 72-1]. They are amended complaints or replies filed without leave

in violation of Fed. R. Civ. P. 15(a)(2) and Fla. M.D. Loc. R. 3.01(g).

Plaintiff has filed four versions of a Second Amended Complaint. The versions of the Second Amended Complaints are summarized below:

| Document | Pleading | Word Count | Date filed |
| --- | --- | --- | --- |
| Document 65-1 | Proposed Second Amended Complaint | 8,755 | May 31, 2024 |
| Document 72-1 | Second Proposed Second Amended Complaint | 11,227 | June 18, 2024 |
| Document 81 | Third Second Amended Complaint | 14,341 | July 8, 2024 |
| Document 84 | Fourth Second Amended Complaint | 14,342 | July 9, 2024 |

Plaintiff filed neither of her proposed Second Amended Complaints as directed by the Court. [Docs. 65-1, 71, 72-1, 80, 81]. The Second Amended Complaint and Corrected Second Amended Complaint [Docs. 81, 84] are amended pleadings filed without leave of court in disregard of the Court's Orders and the rules, causing prejudice to the University in its attempt to present a defense.

### III. Background

A visual chronology of filings is provided below as a framework for this motion.

| Doc. | Pleading | Date filed |
| --- | --- | --- |
| 65-1 | Proposed Second Amended Complaint | May 31, 2024 |
| 71 | Order (granting "Plaintiff leave to file an amended motion to amend the Complaint solely to attach a copy of the proposed amendment as an exhibit.") | June 13, 2024 |
| 72 | Plaintiff's Amended Motion . . . for Leave to File an Amended Complaint and Add Parties | June 18, 2024 |
| 72-1 | *Second* Proposed Second Amended Complaint | June 18, 2024 |
| 74 | Defendant's Response to Plaintiff's Amended Motion . . . for Leave to File an Amended Complaint and Add Parties | June 21, 2024 |
| 80 | Order (granting "Plaintiff's request to amend the First Amended Complaint" on or before July 8, 2024) | July 3, 2024 |
| 81 | *Third* Second Amended Complaint | July 8, 2024 |
| 84 | *Fourth* Corrected Second Amended Complaint | July 9, 2024 |

Plaintiff filed an Amended Complaint prior to removal of this action. [Doc. 1-1]. On May 20, 2024, Plaintiff moved for leave to file a Second Amended Complaint to add new claims and defendants. [Doc. 54]. The University countered that leave to amend should be denied in the absence of a proposed Second Amended Complaint. [Doc. 59]. On May 31, 2024, Plaintiff filed an "Amended 3.01G Certificate" attaching a proposed Second Amended Complaint. [Docs. 65, 65-1].

On June 10, 2024, the University moved to strike the "Amended 3.01G Certificate," as a reply filed without leave of court. [Doc. 69]. On June 13, 2024, the Court granted leave to Plaintiff to move to amend again. [Doc. 71]. "The Court grants Plaintiff leave to file an amended motion to amend the Complaint **solely to attach a copy of the proposed amendment as an exhibit**," and "Plaintiff may file an amended motion to amend the Complaint **consistent with the directives of this Order**, on or before June 18, 2024. . ." [Emphasis added][Doc. 71, pp. 3 – 4].

In disregard of the Order, on June 18, 2024, Plaintiff filed not the proposed Second Amended Complaint she had been granted leave to file, but a new one, adding nine (9) pages and 2,000 more words. [Docs. 72, 72-1]. Plaintiff attached the revised proposed Second Amended Complaint and represented that as her final draft. [Doc. 72, p. 5, ¶2].

On June 21, 2024, the University filed a timely Response to the Amended Motion to Amend, outlining defects of this proposed Second Amended Complaint. [Doc. 74].

On July 3, 2024, the Court granted Plaintiff leave to file the proposed Second

Amended Complaint, noting that the arguments raised by the University could be raised in a motion to dismiss. [Doc. 80].

On July 8, 2024, Plaintiff filed yet *another* heavily revised Second Amended Complaint, adding another 2,000 words and fifteen (15) pages, this time attempting to correct defects raised by the University in its Response. [Docs. 74, 81]. This was version three of the Second Amended Complaint and two versions beyond what Plaintiff had originally been authorized to propose. [Docs. 65-1, 71].

