UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JENNIFER SMITH,**

    **Plaintiff,**

                                    **CASE NO: 6:24-cv-00457-PGB-RMN**

**FLORIDA AGRICULTURAL &**
**MECHANICAL UNIVERSITY**
**BOARD OF TRUSTEES, et al.**

    **Defendants.**
_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO**
**DEFENDANTS' MOTION TO STRIKE SECOND AMENDED**
**COMPLAINTS**

Plaintiff Jennifer Smith ("Professor Smith") hereby responds in opposition to Defendant Florida Agricultural and Mechanical University's (FAMU or Defendant) Motion to Strike Second Amended Complaints (Doc. 112) and states as follows:

**I. Introduction**

Despite the initial kerfuffle and service being accepted on May 31, 2024, Defendant FAMU has done everything its power to skate, elude, and avoid substantively responding to the complaint. Defendant FAMU's latest motion to strike ("the Motion") is another example of its further dilatory behavior. The Motion should be outright denied as an improper request for reconsideration of the Court's

1

July 3rd Order (Doc. 80) and because Professor Smith properly filed her Second Amended Complaint ("SAC") (Doc. 81) and Corrected Second Amended Complaint ("CSAC") (Doc. 84) in accordance with this Court's Order granting her leave to amend (Doc. 80). FAMU's arguments regarding the differences between the proposed and filed amended complaints are without merit, as Professor Smith was entitled to make revisions before filing the operative pleading; it is efficient. Furthermore, striking the amended complaints would, aside from being an extreme and unwarranted remedy, unnecessarily delay this proceeding according to Defendant FAMU's unstated goal,[1] prejudice Professor Smith, and contravene the liberal amendment policy of Federal Rule of Civil Procedure 15.

## II. Argument

### A. Plaintiff Properly Filed the Second Amended Complaint in Accordance with the Court's Order and Instructions

The Motion should respectfully be denied because it is based on the contention that Professor Smith was required to file the exact version attached to her motion for

---

[1] Should the Court strike the Corrected Second Amended Complaint, this action would unnecessarily prolong and delay these proceedings because it would cause (1) Professor Smith to confer again with Defendant FAMU, who will refuse consent to the amended pleading; (2) Professor Smith to move for leave to file the exact SAC that was stricken; (3) Defendant FAMU to respond within fourteen days; (4) Professor Smith to consider filing a reply and the concomitant conference on such a motion; and (5) the Court, who is busy enough, to issue a decision on that motion. Such an outcome is neither consistent with the Federal Rules of Civil Procedure nor the spirit of a litigant's right of access to the courts, especially when new conduct by Defendant FAMU and others is being unearthed daily. Hence, producing a truly up-to-date pleading is difficult against this backdrop and with Defendant FAMU's constantly reactive and dilatory conduct.

leave to amend. Still, that contention is unsupported by the Federal Rules, Local Rules of this Court, case law, or this Court's Order. As relevant background, two of the Court's Orders are instructive. First, on June 13, 2024, this Court struck Plaintiff's Amended Notice and explicitly stated "Accordingly, the Court grants Plaintiff leave to file an amended motion to amend the Complaint solely to attach a copy of the proposed amendment as an exhibit." (Doc. 71 at 3) (emphasis added). On July 3, 2024, this Court granted Professor Smith's motion explicitly stated in the decretal that "Plaintiff shall file Plaintiff's second amended complaint on or before July 8, 2024." (Doc. 80). As an initial matter, this Honorable Court would have indicated, as it has done in the past, the exact document filing number or used language to indicate that Professor Smith had to file the exact version. Absent such an indication, but still in accordance with the July 3rd Order, Professor Smith timely filed her SAC on July 8, 2024 (Doc. 81).

