UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIA
ORLANDO DIVISION

JENNIFER SMITH,

      Plaintiff,

v.                          CASE NO: 6:24-cv-00457-PGB-RMN

THE FLORIDA AGRICULTURAL &
MECHANICAL UNIVERSITY
BOARD OF TRUSTEES,

      Defendant.
_____/

**DEFENDANT'S MOTION FOR PROTECTIVE ORDER**

Defendant, The Florida Agricultural & Mechanical University Board of Trustees ("University"), by and through its undersigned counsel, requests this Court protect Defendant's rights, and grant Defendant's objections to Plaintiff's Interrogatories as set forth hereafter.

At the time discovery was filed (April 23, 2024) the First Amended Complaint was the relevant pleading. [Doc. 1-1]. No Answer has been required or filed to date. Defendant responded to discovery. [Exhibits A, B]. Pending is a Motion to Strike the current Second Amended Complaint. [Doc. 112]. Relevance cannot possibly be determined without a valid complaint, rendering this discovery premature. Non-meritorious claims should be eliminated prior to discovery. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1371 (11th Cir. 1997).

> *Chudasama* and its progeny 'stand for the . . . proposition that courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount.' [citations omitted].

*Inglis v. Wells Fargo Bank N.A.*, 2015 WL 13734079, at *1 (M.D. Fla. May 18, 2015).

Prior to 2019, Plaintiff suffered no discrimination. *Smith v. Florida Agricultural & Mechanical University, Board of Trustees*, 2019 WL 12317725 (N.D. Fla. June 2, 2019); *Smith v. Fla. A & M University Board of Trustees*, 831 Fed. Appx. 434 (11th Cir. 2020); [Doc. 17-6, p. 1; Doc. 17-7, p. 1].

The University should not be compelled to answer Interrogatories 6, 8, 9, 10, and 14 which will require extensive research, excessive staff hours, and a third-party vendor to find and prepare. They are unduly burdensome and irrelevant to the issues in the First Amended Complaint. [Docs. 113-1, 113-2].

Plaintiff is no longer employed by the University, making No. 4 require speculation to respond. Plaintiff supplied the exhibits to show her termination from employment. [Doc. 1-3, p. 18].

Question 5 asks that the defendant "identify the student(s) who the University contends Professor Smith had an inappropriate or unprofessional relationship [sic] and define what the conduct was?" The University does not contend that the plaintiff had such a relationship with anyone.

Interrogatory 6 ("list all law professors who have been hired at the COL within the last 10 years, including their starting salary, current salary, tenure status, experience and years of experience prior to hire, and educational degrees") is irrelevant

and unduly burdensome. It is overbroad and disproportionate to the needs of the case. [Docs. 113-1, 113-2].

Number 8 seeks ten years of faculty disciplinary history without any relevance shown. The effort and time to respond is overwhelming. [Docs. 113-1, 113-2]. Question 9, 10, and 14 are irrelevant and unduly burdensome on the same grounds.

WHEREFORE, Defendant prays this Court will protect it from responding to interrogatory questions 5, 6, 8, 9, 10, and 14, as set forth above.

### LOCAL RULE 3.01(g) CERTIFICATION

We hereby certify that that the movant conferred with the opposing party, on July 8, 2024 and July 10, 2024 on the resolution of all or part of the motion, the motion is opposed, and the means by which the conference occurred was by telephone.

/s/ *Maria A. Santoro*
**MARIA A. SANTORO**
Florida Bar Number: 0654809
msantoro@sniffenlaw.com
jlunt@sniffenlaw.com
tward@sniffenlaw.com

**SNIFFEN & SPELLMAN, P.A.**
123 North Monroe Street
Tallahassee, Florida 32301
Telephone: (850) 205-1996
Facsimile: (850) 205-3004
*Lead Counsel for Defendant Florida A&M University Board of Trustees*

-and-

Richard E. Mitchell, Esq.
Florida Bar No: 0168092
rick.mitchell@gray-robinson.com
maryann.hamby@gray-robinson.com
Julie M. Zolty, Esq.
Florida Bar No: 1036454
chantal.mccoy@gray-robinson.com
GRAYROBINSON, P.A.
301 East Pine Street, Suite 1400
Post Office Box 3068 (3208-3068)
Orlando, Florida 32801
(407) 843-8880 Telephone
(407) 244-5690 Facsimile
*Counsel for Defendant Florida A&M University Board of Trustees*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 18th day of July, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all registered users and counsel in this case.

