## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIA
## ORLANDO DIVISION

**JENNIFER SMITH,**

       **Plaintiff,**

**v.**                         **CASE NO: 6:24-cv-00457-PGB-RMN**

**THE FLORIDA AGRICULTURAL &**
**MECHANICAL UNIVERSITY**
**BOARD OF TRUSTEES,**

       **Defendant.**

_____/

## DEFENDANT'S MOTION FOR PROTECTIVE ORDER

Defendant, The Florida Agricultural & Mechanical University Board of Trustees ("University"), by and through its undersigned counsel, requests this Court protect Defendant's rights, quash discovery requests and grant Defendant's objections to Plaintiff's Requests for Production as set forth hereafter.

The University filed Affidavits in support of this Motion to support objections, and to demonstrate the excessive costs and time which compelling it to research certain items would require. [Docs. 113-1. 113-2].   Discovery and responses are attached. [Exhibits A, B, C].

The pleadings remain unsettled.   The First Amended Complaint was the relevant document at the time discovery was served and answered.   The University has now moved to strike the Second Amended Complaints. [Docs. 81, 84].   Issues are not crystalized by any means.   Non-meritorious claims should be eliminated prior to

discovery. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1371 (11th Cir. 1997). "*Chudasama* and its progeny 'stand for the . . . proposition that courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount.' [citations omitted]." *Inglis v. Wells Fargo Bank N.A.*, 2015 WL 13734079, at *1 (M.D. Fla. May 18, 2015).

Plaintiff's relevant time period to January 1, 2017 is overbroad. Previous cases established before 2019, Plaintiff suffered no discrimination. *Smith v. Florida Agricultural & Mechanical University, Board of Trustees*, 2019 WL 12317725 (N.D. Fla. June 2, 2019); *Smith v. Fla. A & M University Board of Trustees*, 831 Fed. Appx. 434 (11th Cir. 2020). [Doc. 17-6, p. 1; Doc. 17-7, p. 1].

Plaintiff seeks material disproportionate to the needs of the case which is unduly burdensome if not impossible to produce. *See*, paragraphs 3, 4, 15 – 17, 19, 28, 35, 67, 72, and 74. [Docs. 113 -1, 113-2]. The University would need outside help it cannot afford. *Id.* "To the extent that Defendants would be required to incur third party discovery costs that rise to the level of an undue burden for Defendants, Defendants have standing to quash on those grounds*." Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. Sept. 28,2005). Parties may obtain discovery  . . . that is relevant to any party's claim or defense and proportional to the needs of the case." *Brotz v. Simm Associates, Inc.*, 2018 WL 7269700, at *1 (M.D. Fla. May 8, 2018), citing Fed. R. Civ. P. 26(b)(1). [Docs. 113 -1, 113-2]. Further, the University has met its burden that "claims of undue burden should be supported by a statement (generally an affidavit) with specific information demonstrating how the

request is overly burdensome." *Sallah v. Worldwide Clearing LLC*, 855 F.Supp.2d 1364, 1376 (S.D. Fla. Apr. 10, 2012)

Request 68 seeking "statistics . . . reported to the law school's counselor" is vague, undefined, and inscrutable.  It fails to comply with Fed. R. Civ. P. 34(b)(1)(A).

Request 74 is disproportionate to the needs of the case and unduly burdensome. [Docs. 113 -1, 113-2].

Request 75 is moot.  [Docs. 22, 60].

Wherefore, the University seeks protection from responding to Requests 3, 4, 16, 17, 19, 28, 30, 35, 67, 68, 72, 74, and 75 on the above grounds.

## **LOCAL RULE 3.01(g) CERTIFICATION**

We hereby certify that that the movant has conferred with the opposing party, the parties on July 8 and 10, 2024 on the resolution of all or part of the motion, and if the motion is opposed, the means by which the conference occurred was by telephone.

*/s/ Maria A. Santoro*
**MARIA A. SANTORO**
Florida Bar Number: 0654809
msantoro@sniffenlaw.com
jlunt@sniffenlaw.com
tward@sniffenlaw.com

**SNIFFEN & SPELLMAN, P.A.**
123 North Monroe Street
Tallahassee, Florida 32301
Telephone: (850) 205-1996
Facsimile: (850) 205-3004
*Lead Counsel for Board of Trustees,*
*Florida A&M University*

-and –

Richard E. Mitchell, Esq.
Florida Bar No: 0168092
rick.mitchell@gray-robinson.com
maryann.hamby@gray-robinson.com
Julie M. Zolty, Esq.
Florida Bar No: 1036454
chantal.mccoy@gray-robinson.com
GRAYROBINSON, P.A.
301 East Pine Street, Suite 1400
Post Office Box 3068 (3208-3068)
Orlando, Florida 32801
(407) 843-8880 Telephone
(407) 244-5690 Facsimile
Counsel for Board of Trustees,
Florida A&M University

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 18th day of July, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all registered users and counsel in this case.

*/s/ Maria A. Santoro*
**MARIA A. SANTORO**
Florida Bar Number: 0654809
**SNIFFEN & SPELLMAN, P.A**.
123 North Monroe Street
Tallahassee, Florida 32301
Telephone: (850) 205-1996
Facsimile: (850) 205-3004
*Lead Counsel for Defendant Florida A&M University Board of Trustees*

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIA
## ORLANDO DIVISION

**JENNIFER SMITH,**

      **Plaintiff,**

**v.**                          **CASE NO: 6:24-cv-00457-PGB-RMN**

**THE FLORIDA AGRICULTURAL &**
**MECHANICAL UNIVERSITY**
**BOARD OF TRUSTEES,**

      **Defendant.**

_____/

## EXHIBIT A

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JENNIFER SMITH,

    Plaintiff,

v.                              Case No. 6:24-cv-00457-PGB-RMN

FLORIDA AGRICULTURAL & MECHANICAL
UNIVERSITY BOARD OF TRUSTEES,

    Defendant.

_____/

## PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Jennifer Smith ("Professor Smith"), serves her First Request for Production on Defendant to be answered under oath within thirty days of service in the following format:

*Format should be searchable, usable and accessible in native or near-native format with metadata intact; or PDF documents or Tagged Image File Format, or TIFF, images, accompanied by selected metadata (author(s), date of creation, tracked changes, hidden text, versions, last modified, embedded objects, blind copies etc.) in load files that are searchable (OCR).*

## DEFINITIONS AND INSTRUCTIONS

1.        The term "you" and "your" means the party or parties to whom this request is addressed, including its divisions, departments, subsidiaries, affiliates, predecessors, present or former officers, directors, owners, agents, attorneys, and all other persons acting or purporting to act on its behalf, as well as each partnership in

which it is a partner.

2.        The term "person" means any natural person, individual, proprietorship, partnership, corporation, association, organization, joint venture, firm, other business enterprise, governmental body, group of natural persons or other business enterprise, governmental body, group of natural persons or the entity.

3.        The term "document" means any written or graphic matter or other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, memoranda, notes, messages, letters, telegrams, teletype, telefax, bulletins, meetings or other communications, interoffice and intraoffice telephone calls, diaries, chronological data, minutes, books, reports, studies, summaries, pamphlets, printed matter, charts, ledgers, invoices, worksheets, receipts, returns, computer printouts, prospectuses, financial statements, schedules, affidavits, contracts, cancelled checks, statements transcripts, statistics, surveys, magazine or newspaper articles, releases (and any and all drafts, alterations and modifications, changes and amendments of any of the foregoing,), graphic or aural records or representations of any kind (including, without limitation, photographics, microfiche, videotape, records and motion pictures) and electronic, mechanical or electrical records or representations of any kind (including, without limitation, tapes, cassettes, discs and records).

4.        The term "all documents" means every document or group of documents as above defined that are known to you or that can be located or discovered by reasonably diligent efforts.

5.        All requests herein seek the production of documents in the possession and/or control of Defendant.

6.        The time period covered by this request is January 1, 2017 to date unless otherwise stated in any individual request below.

## **DOCUMENTS**

1.        All documents Defendant provided to the EEOC in response to all Professor Smith's EEOC complaint filed in 2022.

2.      All contracts executed between Professor Smith and Defendant for the  entire course of her employment with Defendant.

3.      All contracts executed between founding law faculty and Defendant for  the  entire course of their employment with Defendant.

4.      All contracts executed between law faculty hired in 2003 -2007 and Defendant for the entire course of their employment with Defendant.

5.      All contracts executed between Professor Ewanrinareto "Areto" Imoukhuede and Defendant for the entire course of his employment with Defendant.

13.     All personnel action request forms for Professor Smith and Ewanrinareto "Areto" Imoukhuede for each semester covered by this request.

14.     All courses taught by semester and for Professor Smith and Ewanrinareto "Areto" Imoukhuede for each semester covered by this request.

15.     All documents comprising all investigations of Plaintiff before and during her employment with Defendant.

16.     All documents that show each and every investigation of any and/or all  faculty members of Defendant's law school for the time period covered by this request.

17.     Disciplinary records for law faculty from 2007 to present.

18.     All disciplinary policies and procedures of Defendant that were in existence during the entire course of Plaintiff's employment with Defendant and that applied to Plaintiff.

19.     All notes and/or other documents, including without limitation emails, that were written about and/or regarding Plaintiff for the time period covered by this request.

20.     All rules, regulations, policies and procedures that Plaintiff violated at any time during her employment with Defendant.

21.     Plaintiff's position description for all positions she held during her employment with Defendant.

3

22.     All evaluations that Defendant prepared about and/or regarding Plaintiff.

23.     All evaluations that Defendant prepared about and/or regarding Ewanrinareto "Areto" Imoukhuede.

24.     All documents identifying any and/or all discipline against Plaintiff during the entire course of her employment with Defendant.

25.     All documents created and/or received by Defendant's EOP and Compliance departments that pertain to and/or are about Professor Smith.

26.     All documents created and/or received by Defendant's EOP and Compliance departments that pertain to and/or are about Professor Ewanrinareto "Areto" Imoukhuede.

27.     All documents showing all communications received and/or sent by Defendant's EOP and Compliance departments about and/or pertaining to Professor Smith.

28.     All documents authored by and/or at the direction of any and/or all employees of Defendant about Professor Smith.

29.     All documents showing all communications received and/or sent by Defendant's EOP and Compliance departments about and/or pertaining to Professor Ewanrinareto "Areto" Imoukhuede.

30.     All documents authored by and/or at the direction of any and/or all employees of Defendant about Professor Ewanrinareto "Areto" Imoukhuede.

31.     All documents that constitute "supervisor" files of Professor Smith.

32.     All documents that constitute "supervisor" files of Professor Ewanrinareto "Areto" Imoukhuede.

33.     All documents that refer and/or pertain to any claim by Defendant that Plaintiff was not an educator of impeccable character at any time while employed with Defendant.

34.    All audio and/or video tapes and transcripts thereof for all taped interviews pertaining to any investigation of and/or pertaining to Professor Smith.

35.    All documents pertaining to any reference provided by Defendant to any third party about Professor Smith.

36.    Any documents Defendant has identified as pertaining to the claims by Professor Smith in this case, including documents Defendant has identified as relating to any defense to said claims.

