UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JENNIFER SMITH,

        Plaintiff,              CASE NO.: 6:24-cv-457-PGB-RMN

v.

THE FLORIDA AGRICULTURAL &
MECHANICAL UNIVERSITY BOARD
OF TRUSTEES,

        Defendant.
_____/

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S TIME SENSITIVE MOTION FOR PRELIMINARY INJUNCTION AND SUPPORTING MEMORANDUM**

Defendant, The Florida Agricultural & Mechanical University Board of Trustees ("University"), pursuant to Fed. R. Civ. P. 65 and Fla. M.D. Loc. R. 6.02, by and through its undersigned counsel, hereby responds to Plaintiff's Motion for Preliminary Injunction dated July 10, 2024 [Ex. 1 - Doc. 86] and states:

**I.   Introduction**

Plaintiff's Motion fails overall to meet the high standard required for entry of a preliminary injunction. Plaintiff has not pleaded the elements of her alleged causes of action sufficiently to establish she is likely to succeed on the merits of any claims. Plaintiff has not shown irreparable harm. The relief requested is also outweighed by potential harm to the University and its students.

Plaintiff's termination of employment was effective January 30, 2024. Plaintiff seeks reinstatement. The Provost has declared that she made her decision to terminate Plaintiff "given the disruption caused by Ms. Smith's behavior at the College of Law," and a substantiated finding of misconduct. [Ex. 2 - Doc. 86-6]. Any presumption of irreparable harm is dispelled by this declaration. In fact, harm is threatened to *the University* and its students by reinstatement of the plaintiff. *Id.*

## II. Facts

Plaintiff was a tenured, full professor at Florida A&M University College of Law until her employment was terminated by the Provost of the University for just cause effective January 30, 3024. [Ex. 3 - Doc. 86-7].

The legitimate business reason for the termination was a substantiated finding that Plaintiff had retaliated against a student in violation of University Regulation 1.019(21). [Ex. 2 - Doc. 86-6, p. 1].

The issue began with a student complaint against the plaintiff. On October 27, 2022, the University Office of Compliance and Ethics ("OCE") received a referral from the Office of Equal Opportunity Programs that a College of Law student had lodged a complaint of employee misconduct against Plaintiff. [Ex. 2 - Doc. 86-6, p. 6].

The OCE investigated and interviewed the plaintiff in February of 2023. [Ex. 2 – Doc. 86-6, p. 8]. On March 9, 2023, Plaintiff in turn lodged a complaint against the student. *Id.* at p. 18. On June 5, 2023, after investigation, the OCE reported to the President of the University that "a finding of retaliation to Professor Smith's

subsequent actions is **SUBSTANTIATED**." [Emphasis in original][Ex. 2 - Doc. 86-6, pp. 5, 22]. The OCE also determined that Smith could not claim her October 2022 "charge" via text against the same student was ignored. *Id.* at p. 18. The OCE found that Plaintiff did not follow up on the text until after she learned of the student's complaint against Plaintiff. *Id.* The OCE found that Plaintiff's March 9, 2023 complaint against the student was lodged "for the purpose of ensuring that [the student] would report that she was the subject of an investigation on her bar application." [Ex. 2 - Doc. 86-6, pp. 18 - 19].

In its supplemental opinion sent to the University President on July 6, 2023, the OCE voiced concern about the "appropriateness and professionalism displayed by Professor Smith," and that "the perceived rivalry between Professors Reyes and Smith, internalized by students, is a distraction and out of step with the values reiterated in University commitments and regulations." [Ex. 2 - Doc. 86-6, pp. 21-23]. The Dean was advised to "take any action deemed appropriate. . ." [Ex. 2 - Doc. 86-6, p. 24].

On December 5, 2023, the University Provost sent a Notice of Intent to Dismiss from Employment, informing Plaintiff that her employment would be ending for cause as a result of the OCE finding and informing her of her rights as a tenured professor. [Ex. 2 - Doc. 86-6]. On December 12, 2023, Plaintiff exercised her rights by opting to have a panel review pursuant to University Regulation 10.120. It was held on January 11, 2024. [Ex. 4 - Doc. 86-4].

