UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JENNIFER SMITH,**

   **Plaintiff,**

v.             Case No: 6:24-cv-457-PGB-RMN

**FLORIDA AGRICULTURAL &
MECHANICAL UNIVERSITY
BOARD OF TRUSTEES,
ALLYSON WATSON, DENISE D.
WALLACE, LATONYA BAKER,
LATRECHA SCOTT, RICA
CALHOUN, GRAY ROBINSON,
P.A., JULIE ZOLTY, RICHARD
E. MITCHELL and SARAH
REINER,**

   **Defendants.**
_____/

# ORDER

  This cause comes before the Court upon Defendant Florida Agricultural & Mechanical University Board of Trustees' ("**Defendant FAMU**") Motion to Strike Second Amended Complaints (Doc. 112 (the "**Motion to Strike**")). Plaintiff Jennifer Smith ("**Plaintiff**") has filed a Response in Opposition (Doc. 114 (the "**Response**")), as well as a Notice of Supplemental Authority (Doc. 115). Upon consideration, the Motion to Strike is due to be granted.

**I. BACKGROUND**

  On May 20, 2024, Plaintiff filed a motion to amend the Amended Complaint (Doc. 54 (the "**First Motion to Amend**")). Therein, the Local Rule 3.01(g)

Certification indicated that the request was opposed, at least in part, because Defendant had not received a copy of the proposed second amended complaint ("**proposed SAC**"). (*Id.* at pp. 6–7). Defendant responded in opposition to the First Motion to Amend, arguing that Plaintiff had not attached a copy of the proposed SAC to the First Motion to Amend and had not adequately identified the substance of the new claims Plaintiff sought to add. (Doc. 59).

Subsequently, on May 31, 2024, Plaintiff filed a Notice of Filing Amended 3.01(g) Certificate for the First Motion to Amend (Doc. 65 (the "**Notice**")). Therein, Plaintiff provided a copy of the proposed SAC and indicated that she had again conferred with defense counsel, who continued to oppose the First Motion to Amend. (*Id.* at p. 3; Doc. 65-1 through Doc. 65-12). Upon Defendant FAMU's motion, the Court struck the Notice as an improper filing that failed to comply with the Local Rules. (Docs. 69, 71). However, the Court provided Plaintiff with leave to re-file her request to amend the complaint with the proposed SAC attached as an exhibit. (Doc. 71). In so doing, the Court reasoned that "Defendant and the Court can better assess the merits of the request to amend the pleadings if they are in possession of a copy of the proposed amendment." (*Id.* at p. 3).

Accordingly, on June 18, 2024, Plaintiff timely filed her revised motion to amend the Amended Complaint (Doc. 72 (the "**Second Motion to Amend**")), attaching the proposed SAC[1] as an exhibit. (Doc. 72-1 through Doc. 72-16).

---

[1] In the Motion to Strike, Defendant FAMU notes that many changes were made to the proposed SAC before it was attached to the Second Motion to Amend. (*E.g.*, Doc. 112, p. 2).

2

Defendant FAMU responded in opposition to this request. (Doc. 74). Thereafter, the Court granted Plaintiff's Second Motion to Amend, instructing Plaintiff to file the proposed SAC on or before July 8, 2024 (Doc. 80 (the "**Order**")).

On July 8, 2024, Plaintiff purported to file the proposed SAC on the docket (Doc. 81 (the "**filed SAC**")). Further, the next day, Plaintiff purported to file a corrected version of the proposed SAC on the docket (Doc. 84 (the "**corrected filed SAC**")).[2] Now, Defendant FAMU moves the Court to strike the filed SAC and corrected filed SAC. (Doc. 112).

## II.   DISCUSSION

In the Motion to Strike, Defendant FAMU notes that both the filed SAC and the corrected filed SAC significantly differ from the proposed SAC, including because Plaintiff has added a new party Defendant. (Doc. 112, p. 6). In her Response, Plaintiff concedes that she has altered the proposed SAC, attaching a comparison report that highlights the extensive alterations she has made since the time of the Order. (Docs. 114, 114-1). However, Plaintiff argues, *inter alia*, that because she was not required to attach the proposed SAC to her motion to amend the pleadings in the first place, she was permitted to amend the proposed SAC after the Court issued its Order. (Doc. 114, pp. 7–9).

Not so. Pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiff was permitted to amend her Amended Complaint only with Defendant FAMU's written

---

[2]   The corrected filed SAC was accompanied by a notice indicating the filed SAC was being re-filed due to Plaintiff's correction of a scrivener's error. (Doc. 83).

3

consent or with the Court's leave. *See* FED. R. CIV. P. 15(a)(2). Defendant FAMU opposed Plaintiff's amendment, and thus, Plaintiff sought the Court's leave to amend this pleading. (*See* Docs. 72, 74).

Plaintiff represented to the Court and to Defendant FAMU that the proposed SAC was the pleading she sought to file with the Court's leave. (*See* Doc. 72; Doc. 72-1 through Doc. 72-16). This representation had consequences, regardless of whether Plaintiff was required to make it. Defendant FAMU framed its response in opposition to the Second Motion to Amend based upon this representation. (*See* Doc. 74). Further, the Court carefully analyzed the proposed SAC before issuing the Order and granting Plaintiff leave to amend. (*See* Doc. 80). Thus, Plaintiff's filed SAC and corrected filed SAC are impermissible amendments that Plaintiff made without the Court's leave. *See* FED. R. CIV. P. 15(a)(2).

Plaintiff additionally argues that, even if the filed SAC and corrected filed SAC were impermissible amendments, for the sake of efficiency, the Court should construe the filings as though Plaintiff *had* sought permission, grant that permission retroactively, and ratify the corrected filed SAC. (*See* Doc. 114, p. 11). The Court will do no such things. The parties have not briefed the propriety of allowing the proposed amendments. Thus, Plaintiff's recommendation would not only result in prejudice to Defendant FAMU, who has briefed its opposition to an obsolete pleading, but also in an unduly burdensome process for the Court, who must rule absent such briefing. (*See* Doc. 74). Moreover, Plaintiff may not skirt the applicable law in the name of "efficiency." At this stage, it should be abundantly

4

clear to Plaintiff that asking for the Court's forgiveness rather than its permission rarely results in efficiency, and often results in just the opposite. Accordingly, the filed SAC and corrected filed SAC are improper amendments and are due to be stricken. *See* FED. R. CIV. P. 15(a)(2).

### III.   CONCLUSION

For the aforementioned reasons, it is **ORDERED** as follows:

1. Defendant FAMU's Motion to Strike Second Amended Complaints (Doc. 112) is **GRANTED**;

2. Plaintiff's Second Amended Complaint (Doc. 81) and Corrected Second Amended Complaint (Doc. 84) are hereby **STRICKEN**;

3. On or before **July 31, 2024**, Plaintiff shall either: (1) file the proposed Second Amended Complaint that was attached to her Second Motion to Amend (Doc. 72-1 through Doc. 72-16); or (2) file a renewed motion to amend the Amended Complaint seeking permission to file the Corrected Second Amended Complaint (Doc. 84; Doc. 84-1 through Doc. 84-21).

**DONE AND ORDERED** in Orlando, Florida on July 24, 2024.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties