# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**JENNIFER SMITH,**

   **Plaintiff,**

                              **CASE NO: 6:24-cv-00457-PGB-RMN**

**FLORIDA AGRICULTURAL &
MECHANICAL UNIVERSITY
BOARD OF TRUSTEES,**

   **Defendant FAMU.**

_____/

## PLAINTIFF'S RENEWED MOTION
## TO AMEND COMPLAINT

Plaintiff, Jennifer Smith ("Professor Smith"), respectfully renews her motion to amend the Amended Complaint and to add additional parties as noted in the Corrected Second Amended Complaint (Ex. A (Doc. 84). Professor Smith has been fully candid with the Court, as evidenced by the footnote in Doc 72-1, which states: "This pleading was updated from prior versions and since the initial complaint was filed in October 2023 based on Defendant FAMU's continued actions, intervening administrative hearings, and to ensure the accuracy of new facts and circumstances." This footnote provided the Court and Defendant FAMU with notice of changes therefore casting doubt on any purported claim of prejudice. Professor Smith's commitment to transparency has not wavered especially in light of Defendant

FAMU's continued actions and intervening administrative hearings. Despite procedural challenges, largely not attributable to Professor Smith, her case remains in its infancy stages.

Professor Smith has acted in good faith since the inception of this case seeking leave to file an amended complaint on May 20, 2024. Even to this day, Defendant FAMU continues to take actions against Professor Smith in response to its own internal negligence and trying to clean up its faulty termination of Professor Smith. Additionally, Defendant FAMU has withheld consent to the filing of the CSAC in contradiction to the Court's Orders and Federal Rule 15's command that leave be freely given. This Court gratuitously asserts alleged prejudice suffered by Defendant FAMU but what remains clear, that asserted prejudice fails to meet the level of prejudice, undue hardship, or futility that is recognized by the Eleventh Circuit. Defendant FAMU was not prejudiced, but upset that Professor Smith has cured the amended complaint – just as the Court said was the purpose. (Docs. 71, 80) Professor Smith will show below that good cause exists to permit her filing of the CSAC.

## I.   BACKGROUND

1.     On October 17, 2023, Professor Smith commenced this action in state court.

2.     On January 29, 2024, Professor Smith amended her complaint as a matter of course in state court.

3.      On March 4, 2024, Defendant FAMU removed this action to federal court. (Doc. 1)

4.      On March 15, 2024, Defendant FAMU held the internal, Step One appeal of Professor Smith's termination.

5.      On April 1, 2024, Professor Smith moved for a preliminary injunction based on certain claims in her amended complaint. (Doc. 37)

6.      On April 12, 2024, the Parties submitted their Uniform Case Management Report, and requested June 26, 2024 for the deadline to amend pleadings. (Doc. 43)

7.      On April 14, 2024, the Step One hearing reviewer rendered a decision.

8.      On April 15, 2024, the Court entered its Case Management and Scheduling Order, setting May 31, 2024 as the deadline to amend the pleadings. (Doc. 45)

9.      On April 23, 2024, Professor Smith served discovery to FAMU.

10.      On May 7, 2024, Professor Smith received her Notice of Right to Sue from the U.S. Department of Justice.

11.      On May 20, 2024, Professor Smith moved for an extension of the deadline to add parties and amend her complaint and alternatively for a motion for leave to do the same. (Doc. 54)

12.     On May 22, 2024, the Court directed Defendant FAMU to file a response to Professor Smith's motion. (Doc. 55)

13.     On May 28, 2024, Defendant FAMU filed its response. (Doc. 59)

14.     Because the Court had not ruled by May 31, 2024 as requested by Professor Smith, Professor Smith acted in good faith resolution of the pending motion and identified the additional parties and claims with the basis in the proposed Second Amended Complaint, and she attached it with an Amended 3.01(g) Certificate. (Doc. 65) Professor Smith noted that Defendant FAMU still objected to Professor Smith's time-sensitive motion.

15.     On June 10, 2024, Defendant FAMU filed a Motion to Strike the Amended 3.01(g) Certificate (Doc. 69).

16.     On June 12, 2024, Professor Smith filed a Response. (Doc. 70)

17.     On June 13, 2024, the Court granted Defendant FAMU's Motion to Strike, but allowed Professor Smith to file an amended motion to amend the Complaint to attach the proposed Second Amended Complaint by June 18, 2024, and allowed Defendant FAMU to response by June 21, 2024.[1] (Doc. 71)

18.     On June 18, 2024, Plaintiff filed an amended opposed motion to amend with a proposed SAC attached (Doc. 72) Professor Smith omitted a deadline from

---

[1] Professor Smith has attached the exact same, identical Corrected Second Amended Complaint previously filed as Doc. 84, without a single alteration. (Ex. A)

this motion because the Court did not consider her last request for a ruling, and Professor Smith cannot predict when the Court will address any motions in the case.

