# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

JENNIFER SMITH,

    Plaintiff,

v.

FLORIDA AGRICULTURAL & MECHANICAL UNIVERSITY BOARD OF TRUSTEES; ALLYSON WATSON; DENISE D. WALLACE; LATONYA BAKER; LATRECHA SCOTT; RICA CALHOUN; GRAY ROBINSON, P.A.; JULIE ZOLTY; RICHARD E. MITCHELL; and SARAH REINER,

    Defendants.

Case No. 6:24-cv-457-PGB-RMN

## ORDER

This cause comes before the Court for consideration without oral argument on Plaintiff's Opposed Short-Form Discovery Motion to Compel Responses from Defendant Florida Agricultural & Mechanical University Board Of Trustees ("FAMU") (Dkt. 109), filed July 16, 2024 ("Motion"). FAMU did not file an opposition to the Motion and the time to do so has passed. *See* Dkt. 8 (setting 7-day deadline for responses to opposed discovery motions). The Court therefore deems the Motion unopposed and ripe for adjudication. The Court finds the Motion does not require argument.

Plaintiff seeks an order compelling FAMU to provide "complete responses to Plaintiff's First Set of Interrogatories, Requests for Admission, and Requests for Production." Dkt. 109 at 1. No particular interrogatory, request for admission, or request for production is identified in the Motion. *Id.* at 1–3. And so, it appears Plaintiff wishes the Court to enter an order generally directing FAMU to comply with its discovery obligations. The Motion is due to be denied.

Orders that require a party to comply with duties already in place are no more than an instruction to "obey the law." Such orders are unnecessary. *See Burton v. City of Belle Glade*, 178 F.3d 1175, 1201 (11th Cir. 1999) (refusing to issue order which would amount to broad instruction to simply "obey the law"); *Scarbrough v. Virginia Coll., LLC*, No. 2:18-cv-00738, 2019 WL 121277, at *2 (N.D. Ala. Jan. 7, 2019) (declining request to issue an order directing a defendant to obey the law applicable to the preservation of records).

If Plaintiff wishes to dispute FAMU's objections to a particular request for admission, interrogatory, or request for production, then she may file a short-form discovery motion directed at that particular request for admission, interrogatory, or request for production. Plaintiff is forewarned, however, that the Court cannot entertain motions seeking review of the more than 190

written discovery requests propounded on FAMU[1] because such intervention is not a judicious use of the Court's resources.

Nor is the adjudication of every propounded discovery request consistent with the spirit of discovery in federal courts. "Discovery is intended to operate with minimal judicial supervision" and, as explained in the Court's civil discovery handbook, conducted with "a spirit of cooperation and civility." *S.L. Sakansky & Assocs., Inc. v. Allied Am. Adjusting Co. of Fla., LLC.*, No. 3:05-cv-708, 2007 WL 2010860, at *1 (M.D. Fla. July 6, 2007); *see also Middle District Discovery* (2021) at 2, I. A. 2 ("Many potential discovery disputes are resolved (or the differences narrowed or clarified) when counsel confer in good faith."). The Court encourages the parties to work cooperatively to narrow the scope of their discovery disputes.

Accordingly, it is **ORDERED** that Plaintiff's Opposed Short-Form Discovery Motion to Compel Responses from Defendant Florida Agricultural & Mechanical University Board Of Trustees ("FAMU") (Dkt. 109) is **DENIED without prejudice**.

**DONE** and **ORDERED** in Orlando, Florida, on July 25, 2024.

_____
ROBERT M. NORWAY
United States Magistrate Judge

---

[1] Plaintiff propounded 96 requests for admission, 18 interrogatories, and 78 requests for production on FAMU. *See, e.g.*, Dkts. 109-1 (requests for admission), 109-2 (interrogatories), 109-3 (requests for production).

- 4 -

Copies to:

Counsel of Record

- 4 -