UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIA
ORLANDO DIVISION

JENNIFER SMITH,

      Plaintiff,

v.                                CASE NO: 6:24-cv-00457-PGB-RMN

THE FLORIDA AGRICULTURAL &
MECHANICAL UNIVERSITY
BOARD OF TRUSTEES,

      Defendant.
_____/

**DEFENDANT'S RESPONSE TO PLAINTIFF'S
RENEWED MOTION TO AMEND COMPLAINT**

Defendant, The Florida Agricultural & Mechanical University Board of Trustees ("University"), hereby responds to Plaintiff's Renewed Motion to Amend Complaint ("Renewed Motion"), and respectfully requests this Honorable Court to render an Order denying Plaintiff's untimely Motion. [Doc. 133].

**I.    History**

On April 11, 2024, the parties conducted a planning conference and negotiated deadlines for the course of this case. [Doc. 43]. The proposed deadline for amending pleadings and adding parties was suggested as June 26, 2024 in the parties' April 12, 2024 Uniform Case Management Report. [Doc. 44]. On April 15, 2024, the Court entered a Case Management and Scheduling Order, setting May 31, 2024 as the deadline for amending pleadings and adding parties. [Doc. 45].

## II. Memorandum of Law

### A. Standard of Review

"A district court's decision to enforce its pre-trial order will not be disturbed on appeal absent an abuse of discretion. *Santiago v. Lykes Bros. Steamship Co.,* 986 F.2d 423, 427 (11th Cir.1993)." *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998).

The Eleventh Circuit reviews "a district court's denial of a motion to amend for abuse of discretion" and "de novo [for] a decision that a particular amendment to the complaint would be futile." *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (citing *Harris v. Ivax Corp.*, 182 F.3d 799, 802 (11th Cir. 1999)).

### B. Renewed Motion Untimely

The parties negotiated the sequence and timing of this case, and this Court established deadlines in the Case Management and Scheduling Order. [Doc. 45]. The deadline in the Case Management and Scheduling Order ("Scheduling Order") for seeking amendment to pleadings and adding parties was May 31, 2024, rendering Plaintiff's Renewed Motion filed on July 26, 2024, untimely. [Docs. 45, 133].

A Case Management and Scheduling Order may only be modified thereafter upon a showing of good cause.

> District courts are required to "enter a scheduling order that limits the time to ... join other parties and to amend the pleadings ..." Fed.R.Civ.P. 16(b). Such orders "control the subsequent course of the action unless modified by a subsequent order," Fed.R.Civ.P. 16(e), and may be modified only "upon a showing of good cause." Fed.R.Civ.P. 16(b).

> This good cause standard precludes modification unless the schedule cannot "be met despite the diligence of the party seeking the extension."

*Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998).

Within the Scheduling Order deadline in this case, Plaintiff sought an extension of time and leave to file an amended complaint. [Doc. 54]. This was the only timely motion to extend and amend filed by Plaintiff. An extension of time was granted in the Court's Order of June 21, 2024. [Doc. 71]. The Court granted leave to Plaintiff to file a motion for extension with a proposed Second Amended Complaint, reasoning that the motion for extension of time and to amend was filed within the deadline in the Scheduling Order. [Docs. 54, 65, 65-1, 71].

Plaintiff thereafter filed a different proposed Second Amended Complaint which varied significantly from the one she was granted leave to request. [Doc. 72-1]. Nevertheless, the Court granted leave to file this version. [Doc. 80]. On July 8, 2024, Plaintiff filed a still newer version of the Second Amended Complaint, and then on July 9, she filed a Corrected Second Amended Complaint with more changes, both of which were stricken. [Docs. 81, 84, and 132]. In granting the Defendant's Motion to Strike, the Court gave Plaintiff another opportunity to file the proposed Second Amended Complaint she had been granted leave to file previously or another Motion to Amend. [Docs. 72-1, 80, 132].

There is no reason to relate the instant Renewed Motion to Amend back to the timely Motion for Extension of Time and to File Amended Complaint dated May 20,

2024. [Doc. 54]. Further, Plaintiff does not, as she should, seek modification of the Case Management and Scheduling Order. [Doc. 45].

Plaintiff has chosen not to file the Second Amended Complaint which this Court granted leave to file as the operative pleading. [Docs. 72-1, 80, 132]. Instead, Plaintiff filed two versions which were stricken and has now filed a "Renewed Motion to Amend" far beyond the deadline established by this Court. [Docs. 45, 133]. Plaintiff essentially now seems to assume that the Renewed Motion relates back to her original one without any authority provided, or modification of the Scheduling Order without asking. [Doc. 45]. "A schedule may be modified only for good cause and with the judge's consent." FRCP Rule 16. Plaintiff must seek a modification of the Scheduling Order and show good cause for the request. Plaintiff here has done neither.

In the Renewed Motion, Plaintiff only obliquely refers to seeking an extension in paragraphs 4 and 6, and in the Wherefore clause. However, there is no showing of good cause, and no request to modify the Scheduling Order. *Active Packet, LLC v. Netgen, Inc.*, 2020 WL 9073330, at *1 (M.D. Fla. May 12, 2020).

