UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIA
ORLANDO DIVISION

**JENNIFER SMITH,**

    **Plaintiff,**

v.                                    CASE NO: 6:24-cv-00457-PGB-RMN

**FLORIDA AGRICULTURAL &
MECHANICAL UNIVERSITY
BOARD OF TRUSTEES,**

    **Defendant.**
_____/

## MOTION FOR MORE DEFINITE STATEMENT

Defendant, The Florida Agricultural & Mechanical University Board of Trustees, ("University") pursuant to FRCP 8(a) and 12(e), by and through its undersigned attorney, hereby moves for a more definite statement of Plaintiff's claims as set out in the Corrected Second Amended Complaint [Doc. 151] filed herein and states as grounds therefore:

### I.   Relief Requested

The University seeks a more definite statement of the plaintiff's claims pursuant to Rule 12(e) of the Federal Rules of Civil Procedure.

### II.   Basis of the Request

The Corrected Second Amended Complaint is an impermissible shotgun pleading, consisting of ambiguous, rambling, and conclusory allegations, and is

incapable of response.

### III. MEMORANDUM OF LAW

#### A. Standard of Review

Rule 8(a) of the Federal Rules of Civil Procedure requires a "short and plain statement of the claim showing that the pleader is entitled to relief." "We review a dismissal on Rule 8 shotgun pleading grounds for an abuse of discretion. *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015)." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294–95 (11th Cir. 2018).

"Under the Federal Rules of Civil Procedure, a defendant faced with a [shotgun] complaint . . . is not expected to frame a responsive pleading. Rather, the defendant is expected to move the court, pursuant to Rule 12(e), to require the plaintiff to file a more definite statement." *Anderson v. District Bd. of Trustees of Cent. Fla. Community College*, 77 F.3d 364, 366 (11th Cir. 1996).

> Shotgun pleadings waste judicial resources and are an unacceptable form of establishing a claim for relief. *Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1296 (11th Cir. 2002).
>
> The Eleventh Circuit has generally identified four categories of shotgun pleadings: (1) one "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint[;]" (2) one that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action[;]" (3) "one that ... [does] not separat[e] into a different count each cause of action or claim for relief[;]" and (4) one that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions or which of the defendants the claim is brought against." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015) (citations

omitted).

*James River Insurance Company v. O'Gallagher LLC*, 340 F.R.D. 471, 473 (S.D. Fla. 2022).

Rule 12(e) of the Federal Rules of Civil Procedure provides in part, "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired."

### B. Argument

The Corrected Second Amended Complaint is a "shotgun pleading" in violation of Federal Rule of Civil Procedure 8(a), directing that a "pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief." The University is unable to frame a responsive pleading without risk of prejudice.

Clearly, Plaintiff's two-page "Introduction" violates the "short and plain" requirement of Rule 8, in addition to being irrelevant to the rest of the document. The two-page "Introduction" is a soliloquy which is impervious to response, unnumbered, not directed to any act of any defendant, and not incorporated in any subsequent allegation or Count. A classic shotgun pleading is ambiguous in this manner. "[I]t is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief. *Anderson v. District Bd. of Trustees of Cent. Fla. Community College*, 77 F.3d 364, 366 (11th Cir. 1996).

The "Introduction" fails to give any notice whatsoever of the claims it asserts against the University or to whom it is directed, and the Second Amended Complaint therefore requires repleading on those grounds alone. Further, the irrelevant allegations about student behavior in the "Introduction" render the Corrected Second Amended Complaint impossible to address in defense.

> Shotgun pleadings violate Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), by "fail[ing] to one degree or another ... to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323 (defining the four types of shotgun pleadings). Courts in the Eleventh Circuit have little tolerance for shotgun pleadings. . . . They waste scarce judicial resources, "inexorably broaden[ ] the scope of discovery," "wreak havoc on appellate court dockets," and "undermine[ ] the public's respect for the courts."

*Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294–95 (11th Cir. 2018).

In addition, the plaintiff reduces all Counts to impermissible shotgun status by stating in every Count, "The plaintiff realleges all relevant paragraphs . . ." [Doc. 151 ¶¶156, 161, 169, 177, 184, 191, 198, 210, and 222]. This is tantamount to the classic reincorporation of all paragraphs. "The Federal Rules of Civil Procedure do not permit a complaint to be formatted like a *matryoshka* doll, with each subsequent count containing the allegations of all former counts. *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015) (describing this as '[t]he most common type' of shotgun pleading)." *Slate v. Kamau*, 2022 WL 20611305, at *1 (N.D. Fla. May 2, 2022).

Tolerating such behavior constitutes toleration of obstruction of justice.

> This is why we have condemned shotgun pleadings time and again, and this is why we have repeatedly held that a District Court retains authority to dismiss a shotgun pleading on that basis alone. *See, e.g., Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015) (explaining that the district court retains "inherent authority to control its docket and ensure the prompt resolution of lawsuits," including, under proper circumstances, "the power to dismiss a complaint for failure to comply with Rule 8(a)(2)").

*Jackson v. Bank of America, N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018).

The University properly requests, however, that the plaintiff be directed to provide a more definite statement which complies with the Rules. "A defendant served with a shotgun complaint should move the district court to dismiss the complaint pursuant to Rule 12(b)(6) or for a more definite statement pursuant to Rule 12(e) on the ground that the complaint provides it with insufficient notice to enable it to file an answer." *Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1126–27 (11th Cir. 2014).

### IV. Conclusion

The Corrected Second Amended Complaint includes impermissible irrelevant material not directed to any given defendant, and is not drafted in conformity with the Rules. It is a "shotgun pleading" in contrast to the requirement of a "short and plain statement of facts" required by the Federal Rules of Civil Procedure. In response to such a pleading, the University is entitled to more for a more definite statement of the plaintiff's claims which is susceptible of response.

**WHEREFORE**, Defendant, Florida Agricultural & Mechanical University Board of Trustees prays that this Honorable Court will order the plaintiff to provide a

more definite statement of its claims, and grant such other relief as it shall deem proper.

## Local Rule 3.01(g) Certification

In accordance with Middle District Local Rule 3.01(g), on August 29, 2024, undersigned counsel for Defendant conferred by telephone with Plaintiff Jennifer Plaintiff regarding the relief requested in this Motion and is authorized to represent to the Court that Plaintiff opposes this Motion.

<u>/s/ *Maria A. Santoro*</u>
**MARIA A. SANTORO**
Florida Bar Number: 0654809
**SNIFFEN & SPELLMAN, P.A.**
123 North Monroe Street
Tallahassee, Florida 32301
Telephone: (850) 205-1996
Facsimile: (850) 205-3004
*Lead Counsel for Defendant*
*Florida A&M University Board of Trustees*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 29th day of August, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which sill send a notice of electronic filing to all registered users and counsel in this case.

/s/ *Maria A. Santoro*
**MARIA A. SANTORO**
Florida Bar Number: 0654809
Lead Counsel
msantoro@sniffenlaw.com
jlunt@sniffenlaw.com
tward@sniffenlaw.com

**SNIFFEN & SPELLMAN, P.A.**
123 North Monroe Street
Tallahassee, Florida 32301
Telephone: (850) 205-1996
Facsimile: (850) 205-3004
*Counsel for Defendant Florida A&M University Board of Trustees*