UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JENNIFER SMITH,

        Plaintiff,

v.

FLORIDA AGRICULTURAL AND MECHANICAL UNIVERSITY BOARD OF TRUSTEES,

Case No. 6:24-cv-00457-PGB-RMN

        Defendant,

_____/

## DEFENDANT'S MOTION TO TRANSFER VENUE

Defendant, Florida Agricultural and Mechanical University Board of Trustees ("University"), pursuant to FRCP 12(b)(3), 28 U.S.C. § 1406 and the home venue privilege, respectfully requests this Honorable Court to transfer this case to the United States District Court for the Northern District of Florida, Tallahassee Division, and states:

**I.    Relief Requested**

The University seeks transfer of this matter to the United States District Court for the Northern District of Florida, Tallahassee Division.

**II.    Basis for the Request**

The University is entitled to the relief requested on the authority of FRCP

12(b)(3), 28 U.S.C. § 1406 and the home venue privilege. Moreover, Plaintiff has sued the University twice in Leon County, situs of the Northern District of Florida, both times claiming violation of 29 U.S.C. §§ 206 and 215 ("The Equal Pay Act"). A jury verdict, a summary judgment, and two appeals were decided in favor of the University as a result of these cases, which are cited below. Plaintiff is now estopped to claim that the proper venue for a same or similar matter is in Orange County or the Middle District of Florida.

As Plaintiff has recognized twice before, the University as an agency of the State of Florida enjoys a home venue privilege in Leon County, and by extension, in the Northern District of Florida.

### III. Argument and Memorandum of Law

#### A. Improper Venue Standard

This case was filed in the Circuit Court of Orange County, Florida, and removed to this Court. [Docs. 1, 1-1]. Plaintiff has, however, by her previous suits against the University, conceded that proper venue lies in Leon County and therefore cannot meet her burden under Rule 12(b)(3) of showing that venue in this forum is proper. *Gulf Power Co. v. Coalsales II, LLC*, No. 3:06–cv–270–MCR, 2008 WL 563484, at *5 (N.D. Fla. Feb. 27, 2008) (citing *Wai v. Rainbow Holdings*, 315 F.Supp.2d 1261, 1268 (S.D.Fla.2004)); *Brown v. Brown*, No. 8:06–CV–1028–T–24TGW, 2007 WL 949424, at * 2 (M.D. Fla. Mar. 27, 2007). In considering such a

motion, a court accepts the facts in the plaintiff's complaint as true. *Wai*, 315 F.Supp.2d at 1268. A court may also "consider matters outside the pleadings if presented in proper form by the parties." *MGC Commc'ns, Inc. v. BellSouth Telecomms., Inc.*, 146 F.Supp.2d 1344, 1349 (S.D. Fla. 2001) (citing 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1364 (2d ed.1990)). The Plaintiff's allegations and attachments to the Corrected Second Amended Complaint, coupled with Plaintiff's previous acts of filing suit in Leon County Florida indicate transfer is required.

### B. The Home Venue Privilege

The "home venue privilege" is a common law doctrine providing that, "absent waiver or exception, venue in a suit against the State, or an agency or subdivision of the State, is proper only in the county in which the State, or the agency or subdivision of the State, maintains its principal headquarters. *Fla. Dept. of Child. & Fams. v. Sun-Sentinel, Inc.*, 865 So. 2d 1278, 1286 (Fla. 2004)." *Lee Memorial Health System v. Martinez*, 338 So.3d 350, 354 (Fla. 3d DCA 2022). "The purpose of this rule is to promote 'orderly and uniform handling of state litigation.'" *Carlile v. Game & Fresh Water Fish Comm'n*, 354 So. 2d 362, 363-64 (Fla. 1977). The court is generally without discretion in applying the home venue privilege. *Id.* at 354.

The University is a public university within the State University System of Florida, and the University Board of Trustees is constitutionally created and

empowered to govern it. *See* Art. IX, § 7(b), (c); Fla. Stat. § 1000.21(6)(c) ("'State university,' except as otherwise specifically provided, includes the following institutions and any branch campuses, centers, or other affiliates of the institution: . . . The Florida Agricultural and Mechanical University."). The principal headquarters of the University is located in Tallahassee, Leon County, Florida, including its College of Law, by this definition.