On July 9, 2024, Plaintiff filed still *another* version entitled, "Corrected" Second Amended Complaint, representing that the only changes were paragraph numbers. [Docs. 83, 84]. Plaintiff did not file the proposed Second Amended Complaint she originally proposed [Doc. 65-1], nor the one she represented she would file. [Doc. 72-1]. Plaintiff filed two successive amended Second Amended Complaints without leave of court instead. [Docs. 81, 84].

### III.  Argument and Memorandum of Law

Plaintiff has disregarded two Orders of this Court and circumvented the rules. She was directed to file Doc. 65-1 as her proposed Second Amended Complaint. [Doc. 71]. Instead, she used the opportunity to redraft and propose another document, adding nine pages and over 2,000 words. She was granted leave to file another proposed document. [Doc. 80]. After learning of the defects in this version from the defense, Plaintiff seized yet a third opportunity and unfairly corrected her pleading.

This has become a pattern. When the University objected to Plaintiff's first motion to amend, providing authority that the proposed amended pleading must be

included, Plaintiff contrived an "Amended Certificate" with a proposed Second Amended Complaint in reply. [Doc. 65-1]. When Plaintiff was given leave to propose a second amendment, she created a *second* Second Amended Complaint, knowing that the Court had only granted three days to the University to respond. [Docs. 71, 72-1]. When Plaintiff was given leave to file the Second Amended Complaint itself, she filed yet a third version which corrected substantive defects as outlined in the University's Response. [Docs. 74, 81]. The fourth version, the "Corrected Second Amended Complaint," made further changes. [Doc. 84].

The changes are material in each successive iteration of the Second Amended Complaint, and the University has been compelled to respond to each one. The University was prepared to respond to Document 65-1 as directed on June 13, 2024. [Doc. 66]. On that date, however, the Court granted its Motion to Strike, directed Plaintiff to file the proposed Second Amended Complaint [Doc. 65-1], and gave the University three days thereafter to respond. [Doc. 71]. The University understood the Court's short response time and was prepared to address the proposed Second Amended Complaint entered as Document 65-1 but instead was obliged to respond to a different pleading.

The *second* Second Amended Complaint proposed by Plaintiff as Doc. 72-1 was significantly different. Comparing Document 65-1 (the *first* Second Amended Complaint appended to the "Amended Certificate") to the *second* Second Amended Complaint (Document 72-1) in Adobe Acrobat showed 691 changes from the *first* Second Amended Complaint to the *second* Second Amended Complaint, including 409

replacements, 191 insertions, 91 deletions, and an additional 9 pages of text. [Docs. 65-1, 72-1].

The University nevertheless timely responded as directed, pointing out defects in the new Second Amended Complaint, filed as Document 72-1. [Doc. 74].

Plaintiff represented in the Amended Motion to Amend that "the proposed Second Amended Complaint is attached." [Doc. 72, p. 5, ¶2]. But Plaintiff did not file that version as leave was given to do. [Doc. 80]. Instead, Plaintiff used the University's Response to create a *third* Second Amended Complaint. [Doc. 81].

The University used Adobe Acrobat to compare the *proposed* Second Amended Complaint to the *filed* Second Amended Complaint. [Docs. 72-1 and 81]. There were 815 changes, including 579 replacements, 179 insertions, and an increase in page count from 51 to 66 pages. [Docs. 72-1, 81]. Reducing that number by the clerk's page headings on 66 pages still yields in excess of 500 changes. [Docs. 72-1, 81]. The changes include adding Sarah Reiner as a defendant in paragraph 14, and additions to, among others, paragraphs 6 – 10, 21, 24, 25, 29, 45, 50, 51, 68, 71 - 74, 77, 80, 83, 86, 87, 93, 100, 102, 103, 113, 121, 122, 128, 148, 149, 154, 158, 159, 160, 163, 166, 168, 181, 190, 193, 194, 195, 197, 201, 203, 206 - 209, 215, 216, 219 - 221, and 224 - 227, along with footnotes added to pages 24, 38, 39, 40, and 44.

The *filed* Second Amended Complaint is an amended pleading filed without leave or consent in violation of Fed. R. Civ. P. 15(a)(2), and another impermissible reply in violation of Fla. M.D. Loc. R. 3.01(g).