The Eleventh Circuit has long recognized that leave to amend a complaint should be freely given when justice so requires. *See Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1291, 1292 n.6 (11th Cir. 2007) (noting that leave to amend should be freely given when justice so requires). Turning to the present case, the Court's June 13th Order advised Defendant FAMU that Professor Smith was, as she did now, "attempting to cure one of the concerns raised by Defendant." (Doc. 71, p. 3); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Professor Smith acted in

accordance with the Court's observation by making necessary revisions to address issues raised by Defendant FAMU, as indicated by Defendant itself in the Motion. To bolster this point, during the conference with FAMU's counsel on the Motion, Professor Smith clearly communicated that the purpose of the revisions was to cure these defects, as directed by the Court. Thus, Professor Smith efficiently acted in good faith, in accord with the Court's observation, and the spirit of the Federal Rules by curing and making changes to ensure that Defendant FAMU and the newly added defendants have an accurate, up-to-date, and coherent pleading from which to prepare a fulsome responsive document. However, FAMU is upset that Professor Smith addressed the deficiencies identified by FAMU (Doc. 112, p. 7), but curing deficiencies and promoting efficiency are precisely within the purpose of seeking leave to amend complaints.[2] Therefore, the Motion should be denied.

### B. Defendant FAMU has Failed to Demonstrate Prejudice and Instead Purports to Obtain Reconsideration of the Court's Prior Order

The Motion must be denied because Defendant FAMU has offered only the conclusory assertion that it was "prejudiced in raising its defenses" without indicating how it is prejudiced. The revisions made to the filed Second Amended

---

[2] FAMU argues that it was alleging that the equal pay claim was deficient (Doc. 112, p. 7), and curing the SAC destroys that argument. It was a meritless argument in the first place. Professor Smith had easily met the pleading elements, and this was not her first rodeo on an equal pay claim with FAMU. That FAMU believed it was meritless does not mean so. In any event, amendments are to cure deficiencies. All Professor Smith did was restructure her complaint to address the manner in which FAMU contested her pleading – that did not make it deficient in the first place.

4

Complaint (Doc. 81) as compared to the proposed version (Doc. 72-1) were appropriate clarifications and refinements of Professor Smith's allegations. These changes did not materially alter the nature of Professor Smith's claims or add new causes of action. Rather, they provided additional factual detail and addressed potential pleading deficiencies identified by FAMU in its response to the motion for leave to amend (Doc. 74).

Prejudice is one of the many factors for the Court to consider. *See Foman,* 371 U.S. at 182. Where a party fails to demonstrate how they were prejudiced by explaining "what evidence they would have sought in discovery or how they would have litigated the case differently if they'd been given earlier notice of [plaintiff's] claims." *See Christmas v. Corizon Health Srvs.*, 2022 WL 5337649, at * 6 (11th Cir. 2022).

Here, Defendant FAMU offers nothing more than two references to prejudice in the Motion. Defendant FAMU has, as this Court previously recognized, suffered "no apparent prejudice." (Doc. 80) The same is true now, because Professor Smith did not change the causes of action she wished to pursue. Defendant FAMU feigns prejudice in a near identical way as defendants in a different case that, on appeal, was rejected by a panel of the Eleventh Circuit. See *See Christmas,* 2022 WL 5337649, at * 6 ("the Defendants say they were not on notice of these claims in time to prepare a defense."). Moreover, Defendant FAMU has no prejudice because it

still has the opportunity to file a responsive pleading or motion to dismiss. Nearly a week after the Court had granted Professor Smith's motion to amend the SAC, FAMU's counsel was unaware the Court had ruled and thus requiring the parties to reschedule the conference on discovery, but feeling ambushed by a court order is not prejudice. (Ex. 2)