*/s/ Maria A. Santoro*
**MARIA A. SANTORO**
Florida Bar Number: 0654809
**SNIFFEN & SPELLMAN, P.A**.
123 North Monroe Street
Tallahassee, Florida 32301
Telephone: (850) 205-1996
Facsimile: (850) 205-3004
*Lead Counsel for Defendant Florida A&M University Board of Trustees*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIA
ORLANDO DIVISION

**JENNIFER SMITH,**

    **Plaintiff,**

v.                              **CASE NO: 6:24-cv-00457-PGB-RMN**

**THE FLORIDA AGRICULTURAL & MECHANICAL UNIVERSITY BOARD OF TRUSTEES,**

    **Defendant.**
_____/

# EXHIBIT A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JENNIFER SMITH,

    Plaintiff,

v.     Case No. 6:24-cv-00457-PGB-RMN

FLORIDA AGRICULTURAL & MECHANICAL
UNIVERSITY BOARD OF TRUSTEES,

    Defendant.

_____/

**PLAINTIFF'S FIRST SET OF**
**INTERROGATORIES TO DEFENDANT**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Jennifer Smith ("Professor Smith") submits the following Interrogatories to Defendant. Defendant is requested to answer the following questions separately and fully in writing, under oath, within 30 days of service of this document.

**DEFINITIONS**

A. The terms "Smith," "Professor Smith," and "Plaintiff" mean the Plaintiff, Jennifer Smith, including her agents, servants, employees, attorneys, expert witnesses, accountants, auditors, and all other persons over whom she has control or authority or who have been hired, retained or employed for any purpose by her.

B.  The terms "FAMU," and "Defendant" means the Defendant, Florida Agricultural & Mechanical University Board of Trustees including its agents, servants, employees, attorneys, expert witnesses, accountants, auditors, and all other persons over whom it has control or authority or who have been hired, retained or employed for any purpose by it.

C.  The term "COL" means the FAMU College of Law.

D.  The term "relating to" means concerning, respecting, referring to, relevant to, summarizing, digesting, documenting, recording, noting, containing, embodying, reflecting, identifying, establishing, tending to establish, evidencing, supporting, compromising, connected with, commonly known as, responding to, agreeing or disagreeing with, showing, describing, discussing, mentioning, analyzing, representing, constituting or including.

E.  The term "person" means any individual or entity, including associations, companies, partnerships, firms, joint ventures, corporations, public agencies, departments, bureaus, boards or any other private, government or legal entity.

F.  The term "communication" means any contact, oral or written, formal or informal, whether in person, in writing, by telephone, or by any other method, whereby knowledge, facts, or information was imparted from one person or entity to another or to a file.  It shall include, without limitation, information sent or received by you.

G.  The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

H.  The terms "you" and "your" mean Defendant, Florida Agricultural & Mechanical University Board of Trustees as defined above.

## INSTRUCTIONS:

I.  In answering these Interrogatories, the Defendant is requested to disclose all information in possession of the Defendant, its attorneys, agents, representatives or other persons acting or purporting to act on behalf of the Defendant.

2

  J. Plaintiff requests that if any of these interrogatories, or portions of the interrogatories, cannot be fully answered, the Defendant shall answer to the extent possible, and list the reasons for not answering more fully.

  J. To "identify" a person means to state the person's full name, title or affiliation, home address and phone number, and business address and phone number.