37.    All documents referring or relating to the subject matter of this action which have been furnished to or received by the Defendant's attorneys in connection with their defense of this action, except documents protected by a recognized privilege of non- production.

38.    Any and all audio and video tape recordings and transcripts of any statement Defendant, its agents, and/or attorneys has taken of any person believed to have knowledge of the subject matter of this action.

39.    All statements obtained by you and/or your attorneys, either recorded or written, at the time of or subsequent to the incidents alleged in the complaint filed herein.

40.    Each and every document supporting Defendant's affirmative defenses.

41.    All documents identified on Defendant's disclosures under Rule 26.

42.    All documents supporting and/or pertaining to any criticism any supervisor of Plaintiff has had about Plaintiff and/or her work performance during the entire course of her employment with Defendant.

43.    All documents upon which Defendant relies to support any finding and/or conclusion that Plaintiff was not properly performing her job duties with Defendant at any time during her employment with Defendant.

44.    Defendant's complete investigative file regarding any and all complaints brought by any person against Professor Smith, including, but not limited to any memoranda or other written instructions initiating the investigation, any and all notes taken during the investigation (including interview notes), any report (whether final or preliminary) on the investigation,

and if an attorney conducted the investigation, any document specifying the scope of that attorney's engagement.

45.     Defendant's complete investigative file regarding any and all complaints brought by any person against Professor Ewanrinareto "Areto" Imoukhuede, including, but not limited to any memoranda or other written instructions initiating the investigation, any and all notes taken during the investigation (including interview notes), any report (whether final or preliminary) on the investigation, and if an attorney conducted the investigation, any document specifying the scope of that attorney's engagement.

46.     The current resume or list of qualifications of any expert witness, advisor or consultant who has been retained by the Defendant in the above-entitled proceeding.

47.     All reports, studies and/or commentaries, formal or informal, of any expert witness, consultant or advisor who has been retained by the Defendant in the above-entitled proceeding.

48.     A list of all documents which are being withheld from production by virtue of any privilege of non-production or for any other reason (this list should identify each document by its name, date, author and recipient and specify the reason for withholding it from production). If there are documents responsive to any of the foregoing requests which you refuse to produce, please define or designate the documents in your response with sufficient particularity to allow Plaintiff to make a motion for a court order to require production of these documents.

49.     Any and all documents and communications used to set or related to Ewanrinareto "Areto" Imoukhuede's salary.

50.     Any and all documents or communications concerning the July 6, 2023 supplemental investigative report, including who authorized and commissioned the creation of such report.

51.     Any and all documents or communications concerning the Michelle Wanamaker complaint against Professor Smith.

52.     Any and all documents, reports, or memorandums in which a COL faculty person has been found to have engaged in disruptive conduct since 2007.

53.     Any and all documents and communications between Maritza Reyes and any university employee concerning Professor Smith or Michelle Wanamaker.

54.     Any and all documents and communications between Deidre Keller and any university employee concerning Professor Smith.

55.     Any and all documents and communications between Deidre Keller and any university employee concerning Professor Ewanrinareto "Areto" Imoukhuede.

56.     Any and all documents and communications between Deidre Keller and any university employee concerning Michelle Wanamaker.

57.     Any and all emails, communications, and messages from Allyson Watson concerning Professor Smith.

58.     Any and all emails, communications, and messages from Reginald Perry concerning Professor Smith.

59.     Any and all emails, communications, and messages from the January 11. 2024 hearing panel members concerning Professor Smith.

60.     Any and all emails, communications, and messages from Reginald Green from September 2022 through present concerning Professor Smith.

61.     Any and all emails, communications, and messages from Markita Cooper from September 2022 through present concerning Professor Smith.

62.     Any and all emails, communications, and messages from Jonathan Fineman from September 2022 through present concerning Professor Smith.

63.     Any and all emails, communications, and messages from Rica Calhoun from September 2022 through present concerning Professor Smith, Maritza Reyes or Michelle Wanamaker.

64.     Any and all emails, communications, and messages from Latrecha Scott from September 2022 through present concerning Professor Smith, Maritza Reyes or Michelle Wanamaker.

7

65.     Any and all emails, communications, and messages from La'Tonya Baker from September 2022 through present concerning Professor Smith, Maritza Reyes or Michelle Wanamaker.

66.     Any and all emails, communications, and messages from Denise Wallace concerning Professor Smith, subject to any privileges.

67.     Any and all pay equity studies completed by the University.

68.     Any and all statistics concerning the types of issues reported to the law school's counselor from 2022- December 5, 2023.

69.     Any and all documents, reports, data, or information University decisionmaker relied on to find a disruption existed at the College of Law involving Professor Smith.

70.     Any and all documents revealing a rivalry between Maritza Reyes and other law faculty.

71.     Produce all documents you consulted, examined or referred to in the preparation of the answers to the Interrogatories.

72.     Any annual statements/documents/records required to be submitted by the University to any government agency, e.g. Dept of Labor, on salaries for employees for the last ten years.

73.     Provide any and all communications, including emails, memos, or meeting minutes, that discuss the factors other than sex that were considered when setting the compensation levels for the Professor Smith and Professor Ewanrinareto "Areto" Imoukhuede.

74.     The years in which law faculty each received a summer grant, the amount of each grant for each year, and the scholarship produced related to that grant for past 7 years.

75.     Any and all emails from James Vaughn referencing or related to Professor Smith or her complaint.

76.     Any and all documents related to male law faculty being terminated

or disciplined for allegations of poor or other questionable conduct related to or at the COL.

77.    Any and all documents referencing a "constitutional law specialist" at the COL.

78.    Any and all emails mentioning or containing references to Professor Smith sent to/from/between:

1. Anyone in Compliance
2. Anyone in EOP
3. Anyone in the Provost's office
4. Anyone in the President's office
5. Maritza Reyes
6. Michelle Wanamaker
7. Any of the COL deans
8. Ewanrinareto "Areto" Imoukhuede

/s/ Jennifer Smith
Jennifer Smith
Florida Bar No. 964514
Law Office of Jennifer Smith
13506 Summerport Village Pkwy.
Suite 108
Windermere, FL 34786
407-455-0712
407-442-3023 (facsimile)
jensmithesq@aol.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy has been emailed to opposing

counsel on this <u>23rd</u> day of April, 2024

<u>*/s/ Jennifer Smith*</u>
Jennifer Smith (*pro se*)
Law Office of Jennifer Smith

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIA
### ORLANDO DIVISION

**JENNIFER SMITH,**

        **Plaintiff,**

**v.**                        **CASE NO: 6:24-cv-00457-PGB-RMN**

**THE FLORIDA AGRICULTURAL &**
**MECHANICAL UNIVERSITY**
**BOARD OF TRUSTEES,**

        **Defendant.**

_____/

## EXHIBIT B

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIA
## ORLANDO DIVISION

**JENNIFER SMITH,**

      **Plaintiff,**

**v.**                               **CASE NO.: 6:24-cv-00457-PGB-RMN**

**FLORIDA AGRICULTURAL &**
**MECHANICAL UNIVERSITY**
**BOARD OF TRUSTEES,**

      **Defendant.**

_____/

## <u>DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS</u>

COMES NOW the Defendant. FLORIDA AGRICULTURAL & MECHANICAL UNIVERSITY BOARD OF TRUSTEES, by and through its undersigned counsel, and pursuant to Rule 34 of Fed. R. Civ. P., hereby responds to Plaintiff's First Requests for Production of Documents.

### General Objections

**The University objects to all discovery requests and files herewith its Time Sensitive Opposed Short Form Discovery Motion requesting a protective order that this discovery not be answered and seeking a stay of discovery [Doc. 56].**

**The University has not yet been served with process, has not waived service of process, and is not subject to the jurisdiction of this Court. The April 10, 2024, Report and Recommendation ("Report") held that service of process was quashed. [Doc. 40]. This Court has not yet accepted the Report.**

**These responses are provided to comply in good faith and preserve all objections to this discovery.**

**The University continues to contest the jurisdiction of the Court.**

1. All documents Defendant provided to the EEOC in response to all Professor Smith's EEOC complaint filed in 2022.

   **RESPONSE: The production of documents responsive to this request is available for inspection and copy at the offices of defense counsel at a mutually agreed upon date and time by all parties.**

2. All contracts executed between Professor Smith and Defendant for the entire course of her employment with Defendant.

   **RESPONSE: The production of documents responsive to this request is available for inspection and copy at the offices of defense counsel at a mutually agreed upon date and time of all parties.**

3. All contracts executed between founding law faculty and Defendant for the entire course of their employment with Defendant.

   **RESPONSE: Objection, "founding law faculty" is not defined nor is it a term recognized by the University. Accordingly, the request is vague, overbroad, requires speculation to respond, and is unduly burdensome and expense to research considering the needs of the case.**

4.     All contracts executed between law faculty hired in 2003 - 2007 and Defendant for the entire course of their employment with Defendant.

**RESPONSE: Objection. The request is irrelevant to any party's claim or defense and disproportionate to the needs of the case and the burden or expense of the proposed discovery outweighs its likely benefit.**

**In addition, the previous litigation between the parties involved discovery of this material and so the plaintiff has equal access to the documents requested.**

5.     All contracts executed between Professor Ewanrinareto "Areto" Imoukhuede and Defendant for the entire course of his employment with Defendant.

**RESPONSE: The production of documents responsive to this request is available for inspection and copy at the offices of defense counsel at a mutually agreed upon date and time of all parties.**

**NB: There are no paragraphs 6-12 in Plaintiff's First Requests for Production of Documents.**

13.    All personnel action request forms for Professor Smith and Ewanrinareto "Areto" Imoukhuede for each semester covered by this request.

**RESPONSE: The requested materials are not currently kept in the regular course of business. Refer to documents made available for inspection and copy in response to the plaintiff's request for production in response to request 2.**

14.    All courses taught by semester and for Professor Smith and Ewanrinareto "Areto" Imoukhuede for each semester covered by this request.

**RESPONSE: Objection. The requested material is not reasonably accessible because of undue burden or cost. The University will request its IT department to tailor a search for this request, which will require an electronic search, review of the results, and possible redaction. The**

**University will inquire as to the cost of such a search and provide an estimate to the plaintiff.  Upon payment, the search will be performed and this response will be supplemented appropriately.**

15.   All documents comprising all investigations of Plaintiff before and during her

employment with Defendant.

**RESPONSE: Objection.   The request is vague in that it requires speculation as to whether the plaintiff requests investigations which were opened in response to her complaints and charges against the University. Since the plaintiff has equal access to charges and complaints she has filed, with their attendant documents, the University produces the Office of Compliance and Ethics Investigation Report FAMU 2022-11-117.**

16.   All documents that show each and every investigation of any and/or all faculty

members of Defendant's law school for the time period covered by this

request.

**RESPONSE: Objection.  The University objects to this request because the term "investigation" is not defined and is overbroad.  The University therefore cannot determine the nature of the information sought as the request requires speculation in order to respond.**

17.   Disciplinary records for law faculty from 2007 to present.

**RESPONSE: Objection.  The request requires a review and redaction of all faculty files from 2007 to the present.  The request is overbroad and burdensome, making the burden and/or expense of the proposed discovery outweigh the likely benefit, and the request is irrelevant to any party's claim or defense.**

18.   All disciplinary policies and procedures of Defendant that were in existence

during the entire course of Plaintiff's employment with Defendant and that

applied to Plaintiff.