The review panel recommended rescission of the Intent to Dismiss. *Id.* The Provost, who has ultimately decision-making authority, moved forward with

Plaintiff's termination. [Exs. 2, 3 - Docs. 86-6, 86-7]. On January 23, 2024, the Provost informed Plaintiff of the University's final decision. Plaintiff's termination was effective January 30, 2024. *Id.*

### III. Memorandum of Law

#### A. Standard of Review

To prevail on its request for injunctive relief, Plaintiff must demonstrate the following four elements: (1) a substantial likelihood of success on the merits of the underlying case; (2) the movant will suffer irreparable harm in the absence of an injunction; (3) the harm suffered by the movant in the absence of an injunction would exceed the harm suffered by the opposing party if the injunction issued; and (4) an injunction would not disserve the public interest. *Johnson & Johnson Vision Care. Inc. v. 1-800 Contacts. Inc.*, 299 F.3d 1242, 1246–47 (11th Cir. 2002). A preliminary injunction is a drastic and extraordinary remedy which should not be granted unless the movant can clearly establish each of the four elements. *America's Health Ins. Plans v. Hudgens*, 742 F.3d 1319, 1329 (11th Cir. 2014). The Eleventh Circuit reviews a "district court's denial of a preliminary injunction for an abuse of discretion, reviewing factual findings for clear error and legal conclusions *de novo*." *Barcelona v. Parish*, 750 Fed.Appx. 841, 844 (11th Cir. 2018).

#### B. Argument

Plaintiff has not met her burden for obtaining relief. She has not shown a substantial likelihood of success on the merits. First, Plaintiff's exhibits to the First

Amended Complaint demonstrate that she has failed to plead a cause of action for which relief may be granted. Second, the Eleventh Circuit has determined that loss of employment is not irreparable harm. Third, even if the Title VII claim raised by the plaintiff creates a presumption of irreparable harm, that presumption has been dispelled. Fourth, Plaintiff's damages, if any, are monetary in nature. Fifth, Plaintiff's termination was an action taken in response to a substantiated finding of wrongdoing after investigation. Sixth, the University afforded Plaintiff all the procedural due process to which she is entitled. Seventh, the individual defendants are all immune from suit. Eighth, Plaintiff failed to give proper notice pursuant to statute. Ninth, the potential harm to the University outweighs the benefit to the plaintiff of reinstatement, and last, the public interest would not be served by granting the relief requests. As a result, Plaintiff's Motion should be denied.

### 1. Plaintiff has not established a likelihood of success on the merits.

Plaintiff's Motion does not establish a likelihood of success on the merits. Plaintiff's Corrected Second Amended Complaint has been accepted by the Court (to date) as the operative pleading. [Ex. 5 - Doc. 85]. It is another shotgun pleading, violative of Fed. R. Civ. P. 8, 10, and 13. It was also an amended pleading filed without leave of court. Fed. R. Civ. P. 15. [Ex. 6 - Doc. 112].

Second, Plaintiff is unlikely to prevail on her Equal Pay Claim. Plaintiff's Corrected Second Amended Complaint again pleads the bare language of the statute as in all versions of her complaints, referring to a deposition from 2015 from another case which cannot and does not address the current position and responsibilities of

Plaintiff vis à vis her comparator. [Exs. 7, 8 - Docs. 84-2, 84-4]. "Conclusory and 'formulaic recitations of the elements' of an EPA claim is insufficient to state a claim." *Arafat v. School Bd. of Broward Cnty.*, 549 Fed. App'x. 872 (11th Cir. 2103) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 at 678 (2009)).

The individual University employees are immune from suit in the exercise of their discretionary employment functions. "The doctrine of qualified immunity arises from the need to afford public officials some measure of protection from personal liability in their performance of discretionary duties." *Sims v. Metropolitan Dade Cnty.*, 972 F.2d 1230, 1235 (C.A.11 (Fla.), 1992). So are the Gray Robinson defendants. *Chance v. Cook*, 50 F.4th 48, 51 (11th Cir. 2022); *Payne v. Seminole Electric Cooperative, Inc.*, 2021 WL 3017392 (Fla. M.D. Feb. 2, 2021).

Furthermore, Plaintiff failed to give the requisite notice required under Florida law prior to suing the individual University employee defendants in their official capacities. §768.28 Fla. Stat.