19.    On June 20, 2024, Defendant FAMU held the internal, Step Two appeal of Professor Smith's termination.

20.    On June 21, 2024, Defendant FAMU filed its response to Professor Smith's amended motion. (Doc. 74)

21.    On July 1, 2024, Defendant FAMU served amended responses to Professor Smith's request for admissions.

22.    On July 2, 2024, Defendant FAMU served documents responsive to Professor Smith's request for productions, which was outside of the Court's deadline of July 1, 2024.

23.    Also on July 2, 2024, Defendant FAMU moved for summary judgment in the *Reyes v. FAMU* matter, attaching that plaintiff's deposition (Doc. 84-16) and various declarations from employees including Allyson Watson, who is a party named in the CSAC, and who in Professor Smith's case alleged her termination was due to a rivalry with Professor Reyes, but does not allege Professor Reyes was terminated because of any rivalry with Professor Smith nor mentions a rivalry in Watson's declaration.[2]

---

[2] This is another recently revealed cause of action.

24.     On July 3, 2024, the Court granted Plaintiff's request to amend the First Amended Complaint on or before July 8, 2024. (Doc. 80) This was 25 days from when Plaintiff filed her original second amended complaint.

25.     On July 9, 2024, the Court mooted Plaintiff's second preliminary injunction filed April 1, 2024, (Doc. 37), without even addressing persuasive authority submitted against such an action nor Professor Smith's caution on May 20, 2024  that the "Parties have expended considerable time on the pending preliminary injunction, which to date has not been heard or decided by the Court, so an extension that prevents re-briefing the issues will save this Court and the Parties' time and resources." (Doc. 54)

26.     On July 8, 2024, Professor Smith filed a SAC. (Doc. 81)

27.     On July 9, 2024, Professor Smith filed a corrected SAC. (Doc. 84)

28.     On July 10, 2024, the Court adopted the CSAC as operative complaint.

29.     Also on July 10, 2024, Professor Smith filed a third preliminary injunction. (Doc. 86)

30.     On July 17, 2024, Defendant FAMU moved to strike the CSAC. (Doc. 112)

31.     On July 17, 2024, Professor Smith responded to Defendant FAMU's motion to strike, and she filed a notice of supplemental authority, including cases

from most divisions of this Court where a party was permitted to make changes to proposed complaint after it was filed. (Docs. 114, 115)

32.    The Court granted Defendant FAMU's motion to strike on July 24, 2024, giving Professor Smith two options: proceed with the SAC attached to her initial motion or restart the clock and file a renewed motion to amend the Amended Complaint to seek permission to file the CSAC. (Doc. 132) Professor Smith chose the latter option because, as anyone could have guessed, Defendant FAMU would not consent to Professor Smith's filing of the CSAC.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 15 commands that "[a] party may amend its pleading once as a matter of course no later than: **(A)** 21 days after serving it, or **(B)** if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading . . ." FED. R. CIV. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave[,]" which should be freely given when justice so requires. FED. R. CIV. P. 15(a)(2). The Supreme Court has stated:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. — the leave sought should, as the rules require, be "freely given." Of course,

> the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

The former Fifth Circuit also recognized that while a court may weigh the prejudice that a denial will cause to a plaintiff in evaluating a request for leave to amend a complaint, "it is appropriate for the court to consider judicial economy and the most expeditious way to dispose of the merits of the litigation." *Dussouy v. Gulf Coast Inv. Corp.,* 660 F.2d 594, 598 (5th Cir. 1981).

Under Federal Rule of Civil Procedure 16(b)(4), case management and scheduling orders may be modified "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also* Fed. R. Civ. P. 6(b); *Hill v. Allianz Life Ins. Co. of N. Am.,* No. 6:14-cv-950-ORL-41-KRS, 2015 WL 12838838,*4 (M.D. Fla. June 17, 2015). Generally, a court should consider "the danger of prejudice to the opposing party; the length of delay and its potential impact on the judicial proceedings; the reason for the delay, including whether it was within the reasonable control of the movant; and whether the movant acted in good faith." *Sapphire Int'l Group, Inc. v. Allianz Glob. Risks US Ins. Co.*, No. 18-CV-80101-DMM, 2018 WL 8344838, at *2 (S.D. Fla. Sept. 26, 2018); (citations omitted). Of particular importance is the "absence of prejudice to the nonmoving party and to the interest of efficient judicial

administration." *See Ashmore v. Sec'y, Dep't of Transp.*, 503 F. App'x 683, 685 (11th Cir. 2013).