> [A district court's scheduling order] may be modified only "upon a showing of good cause." Fed.R.Civ.P. 16(b). This good cause standard precludes modification unless the schedule cannot "be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's note; *see also Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992) ("If [a] party was not diligent, the [good cause] inquiry should end.").

*Sosa* at 1418.

Plaintiff simply complains that the University acts as an adversary in this adversarial proceeding and the Court does not instruct her adequately in what to do. [Doc. 133, pp. 2, 14]. Neither good cause nor diligence is found in either charge.

More significantly, failure to comply with a Court's Orders demonstrates a lack of diligence in itself. "The Eleventh Circuit Court of Appeals has found that a district court does not abuse its discretion when it dismisses a case based on actions 'which demonstrate[ ] a lack of diligence in prosecuting th[e] action or **a failure to comply with [the Court's] obligations[.]**' *Clark v. Keen,* 346 Fed.Appx. 441, 442 (11th Cir.2009)." [Emphasis added]. *Norris v. Daysi Ynigo Landscaping & Lawn Service, LLC*, 178 F.Supp.3d 1298, 1299 (S.D. Fla. Apr. 7, 2016). This cause should likewise be dismissed.

> A plaintiff seeking leave to amend its complaint after the deadline designated in a scheduling order must demonstrate "good cause" under Fed.R.Civ.P. 16(b). *See Sosa v. Airprint Sys.,* 133 F.3d 1417, 1418 n. 2 (11th Cir.1998) ("[W]hen a motion to amend is filed after a scheduling order deadline, Rule 16 is the proper guide for determining whether a party's delay may be excused."); Fed.R.Civ.P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). In *Sosa,* we upheld the district court's denial of the plaintiff's motion to amend her complaint because the plaintiff's failure to comply with the court's scheduling order resulted from a "lack of diligence in pursuing her claim." 133 F.3d at 1419. The record supports the district court's conclusion that Southern Grouts similarly lacked diligence in pursuing its claim.

*Southern Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 (11th Cir. 2009).

In the instant case, Plaintiff has been prolific, but not diligent. "Diligence means more than just being busy." *Davila v. Lowes Home Centers, LLC*, 2024 WL 2053711, at *2 (M.D. Fla. Apr. 29, 2024), citing *Martinez v. D2C, LLC*, No. 23-21394-CIV, 2024

WL 1254376, at *2 (S.D. Fla. Mar. 25, 2024). Plaintiff could have filed the Second Amended Complaint she was directed to file and had permission to file. [Docs. 72-1, 80, 132]. She chose not to do so. "Diligence means that a party has worked earnestly, steadily, energetically and conscientiously to accomplish their goal." *Freedman v. Suntrust Banks, Inc.*, 2016 WL 3196464, at *6 (M.D. Fla. June 9, 2016).

Instead, Plaintiff has ignored the law and this Court's Orders, complaining that all involved should be assisting her. "Failure to exercise diligence means that good cause does not exist." *Jarema v. United States*, 2020 WL 9349566, at *2 (M.D. Fla. June 30, 2020). "'[G]ood cause' means scheduling deadlines cannot be met despite party's diligence." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.1992, citing Miller & Kane, *Federal Practice and Procedure* § 1522.1 at 231 (2d ed. 1990). Plaintiff could have met the deadlines. She could have heeded the original Orders. Plaintiff should not be indulged for not doing so.

Nor should the Court consider at this juncture whether the Renewed Motion does or does not cause prejudice to the University, as argued by Plaintiff. [Doc. 133, p. 2]. "The existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. [citation omitted]. If that party was not diligent, the inquiry should end." *Johnson* at 609.

This Court will not abuse its discretion by denying the Renewed Motion to Amend. [Doc. 133]. It is filed outside the Scheduling Order's deadline and does not meet the legal standard for modification. [Doc. 45]. It barely asks for an extension at

all. Rule 15's mandate for liberal amendment can only be addressed after good cause is shown by Plaintiff, and she has not done so. *Sosa* at 1419. "If we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." *Id.*

> The district court did not abuse its discretion in denying [Plaintiff's] motion for failure to show good cause why it did not amend its complaint before the amendment deadline imposed in the scheduling order or during extensions of that deadline.

*Southern Grouts & Mortars, Inc. v. 3M Co.,* 575 F.3d 1235, 1243 (11th Cir. 2009).

Deadlines and rules should have meaning for both sides.

**WHEREFORE**, Defendant, Florida Agricultural & Mechanical University Board of Trustees prays that this Honorable Court will deny Plaintiff's Renewed Motion to Amend Complaint, and grant such other relief as it shall deem proper.

/s/ *Maria A. Santoro*
**MARIA A. SANTORO**
Florida Bar Number: 0654809
msantoro@sniffenlaw.com
jlunt@sniffenlaw.com
tward@sniffenlaw.com
**SNIFFEN & SPELLMAN, P.A.**
123 North Monroe Street
Tallahassee, Florida 32301
Telephone: (850) 205-1996

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 2d day of August, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all registered users and counsel in this case.

/s/ *Maria A. Santoro*
**MARIA A. SANTORO**
Florida Bar Number: 0654809
**SNIFFEN & SPELLMAN, P.A**.
123 North Monroe Street
Tallahassee, Florida 32301
Telephone: (850) 205-1996
Facsimile: (850) 205-3004
*Lead Counsel for Defendant Florida A&M University Board of Trustees*