Plaintiff has essentially acknowledged proper venue because she brought two previous suits against the University claiming violation of the Equal Pay Act. [Doc. 151, p. 10, fn 3; ¶¶27]. Both were instituted in Leon County[1], and both were removed to the Northern District of Florida.[2] The first was resolved by jury verdict for the University which was appealed by the plaintiff unsuccessfully.[3] The second was resolved by summary judgment in favor of the University,[4] which was also appealed by the plaintiff unsuccessfully.[5,6] It is manifest that Plaintiff herself recognizes the proper forum for this case as Leon County, Florida, and by extension,

---

[1] *Smith v. Florida A&M Univ. Bd. of Trustees*, Leon County File No. 2014 CA 002022 filed July 31, 2014 and removed to the Northern District on October 14, 2014 and *Smith v. Florida A&M Univ. Bd. of Trustees*, Leon County File No. 2018 CA 001680 filed July 40, 2018 and removed to the Northern District on October 29, 2018.
[2] *Smith v. Florida A&M Univ. Bd. of Trustees,* 4:14cv540-RH/CAS (N.D. Fla.) and *Smith v. Florida A&M Univ. Bd. of Trustees*, 4:18cv409-RH/CAS (N.D. Fla.), respectively.
[3] *Smith v. Florida A&M Univ. Bd. of Trustees*, 687 F. App'x. 888 (11th Cir. 2017).
[4] *Smith v. Florida A&M Univ. Bd. of Trustees,* 2019 WL 12317725 (N.D. Fla. 2019).
[5] *Smith v. Florida A&M Univ. Bd. of Trustees*, 831 F. App'x. 434 (11th Cir. 2020).
[6] The courts were consistent in recognizing that Smith is collaterally estopped by the jury's findings from claiming salary bias, absent evidence of new intent to discriminate. *Smith v. Florida A&M Univ. Bd. of Trustees*, 831 F. App'x. 434, 439-440(11th Cir. 2020).

the Northern District of Florida.

An exception to the home venue doctrine may be recognized "where the cause of action accrued," and it is upon this exception that Plaintiff apparently relies. [Doc. 151, p. 4 ¶2]. The home venue privilege prevails however, considering that the witnesses, evidence, individual defendants, and decision-makers are actually in Leon County, Florida, so the cause of action accrued there. The salary study done by the Office of Institutional Research in 2015 was performed in Leon County. [Doc. 151. P. 8, ¶27]. The decision to terminate Plaintiff's employment was made by the Provost of the University, Allyson Watson, whose office is in Leon County. [Docs. 151-6; 151-7]. The Office of Compliance and Ethics (OCE) which performed the investigation into allegations of Plaintiff's misconduct is in Leon County. [Doc. 151-6]. Rica Calhoun, drafter of the letter conveying the OCE findings to the President and the University's Board of Trustees is in Leon County. [Doc. 151-6, p. 5]. The President's designee for final decisions regarding employment is in Leon County. [Doc. 151-6, pp. 52, 53]. The review panel assembled for Plaintiff's due process conference was seated in Leon County. [Doc. 151-6, pp. 1, 2, 52, 53; Doc. 151-7, p. 3].

Because Plaintiff may raise the "Sword Wielder Doctrine" as an exception, the University will discuss its complete lack of application here. The "Sword Wielder Doctrine" is applicable to suits:

> in which the primary purpose of the litigation is to obtain direct judicial protection from an alleged unlawful invasion of the constitutional rights of the plaintiff within the county where the suit is instituted, because of the enforcement or threatened enforcement by a state agency of rules and regulations alleged to be unconstitutional as to the plaintiff, and where the validity or invalidity of the rules and regulations sought to be enforced comes into question only secondarily and as incidental to the main issue involved.

*Scott v. Thompson*, 326 So.3d 123, 126–27 (Fla. 1st DCA 2021).

The decisions regarding the plaintiff were, however, made at the main campus of the University in Tallahassee, Leon County, Florida. If a sword was wielded, it was wielded in Leon County.

This case should be at a minimum, transferred to the Northern District of Florida.