Moreover, the changes between the *proposed* Second Amended Complaint and the *filed* Second Amended Complaint reflect that Plaintiff made the changes in reply to the University's Response. [Doc 74]. For example, the University argued that the proposed Second Amended Complaint preserved the immunity of the University employees since it lacked any allegation that they acted outside the role and scope of their employment. [Doc. 74, p. 17]. Plaintiff corrected this error by adding that language. [Docs. 81, 84, ¶¶6, 7, 8, 9, 10, 215, 220]. The University argued that the Equal Pay Act claim was defective. Plaintiff accordingly added to paragraph 29. [Docs. 81, 84]. The University pointed out that an allegation of racial or class animus was required to support the 42 U.S.C. §1985 conspiracy claim. [Doc. 74, p. 15]. Plaintiff amended paragraph 194. Plaintiff also heeded the University's critique that the proposed retaliation claim lacked any allegation of causation. [Docs. 72-1, 74]. She fixed that in paragraph 159. [*See*, Doc. 74, p. 11 compared to Doc. 84, pp. 45-46].

Unfettered by the Orders of this Court, the rules, or notions of fair play, on July 9, 2024, Plaintiff next filed a "Corrected" Second Amended Complaint, another amendment filed without leave or consent. [Doc. 84]. Plaintiff represented to the Court that the only changes were paragraph numbers. [Doc. 83]. However, comparison of the first *filed* Second Amended Complaint to the *Corrected* Second Amended Complaint shows that no actual paragraph numbers were changed. [Docs. 81, 84]. Plaintiff changed the reincorporated allegations in paragraphs 150, 156, 161, 169, 177, 184, 191, 198, 210, and 222. [Docs. 81, 84]. This is not correcting a scrivener's error. These are substantive changes in the allegations of each count, not

typos.  A scrivener's error is "a drafter's or typist's technical error that can be rectified without serious doubt about the correct reading."  *North Brevard Hospital District v. McKesson Technologies, Inc.*, 2017 WL 11667659, at *7 (M.D. Fla. Oct. 10, 2017), quoting Black's Law Dictionary 659 (10th ed. 2014).  Plaintiff changed the substance of the allegations in every Count of the Corrected Second Amended Complaint by incorporating different paragraphs, again, without leave of court.  There was a change in language on the bottom of page two going to page three as well.  The Corrected Second Amended Complaint is a successive amended complaint filed without leave in violation of Fla. M.D. Loc. R. 3.01(d), and Federal Rule 15.  *Hill Dermaceuticals, Inc. v. Anthem, Inc.*, 2016 WL 7157530, at *3 (M.D. Fla. Dec. 8, 2016).

      Plaintiff was directed to file a motion to amend attaching Document 65-1 as her proposed Second Amended Complaint. [Doc. 71].  She disregarded that and then represented to the Court and the University in her Amended Motion to Amend that she would file a certain proposed Second Amended Complaint. [Doc. 72, 72-1]. Leave was granted to file that version. [Doc. 80].  But, with the benefit of the University's instruction, Plaintiff instead filed a completely revised Second Amended Complaint, using the defense's Response as a tutorial. [Docs. 74, 81].  Plaintiff then filed a Corrected Second Amended Complaint under false pretenses. [Docs. 83, 84].

      The Second Amended Complaint and Corrected Second Amended Complaint should be stricken.  "Because Plaintiff's Amended Complaint for Damages (Doc. 12), Plaintiff's Corrected Amended Complaint for Damages (Doc. 15), and Plaintiff's Second Corrected Amended Complaint for Damages (Doc. 19) were filed without

leave of Court or the opposing party's consent, these documents are due to be stricken."

*Kandah v. Dillard's, Inc.*, 2020 WL 13801940, at *1 (M.D. Fla. Jul. 1, 2020).

> Further, the new motion to amend must contain a memorandum of legal authority as required under Local Rule 3.01(a) and must include, as an attachment, the proposed amended pleading. See *Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999) ("A motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment."); see also *McGinley v. Fla. Dep't of Highway Safety & Motor Vehicles*, 438 F. App'x 754, 757 (11th Cir. 2011) (affirming denial of leave to amend where plaintiff did not set forth the substance of the proposed amendment); *United States ex. rel. Atkins v. McInteer*, 470 F.3d 1350, 1361-62 (11th Cir. 2006) (same).