### C. The Corrected Second Amended Complaint Required Renumbering

The Motion must be denied because it misrepresents the revisions made between the proposed document and the corrected document. Professor Smith's CSAC (Doc. 84) made only minor technical revisions to correct paragraph numbering and reincorporation of allegations. When Professor Smith added a defendant, it shifted the paragraph numbers down by one, as represented in the Notice to this Court, necessitating the renumbering of all subsequent paragraphs. (Doc. 83) Notably, the Defendant's own chart comparing the SAC (Doc. 81) and the CSAC (Doc. 84) shows only a **one-word difference** between the two documents (Doc. 112, p. 2), making FAMU's comparison chart data useless, meaningless or incorrect. (emphasis added)

| Document | Pleading | Word Count | Date Filed |
|---|---|---|---|
| 81 | Third Second Amended Complaint | **14,341** | July 8 |
| 84 | Fourth Second Amended Complaint | **14,342** | July 9 |

This minimal difference directly contradicts FAMU's argument that substantial changes were made in the CSAC. The fact that only one word differs between these two versions supports Professor Smith's position that the corrections were indeed minor and technical in nature, rather than substantive changes requiring leave of court. This discrepancy in FAMU's analysis further undermines their motion to strike and demonstrates the lack of prejudice they have suffered from Professor Smith's filing of the CSAC. It also highlights the disproportionate nature of FAMU's request to strike, given the truly minimal nature of the changes made. Therefore, the Motion should be denied.

### D. The Federal and Middle District Local Rules No Longer Require Attaching a Proposed Amended Complaint

The Motion must be denied because the Federal Rules of Civil Procedure no longer mandate attaching a proposed amended complaint to a motion for leave to amend. However, Professor Smith did so in this instance because FAMU refused to consent to the amendment, necessitating a demonstration of the proposed changes for the Court's consideration. (Docs. 71 & 80) Every case cited by FAMU in support of its motion predates this Court's removal of the local rule requiring the attachment of a proposed amended complaint. This change in the local rules renders these precedents largely inapplicable to the current procedural context. The Middle District of Florida's revised local rules, effective February 1, 2021, and April 1, 2024, no longer impose the requirement that Defendant FAMU is so wedded to, making

7

the Defendants' legal arguments outdated and irrelevant. Professor Smith alerted FAMU two months ago in her prior filings that the Local Rules no longer require attaching a proposed amended complaint. (Doc 54, n.1) Still, Defendant FAMU cites the Northern District and Southern District's Local Rules for no other reason than reconsideration of the Court's prior Order refraining from addressing this point.

Notably, FAMU heavily relies on *Kandah v. Dillard's, Inc.*, 2020 WL 13801940, at *1 (M.D. Fla. Jul. 1, 2020) to support their argument. However, this decision was based on the previous version of the Middle District of Florida's Local Rules and predates even the February 1, 2021 revision. Furthermore, the procedural context in *Kandah* is fundamentally different from the present case, as the plaintiff in *Kandah* filed amended complaints without any leave of court or consent from the opposing party. Therefore, the Motion should be denied.

The Northern District Local Rules, where FAMU's counsel usually practices, require the proposed amended complaint to be attached. It reads:

> **Rule 15.1** Amending a Pleading (A) **Complete Copy Required**. A pleading may be amended **only by filing a complete copy of the amended pleading**. Allegations in a prior pleading that are not set out in the amended pleading are deemed abandoned, with this exception: if, in a definitive ruling, the Court has dismissed a claim or struck a defense without leave to amend, the claim or defense must not be included in a later amended pleading. (B) Separately Docketing a Motion for Leave and the Amended Pleading. When a pleading may be amended only by leave of court, the amending party must file a motion for leave to amend and **must simultaneously file the proposed amended pleading** itself. The proposed amended pleading will become effective only if the Court grants leave to amend. (emphasis added)

8

But this is no longer the rule in the Middle District. And thus while it helps the Court and Defendant better assess the merits of the action (Doc. 71, p. 3), attaching the proposed amended complaint is not required in this District.