  K. To "identify" a document means to provide the following information - irrespective of whether the document is deemed privileged or subject to any claim of privilege:
  1. title or other means of identification of each document;
  2. date of each document;
  3. author of each document;
  4. present location of any all copies of each document;
  5. names and addresses of any and all persons who have custody or control of each document (or copies thereof);
  6. in lieu of the above, if the document provides all or part of the information requested - you may attach a copy to your responses to these interrogatories in the following format: *Format should be searchable, usable and accessible in native or near-native format with metadata intact; or PDF documents or Tagged Image File Format, or TIFF, images, accompanied by selected metadata (author(s), date of creation, tracked changes, hidden text, versions, last modified, embedded objects, blind copies etc.) in load files that are searchable (OCR).*

  L. To "identify" a communication means to provide the following information:
  1. Date and subject matter of the communication;
  2. Whether the communication was written or oral;
  3. If written - please identify the document(s) in which the communication was made;
  4. If oral - please identify the manner in which the communication was made and identify all persons who either participated in or witnesses said communication.

  M. Unless otherwise specified, the time period covered by these requests shall be from January 1, 2017 to the present.

## INTERROGATORIES

1. Identify the name(s), address(es), and telephone number(s) of the person or persons answering or aiding the answering of these interrogatories.

2. Please state the factual basis for each affirmative defense asserted.

3. Please state the factual basis for each denial of the complaint.

4. Please state all the reasons that Plaintiff is paid a lesser salary than Professor Ewanrinareto "Areto" Imoukhuede (comparator).

5. Identify the student(s) who the University contends Professor Smith had an inappropriate or unprofessional relationship and define what the conduct was?

6. List all law professors who have been hired at the COL within the last 10 years, including their starting salary, current salary, tenure status, experience and years of experience prior to hire, and educational degrees.

7. Describe the formal and informal criteria used to assign courses taught at the COL.

8. List and describe any disciplinary actions, complaints, or performance issues related to or involving law faculty within the last 10 years, including the outcomes and any related documentation.

9. Provide detailed accounts of any audits, internal or external, that have been conducted to assess pay equity among faculty at the COL.

10. Detail any instances where the Plaintiff or any other law professor challenged their compensation or other terms of employment and describe how these challenges were handled and resolved by COL.

11. Identify and explain any variations in the workload, including teaching loads, administrative responsibilities, and committee assignments, between the Plaintiff and her male comparator during the relevant period.

12. List all personnel involved in the compensation decisions for the Plaintiff and her male comparator, specifying their understanding and interpretation of the factors other than sex used to justify pay differences and provide.

13. Identify the source of the University's definition of retaliation and explain how the allegations of retaliation in the December 5, 2023 Notice of Termination to Professor Smith met that definition.

14. Explain the employer contributions for the pension yearly since 2018 and health insurance contributions each year.

15. Explain the impact, if any, of Professor Smith's promotion history on her salary.

16. Identify all the times that Professor Imoukhuede has been late to class or missed class since his hire at COL, list the student complaints and how these were handled and by whom.

17. Explain why the salary structure in 2016 was implemented and the how it was to be used in hiring at the COL after 2016.

18. Explain the circumstances surrounding when/how Defendant became aware of Professor Smith's complaint filed in October 2023 in state court.

_____

STATE OF FLORIDA
COUNTY OF _____

BEFORE ME, the undersigned authority, personally appeared _____, who is \_\_\_\_ personally known to me or \_\_\_\_ who produced _____ as identification (check one) and who, after being duly sworn under oath, deposes and says that (s)he has

5

read and answered the foregoing interrogatories and that said answers are true and correct.

      SWORN TO and SUBSCRIBED before me this _____ day of _____, 2024.

                                 _____
                                    NOTARY PUBLIC

                                My Commission Expires: _____

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIA
ORLANDO DIVISION

**JENNIFER SMITH,**

    **Plaintiff,**

v.                              **CASE NO: 6:24-cv-00457-PGB-RMN**

**THE FLORIDA AGRICULTURAL &
MECHANICAL UNIVERSITY
BOARD OF TRUSTEES,**

    **Defendant.**
_____/

**EXHIBIT B**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIA
ORLANDO DIVISION

JENNIFER SMITH,

    Plaintiff,

v.                                      CASE NO.: 6:24-cv-00457-PGB-RMN

FLORIDA AGRICULTURAL &
MECHANICAL UNIVERSITY
BOARD OF TRUSTEES,

    Defendant.
_____/

## FLORIDA AGRICULTURAL & MECHANICAL UNIVERSITY'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

COMES NOW the Defendant, FLORIDA AGRICULTURAL & MECHANICAL UNIVERSITY BOARD OF TRUSTEES, hereinafter referenced as ("The University,") by and through its undersigned counsel, and pursuant to Rule 33, Fed. R. Civ. P., hereby responds to Plaintiff's First Set of Interrogatories to Defendant.