**RESPONSE:  Without limitation, Plaintiff is referred to Chapter 10 of University Regulations, the College of Law Faculty Handbooks, University Personnel Regulations, University Faculty handbooks, and Code of Conduct 1.019, to which she has equal access, and which have been produced to the plaintiff in previous litigation and in the course of her other charges and complaints against the University.**

19.    All notes and/or other documents, including without limitation emails, that were written about and/or regarding Plaintiff for the time period covered by this request.

**RESPONSE:  Objection.  The request is overbroad, unduly burdensome, and vague.  The University will request its IT department to tailor a search for this request, which will require an electronic search, review of the results, and possible redaction.  The University will inquire as to the cost of such a search and provide an estimate to the plaintiff.  Upon payment, the search will be performed and this response will be supplemented appropriately.**

20.    All rules, regulations, policies and procedures that Plaintiff violated at any time during her employment with Defendant.

**RESPONSE:  Objection on the grounds that the request is vague, requires speculation, and is overbroad.  Whether Plaintiff violated regulations, policies, or procedures without consequence or reporting would be unknown to the University.  Without waiving said objections, refer to documents made available for inspection and copy in response to the plaintiff's request for production in response to request 15.**

21.    Plaintiff's position description for all positions she held during her employment with Defendant.

**RESPONSE:  Refer to documents made available for inspection and copy in response to the plaintiff's request for production in response to request 2.**

22.    All evaluations that Defendant prepared about and/or regarding Plaintiff.

**RESPONSE:  Objection.  "Evaluations" is not defined and the request therefore requires speculation to respond.  Without waiving said objection, refer to the documents made available for inspection and copy in response to the plaintiff's request for production in response to request 2.**

23.    All evaluations that Defendant prepared about and/or regarding Ewanrinareto "Areto" Imoukhuede.

**RESPONSE:  The production of documents responsive to this request is available for inspection and copy at the offices of defense counsel at a mutually agreed upon date and time of all parties.**

24.    All documents identifying any and/or all discipline against Plaintiff during the entire course of her employment with Defendant.

**RESPONSE:  Refer to the documents made available for inspection and copy in response to the plaintiff's request for production in response to requests 2 and 15.**

25.    All documents created and/or received by Defendant's EOP and Compliance departments that pertain to and/or are about Professor Smith.

**RESPONSE:  The production of documents responsive to this request is available for inspection and copy at the offices of defense counsel at a mutually agreed upon date and time of all parties.**

26.    All documents created and/or received by Defendant's EOP and Compliance departments that pertain to and/or are about Professor Ewanrinareto "Areto" Imoukhuede.

**RESPONSE:  Whether there is an EOP or Compliance and Ethics file regarding said professor is unknown at this time.  The University is**

**conducting research and if any documents exist and are determined to be responsive, this response will be supplemented.**

27. All documents showing all communications received and/or sent by Defendant's EOP and Compliance departments about and/or pertaining to Professor Smith.

   **RESPONSE:  Refer to the documents made available for inspection and copy in response to the plaintiff's request for production in response to request 25.  The University will request its IT department to tailor a search for this request, which will require an electronic search, review of the results, and possible redaction.  The University will inquire as to the cost of such a search and provide an estimate to the plaintiff.  Upon payment, the search will be performed and this response will be supplemented appropriately.**

28. All documents authored by and/or at the direction of any and/or all employees of Defendant about Professor Smith.

   **RESPONSE: Objection. Overbroad and vague. Burdensome.**

29. All documents showing all communications received and/or sent by Defendant's EOP and Compliance departments about and/or pertaining to Professor Ewanrinareto "Areto" Imoukhuede.

   **RESPONSE:  Whether there is an EOP or Compliance and Ethics file regarding said professor is unknown at this time.  The University is conducting research and if any documents exist and are determined to be responsive, this response will be supplemented.**

30. All documents authored by and/or at the direction of any and/or all employees of Defendant about Professor Ewanrinareto "Areto" Imoukhuede.

   **RESPONSE:  Objection.  Overbroad and vague.**

31. All documents that constitute "supervisor" files of Professor Smith.

    **RESPONSE:  To the extent that such exists, refer to the documents made available for inspection and copy in response to the plaintiff's request for production in response to request 2.**

32. All documents that constitute "supervisor" files of Professor Ewanrinareto "Areto" Imoukhuede.

    **RESPONSE:  None.**

33. All documents that refer and/or pertain to any claim by Defendant that Plaintiff was not an educator of impeccable character at any time while employed with Defendant.

    **RESPONSE:  Refer to the documents made available for inspection and copy in response to the plaintiff's request for production in response to requests 15 and 25.**

34. All audio and/or video tapes and transcripts thereof for all taped interviews pertaining to any investigation of and/or pertaining to Professor Smith.

    **RESPONSE:  None**

35. All documents pertaining to any reference provided by Defendant to any third party about Professor Smith.

    **RESPONSE:  The University objects to this request because the term "reference" is not defined and is overbroad.  The University therefore cannot determine the nature of the information sought and the request requires speculation in order to respond.**

36.     Any documents Defendant has identified as pertaining to the claims by Professor Smith in this case, including documents Defendant has identified as relating to any defense to said claims.

**RESPONSE:     Discovery is ongoing and this request may be supplemented.   Refer to all attachments and exhibits to the First Amended Complaint of the plaintiff, all documents provided in response to these requests for production and all documents referenced in Rule 26 disclosure provided by the University.**

37.     All documents referring or relating to the subject matter of this action which have been furnished to or received by the Defendant's attorneys in connection with their defense of this action, except documents protected by a recognized privilege of non- production.

**RESPONSE:     Discovery is ongoing and this request may be supplemented.   Refer to all attachments and exhibits to the First Amended Complaint of the plaintiff, all documents provided in response to these requests for production and all documents referenced in Rule 26 disclosure provided by the University.**

38.     Any and all audio and video tape recordings and transcripts of any statement Defendant, its agents, and/or attorneys has taken of any person believed to have knowledge of the subject matter of this action.

**RESPONSE:  None.**

39.     All statements obtained by you and/or your attorneys, either recorded or written, at the time of or subsequent to the incidents alleged in the complaint filed herein.

**RESPONSE:  None.**

40.     Each and every document supporting Defendant's affirmative defenses.

**RESPONSE:  The University has not entered an answer or affirmative defenses.  Refer to all attachments and exhibits to the First Amended Complaint of the plaintiff, all documents provided in response to these requests for production and all documents referenced in Rule 26 disclosure provided by the University.**

41.     All documents identified on Defendant's disclosures under Rule 26.

**RESPONSE:  Refer to all documents made available for inspection and copy in response to the plaintiff's request for production.**

42.     All documents supporting and/or pertaining to any criticism any supervisor of Plaintiff has had about Plaintiff and/or her work performance during the entire course of her employment with Defendant.

**RESPONSE:  Objection.  Overbroad and vague.**

43.     All documents upon which Defendant relies to support any finding and/or conclusion that Plaintiff was not properly performing her job duties with Defendant at any time during her employment with Defendant.

**RESPONSE:  Objection.  Unduly burdensome.  Overbroad.  Without waiving said objection, Refer to the documents made available for inspection and copy in response to the plaintiff's request for production in response to requests 15 and 25.**

44.     Defendant's complete investigative file regarding any and all complaints brought by any person against Professor Smith, including, but not limited to any memoranda or other written instructions initiating the investigation, any

and all notes taken during the investigation (including interview notes), any report (whether final or preliminary) on the investigation, and if an attorney conducted the investigation, any document specifying the scope of that attorney's engagement.

**RESPONSE: Refer to the documents made available for inspection and copy in response to the plaintiff's request for production in response to requests 15 and 25.**

45.   Defendant's complete investigative file regarding any and all complaints brought by any person against Professor Ewanrinareto "Areto" Imoukhuede, including, but not limited to any memoranda or other written instructions initiating the investigation, any and all notes taken during the investigation (including interview notes), any report (whether final or preliminary) on the investigation, and if an attorney conducted the investigation, any document specifying the scope of that attorney's engagement.

**RESPONSE:   Whether there is an investigative file regarding any complaint regarding said professor is unknown at this time.   The University is conducting research and if any documents exist and are determined to be responsive this response will be supplemented.**

46.   The current resume or list of qualifications of any expert witness, advisor or consultant who has been retained by the Defendant in the above-entitled proceeding.

**RESPONSE:  None at this time.**

47.     All reports, studies and/or commentaries, formal or informal, of any expert witness, consultant or advisor who has been retained by the Defendant in the above-entitled proceeding.

**RESPONSE:  None at this time.**

48.     A list of all documents which are being withheld from production by virtue of any privilege of non-production or for any other reason (this list should identify each document by its name, date, author and recipient and specify the reason for withholding it from production). If there are documents responsive to any of the foregoing requests which you refuse to produce, please define or designate the documents in your response with sufficient particularity to allow Plaintiff to make a motion for a court order to require production of these documents.

**RESPONSE:  None.**

49.     Any and all documents and communications used to set or related to Ewanrinareto "Areto" Imoukhuede's salary.

**RESPONSE:  The production of documents responsive to this request is available for inspection and copy at the offices of defense counsel at a mutually agreed upon date and time by all parties.  Refer to the documents made available for inspection and copy in response to the plaintiff's request for production in response to request 1.**

50.    Any and all documents or communications concerning the July 6, 2023 supplemental investigative report, including who authorized and commissioned the creation of such report.

**RESPONSE: Objection. The document speaks for itself.**

51.    Any and all documents or communications concerning the Michelle Wanamaker complaint against Professor Smith.

**RESPONSE: Objection. The University as a higher education institution has a duty to protect the confidentiality of student records, codified in the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g, including "directory information" to include the identity of the student. In the event of a judicial order directing disclosure of any student information, the student will be notified and have an opportunity to object to production of records.**

52.    Any and all documents, reports, or memorandums in which a COL faculty person has been found to have engaged in disruptive conduct since 2007.

**RESPONSE: Objection. Overbroad. Unduly burdensome.**

53.    Any and all documents and communications between Maritza Reyes and any university employee concerning Professor Smith or Michelle Wanamaker.

**RESPONSE: Objection. The University as a higher education institution has a duty to protect the confidentiality of student records, codified in the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g, including "directory information" to include the identity of the student. In the event of a judicial order directing disclosure of any student information, the student will be notified and have an opportunity to object to production of records.**

**The University will request its IT department to tailor a search for this request, which will require an electronic search, review of the results, and**

**possible redaction.  The University will inquire as to the cost of such a search and provide an estimate to the plaintiff.  Upon payment, the search will be performed and this response will be supplemented appropriately.**

54.    Any and all documents and communications between Deidre Keller and any

university employee concerning Professor Smith.

**RESPONSE:  Objection.  The request is unduly burdensome and costly to research and redact.   However, the University will request its IT department to tailor a search for this request, which will require an electronic search, review of the results, and possible redaction.   The University will inquire as to the cost of such a search and provide an estimate to the plaintiff.  Upon payment, the search will be performed and this response will be supplemented appropriately.**

55.    Any and all documents and communications between Deidre Keller and any

university    employee    concerning    Professor    Ewanrinareto    "Areto"

Imoukhuede.