All retaliation claims can be dispelled by the facts that the plaintiff herself provided – she was terminated for cause and was afforded due process in recognition of her tenured status. [Exs. 2, 3 - Docs. 86-6, 86-7]. Defendant had a legitimate, non-discriminatory reason to end Plaintiff's employment, which had nothing to do with her protected activity. The University's burden here is "exceedingly light." *Weston-Brown v. Bank of Am. Corp.*, 167 F. App'x 76, 80 (11th Cir. 2006). "The employer need not persuade the court that its proffered reasons are legitimate; the defendant's burden is merely one of production, not proof." *Id.* "An employer may fire an employee for

a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all, as long as its action is not for a discriminatory [or retaliatory] reason." *Gogel v. Kia Motors Mfg. of Georgia, Inc.*, 967 F.3d 1121, 1148 (11th Cir. 2020) (citations omitted).

Plaintiff's employment ended because she retaliated against a student for making a written complaint against her. [Exs. 2, 3 - Docs. 86-6, 86-7]. Plaintiff then filed a retaliatory complaint against the student "for the purpose of ensuring that [the student] would report that she was the subject of an investigation on her bar application." *Id.* This was fully investigated and substantiated by the University's Division of Audit and Compliance in Reports 2022-11-17 and 2022-11-117. *Id.* The supplemental investigation found that Plaintiff was unprofessional and inappropriate with students regarding the confrontation between Plaintiff and the student from the original report, and that her rivalry with a fellow College of Law professor was being internalized by students and creating a distraction. *Id.* at p. 23.

Plaintiff submitted most of these documents. She cannot establish pretext because she cannot show that the proffered reasons, which are found in the exhibits, are a lie. *Brooks v. Cnty Comm's of Jefferson Cnty, Ala.*, 446 F.3d 1160, 1163 (11th Cir. 2006). "If the employer offers a legitimate reason, the plaintiff must then establish that the proffered reason was pretextual. *Id.* at 1343." *Hornsby-Culpepper v. Ware*, 906 F.3d 1302, 1314 (11th Cir. 2018). More significantly, as Plaintiff herself alleges, she has sued the University numerous times and for various claims over her twenty-year career. She has thereby kept open the option of claiming retaliation at any time of her

choosing. The University has never retaliated against Plaintiff over the past twenty years, and it has not done so now.

Plaintiff is also unlikely to succeed on the merits of her breach of contract claim. The relevant employment contract is supplied by the plaintiff. [Ex. 9 - Doc. 86-9]. It reveals on its face that the employee is subject to University Regulations, and that the Employment Contract is the complete contract between the University and the Employee.

> In order to state a claim for breach of contract under Florida law, Plaintiff must allege: (1) a valid contract, (2) a material breach, and (3) damages, as well as Plaintiffs performance of its obligations under the contract or a legal excuse for its nonperformance.

*APR Energy, LLC*, 653 F. Supp. 2d 1227, 1232 (M.D. Fla. 2009).

Plaintiff argues that Defendant breached her employment contract by violating its own regulations, citing *Spunberg v. Columbia/JFK Medical Center*, 1997 WL 868607, at *1-3 (Fla. Cir. Ct. Dec. 23, 1997), a circuit court case where there was no employment contract at all, so the court turned to the by-laws of the employer; *Lake Shore, Inc. v. Ferrero*, 898 So.2d 1037, 1038 (Fla. 1st DCA 2005), where the preliminary injunction was reversed on appeal; and *Genchi v. Lower Fla. Keys Hosp. Dist.*, 45 So.3d 915, 916 (Fla. 3d DCA 2010); where the order *denying* an emergency motion for preliminary injunction was affirmed. Florida courts do not routinely enforce internal regulations as contracts when there is a valid employment contract. [Ex. 1 - Doc. 86, p. 13].

Plaintiff breached the contract herself by violating University regulations. [Ex. 2 – Doc. 86-6]. Defendant followed the mandates in Regulation 10.120 afforded to tenured faculty, as described in detail in the plaintiff's exhibits and had just cause for its action as articulated above. Accordingly, without being able to state a claim for relief, Plaintiff is not likely to succeed on the merits of her breach of contract claim.