## III.   ARGUMENT

1.      Professor Smith respectfully seeks permission to file the CSAC, (Doc. 84), previously filed on July 9, 2024, immediately. The CSAC is attached without alteration. (*See* ftnt 1) Professor Smith's motion should be granted for several reasons.

2.      First, in the 25 days from when Plaintiff filed her original second amended complaint (Doc. 72) until the Court permitted her to file it on July 8, 2024 (Docs. 81, 84), Plaintiff became aware of new facts and a new party with involvement in the allegations of the CSAC.[3] New documents and information had also been unearthed from Plaintiff and Defendant FAMU's interactions in discovery in her case, the proceedings in another case against FAMU brought by another law professor, and Plaintiff's own investigation of the foregoing. Thus, Plaintiff was continually updating, adding and sharpening her second amended complaint, which was filed on July 8, 2024 for efficiency under Federal Rule 1 and to cure any issues Defendant FAMU might allege render her pleading futile or incoherent. *See Bryant v. Dupree*, 252 F.3d 1161, 1164 (11th Cir. 2001) (reversing a district court's denial

---

[3] Indeed, Professor Smith has reason to believe other parties may be involved, but we are awaiting the discovery requests that Defendant FAMU refuses to answer, seriously holding up depositions and other discovery.

of leave to amend and stating: "The lengthy nature of litigation, without any other evidence of prejudice to the defendants or bad faith on the part of the plaintiffs, does not justify denying the plaintiffs the opportunity to amend their complaint."); *Floyd v. E. Airlines*, 872 F.2d 1462, 1490 (11th Cir. 1989) (reversing a district court's denial of leave to amend and stating: "The mere passage of time, without anything more, is an insufficient reason to deny leave to amend . . . Any delays thereafter were due to scheduling delays, not to any dilatory actions by the plaintiffs who sought leave to amend. Eastern did not allege any prejudice due to this alleged delay").

3. Second, and because Defendant FAMU will likely argue it was once an established practice to attach an amended pleading, still that argument fails. In fact, before Middle District of Florida Local Rule 4.01 Amendments of Pleadings was changed in 2021, every division of this Court, with the exception of the Ocala Division, had permitted a plaintiff to make changes to a proposed pleading previously submitted as an attachment to a motion for leave to amend. *See e.g., Creekside Condos v. United Nat'l Ins. Co*., No. 3:20-CV-1270-J-20JBT, ECF Nos. 10, 12, 14 (M.D. Fla. Jan. 4, 2021) (Jacksonville Division); *Schwab v. Hites*, No. 211CV638FTM29DNF, ECF Nos. 21, 21-1, 28, 29 (M.D. Fla. Jan. 6, 2012) (Ft. Myers Division); *Poerio v. K-Mart Corp*., No. 8:08-CV-941-T-26EAJ, ECF Nos. 19, 19-3, 20, 28 (M.D. Fla. Mar. 3, 2009) (Tampa Division); *Gibson v. Walgreen Co.*, No. 607CV1053ORL28KRS, ECF Nos. 42, 42-2, 55 (M.D. Fla. Feb. 21, 2008)

(Orlando Division). After the Local Rules were changed, every division of this Court, with the exception of the Ocala and Fort Myers Divisions,[4] has permitted a plaintiff to make changes to a proposed pleading previously submitted as an attachment to a motion for leave to amend. *See e.g., Nunez v. Terminal Getaway Spa Orlando JV LLC*, No. 6:21-CV-1705-**PGB**-LHP, ECF Nos. 24, 24-1, 28 (M.D. Fla. Mar. 15, 2022) (Orlando Division)(emphasis added); *Mills v. State Farm Mut. Auto. Ins. Co.*, No. 3:23-CV-477-TJC-LLL, ECF Nos. 27, 27-2, 43 (M.D. Fla. Oct. 12, 2023) (Jacksonville Division); *Gaffney v. Ficarrotta*, No. 8:21-CV-21-CEH-CPT, ECF Nos. 46, 46-2, 53 (M.D. Fla. Nov. 10, 2021). In fact, this may be precisely why the former requirement to attach the proposed complaint was likely kiboshed—it was clearly unnecessary, senseless and inefficient. However, the options presented by the Court in its Order (Doc. 132) essentially compel Professor Smith to accept the filing of Doc. 72, despite significant developments in the case since Doc. 72 was filed, which have only strengthened Professor Smith's case, including her preliminary injunction.