### C. The 28 U.S.C. § 1406 Standard

If an action is filed in the wrong division or district, the court "shall dismiss" it, "or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). In other words, "[o]nce a court has determined that venue is improper, it must dismiss or transfer the case to the appropriate venue." *Florida Hometown Democracy, Inc. v. Browning*, No. 08-80636, 2008 WL 3540607, at *2 (S.D. Fla. Aug. 12, 2008) (granting the Secretary of State's motion to dismiss action brought in the Southern District and transferring to the Northern District). "On a motion to dismiss based on improper venue, the

plaintiff has the burden of showing that venue in the forum is proper." *Wai v. Rainbow Holdings*, 315 F. Supp. 2d 1261, 1268 (S.D. Fla. 2004) (citations omitted).

Plaintiff cannot meet that burden here and is estopped by her own history to deny that proper venue lies in Leon County.

Plaintiff has argued that a boilerplate sentence in the removal documents concedes that venue is proper in this district. The time for removal to a federal court was limited, and the only way to do so was to allege jurisdiction in the federal court. There is no procedural means to both contest venue and remove in the same pleading. The University has been consistent in contesting venue, taking only those defensive actions necessary to protect its rights. This Court has likened waiver of a forum selection clause to waiver of venue, and determined that the totality of circumstances is the appropriate standard to assess whether the University has waived proper venue. *Murray Hill Presbyterian Church v. Mt. Hawley Insurance Company*, 2022 WL 18674594, at *2 (M.D. Fla. May 12, 2022). The conduct of the University has been consistent in seeking a venue transfer at the earliest opportunity it was allowed to enter a response in this Court. [Doc. 22]. It has otherwise taken only defensive actions, not engaging in any discovery, not availing itself of affirmative relief, and moving for a transfer of venue at every opportunity thereafter.

> [T]he defendant had not "waived its right to contest venue by actively participating in this litigation" where it "respond[ed] to initial state-court discovery requests (served with [the] [p]laintiff's state-court complaint) and propound[ed] limited discovery requests to determine

if federal diversity jurisdiction existed" but "[o]nce removed, ... [the] [d]efendants [sic] first motion was the motion to transfer venue").

*Storm Damage Solutions, LLC v. RLI Insurance Company*, 2023 WL 8004314, at *7 (S.D.Fla. Nov. 17, 2023).

## IV.   Conclusion

Venue of this matter is proper only in the Northern District of Florida since it should have been brought in Leon County, Florida. Plaintiff has acknowledged the proper venue by filing two previous cases on the same and similar grounds in the home venue of the defendant. Both previous cases were removed to and decided in the United States District Court for the Northern District of Florida, Tallahassee Division.

There is no applicable waiver of the home venue privilege, the "sword wielder doctrine" does not apply, and Plaintiff is estopped to deny the proper venue. The University contested venue early and often in this case and has been consistent in that request.

Accordingly, the University respectfully submits that the home venue privilege, the rules, the statutes, and the parties' own actions require transfer to the United States District Court for the Northern District of Florida.

**WHEREFORE,** Defendant Florida Agricultural and Mechanical University Board of Trustees respectfully requests the Court to render an Order transferring this action to the United States District Court, Northern District of Florida, Tallassee Division.

## LOCAL RULE 3.01(g) CERTIFICATION

In accordance with Middle District Local Rule 3.01(g), on August 29, 2024, the undersigned counsel for Defendant conferred by telephone with Plaintiff Jennifer Smith regarding the relief requested in this Motion and is authorized to represent to the Court that Plaintiff opposes this Motion.

Respectfully submitted on this 29th day of August, 2024,

/s/ *Maria A. Santoro*
**MARIA A. SANTORO**
Florida Bar Number: 0654809
msantoro@sniffenlaw.com
jlunt@sniffenlaw.com
tward@sniffenlaw.com

SNIFFEN & SPELLMAN, P.A.
123 North Monroe Street
Tallahassee, Florida 32301
Telephone: (850) 205-1996
Facsimile: (850) 205-3004

*Counsel for the Board of Trustees, Florida A&M University*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 29th of August, 2024, a true and correct copy of the foregoing was filed through the CM/ECF system which will serve an electronic copy on all parties of record.

/s/ *Maria A. Santoro*
**MARIA A. SANTORO**
Florida Bar Number: 0654809