*Kandah*, at *1.

Amendment of pleadings may be made only by motion. The substance of the proposed amendment, or a proposed amended complaint must be included with the motion to amend a pleading. *See, Urquilla–Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1057 n. 14 (11th Cir. 2015); ("[I]f a plaintiff wants to amend his complaint he 'must either attach a copy of the proposed amendment to the motion or set forth the substance thereof.'"). *See, also*, N.D. Fla. Loc. R. 15.1; S.D. Fla. Loc. R. 15.1; and Fla. R. Civ. P. 1.190(a).

> A motion for leave to amend filed pursuant to Rule 15 "should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment." *Rance v. Winn*, 287 F. App'x 840, 841 (11th Cir. 2008) (citing *Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999)). This enables the Court to "assess the viability of the proposed amendment." *Farrell v. G.M.A.C.*, No. 2:07-cv-817-FtM-34DNF, 2008 WL 1766909, at *1 (M.D. Fla. 2008); *See Sure Fill & Seal, Inc. v. GFF, Inc.*, No. 8:08-cv-00882-T-17-TGW, 2009 WL 1751726, at *2 (M.D. Fla. June 17, 2009).

*Williams v. Orlando Family Physicians, LLC*, 2017 WL 11037515, at *1 (M.D. Fla., 2017).

It logically follows that the proposed amended pleading submitted with the motion to amend is therefore the one that must be filed when leave is granted. This Court recognized that fundamental principle when it observed that a motion to dismiss could raise the issues argued by the University in its Response. [Docs. 74, 80]. The Court's comment makes no sense otherwise. Further, the University is now prejudiced in raising its defenses. Plaintiff cannot be allowed to disregard Orders of this Court and the rules of civil procedure.

The Second Amended Complaint that this Court granted leave to request was Document 65-1, and Plaintiff was granted leave to file Document 72-1, which was, in effect, a THIRD amended complaint. [Doc. 71]. The Second Amended Complaints filed as Documents 81 and 84 are without question amended pleadings and/or replies filed without motion or leave in violation of Fed. R. Civ. P 15(a)(2) and Fla. M.D. Loc R. 3.01(g) and therefore should be stricken.

**WHEREFORE,** Defendant Florida Agricultural and Mechanical University Board of Trustees respectfully requests the Court render an Order striking the Second Amended Complaint and Corrected Second Amended Complaint [Docs. 81, 84] and granting such other relief as it shall deem proper.

### LOCAL RULE 3.01(g) CERTIFICATION

I hereby certify that the movant conferred with the opposing party on July 10, 2024 on the resolution of all or part of the motion, the motion is opposed, and the means by which the conference occurred was by telephone.

<u>/s/ Maria A. Santoro</u>
**MARIA A. SANTORO**
Florida Bar Number: 0654809

**SNIFFEN & SPELLMAN, P.A.**
123 North Monroe Street
Tallahassee, Florida 32301
Telephone: (850) 205-1996
Facsimile: (850) 205-3004
*Lead Counsel for the Board of Trustees, Florida A&M University*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 17th day of July, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all registered users and counsel in this case.

<u>/s/ Maria A. Santoro</u>
**MARIA A. SANTORO**
Florida Bar Number: 0654809
msantoro@sniffenlaw.com
jlunt@sniffenlaw.com
tward@sniffenlaw.com

**SNIFFEN & SPELLMAN, P.A.**
123 North Monroe Street
Tallahassee, Florida 32301
Telephone: (850) 205-1996
Facsimile: (850) 205-3004
*Lead Counsel for the Board of Trustees, Florida A&M University*

-and-

Richard E. Mitchell, Esq.
Florida Bar No: 0168092
rick.mitchell@gray-robinson.com
maryann.hamby@gray-robinson.com
Julie M. Zolty, Esq.
Florida Bar No: 1036454
chantal.mccoy@gray-robinson.com
GRAYROBINSON, P.A.
301 East Pine Street, Suite 1400
Post Office Box 3068 (3208-3068)
Orlando, Florida 32801
(407) 843-8880 Telephone
(407) 244-5690 Facsimile
*Counsel for Defendant Board of Trustees, Florida A&M University*