Having demanded that Professor Smith follow a Local Rule from the Northern District to determine whether FAMU would consent, they are now trying to hold her to a Northern District standard that does not apply in the Middle District. In the Middle District, Professor Smith was only required to confer and discuss her proposed amended complaint, allowing her to make changes until the Court decided on her amendment request. This motion would not even be permissible under the Middle District rules, and thus, it should not be considered now. Since Professor Smith first requested and filed her SAC, much time has elapsed, and this case has progressed through administrative hearings, some discovery, Reyes' deposition, and the revelation of additional facts. The SACs were filed on May 31, June 18, July 8, and the CSAC on July 9 – 40 days in between. Requiring Professor Smith to ignore these new developments in an unfiled proposed complaint would be absurd and unreasonable, especially as the facts of the case continue to develop.

### E. Defendants' Failure to Provide Adobe Comparison Report

Despite claiming significant differences between the proposed and filed SACs, Defendant FAMU notably failed to attach the Adobe report of comparisons that it references. This omission supports that the actual differences are less

substantial than portrayed, undermining the credibility of its argument. (Ex. 1) Other than stylistic changes and formatting, some of what Professor Smith added to the CSAC were facts taken directly from the exhibits she had already attached to the initial SAC – little was anything new (except new information such as new facts from Reyes' deposition, new facts regarding the ongoing administrative hearings etc). (Ex. 1, pp. 7, 9, 12-15, 22, etc.) And the additions reference exhibits that had already been attached.  Some of the claims were beefed up by moving and reiterating facts from the body of the SAC mainly for clarity, but no new claims were added – still the same ten claims.[3] (Docs 72-1, 81, 84) Therefore, the Motion should be denied.

### F.  Defendant FAMU's Caselaw is Inapposite

The cases cited by FAMU in support of its motion to strike are inapplicable because they were decided under the local rules that previously required the attachment of a proposed amended complaint. The revised local rules of the Middle District of Florida, effective February 1, 2021, no longer impose this requirement. Not one case cited by FAMU is after the Local Rules were amended in 2021 or 2024. Therefore, the precedents cited by the University do not govern the current procedural context.

---

[3] In fact, the numbering for the Gray Defendants claims that the Court notes in Doc 80, n. 1 (Doc. 72-1, ¶¶ 92-95), remain virtually the same in the CSAC.

### G. Striking the Amended Complaints is an Extreme and Unwarranted Remedy

Even if the Court were to find any procedural defect in Professor Smith's filing of the amended complaints, striking the pleadings is an extreme remedy that is unwarranted here. *See Augustus v. Bd. of Pub. Instruction of Escambia Cty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962) ("It is a drastic remedy to be resorted to only when required for the purposes of justice. . . The motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy"). Here, as in *Augustus*, the purposes of justice do not require striking of Professor Smith's Corrected SAC. The proper course, if the Court somehow agrees with Defendant FAMU that the minor revisions were improper, would be to construe Professor Smith's Notice of Scrivener's Error as an amended motion to *nunc pro tunc* amend her complaint, grant that motion, and accept the Corrected SAC as filed. *See generally Williams*, 477 F.3d at 1291 n.6 (explaining that "district courts should generously allow amendments even when the plaintiff does not have the right to amend the complaint"). This approach would align with the letter and spirit of Rule 15 and its directive that leave to amend should be "freely give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2). Therefore, the Motion should be denied.

### III. Conclusion

For the foregoing reasons, Professor Smith respectfully requests that this Honorable Court deny Defendant FAMU's Motion to Strike Second Amended

11

Complaints (Doc. 112), award attorney's fees and any other relief this Court deems just and proper.

Dated: <u>July 17, 2024</u>

Respectfully submitted,

<u>*/s/ Jennifer Smith*</u>
Jennifer Smith
Florida Bar No. 964514 (*pro se*)
Law Office of Jennifer Smith
13506 Summerport Village Pkwy.
Suite 108
Windermere, FL 34786
407-455-0712
407-442-3023 (facsimile)
<u>jensmithesq@aol.com</u>

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this <u>17th</u> day of July 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all registered users.

<u>*/s/ Jennifer Smith*</u>
Jennifer Smith (*pro se*)
Law Office of Jennifer Smith