### General Objections

The University objects to all discovery requests and files herewith its Time Sensitive Opposed Short Form Discovery Motion requesting a protective order that this discovery not be answered and seeking a stay of discovery [Doc. 56].

**The University has not yet been served with process, has not waived service of process, and is not subject to the jurisdiction of this Court. The April 10, 2024, Report and Recommendation ("Report") held that service of process was quashed. [Doc. 40]. This Court has not yet accepted the Report.**

**These responses are provided to comply in good faith and preserve all objections to this discovery.**

**The University continues to contest the jurisdiction of the Court.**

1. Identify the name(s), address(es), and telephone number(s) of the person or persons answering or aiding the answering of these interrogatories.

    **ANSWER: Dr. D. Denise Wallace, Vice President and General Counsel, Office of General Counsel, Florida Agricultural & Mechanical University c/o Maria A. Santoro, Esq., Sniffen & Spellman, P.A., 123 North Monroe Street, Tallahassee, FL 32301**

2. Please state the factual basis for each affirmative defense asserted.

    **ANSWER: No affirmative defenses have been asserted in that the defendant has not been obligated to file an answer and affirmative defenses to the First Amended Complaint.**

3. Please state the factual basis for each denial of the complaint.

    **ANSWER: No denials have been asserted in that the defendant has not been obligated to file an answer and affirmative defenses to the First Amended Complaint.**

4. Please state all the reasons that Plaintiff is paid a lesser salary than Professor Ewanrinareto "Areto" Imoukhuede (comparator).

   **ANSWER: Objection. Plaintiff is not paid as she is no longer employed by the University.**

5. Identify the student(s) who the University contends Professor Smith had an inappropriate or unprofessional relationship and define what the conduct was?

   **ANSWER: Objection. The University as a higher education institution has a duty to protect the confidentiality of student records, codified in the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g, including "directory information" to include the identity of the student. In the event of a judicial order directing disclosure of any student information, the student will be notified and have an opportunity to object to disclosure of protected information.**

6. List all law professors who have been hired at the COL within the last 10 years, including their starting salary, current salary, tenure status, experience and years of experience prior to hire, and educational degrees.

   **ANSWER: The University will determine the cost and time of developing and implementing a search as requested and will notify the plaintiff of the cost and estimate to the Plaintiff. Upon payment the search will be performed, and this response will be supplemented accordingly.**

7. Describe the formal and informal criteria used to assign courses taught at the COL.

> **ANSWER: Objection. Overbroad, vague, and requires speculation to respond.**

8. List and describe any disciplinary actions, complaints, or performance issues related to or involving law faculty within the last 10 years, including the outcomes and any related documentation.

   **ANSWER: Objection. Overbroad. Unduly burdensome requiring research into all faculty files for ten years.**

9. Provide detailed accounts of any audits, internal or external, that have been conducted to assess pay equity among faculty at the COL.

   **ANSWER: The University objects to the interrogatory as overbroad and vague.**

10. Detail any instances where the Plaintiff or any other law professor challenged their compensation or other terms of employment and describe how these challenges were handled and resolved by COL.

    **ANSWER: The University objects to this interrogatory in that it is vague and requires speculation to respond.**

11. Identify and explain any variations in the workload, including teaching loads, administrative responsibilities, and committee assignments, between the Plaintiff and her male comparator during the relevant period.