**RESPONSE:  Objection.  The request is unduly burdensome and overly expensive to research and redact.  However, the University will request its IT department to tailor a search for this request, which will require an electronic search, review of the results, and possible redaction.  The University will inquire as to the cost of such a search and provide an estimate to the plaintiff.  Upon payment, the search will be performed and this response will be supplemented appropriately.**

56.    Any and all documents and communications between Deidre Keller and any

university employee concerning Michelle Wanamaker.

**RESPONSE:  Objection.  The University as a higher education institution has a duty to protect the confidentiality of student records, codified in the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g, including "directory information" to include the identity of the student. In the event of a judicial order directing disclosure of any**

**student information, the student will be notified and have an opportunity to object to production of records.**

**The University will request its IT department to tailor  a search for this request, which will require an electronic search, review of the results, and possible redaction.  The University will inquire as to the cost of such a search and provide an estimate to the plaintiff.  Upon payment, the search will be performed and this response will be supplemented appropriately.**

57.     Any and all emails, communications, and messages from Allyson Watson

concerning Professor Smith.

**RESPONSE: Objection.  The requested material is not reasonably accessible because of undue burden or cost.  The University will request its IT department to tailor a search for this request, which will require an electronic search, review of the results, and possible redaction.  The University will inquire as to the cost of such a search and provide an estimate to the plaintiff.  Upon payment, the search will be performed and this response will be supplemented appropriately.**

58.     Any and all emails, communications, and messages from Reginald Perry

concerning Professor Smith.

**RESPONSE:  Objection.  The requested material is not reasonably accessible because of undue burden or cost.  The University will request its IT department to tailor a search for this request, which will require an electronic search, review of the results, and possible redaction.  The University will inquire as to the cost of such a search and provide an estimate to the plaintiff.  Upon payment, the search will be performed and this response will be supplemented appropriately.**

59.     Any and all emails, communications, and messages from the January 11. 2024

hearing panel members concerning Professor Smith.

**RESPONSE:  Objection.  The requested material is not reasonably accessible because of undue burden or cost.  The University will request its IT department to tailor a search for this request, which will require an**

**electronic search, review of the results, and possible redaction. The University will inquire as to the cost of such a search and provide an estimate to the plaintiff. Upon payment, the search will be performed and this response will be supplemented appropriately.**

60.    Any and all emails, communications, and messages from Reginald Green

from September 2022 through present concerning Professor Smith.

**RESPONSE:  Objection.  The requested material is not reasonably accessible because of undue burden or cost.  The University will request its IT department to tailor a search for this request, which will require an electronic search, review of the results, and possible redaction.  The University will inquire as to the cost of such a search and provide an estimate to the plaintiff.  Upon payment, the search will be performed and this response will be supplemented appropriately.**

61.    Any and all emails, communications, and messages from Markita Cooper

from September 2022 through present concerning Professor Smith.

**RESPONSE:   Objection.   The requested material is not reasonably accessible because of undue burden or cost.  The University will request its IT department to tailor a search for this request, which will require an electronic search, review of the results, and possible redaction.  The University will inquire as to the cost of such a search and provide an estimate to the plaintiff.  Upon payment, the search will be performed and this response will be supplemented appropriately.**

62.    Any and all emails, communications, and messages from Jonathan Fineman

from September 2022 through present concerning Professor Smith.

**RESPONSE:   Objection.   The requested material is not reasonably accessible because of undue burden or cost.  The University will request its IT department to tailor a search for this request, which will require an electronic search, review of the results, and possible redaction.  The University will inquire as to the cost of such a search and provide an estimate to the plaintiff.  Upon payment, the search will be performed and this response will be supplemented appropriately.**

63.   Any and all emails, communications, and messages from Rica Calhoun from

September 2022 through present concerning Professor Smith, Maritza Reyes

or Michelle Wanamaker.

**RESPONSE:   Objection.   The requested material is not reasonably accessible because of undue burden or cost.   The University will request its IT department to tailor a search for this request, which will require an electronic search, review of the results, and possible redaction.   The University will inquire as to the cost of such a search and provide an estimate to the plaintiff.   Upon payment, the search will be performed and this response will be supplemented appropriately.**

64.   Any and all emails, communications, and messages from Latrecha Scott from

September 2022 through present concerning Professor Smith, Maritza Reyes

or Michelle Wanamaker.

**RESPONSE:  Objection.  The University as a higher education institution has a duty to protect the confidentiality of student records, codified in the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g, including "directory information" to include the identity of the student. In the event of a judicial order directing disclosure of any student information, the student will be notified and have an opportunity to object to production of records.**

**Objection.  The requested material is not reasonably accessible because of undue burden or cost.  The University will request its IT department to tailor a search for this request, which will require an electronic search, review of the results, and possible redaction.  The University will inquire as to the cost of such a search and provide an estimate to the plaintiff. Upon payment, the search will be performed and this response will be supplemented appropriately.**

65.    Any and all emails, communications, and messages from La'Tonya Baker

from September 2022 through present concerning Professor Smith, Maritza

Reyes or Michelle Wanamaker.

**RESPONSE: Objection. The University as a higher education institution has a duty to protect the confidentiality of student records, codified in the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g, including "directory information" to include the identity of the student. In the event of a judicial order directing disclosure of any student information, the student will be notified and have an opportunity to object to production of records.**

**Objection.  The requested material is not reasonably accessible because of undue burden or cost.  The University will request its IT department to tailor a search for this request, which will require an electronic search, review of the results, and possible redaction.  The University will inquire as to the cost of such a search and provide an estimate to the plaintiff. Upon payment, the search will be performed and this response will be supplemented appropriately.**

66.    Any and all emails, communications, and messages from Denise Wallace

concerning Professor Smith, subject to any privileges.

**Objection.  The requested material is not reasonably accessible because of undue burden or cost.  The University will request its IT department to tailor a search for this request, which will require an electronic search, review of the results, and possible redaction.  The University will inquire as to the cost of such a search and provide an estimate to the plaintiff. Upon payment, the search will be performed and this response will be supplemented appropriately.**

67.    Any and all pay equity studies completed by the University.

**RESPONSE: Objection. The terms are undefined. The request is vague, overbroad and requires speculation to respond.**

68.     Any and all statistics concerning the types of issues reported to the law school's counselor from 2022- December 5, 2023.

**RESPONSE:  Objection.  The request is vague, overbroad and requires speculation to respond.   The requested material is not reasonably accessible because of undue burden or cost.**

69.     Any and all documents, reports, data, or information University decisionmaker relied on to find a disruption existed at the College of Law involving Professor Smith.

**RESPONSE:  Refer to the documents made available for inspection and copy in response to the plaintiff's request for production in response to requests 15 and 25.**

70.     Any and all documents revealing a rivalry between Maritza Reyes and other law faculty.

**RESPONSE:  Refer to the documents made available for inspection and copy in response to the plaintiff's request for production in response to request 15.**

71.     Produce all documents you consulted, examined or referred to in the preparation of the answers to the Interrogatories.

**RESPONSE: Objection. The request is overbroad and vague.  Without waiving said objection, refer to the documents made available for inspection and copy in response to the plaintiff's request for production.**

72.   Any annual statements/documents/records required to be submitted by the University to any government agency, e.g. Dept of Labor, on salaries for employees for the last ten years.

**RESPONSE:  Objection.  The requested material is not reasonably accessible because of undue burden or cost.  The University will request its IT department to tailor a search for this request, which will require an electronic search, review of the results, and possible redaction.  The University will inquire as to the cost of such a search and provide an estimate to the plaintiff.  Upon payment, the search will be performed and this response will be supplemented appropriately.**

73.   Provide any and all communications, including emails, memos, or meeting minutes, that discuss the factors other than sex that were considered when setting the compensation levels for the Professor Smith and Professor Ewanrinareto "Areto" Imoukhuede.

**RESPONSE:   Refer to the documents made available for inspection and copy in response to the plaintiff's request for production in response to requests 1, 2, 22, and 49.**

74.   The years in which law faculty each received a summer grant, the amount of each grant for each year, and the scholarship produced related to that grant for past 7 years.

**RESPONSE:  Objection.  The request requires speculation, is vague, overbroad, and unduly burdensome.**

75.     Any and all emails from James Vaughn referencing or related to Professor

Smith or her complaint.

**RESPONSE:  Objection.  The request is irrelevant to any party's claim or defense and disproportionate to the needs of the case and the burden or expense of the proposed discovery outweighs its likely benefit.**

**The University will request its IT department to tailor a search for this request, which will require an electronic search, review of the results, and possible redaction.  The University will inquire as to the cost of such a search and provide an estimate to the plaintiff.  Upon payment, the search will be performed and this response will be supplemented appropriately.**

76.     Any and all documents related to male law faculty being terminated or

disciplined for allegations of poor or other questionable conduct related to or

at the COL.

**Objection.  The material requested is not reasonably accessible, making response an undue burden because of the cost of developing and executing a search of all personnel files.**

77.     Any and all documents referencing a "constitutional law specialist" at the

COL.

**RESPONSE:  Refer to the documents made available for inspection and copy in response to the plaintiff's request for production in response to requests 1, 23, and 49.**

78.     Any and all emails mentioning or containing references to Professor Smith

sent to/from/between:

    1.     Anyone in Compliance

2. Anyone in EOP

3. Anyone in the Provost's office

4. Anyone in the President's office

5. Maritza Reyes

6. Michelle Wanamaker

7. Any of the COL deans

8. Ewanrinareto "Areto" Imoukhuede

**RESPONSE: Objection. The request is overbroad, and unduly burdensome.**

**In addition, the University as a higher education institution has a duty to protect the confidentiality of student records, codified in the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g, including "directory information" to include the identity of the student. In the event of a judicial order directing disclosure of any student information, the student will be notified and have an opportunity to object to production of records.**

**Objection. The material requested is not reasonably accessible, making response an undue burden because of the cost of developing and executing a search. The University will request its IT department to tailor a search for this request, which will require an electronic search, review of the results, and possible redaction. The University will inquire as to the cost of such a search and provide an estimate to the plaintiff. Upon payment, the search will be performed and this response will be supplemented appropriately.**

/s/ Maria A. Santoro
**MARIA A. SANTORO**
Florida Bar Number: 0654809

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that on this 23rd day of May, 2024, I provided

the foregoing via Electronic Mail to all counsel of record in this case.