Plaintiff is likewise unlikely to succeed on the merits of her procedural due process claim. Plaintiff's own exhibits again show that the University followed the rules. Regulation 10.120 provides that the employee will receive written notice prior to dismissal and that such written notice shall contain: (1) the date of the proposed action, (2) reasons for the action, (3) documents which the charges are based, (4) a statement allowing for the employee to request a conference, prior to the proposed date of the action, (5) a statement that the University desires to reduce the risk of error and wants to consider the employee's response, and (6) a copy of Regulation 10.120.

Regulation 10.120 also provides for a conference, which will then "make a **recommendation** to affirm or alter the disciplinary action." *Id.* at p. 52. [Emphasis added]. Plaintiff had her three-person impartial panel on January 11, 2024. [Ex. 4 - Doc. 86-4]. Per the Regulation, the panel makes a "recommendation" to the final decision-maker, who makes the final determination as to whether it will proceed with the proposed disciplinary action. That is exactly what occurred. *Id* The panel recommended that the Provost rescind the Intent to Dismiss, but the decision-maker, Provost Allyson Watson, ultimately decided to carry out the termination for just cause as articulated in and substantiated by the Investigative Reports. The December 5, 2023

Intent to Dismiss contains the proper elements. [Ex. 2 - Doc. 86-6]. *Laskar v. Peterson*, 771 F.3d 1291, 1299 (11th Cir. 2014). Just because Plaintiff did not achieve her desired outcome does not mean that she was not afforded due process. Accordingly, Plaintiff has not demonstrated cause or cited any evidence that shows the Defendant provided her with a constitutionally inadequate process. She is therefore unlikely to succeed on the merits of her due process violation claims.

Plaintiff's Title VII claim is defective. Plaintiff identifies no similarly situated employee. "To establish discrimination in discipline, Plaintiff must show these things: '1) that he belongs to a protected class under Title VII; 2) that he was qualified for the job; and 3) that a similarly situated employee engaged in the same or similar misconduct but did not receive similar discipline.' *Alexander v. Fulton County*, 207 F.3d 1303, 1336 (11th Cir. 2000)." *Nicholas v. Board of Trustees of University of Alabama*, 251 Fed.Appx. 637, 642, 2007 WL 3023209, at *3 (11th Cir. 2007).

Plaintiff's section 1983 conspiracy claim is also defective. "[T]he university and its officials are considered as constituting a single legal entity which cannot conspire with itself." *Chambliss v. Foote*, 421 F. Supp. 12, 15 (D.C. La. 1976).

2. **Plaintiff has failed to establish irreparable harm.**

Plaintiff has now added a Title VII claim. However, Title VII only allows this court to presume irreparable harm in certain circumstances, and the University has addressed and overcome that presumption. *Leigh v. Artis-Naples, Inc.*, 2022 WL 18027780, at *3 (M.D. Fla. Dec. 30, 2022). "My decision to terminate Ms. Smith's employment was based on the substantiated finding of retaliation documented in the

Investigative Reports." Declaration of Allyson Watson, Provost. [Ex. 10 - Doc. 42-3]. The quotes the plaintiff presents on pages 3 and 4 of her motion are cumulative, not contradictory. [Ex. 1 - Doc. 86, pp. 3-4]. Plaintiff claims the University has no definition for "retaliation" and failed to define it for her. [Ex. 1 - Doc. 86, p. 7]. The plaintiff's exhibits prove that she was notified of the applicable University Regulation in the initial letter discharging her. [Ex. 2 - Doc. 86-6]. The definition may also be found on the internet by searching for "FAMU regulations." The definition is not arbitrary, conflicting, nor secret. [Ex. 2 - Doc. 86-6, p. 50]. Plaintiff did not need to ask for it in discovery.