4.      Third, an extension of time is necessary because Professor Smith's new claims will significantly alter the pleadings to reflect information learned since

---

[4] The Fort Myers Division typically orders that the Clerk docket the proposed pleading as submitted, when leave to amend has been granted. Professor Smith requested that this Court docket her filed amended complaint (which she filed in the manner she did for that purpose), but the Court declined her request.

amending her original complaint and since the filing of the first version of her second amended complaint. *see e.g., McKinley v. Kaplan,* 177 F.3d 1253, 1258 (11th Cir. 1999) (intervening facts).

5.      Fourth, Defendant FAMU will not be prejudiced and cannot satisfy the requisite *Foman* factors because FAMU (1) refrained from substantively responding to discovery demonstrating any delay is by its own hand, *see Loggerhead Turtle v. Cnty. Council of Volusia Cnty.*, 148 F.3d 1231, 1257 (11th Cir. 1998) (reversing a district court's denial of leave to amend and stating: "As to possible delay, Volusia County could not plausibly convince us that it genuinely wanted to go to trial as quickly as possible. On the contrary, it employed extraordinary efforts to obtain continuance orders. Volusia County representatives even met personally with the Secretary of the Interior to ensure the imminence of the Service's incidental take permit decision."); (2) incurred no more than nominal expenses to oppose the amended motion to amend (Doc.), *see Loggerhead*, 148 F.3d at 1257 (reversing a district court's denial of leave to amend and stating: "Any amendment to an original pleading necessarily involves *some* additional expense to the opposing party. In this case, it is of nominal proportions."); and (3) Professor Smith served discovery with the CSAC in mind, and discovery remains open for many months, *see e.g., McKinley v. Kaplan,* 177 F.3d 1253, 1258 (11th Cir. 1999) (reversing a district court's denial of leave to amend and stating: "On the contrary, however, we see nothing illegitimate

12

about a plaintiff seeking a new type of relief when intervening events occur during the pendency of litigation that makes the originally sought relief impossible. . . McKinley's amended complaint . . . did not necessitate additional discovery or reformulation of the County's legal strategy."); *See Christmas v. Corizon Health Srvs.*, 2022 WL 5337649, at * 6 (11th Cir. 2022) (affirming a district court's grant of leave to amend during trial and stating "Defendants never said how they would have litigated the case differently if they'd had more advance notice of Christmas's claim.").

6.      Fifth, an extension should not affect the dispositive motions deadline and trial date because Professor Smith has already served discovery on Defendant FAMU; however, given the complex nature of the conspiracy alleged and additional parties, Professor Smith may move to amend the CMSO to permit the new parties an equal opportunity to engage in discovery. Defendant FAMU has already indicated its opposition on July 25, 2024.

7.      Sixth, Professor Smith understands that that (1) any discovery conducted after the dispositive motions date established in the Court's Case Management and Scheduling Order will not be available for summary judgment purposes and (2) no party will use the granting of the extension in support of a motion to extend another date or deadline.

8.      Seventh, Professor Smith's motion should be granted because the Court's own orders created the ambiguity as to whether the proposed pleading could be amended.[5] *Compare* Doc. 71 at 3 ("Accordingly, the Court grants Plaintiff leave to file an amended motion to amend the Complaint **solely to attach a copy** of **the proposed amendment** as an exhibit."); with Doc. 80 ("Plaintiff shall file Plaintiff's second amended complaint on or before July 8, 2024."). The Court could have given a clear instruction, but it did not, though it is intentional to use inflammatory adjectives, such as "obsolete," when referring to plaintiff's pleadings (*Compare* (Doc. 132); *with* (Doc. 60 ("hopelessly distinguishable . . . scant evidence"); (Doc. 80 ("indefinite extension . . . indeterminate period . . . obsolete"), and the Court carefully places fussbudget phrases in its Orders (*Compare* Doc. 10 ("Plaintiff essentially seeks to require Defendant FAMU to keep her on its payroll until such time as this litigation is concluded despite the fact that she is already unable to perform the primary functions of her job.") *with* Doc. 53 ("However, the Court will not entertain the fiction that Plaintiff should be treated like a novice litigant or that Plaintiff lacks the knowledge and experience necessary to coordinate simple meetings between herself and defense counsel."); *and* Doc. 60 ("to the left of the point"). Therefore, in light of the ambiguity and absence of clear binding guidance

---

[5] And this is not the first time. (Doc. 51)

from this Court or the Eleventh Circuit, Professor Smith acted in good faith and without delay to make changes based on intervening and newly acquired facts.