    **ANSWER: Objection. The question requires speculation to respond, the male comparator is not defined, and the relevant time period is not defined.**

12. List all personnel involved in the compensation decisions for the Plaintiff and her male comparator, specifying their understanding and interpretation of the factors other than sex used to justify pay differences and provide.[sic]

    **ANSWER: Objection. The question is incomplete, requires speculation to respond, the male comparator is not defined, and the relevant time period is not defined.**

13. Identify the source of the University's definition of retaliation and explain how the allegations of retaliation in the December 5, 2023 Notice of Termination to Professor Smith met that definition.

    **ANSWER: The University uses the ordinary meaning of the term and the letter speaks for itself.**

14. Explain the employer contributions for the pension yearly since 2018 and health insurance contributions each year.

    **ANSWER: Objection. The question is irrelevant and not likely to lead to admissible evidence.**

15. Explain the impact, if any, of Professor Smith's promotion history on her salary.

    **ANSWER: This issue was addressed in detail in the University's motions for summary judgment filed in Smith v. FAMU, Case No. 4:14-cv-540-RH/CAS and Smith v. FAMU, Case No. 4:18-cv-409-RH-CAS.**

16. Identify all the times that Professor Imoukhuede has been late to class or missed class since his hire at COL, list the student complaints and how these were handled and by whom.

    **ANSWER: The University is unaware of the situation described but is investigating and will supplement this response.**

17. Explain why the salary structure in 2016 was implemented and the how it was to be used in hiring at the COL after 2016.

    **ANSWER: This issue was addressed in detail in the University's motion for summary judgment filed in Smith v. FAMU, Case No. 4:18-cv-409-RH-CAS.**

18. Explain the circumstances surrounding when/how Defendant became aware of Professor Smith's complaint filed in October 2023 in state court.

    **RESPONSE: The University objects to the question because it calls for speculation in order to respond.**

*[signature: D. Denise Wallace]*

Dr. D. Denise Wallace
Vice President and General Counsel
Office of General Counsel
Florida A&M University

STATE OF FLORIDA

COUNTY OF LEON

BEFORE ME, the undersigned authority, personally appeared __D. Denise Wallace__, via __✓__ physical presence, or ____ online notarization, who is __✓__ personally known to me or ____ who produced _____ as identification (check one) and who, after being duly sworn under oath, deposes and says that (s)he has read and answered the foregoing interrogatories and that said answers are true and correct.

SWORN TO and SUBSCRIBED before me this __23rd__ day of May, 2024.

*[signature]*
NOTARY PUBLIC

My Commission Expires: __6/29/2024__

Saundre Wilson
Comm. #HH015551
Expires: June 29, 2024
Bonded Thru Aaron Notary

| | |
|---|---|
| *s/ Richard E. Mitchell* | /s/ Maria A. Santoro |
| **Richard E. Mitchell, Esq.** | **MARIA A. SANTORO** |
| Florida Bar No: 0168092 | Florida Bar Number: 0654809 |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 23rd day of May, 2024, I provided the foregoing via Electronic Mail to all counsel of record in this case.

| | |
|---|---|
| */s/ Richard E. Mitchell* | */s/ Maria A. Santoro* |
| **Richard E. Mitchell, Esq.** | **MARIA A. SANTORO** |
| Florida Bar No: 0168092 | Florida Bar Number: 0654809 |
| rick.mitchell@gray-robinson.com | msantoro@sniffenlaw.com |
| maryann.hamby@gray-robinson.com | jlunt@sniffenlaw.com |
| Julie M. Zolty, Esq. | tward@sniffenlaw.com |
| Florida Bar No: 1036454 | |
| chantal.mccoy@gray-robinson.com | **SNIFFEN & SPELLMAN, P.A.** |
| GRAYROBINSON, P.A. | 123 North Monroe Street |
| 301 East Pine Street, Suite 1400 | Tallahassee, Florida 32301 |
| Post Office Box 3068 (3208-3068) | Telephone: (850rd) 205-1996 |
| Orlando, Florida 32801 | Facsimile: (850) 205-3004 |
| (407) 843-8880 Telephone | |
| (407) 244-5690 Facsimile | *Counsel for the Board of Trustees,* |
| *Counsel for Defendant FAMU* | *Florida A&M University* |