<u>*/s/ Maria A. Santoro*</u>
**MARIA A. SANTORO**
Florida Bar Number: 0654809
msantoro@sniffenlaw.com
jlunt@sniffenlaw.com
tward@sniffenlaw.com

**SNIFFEN & SPELLMAN, P.A.**
123 North Monroe Street
Tallahassee, Florida 32301
Telephone: (850) 205-1996
Facsimile: (850) 205-3004

*Counsel for the Board of Trustees, Florida A&M University*

<u>*/s/ Richard E. Mitchell*</u>
**Richard E. Mitchell, Esq.**
Florida Bar No: 0168092
rick.mitchell@gray-robinson.com
maryann.hamby@gray-robinson.com
Julie M. Zolty, Esq.
Florida Bar No: 1036454
chantal.mccoy@gray-robinson.com
GRAYROBINSON, P.A.
301 East Pine Street, Suite 1400
Post Office Box 3068 (3208-3068)
Orlando, Florida 32801
(407) 843-8880 Telephone
(407) 244-5690 Facsimile
*Counsel for Defendant FAMU*

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIA
# ORLANDO DIVISION

**JENNIFER SMITH,**

       **Plaintiff,**

**v.**                                           **CASE NO: 6:24-cv-00457-PGB-RMN**

**THE FLORIDA AGRICULTURAL &**
**MECHANICAL UNIVERSITY**
**BOARD OF TRUSTEES,**

       **Defendant.**
_____/

# EXHIBIT C

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIA
## ORLANDO DIVISION

JENNIFER SMITH,

        Plaintiff,

v.                          **CASE NO.: 6:24-cv-00457-PGB-RMN**

FLORIDA AGRICULTURAL &
MECHANICAL UNIVERSITY
BOARD OF TRUSTEES,

        Defendant.

_____/

### DEFENDANT'S AMENDED RESPONSE TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

COMES NOW the Defendant. FLORIDA AGRICULTURAL & MECHANICAL UNIVERSITY BOARD OF TRUSTEES, by and through its undersigned counsel, and pursuant to Rule 34 of Fed. R. Civ. P., hereby files it Amended Response to Plaintiff's First Requests for Production of Documents as follows:

1.    All documents Defendant provided to the EEOC in response to all Professor Smith's EEOC complaint filed in 2022.

    **RESPONSE:  Refer to attached documents supplied to the EEOC in response to Charge 510-2023-00072.**

2.   All contracts executed between Professor Smith and Defendant for the

entire course of her employment with Defendant.

**RESPONSE:  Refer to attached Plaintiff's Academic Affairs file and College of Law file containing available copies of employment contracts and other documents requested hereafter.**

**This response will be supplemented to reflect updated records.**

3.   All contracts executed between founding law faculty and Defendant for

the entire course of their employment with Defendant.

**RESPONSE:  Objection, "founding law faculty" is not defined nor is it a term recognized by the University.  Accordingly, the request is vague, overbroad, requires speculation to respond and is unduly burdensome. The law school was established in June of 2000, so this request would cover 24 years. The First Amended Complaint seeks relief under the Equal Pay Act, for retaliation, for breach of contract, for violation of First Amendment Rights, for violation of Procedural due process, and for injunctive relief, all of which involve only this plaintiff and her comparator.  Previous lawsuits brought by the plaintiff have established that as of 2019 she was not discriminated against nor retaliated against.   Judicial estoppel therefore has established that nothing in this request is relevant if it occurred prior to 2019.  The request is unduly burdensome and unlikely to lead to anything tending to prove any relevant fact at issue in the First Amended Complaint, and therefore the expense and time that the University would devote to finding, analyzing, redacting, and producing these irrelevant files would work a hardship on the staff of the University, causing inordinate hardship on the resources and the staff.  Further, due to the passage of time, it is unclear to the University whether all contracts are still available or whether any information as to when professors were hired, resigned or retired.**

4.   All contracts executed between law faculty hired in 2003 - 2007 and

Defendant for the entire course of their employment with Defendant.

**RESPONSE:   Objection.   The request is overbroad and burdensome, since there are faculty members whose positions are not at all analogous nor relevant to that of this plaintiff.  Therefore the material requested is not relevant to issues in this case.**

**Previous lawsuits brought by the plaintiff have established that as of 2019 she was not discriminated against nor retaliated against. Judicial estoppel therefore has established that nothing in this request is relevant if it occurred prior to 2019. [Doc. 17].**

**The First Amended Complaint seeks relief under the Equal Pay Act, for retaliation, for breach of contract, for violation of First Amendment Rights, for violation of Procedural due process, and for injunctive relief, all of which involve only this plaintiff and her comparator. "Discovery of matter not 'reasonably calculated to lead to the discovery of admissible evidence' is not within the scope of Rule 26(b)(1)."** *Oppenheimer Fund, Inc. v. Sanders*, **437 U.S. 340, 351–52 (1978).**

**This request is unduly burdensome and unlikely to lead to anything tending to prove any relevant fact at issue in the First Amended Complaint, and therefore the expense and time that the University would devote to finding, analyzing, redacting, and producing these irrelevant files would work a hardship on the staff of the University, causing an inordinate burden on the resources and the staff for nothing relevant to this matter.  Further, due to the passage of time, it is unclear to the University whether all contracts are still available or whether there still exists any information as to when professors were hired, resigned or retired.**

5.   All contracts executed between Professor Ewanrinareto "Areto" Imoukhuede and Defendant for the entire course of his employment with Defendant.

**RESPONSE:  Contracts for academic years 2021-2022 and 2022-2023, and 2023-2024 are provided.**

**There are no paragraphs 6-12 in Plaintiff's First Requests for Production of Documents.**

13. All personnel action request forms for Professor Smith and Ewanrinareto "Areto" Imoukhuede for each semester covered by this request.

    **RESPONSE: Refer to Plaintiff's files provided in response to request 2.  The requested materials are not currently kept in the regular course of business.**

14. All courses taught by semester and for Professor Smith and Ewanrinareto "Areto" Imoukhuede for each semester covered by this request.

    **RESPONSE:  The University will request its IT department to tailor a search for this request, which will require an electronic search, review of the results, and possible redaction.  The University will inquire as to the cost of such a search and respond to the request.**

15. All documents comprising all investigations of Plaintiff before and during her employment with Defendant.

    **RESPONSE: Objection.  The request is vague in that it requires speculation as to whether the plaintiff requests investigations which were opened in response to her complaints and charges against the University.  Since the plaintiff has equal access to charges and**

**complaints she has filed, the University is not producing responsive documents that are in Plaintiff's possession and which were provided to her in response to her complaints. Refer to attached Office of Compliance and Ethics Investigation Report FAMU 2022-11-117.**

16.   All documents that show each and every investigation of any and/or all

faculty members of Defendant's law school for the time period covered

by this request.

**RESPONSE:  Objection.  The University objects to this request because the term "investigation" is not defined and is overbroad. The University therefore cannot determine the nature of the information sought since the request requires speculation in order to respond.**

**Previous lawsuits brought by the plaintiff have established that as of 2019 she was not discriminated against nor retaliated against. Judicial estoppel therefore has established that nothing in this request is relevant if it occurred prior to 2019.**
**The request is therefore overbroad and burdensome, since the request is for material prior to 2019 and there are faculty members whose positions are not at all analogous nor relevant to that of this plaintiff.**

**The request demands irrelevant material to the issues in this cause. The First Amended Complaint seeks relief under the Equal Pay Act, for retaliation, for breach of contract, for violation of First Amendment Rights, for violation of Procedural due process, and for injunctive relief, all of which involve only this plaintiff and her comparator.  The request is therefore unduly burdensome and unlikely to lead to anything tending to prove any relevant fact at issue in the First Amended Complaint.  Analyzing, redacting, and producing these irrelevant files would work a hardship on the staff of the University, causing an inordinate burden on the resources and the staff.  Further, due to the passage of time, it is unclear to the University whether all such files are still available.**

17.  Disciplinary records for law faculty from 2007 to present.

**RESPONSE:  Objection.  This request is unlikely to lead to evidence that is relevant to any claim in the First Amended Complaint.  Further, the request is unduly burdensome in that it requires a review of all faculty files from 2007 to the present. Review of all faculty files to the present is unduly burdensome because records were not fully electronic during the stated time period.**

**The request is overbroad and burdensome, since there are faculty members whose positions are not at all analogous nor relevant to that of this plaintiff.  The request is unduly burdensome.  The First Amended Complaint seeks relief under the Equal Pay Act, for retaliation, for breach of contract, for violation of First Amendment Rights, for violation of Procedural due process, and for injunctive relief, all of which involve only this plaintiff and her comparator.  Previous lawsuits brought by the plaintiff have established that as of 2019 she was not discriminated against nor retaliated against.  Judicial estoppel therefore has established that nothing in this request is relevant if it occurred prior to 2019.  The request is unduly burdensome and unlikely to lead to anything tending to prove any relevant fact at issue in the First Amended Complaint, and therefore the expense and time that the University would devote to finding, analyzing, redacting, and producing these irrelevant files would work a hardship on the staff of the University, causing inordinate hardship on the resources and the staff. Further, due to the passage of time, it is unclear to the University whether such files or records are still available.**

**Refer to Affidavits of Saundre Wilson and Duan Yongheng filed July 1, 2017 in support of the Motion for Protective Order.**

18. All disciplinary policies and procedures of Defendant that were in existence during the entire course of Plaintiff's employment with Defendant and that applied to Plaintiff.

   **RESPONSE:  Without limitation, the current versions of Chapter 10 of University Regulations, the College of Law Faculty Handbooks, and University Personnel Regulations, Faculty handbooks, University Regulations, College of Law Faculty Handbook, and Code of Conduct 1.019 are provided.**

   **Judicial estoppel indicates that no document requested which existed prior to 2019 is relevant to this matter, and it would be unduly burdensome for the University to research all archives for materials that have no bearing on this instant First Amended Complaint.**

19. All notes and/or other documents, including without limitation emails, that were written about and/or regarding Plaintiff for the time period covered by this request.

   **RESPONSE:  Objection. The request for all documents and emails from 2017 to the present is unduly burdensome.  Judicial estoppel indicates that no document requested which existed prior to 2019 is relevant to this matter, and it would be unduly burdensome for the University to research all archives for materials that have no bearing on this instant First Amended Complaint.  This request is overbroad, unduly burdensome and vague.  The University will determine the cost of developing and implementing a search as requested and will notify the plaintiff when such information is available after receiving a good faith deposit therefore.**

   **Refer to Affidavits of Saundre Wilson and Duan Yongheng filed July 1, 2017 in support of the Motion for Protective Order.**

20. All rules, regulations, policies and procedures that Plaintiff violated at

    any time during her employment with Defendant.

    **RESPONSE:  Objection on the grounds that the request is vague, requires speculation, and is overbroad.  Whether Plaintiff violated regulations, policies, or procedures without consequence or reporting would be unknown to the University.  Without waiving said objections, refer to documents produced in response to the plaintiff's request for production in response to request 15.**

21. Plaintiff's position description for all positions she held during her

    employment with Defendant.

    **RESPONSE:  Assuming that "she" refers to the plaintiff, refer to documents produced in response to request 2.**

22. All evaluations that Defendant prepared about and/or regarding

    Plaintiff.

    **RESPONSE:  Refer to documents provided in response to request 2 and tenure application file attached.  Plaintiff has equal access to her tenure applications which contain evaluations.**

    **The First Amended Complaint seeks relief under the Equal Pay Act, for retaliation, for breach of contract, for violation of First Amendment Rights, for violation of Procedural due process, and for injunctive relief, all of which involve only this plaintiff and her comparator.  Previous lawsuits brought by the plaintiff have established that as of 2019 she was not discriminated against nor retaliated against.  Judicial estoppel therefore has established that nothing in this request is relevant if it occurred prior to 2019.  The request is unduly burdensome and unlikely to lead to anything tending to prove any relevant fact at issue in the First Amended**

Complaint, and therefore the expense and time that the University would devote to finding, analyzing, redacting, and producing these irrelevant files would work a hardship on the staff of the University, causing inordinate hardship on the resources and the staff. Further, due to the passage of time, it is unclear to the University whether such files or records are still available.