Plaintiff's losses, entitlement to which is not conceded, are monetary. Courts in the Eleventh Circuit have generally found that loss of employment is not considered an irreparable injury, being fully compensable by monetary damages. *Leigh, at 19.*

Plaintiff's alleged loss of repute within the academic community cannot be cured by reinstatement months after her termination. Her other alleged harms such as career advancement, ability to secure a job in this market, and a parent in need of care are all too speculative to constitute irreparable harm. *Oviedo Med. Ctr., LLC v. Adventis Health Sys./Sunbelt, Inc.*, No. 6:19-cv-1711-ORL-78EJK, 2019 WL 7423546, at *3 (M.D. Fla. Oct. 15, 2019) (denying motion for preliminary injunction where plaintiff only presented "speculative and unproven risks of reputational harm to establish irreparable harm"). There is nothing in Plaintiff's Declaration (which remains unchanged from January) that establishes irreparable harm are imminent, nor is there any other evidence in the record to support such a finding. [Ex. 11 - Docs. 1-6, p. 55,

37-1, 86-1]. *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) ("As we have emphasized on many occasions, the asserted irreparable injury 'must be neither remote nor speculative, but actual and imminent.'") (citations omitted); *Blue-Grace Logistics LLC*, 340 F.R.D. at 465.

In addition, loss of income and benefits, access to research resources or damage to reputation "fall short of the type of irreparable injury which is a necessary predicate to the issuance of a temporary injunction in this type of case." *Storves v. Island Water Association, Inc.*, 2010 WL 11622686, at *4 (M.D. Fla. Nov. 3, 2010).

Plaintiff cites *Assaf v. Univ. of Texas System,* 399 F. Supp. 1245 (S.D. Tex. 1975), to support a plaintiff successfully gaining reinstatement on a preliminary injunction in the field of higher education. However, the injunction was vacated. *University of Texas System v. Assaf.*, 98 S.Ct. 1642 (U.S. 1978) and is not persuasive.

Plaintiff cites *Blaine v. N. Brevard Cnty. Hosp. Div.,* 312 F. Supp. 3d 1295 (M.D. Fla. 2018). But unlike the oncologists in that case, Plaintiff's for-cause termination as a professor is not a reportable incident to the Florida Bar as the oncologists' terminations were to the National Practitioner Data Bank. Since Plaintiff still has not met her burden to show irreparable harm, her request for reinstatement as preliminary injunctive relief should be denied.

### 3. Plaintiff has not shown disservice to the public interest.

To meet her burden on the public interest factors, Plaintiff argues that terminating her employment would be a disservice to the students and her elderly father. Plaintiff's personal burdens are lamentable but immaterial to the Motion and

speculative. Moreover, the Investigative Reports make clear that unlike the plaintiff in *Assaf*, Plaintiff is not an educator of "impeccable character," rather, she was found to be retaliatory, unprofessional, and inappropriate with at least one student, in addition to engaging in a disruptive "rivalry" with another law professor. [Ex. 2 - Doc. 86-6]. Reinstating Plaintiff would not be good public policy. Accordingly, Plaintiff fails to carry her burden to obtain the "extraordinary and drastic" relief she seeks in her Preliminary Injunction Motion.

### C.     Conclusion

Plaintiff has not met the elements required to satisfy any justification for a preliminary injunction. Plaintiff has not established a likelihood of success on the merits of the underlying case and she has not shown she will suffer irreparable harm, nor that an injunction will serve the public interest. Reinstatement would also be unfair and harmful to the University. Accordingly, Plaintiff's Preliminary Injunction Motion should be denied.

WHEREFORE, Defendant, Florida Agricultural & Mechanical University Board of Trustees, respectfully requests this Honorable Court to render an Order denying Plaintiff's Motion for Preliminary Injunction and granting any other relief this Court deems just and proper.

/s/ *Maria A. Santoro*
**Maria A. Santoro, Esq.**
Florida Bar Number: 0654809
**SNIFFEN & SPELLMAN, P.A.**
*Counsel for Defendant Board of Trustees, Florida A&M University*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 22d day of July, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/DKT. system, which will send a notice of electronic filing to all registered users.

*/s/ Maria A. Santoro*
**Maria A. Santoro, Esq.**
Florida Bar Number: 0654809
msantoro@sniffenlaw.com
jlunt@sniffenlaw.com
tward@sniffenlaw.com
**SNIFFEN & SPELLMAN, P.A.**
123 North Monroe Street
Tallahassee, Florida 32301
Telephone: (850) 205-1996
Facsimile: (850) 205-3004
*Counsel for Defendant Board of Trustees, Florida A&M University*