9.      Eighth, Professor Smith also argues the Court's Order (Doc. 132) contains a silent premise that Professor Smith's efforts were somehow disingenuous. That implied premise should be disavowed as was done in *McKinley v. Kaplan*, 177 F.3d at 1258. Professor Smith has been the only reasonable, professional and cooperative party in this matter. (Doc. 71, ftnt 1) Defendant FAMU opposed consenting to every amended complaint, without basis, before it saw the amendments and after. She filed a "proposed" amended complaint (Doc. 72). "Proposed" refers to something that has been suggested or put forward for consideration – a document that is presented for discussion. For example, a "proposed amendment" is a change that has been suggested but not yet approved. *See* Dictonary.com. Nothing in the rules, Court order or case law requires that this "proposed" complaint must not be further honed in the 25 day wait period for Court action as the case facts continued to change. (Doc. 132, p. 4) In fact, such a notion runs contrary to the letter and spirit of Federal Rule of Civil Procedure 1.

10.     Ninth, Professor Smith is the sole victim of this shameless legal maneuvering, court delays, and the wrangling of the law. The likelihood that Defendant FAMU would ever consent to an amendment or the Court would allow an additional amendment if we did not update Doc. 72 is slim and time is of the

essence. *Davis v. Orange County*, No. 23-12759 (11th Cir. July 23, 2024) (vacating and remanding Case No. 6:22-cv-02222-PGB-EJK and stating in footnote 4 that "Davis also argues on appeal that the district court erred when it dismissed his retaliation claims with prejudice without giving him the opportunity to amend his complaint. Because we vacate the district court's order dismissing the retaliation claims and remand for further proceedings, we need not reach the issue whether the district court should have given Davis an opportunity to amend his complaint.").

11.    Tenth, Professor Smith has anticipated legal arguments and potential consequences, done everything to preserve her preliminary injunction, cautioned the Court to avoid delays, cooperated fully with Defendant FAMU, and served her discovery at the earliest opportunity—she has done everything possible to move this case forward, but to no avail. Now, one must question why Defendant FAMU does not want to address the merits of the case – its case is weak. The case is patently flimsy, lacking any substantial merit or evidence, making it virtually indefensible. This is especially clear in the facts surrounding Professor Smith's baseless and contrived termination.[6]

12.    Lastly, Professor Smith argues she should be granted leave to file the CSAC because she has timely moved to raise additional claims and parties learned

---

[6] Granting the preliminary injunction is an obvious and straightforward decision, but we have not even been able to reach that.

already in these proceedings pursuant to the Due Process Clause of the U.S. Constitution, Title VII, 42 U.S.C. § 1985, 42 U.S.C. § 1986 and 42 U.S.C. § 1983, and related state law claims. Professor Smith does not seek leave to file an amended complaint for bad faith purposes and instead Professor Smith submits Defendant FAMU has already been made aware of, or could readily ascertain, many of the claims that will be asserted based on her discovery requests to Defendant FAMU and her pending motion for preliminary injunction.

WHEREFORE, Professor Smith respectfully requests permission to immediately file the Corrected Second Amended Complaint (CSAC), previously filed as Doc. 84 on July 9, 2024, and seeks an extension of the deadline to file the CSAC and to join parties.

## LOCAL RULE 3.01(g) CERTIFICATION

I hereby certify that, on July 25, 2024, Professor Smith conferred with opposing counsel, Maria Santoro and Teresa Ward, regarding filing the Corrected Second Amended Complaint. Opposing counsel read the two options the Court provided in Doc. 132 aloud and they asked which route Professor Smith would take. When Professor Smith advised defense counsel that she planned to file this motion if defense counsel would not consent to the CSAC's filing, defense counsel stated "I'm going to vote no." Therefore, this motion is opposed.

Dated: <u>July 26, 2024</u>

Respectfully submitted,

<u>*/s/ Jennifer Smith*</u>
Jennifer Smith
Florida Bar No. 964514 (*pro se*)
Law Office of Jennifer Smith
13506 Summerport Village Pkwy.
Suite 108
Windermere, FL 34786
407-455-0712
407-442-3023 (facsimile)
jensmithesq@aol.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this <u>26th</u> day of July, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all registered users.

<u>*/s/ Jennifer Smith*</u>
Jennifer Smith (*pro se*)
Law Office of Jennifer Smith