23. All evaluations that Defendant prepared about and/or regarding Ewanrinareto "Areto" Imoukhuede.

**RESPONSE:  Refer to attached Academic Affairs.**

24. All documents identifying any and/or all discipline against Plaintiff during the entire course of her employment with Defendant.

**RESPONSE:  Refer to documents provided in response to requests 2, 15.**

**Previous lawsuits brought by the plaintiff have established that as of 2019 she was not discriminated against nor retaliated against. Judicial estoppel therefore has established that nothing in this request is relevant if it occurred prior to 2019.**

**The First Amended Complaint seeks relief under the Equal Pay Act, for retaliation, for breach of contract, for violation of First Amendment Rights, for violation of Procedural due process, and for injunctive relief, all of which involve only this plaintiff and her comparator.  The request is unduly burdensome and unlikely to lead to anything tending to prove any relevant fact at issue in the First Amended Complaint, and therefore the expense and time that the University would devote to finding, analyzing, redacting, and producing these irrelevant files would work a hardship on the staff of the University, causing inordinate hardship on the resources and the staff.  Further, due to the passage of time, it is unclear to the University whether such files or records are still available.**

25. All documents created and/or received by Defendant's EOP and Compliance departments that pertain to and/or are about Professor Smith.

   **RESPONSE:  Objection. Previous lawsuits brought by the plaintiff have established that as of 2019 she was not discriminated against nor retaliated against.  Judicial estoppel therefore has established that nothing in this request is relevant if it occurred prior to 2019.**

   **The First Amended Complaint seeks relief under the Equal Pay Act, for retaliation, for breach of contract, for violation of First Amendment Rights, for violation of Procedural due process, and for injunctive relief, all of which involve only this plaintiff and her comparator.  The request is unduly burdensome and unlikely to lead to anything tending to prove any relevant fact at issue in the First Amended Complaint, and therefore the expense and time that the University would devote to finding, analyzing, redacting, and producing these irrelevant files would work a hardship on the staff of the University, causing inordinate hardship on the resources and the staff.  Further, due to the passage of time, it is unclear to the University whether such files or records are still available prior to 2019.**

   **Refer to attached EOP file.**

26. All documents created and/or received by Defendant's EOP and Compliance departments that pertain to and/or are about Professor Ewanrinareto "Areto" Imoukhuede.

   **RESPONSE:  None**

27. All documents showing all communications received and/or sent by Defendant's EOP and Compliance departments about and/or pertaining to Professor Smith.

   **RESPONSE:  Refer to documents produced in response to # 25. Judicial estoppel indicates that no document requested which existed prior to 2019 is relevant to this matter, and it would be unduly burdensome for the University to research before that time for materials that have no bearing on this instant First Amended Complaint.**

28. All documents authored by and/or at the direction of any and/or all employees of Defendant about Professor Smith.

   **RESPONSE:  Objection. Previous lawsuits brought by the plaintiff have established that as of 2019 she was not discriminated against nor retaliated against.  Judicial estoppel therefore has established that nothing in this request is relevant if it occurred prior to 2019.**

   **The First Amended Complaint seeks relief under the Equal Pay Act, for retaliation, for breach of contract, for violation of First Amendment Rights, for violation of Procedural due process, and for injunctive relief, all of which involve only this plaintiff and her comparator.  The request is unduly burdensome and unlikely to lead to anything tending to prove any relevant fact at issue in the First Amended Complaint, and therefore the expense and time that the University would devote to finding, analyzing, redacting, and producing these irrelevant files would work a hardship on the staff of the University, causing inordinate hardship on the resources and the staff.  Further, due to the passage of time, it is unclear to the University whether such files or records are still available prior to 2019.**

   **This request is overbroad, vague and unduly burdensome. Potentially responsive documents could also fall under the**

**Attorney/Client/ and Work/Product privilege. . "All documents" authored by "all employees" of the University about Plaintiff would require the IT department, among others, to perform searches for any document that mentions Plaintiff. The University will inquire as to the cost of such a search and provide an estimate to the plaintiff.  Upon payment, the search will be performed, and this response will be supplemented appropriately.**

**Refer to Affidavits of Saundre Wilson and Duan Yongheng filed July 1, 2017 in support of the Motion for Protective Order.**

29. All documents showing all communications received and/or sent by Defendant's EOP and Compliance departments about and/or pertaining to Professor Ewanrinareto "Areto" Imoukhuede.

   **RESPONSE: None**

30. All documents authored by and/or at the direction of any and/or all employees of Defendant about Professor Ewanrinareto "Areto" Imoukhuede.

   **RESPONSE: Objection.   Overbroad, vague and unduly burdensome. Potentially responsive documents could also fall under the Attorney/Client/ and Work/Product privileges. "All documents" authored by "all employees" of the University would require the IT department, among others, to perform searches for any document that mentions Plaintiff. The University will inquire as to the cost of such a search and provide an estimate to the**

**plaintiff.  Upon payment, the search will be performed and this response will be supplemented.**

**Refer to Affidavits of Saundre Wilson and Duan Yongheng filed July 1, 2017 in support of the Motion for Protective Order.**

31.  All documents that constitute "supervisor" files of Professor Smith.

**RESPONSE:  Refer to documents provided in response to request**

**2.**

**Previous lawsuits brought by the plaintiff have established that as of 2019 she was not discriminated against nor retaliated against. Judicial estoppel therefore has established that nothing in this request is relevant if it occurred prior to 2019.**

32.  All documents that constitute "supervisor" files of Professor Ewanrinareto "Areto" Imoukhuede.

**RESPONSE: None at this time.**

33.  All documents that refer and/or pertain to any claim by Defendant that Plaintiff was not an educator of impeccable character at any time while employed with Defendant.

**RESPONSE:  Refer to documents produced in response Plaintiff's Request 15 and 25.**

34. All audio and/or video tapes and transcripts thereof for all taped interviews pertaining to any investigation of and/or pertaining to Professor Smith.

   **RESPONSE:  None**

35. All documents pertaining to any reference provided by Defendant to any third party about Professor Smith.

   **RESPONSE:  The University objects to this request because the term "reference" is not defined and is overbroad.  The University therefore cannot determine the nature of the information sought and the request requires speculation in order to respond.**

   **Previous lawsuits brought by the plaintiff have established that as of 2019 she was not discriminated against nor retaliated against.  Judicial estoppel therefore has established that nothing in this request is relevant if it occurred prior to 2019.**

   **The First Amended Complaint seeks relief under the Equal Pay Act, for retaliation, for breach of contract, for violation of First Amendment Rights, for violation of Procedural due process, and for injunctive relief, all of which involve only this plaintiff and her comparator.  The request is unduly burdensome and unlikely to lead to anything tending to prove any relevant fact at issue in the First Amended Complaint, and therefore the expense and time that the University would devote to finding, analyzing, redacting, and producing these irrelevant files would work a hardship on the staff of the University, causing inordinate hardship on the resources and the staff.**

36. Any documents Defendant has identified as pertaining to the claims by Professor Smith in this case, including documents Defendant has identified as relating to any defense to said claims.

**RESPONSE:  Discovery is ongoing and this request may be supplemented.  Refer to all attachments and exhibits to the First Amended Complaint of the plaintiff, all documents provided in response to these requests for production and all documents referenced in the Rule 26 disclosure provided by the University.**

37. All documents referring or relating to the subject matter of this action which have been furnished to or received by the Defendant's attorneys in connection with their defense of this action, except documents protected by a recognized privilege of non- production.

    **RESPONSE:  Discovery is ongoing and this request may be supplemented.  See all attachments and exhibits to the First Amended Complaint of the plaintiff, all documents provided in response to these requests for production and all documents referenced in the Rule 26 disclosure provided by the University.**

38. Any and all audio and video tape recordings and transcripts of any statement Defendant, its agents, and/or attorneys has taken of any person believed to have knowledge of the subject matter of this action.

    **RESPONSE:  None.**

39. All statements obtained by you and/or your attorneys, either recorded or written, at the time of or subsequent to the incidents alleged in the complaint filed herein.

    **RESPONSE:  None.**

40. Each and every document supporting Defendant's affirmative defenses.

    **RESPONSE:  The University has not entered an answer or affirmative defenses.  See all attachments and exhibits to the First**

Amended Complaint of the plaintiff, all documents provided in response to these requests for production and all documents referenced in the Rule 26 disclosure provided by the University.

41. All documents identified on Defendant's disclosures under Rule 26.

**RESPONSE:  Refer to all documents attached, and all documents produced in response to the plaintiff's request for production.**

42. All documents supporting and/or pertaining to any criticism any supervisor of Plaintiff has had about Plaintiff and/or her work performance during the entire course of her employment with Defendant.

**RESPONSE:  Objection. Previous lawsuits brought by the plaintiff have established that as of 2019 she was not discriminated against nor retaliated against.  Judicial estoppel therefore has established that nothing in this request is relevant if it occurred prior to 2019.**

**The First Amended Complaint seeks relief under the Equal Pay Act, for retaliation, for breach of contract, for violation of First Amendment Rights, for violation of Procedural due process, and for injunctive relief, all of which involve only this plaintiff and her comparator.  The request is unduly burdensome and unlikely to lead to anything tending to prove any relevant fact at issue in the First Amended Complaint, and therefore the expense and time that the University would devote to finding, analyzing, redacting, and producing these irrelevant files would work a hardship on the staff of the University, causing inordinate hardship on the resources and the staff.  Further, due to the passage of time, it is unclear to the University whether such files or records are still available**

**The term "criticism" is vague and overbroad and is not defined requiring the University to speculate in order to respond. Also, responding to this request would require the University to research over 20 years of documents to locate all documents  "supporting**

**and/or pertaining to any criticism   any supervisor had about Plaintiff.**

43.  All documents upon which Defendant relies to support any finding and/or conclusion that Plaintiff was not properly performing her job duties with Defendant at any time during her employment with Defendant.

**RESPONSE:  The Plaintiff has been employed for 20 years and the research required to locate documents supporting any finding that Plaintiff was not properly performing her duties would require extensive research in order to respond. Refer to documents in response to plaintiff's request 15, 25."**

44.  Defendant's complete investigative file regarding any and all complaints brought by any person against Professor Smith, including, but not limited to any memoranda or other written instructions initiating the investigation, any and all notes taken during the investigation (including interview notes), any report (whether final or preliminary) on the investigation, and if an attorney conducted the investigation, any document specifying the scope of that attorney's engagement.

**RESPONSE:  Refer to documents produced in response to request 15, 25.**

45. Defendant's complete investigative file regarding any and all complaints brought by any person against Professor Ewanrinareto "Areto"

Imoukhuede, including, but not limited to any memoranda or other written instructions initiating the investigation, any and all notes taken during the investigation (including interview notes), any report (whether final or preliminary) on the investigation, and if an attorney conducted the investigation, any document specifying the scope of that attorney's engagement.

**RESPONSE: None**

46. The current resume or list of qualifications of any expert witness, advisor or consultant who has been retained by the Defendant in the above-entitled proceeding.

**RESPONSE:  None at this time.**

47. All reports, studies and/or commentaries, formal or informal, of any expert witness, consultant or advisor who has been retained by the Defendant in the above-entitled proceeding.

**RESPONSE:  None at this time.**

48. A list of all documents which are being withheld from production by virtue of any privilege of non-production or for any other reason (this list should identify each document by its name, date, author and recipient and specify the reason for withholding it from production). If there are documents responsive to any of the foregoing requests which

you refuse to produce, please define or designate the documents in your response with sufficient particularity to allow Plaintiff to make a motion for a court order to require production of these documents.

**RESPONSE:  None.**

49. Any and all documents and communications used to set or related to Ewanrinareto "Areto" Imoukhuede's salary.

   **RESPONSE:   Refer to the Academic affairs file, interview notes curriculum vitae and response to request number 1.**

50. Any and all documents or communications concerning the July 6, 2023 supplemental investigative report, including who authorized and commissioned the creation of such report.

   **RESPONSE:  Objection.  The document speaks for itself.**

51. Any and all documents or communications concerning the Michelle Wanamaker complaint against Professor Smith.

   **RESPONSE:   Objection.  The University as a higher education institution has a duty to protect the confidentiality of student records, codified in the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g, including "directory information" to include the identity of the student.  The student will be notified by letter and given an opportunity to object to discovery.**

52. Any and all documents, reports, or memorandums in which a COL faculty person has been found to have engaged in disruptive conduct since 2007.

**RESPONSE:  Objection.  Overbroad and unduly burdensome. Previous lawsuits brought by the plaintiff have established that as of 2019 she was not discriminated against nor retaliated against. Judicial estoppel therefore has established that nothing in this request is relevant if it occurred prior to 2019.**

**The First Amended Complaint seeks relief under the Equal Pay Act, for retaliation, for breach of contract, for violation of First Amendment Rights, for violation of Procedural due process, and for injunctive relief, all of which involve only this plaintiff and her comparator.  The request is unduly burdensome and unlikely to lead to anything tending to prove any relevant fact at issue in the First Amended Complaint, and therefore the expense and time that the University would devote to finding, analyzing, redacting, and producing these irrelevant files would work a hardship on the staff of the University, causing inordinate hardship on the resources and the staff.  Further, due to the passage of time, it is unclear to the University whether such files or records are still available. The Plaintiff has been employed by the University for almost 20 years making it unduly burdensome to research documents potentially responsive to this request that calls for documents dating back to 2007.**

53.  Any and all documents and communications between Maritza Reyes and any university employee concerning Professor Smith or Michelle

**RESPONSE:  Objection.  The University as a higher education institution has a duty to protect the confidentiality of student records, codified in the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g, including "directory information" to include the identity of the student. In the event of a judicial order directing disclosure of any student information, the student will be notified and have an opportunity to object to production of records.  The University will request its IT department to tailor a search for this request, which will require an electronic search, review of the results, and possible redaction.  The University will inquire as to the cost of such a search and provide an estimate to**

the plaintiff.  Upon payment, the search will be performed and this response will be supplemented appropriately. The student will be notified by letter and given an opportunity to object to discovery.

54.  Any and all documents and communications between Deidre Keller and any university employee concerning Professor Smith.

**RESPONSE: Objection.  The request is unduly burdensome and costly to research and redact.  However, the University will request its IT department to tailor a search for this request, which will require an electronic search, review of the results, and possible redaction.  The University will inquire as to the cost of such a search and provide an estimate to the plaintiff.  Upon payment, the search will be performed and this response will be supplemented appropriately.**

**Previous lawsuits brought by the plaintiff have established that as of 2019 she was not discriminated against nor retaliated against.  Judicial estoppel therefore has established that nothing in this request is relevant if it occurred prior to 2019.**

**The First Amended Complaint seeks relief under the Equal Pay Act, for retaliation, for breach of contract, for violation of First Amendment Rights, for violation of Procedural due process, and for injunctive relief, all of which involve only this plaintiff and her comparator.  The request is unduly burdensome and unlikely to lead to anything tending to prove any relevant fact at issue in the First Amended Complaint, and therefore the expense and time that the University would devote to finding, analyzing, redacting, and producing these irrelevant files would work a hardship on the staff of the University, causing inordinate hardship on the resources and the staff.  Further, due to the passage of time, it is unclear to the University whether such files or records are still available**

> **Refer to Affidavits of Saundre Wilson and Duan Yongheng filed July 1, 2017 in support of the Motion for Protective Order.**

55.  Any and all documents and communications between Deidre Keller and

any university employee concerning Professor Ewanrinareto "Areto"

Imoukhuede.

**RESPONSE:  Objection.  The request is unduly burdensome and
overly expensive to research and redact.  However, the University
will request its IT department to tailor a search for this request,
which will require an electronic search, review of the results, and
possible redaction.  The University will inquire as to the cost of such
a search and provide an estimate to the plaintiff.  Upon payment,
the  search  will  be  performed  and  this  response  will  be
supplemented appropriately.**

**Refer to Affidavits of Saundre Wilson and Duan Yongheng filed
July 1, 2017 in support of the Motion for Protective Order.**

56.  Any and all documents and communications between Deidre Keller and

any university employee concerning Michelle Wanamaker.

**RESPONSE: Objection.  The University as a higher education
institution has a duty to protect the confidentiality of student
records, codified in the Family Educational Rights and Privacy Act
("FERPA"), 20 U.S.C. § 1232g, including "directory information"
to include the identity of the student. In the event of a judicial
order directing disclosure of any student information, the student
will be notified and have an opportunity to object to production of
records. The University will request its IT department to tailor a**

**search for this request, which will require an electronic search, review of the results, and possible redaction.  The University will inquire as to the cost of such a search and provide an estimate to the plaintiff.  Upon payment, the search will be performed and this response will be supplemented appropriately.**
**The student will be notified by letter and have an opportunity to object to discovery.**

57.  Any and all emails, communications, and messages from Allyson

Watson concerning Professor Smith.

**RESPONSE: Objection. Overbroad and unduly burdensome. The University will determine the cost of developing and implementing an IT search as requested and will notify the Plaintiff when such information is available after receiving a good faith estimate.**

**Refer to Affidavits of Saundre Wilson and Duan Yongheng filed July 1, 2017 in support of the Motion for Protective Order.**

58.  Any and all emails, communications, and messages from Reginald

Perry concerning Professor Smith.

**RESPONSE: Objection. Overbroad. Unduly burdensome. The University will determine the cost of developing and implementing a search as requested and will notify the plaintiff when such information is available after receiving a good faith deposit therefore.**

**Refer to Affidavits of Saundre Wilson and Duan Yongheng filed July 1, 2017 in support of the Motion for Protective Order.**

59. Any and all emails, communications, and messages from the January 11. 2024 hearing panel members concerning Professor Smith.

   **RESPONSE:  Objection.  Refer to Affidavits of Saundre Wilson and Duan Yongheng filed July 1, 2017 in support of the Motion for Protective Order.**

60. Any and all emails, communications, and messages from Reginald Green from September 2022 through present concerning Professor Smith.

   **RESPONSE:  The University will determine the cost of developing and implementing a search as requested and will notify the plaintiff when such information is available after receiving a good faith deposit therefore.**

   **Refer to Affidavits of Saundre Wilson and Duan Yongheng filed July 1, 2017 in support of the Motion for Protective Order.**

61. Any and all emails, communications, and messages from Markita Cooper from September 2022 through present concerning Professor Smith.

**RESPONSE:  Objection.  The requested material is not reasonably accessible because of undue burden or cost.  The University will request its IT department to tailor a search for this request, which will require an electronic search, review of the results, and possible redaction.  The University will inquire as to the cost of such a search and provide an estimate to the plaintiff.  Upon payment, the search will be performed and this response will be supplemented appropriately.**

**Refer to Affidavits of Saundre Wilson and Duan Yongheng filed July 1, 2017 in support of the Motion for Protective Order.**

62. Any and all emails, communications, and messages from Jonathan Fineman from September 2022 through present concerning Professor Smith.

**RESPONSE:  Objection as the request is unduly burdensome in comparison to the relevance of the material requested, and unlikely to lead to any admissible evidence tending to prove any fact at issue in this matter.  The First Amended Complaint seeks relief under the Equal Pay Act, for retaliation, for breach of contract, for violation of First Amendment Rights, for violation of Procedural due process, and for injunctive relief, all of which involve only this plaintiff and her comparator.  The expense and time that the University would devote to finding, analyzing, redacting, and producing these irrelevant files would work a hardship on the staff of the University, causing inordinate hardship on the resources and the staff.**

63. Any and all emails, communications, and messages from Rica Calhoun from September 2022 through present concerning Professor Smith, Maritza Reyes or Michelle Wanamaker.

**RESPONSE:  The University will determine the cost of developing and implementing a search as requested and will notify the plaintiff when such information is available after receiving a good faith deposit therefore.**

**Objection.  The University as a higher education institution has a duty to protect the confidentiality of student records, codified in the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g, including "directory information" to include the identity of the student.  In the event of a judicial order directing disclosure of any student information, the student will be notified and have an opportunity to object to production of records. The University will request its IT department to tailor a search for this request, which will require an electronic search, review of the results, and possible redaction.  The University will inquire as to the cost of such a search and provide an estimate to the plaintiff.  Upon payment, the search will be performed and this response will be supplemented appropriately.**
**The student will be notified by letter and have an opportunity to object to discovery.**

**Refer to Affidavits of Saundre Wilson and Duan Yongheng filed July 1, 2017 in support of the Motion for Protective Order.**

64. Any and all emails, communications, and messages from Latrecha Scott from September 2022 through present concerning Professor Smith, Maritza Reyes or Michelle Wanamaker.

**RESPONSE:  The University will determine the cost of developing and implementing a search as requested and will notify the plaintiff when such information is available after receiving a good faith deposit therefore.**

**Objection.  The University as a higher education institution has a duty to protect the confidentiality of student records, codified in the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g, including "directory information" to include the identity of the student. In the event of a judicial order directing disclosure of any student information, the student will be notified and have an opportunity to object to production of records.**

**Refer to Affidavits of Saundre Wilson and Duan Yongheng filed July 1, 2017 in support of the Motion for Protective Order.**

65. Any and all emails, communications, and messages from La'Tonya Baker from September 2022 through present concerning Professor Smith, Maritza Reyes or Michelle Wanamaker.

**RESPONSE:  The University will determine the cost of developing and implementing a search as requested and will notify the plaintiff when such information is available after receiving a good faith deposit therefore.**

**Objection.  The University as a higher education institution has a duty to protect the confidentiality of student records, codified in the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g,**

including "directory information" to include the identity of the student. In the event of a judicial order directing disclosure of any student information, the student will be notified and have an opportunity to object to production of records.

Refer to Affidavits of Saundre Wilson and Duan Yongheng filed July 1, 2017 in support of the Motion for Protective Order.

66. Any and all emails, communications, and messages from Denise Wallace concerning Professor Smith, subject to any privileges.

RESPONSE: The University will determine the cost of developing and implementing a search as requested and will notify the plaintiff when such information is available after receiving a good faith deposit therefore.

Refer to Affidavits of Saundre Wilson and Duan Yongheng filed July 1, 2017 in support of the Motion for Protective Order.

67. Any and all pay equity studies completed by the University.

RESPONSE: Objection. The terms are undefined. The request is vague, overbroad and requires speculation to respond.

68. Any and all statistics concerning the types of issues reported to the law school's counselor from 2022- December 5, 2023.

**RESPONSE:  Objection.  This request is vague on its face and requires speculation as to who the counselor is and assumes there are some statistics.  The University is unaware at present of any such matter but is not required to speculate.**

**Refer to Affidavits of Saundre Wilson and Duan Yongheng filed July 1, 2017 in support of the Motion for Protective Order.**

69. Any and all documents, reports, data, or information University decisionmaker relied on to find a disruption existed at the College of Law involving Professor Smith.

**RESPONSE: Refer to response to request number 43. Refer to December 5, 2023 letter and attachments. Refer to response to request 15 and 25.**

70. Any and all documents revealing a rivalry between Maritza Reyes and other law faculty.

**RESPONSE: Refer to documents produced in response to request number 15.**

71. Produce all documents you consulted, examined or referred to in the preparation of the answers to the Interrogatories.

**RESPONSE: Refer to the documents produced in Response 15.**

72. Any annual statements/documents/records required to be submitted by the University to any government agency, e.g. Dept of Labor, on salaries for employees for the last ten years.

**RESPONSE: Objection.  The request requires speculation, is vague and overbroad.  Responding to this request for all documents/records submitted to any governmental agency over the last 10 years is vague and overbroad.**

**The First Amended Complaint seeks relief under the Equal Pay Act, for retaliation, for breach of contract, for violation of First Amendment Rights, for violation of Procedural due process, and for injunctive relief, all of which involve only this plaintiff and her comparator.  The request is unduly burdensome and unlikely to lead to anything tending to prove any relevant fact at issue in the First Amended Complaint, and therefore the expense and time that the University would devote to finding, analyzing, redacting, and producing these irrelevant materials would work a hardship on the staff of the University, causing an inordinate burden on the resources and the staff.**

**Refer to Affidavits of Saundre Wilson and Duan Yongheng filed July 1, 2017 in support of the Motion for Protective Order.**

73. Provide any and all communications, including emails, memos, or meeting minutes, that discuss the factors other than sex that were considered when setting the compensation levels for the Professor Smith and Professor Ewanrinareto "Areto" Imoukhuede.

    **RESPONSE: Refer to response to request 49, and 1.**

74. The years in which law faculty each received a summer grant, the amount of each grant for each year, and the scholarship produced related to that grant for past 7 years.

**RESPONSE: Objection. Previous lawsuits between the parties have determined that prior to 2019 the plaintiff was not discriminated against nor retaliated against. Therefore the request is overbroad. The First Amended Complaint seeks relief under the Equal Pay Act, for retaliation, for breach of contract, for violation of First Amendment Rights, for violation of Procedural due process, and for injunctive relief, all of which involve only this plaintiff and her comparator. The request is unduly burdensome and unlikely to lead to anything tending to prove any relevant fact at issue in the First Amended Complaint, and therefore the expense and time that the University would devote to finding, analyzing, redacting, and producing these irrelevant materials would work a hardship on the staff of the University, causing an inordinate burden on the resources and the staff.**

75. Any and all emails from James Vaughn referencing or related to

Professor Smith or her complaint.

**RESPONSE: Objection. The Court has already determined that process was ineffective and therefore this request does not produce any evidence relevant to matters remaining at issue in this case. The First Amended Complaint seeks relief under the Equal Pay Act, for retaliation, for breach of contract, for violation of First Amendment Rights, for violation of Procedural due process, and for injunctive relief, all of which involve only this plaintiff and her comparator.**

76. Any and all documents related to male law faculty being terminated or

disciplined for allegations of poor or other questionable conduct related

to or at the COL.

**RESPONSE: Objection. The First Amended Complaint seeks relief under the Equal Pay Act, for retaliation, for breach of contract, for violation of First Amendment Rights, for violation of Procedural due process, and for injunctive relief, all of which involve only this plaintiff and her comparator. The request is**

**unduly burdensome and unlikely to lead to anything tending to prove any relevant fact at issue in the First Amended Complaint, and therefore the expense and time that the University would devote to finding, analyzing, redacting, and producing these irrelevant materials would work a hardship on the staff of the University, causing an inordinate burden on the resources and the staff.**

**Refer to Affidavits of Saundre Wilson and Duan Yongheng filed July 1, 2017 in support of the Motion for Protective Order.**

77. Any and all documents referencing a "constitutional law specialist" at the COL.

    **RESPONSE: None.**

78. Any and all emails mentioning or containing references to Professor Smith sent to/from/between:

    1.    Anyone in Compliance

    2.    Anyone in EOP

    3.    Anyone in the Provost's office

    4.    Anyone in the President's office

    5.    Maritza Reyes

    6.    Michelle Wanamaker

    7.    Any of the COL deans

    8.    Ewanrinareto "Areto" Imoukhuede

**RESPONSE:   Objection.   The request requires speculation, is vague, overbroad, and unduly burdensome.   The University will determine the cost of developing and implementing a search as requested and will notify the plaintiff when such information is available after receiving a good faith deposit therefore.**

**In addition, the University as a higher education institution has a duty to protect the confidentiality of student records, codified in the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g, including "directory information" to include the identity of the student. In the event of a judicial order directing disclosure of any student information, the student will be notified and have an opportunity to object to production of records.**

**Refer to Affidavits of Saundre Wilson and Duan Yongheng filed July 1, 2017 in support of the Motion for Protective Order.**

*s/ Richard E. Mitchell*                                /s/ Maria A. Santoro
**Richard E. Mitchell, Esq.**                  **MARIA A. SANTORO**
Florida Bar No: 0168092                  Florida Bar Number: 0654809

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this _____ day of _____, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which sill send a notice of electronic filing to all registered users and counsel in this case.

*/s/ Richard E. Mitchell*
**Richard E. Mitchell, Esq.**
Florida Bar No: 0168092
rick.mitchell@gray-robinson.com
maryann.hamby@gray-robinson.com
Julie M. Zolty, Esq.
Florida Bar No: 1036454
chantal.mccoy@gray-robinson.com
GRAYROBINSON, P.A.
301 East Pine Street, Suite 1400
Post Office Box 3068 (3208-3068)
Orlando, Florida 32801
(407) 843-8880 Telephone
(407) 244-5690 Facsimile
*Counsel for Defendant FAMU*

/s/ Maria A. Santoro
**MARIA A. SANTORO**
Florida Bar Number: 0654809
msantoro@sniffenlaw.com
jlunt@sniffenlaw.com
tward@sniffenlaw.com

**SNIFFEN & SPELLMAN, P.A.**
123 North Monroe Street
Tallahassee, Florida 32301
Telephone: (850) 205-1996
Facsimile: (850) 205-3004

*Counsel for the Board of Trustees, Florida A&M University*

**Julia Lunt**

| | |
|---|---|
| **From:** | Julia Lunt |
| **Sent:** | Monday, July 1, 2024 8:40 PM |
| **To:** | Jen Smith; jensmithesq@yahoo.com |
| **Cc:** | Maria Santoro; Teresa Ward; Trae Wylie |
| **Subject:** | Service of Court Document - Jennifer Smith v. |
| **Attachments:** | 24 07.01 Def AMENDED Res to Pltf 1st RFA.pdf; 24.07.01 amended response to request for production final.pdf |

| **Tracking:** | **Recipient** | **Read** |
|---|---|---|
| | Jen Smith | |
| | jensmithesq@yahoo.com | |
| | Maria Santoro | Read: 7/2/2024 9:10 AM |
| | Teresa Ward | |
| | Trae Wylie | Read: 7/1/2024 8:45 PM |

| | |
|---|---|
| **Court Identity:** | **U.S. DISTRICT COURT, MIDDLE DISTRICT OF FLORIDA, ORLANDO DIVISION** |
| **Case No.** | **6:24-cv-00457-PGB-RMN** |
| **Initial Parties (Plaintiff(s):** | **JENNIFER SMITH** |
| **Initial Parties (Defendant(s):** | **FLORIDA AGRICULTURAL AND MECHANICAL UNIVERSITY BOARD OF TRUSTEES** |
| **Document being served:** | **Defendant's Amended Response to Plaintiff's Request for Admissions, and Defendant's Amended Response to Plaintiff's Request for Production** |
| **Sender's name:** | **MARIA A. SANTORO, ESQ.** |
| **Sender's phone number:** | **850-205-1996** |
| **Sender's fax:** | **850-205-3004** |
| **Primary Email:** | **MSANTORO@SNIFFENLAW.COM** |
| **Secondary Email:** | **JLUNT@SNIFFENLAW.COM** **TWARD@SNIFFENLAW.COM** **TWYLIE@SNIFFENLAW.COM** |

Ms. Smith:

Good evening.  Please find attached Defendant's Amended Response to Plaintiff's Request for Admissions and Defendant's Amended Response to Request for Production.  The responsive documents will be electronically provided to you either via One-Drive or DropBox.  Should you have any questions, please do not hesitate to contact Ms. Santoro.

**Julia Lunt**
Legal Assistant to Maria A. Santoro,
and Teresa C. Ward

1

# SNIFFEN & SPELLMAN, P.A.

TALLAHASSEE | WEST PALM BEACH | PENSACOLA

123 North Monroe Street
Tallahassee, Florida 32301
T (850) 205-1996 / F (850) 205-3004
E-mail: jlunt@sniffenlaw.com
Website: www.sniffenlaw.com / Twitter: @Sniffenlaw

*IMPORTANT NOTICE REGARDING EMAIL COMMUNICATION*: With changes in technology, the Firm is aware that email is a common method of communication; however, please keep in mind the following: **(1)** clients should never use computers maintained or monitored by others (e.g., work; public computers) when communicating about sensitive or attorney-client matters; **(2)** incoming emails may not be read immediately, because the intended recipient may be out of the office or otherwise unavailable; if your email communication is time-sensitive, please call our office to ensure we are aware of your email; and **(3)** the Firm uses automated filters to block viruses and unwanted emails.  It is possible the Firm's network may not recognize your email address and prevent your emails from being properly delivered. Please call our office if we have not responded to your email within a reasonable time or if the matter is time-sensitive.

*CONFIDENTIALITY NOTICE*: Information in this email may be protected from distribution by law, confidential, or protected from disclosure by the attorney-client privilege. It is intended only for the use of the disclosed individual or entity. If you are not the intended recipient of this communication, you are hereby notified that the law may restrict or prohibit the unintended use, copying or distribution of this communication. If you have received this email in error, please email the sender immediately upon receipt for further instruction.

*DISCLAIMER*: Pursuant to Circular 230 issued by the United States Treasury Department and relating to practice before the Internal Revenue Service, any comment or opinion in this communication relating to a federal tax issue is not intended to be used, and cannot be used, by a taxpayer for the purpose of avoiding tax-related penalties that may be imposed on the taxpayer.

2