# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

Golden-Collum Memorial Federal Building & U.S. Courthouse
207 NW Second Street
Ocala, Florida 34475
(352) 369-4860

Elizabeth M. Warren                                                    Lisa Fannin
Clerk of Court                                                         Division Manager

**DATE:** September 3, 2024

**TO:** Clerk, U.S. Court of Appeals for the Eleventh Circuit
_____

**JENNIFER SMITH,**

     **Plaintiff,**

**v.**                                                    **Case No: 6:24-cv-457-PGB-RMN**

**FLORIDA AGRICULTURAL &
MECHANICAL UNIVERSITY
BOARD OF TRUSTEES, ALLYSON
WATSON, DENISE D. WALLACE,
LATONYA BAKER, LATRECHA
SCOTT, RICA CALHOUN, GRAY
ROBINSON, P.A., JULIE ZOLTY,
RICHARD E. MITCHELL and SARAH
REINER**

     **Defendants.**
_____

**U.S.C.A. Case No:**                    **NEW APPEAL**

Enclosed are documents and information relating to an appeal in the above-referenced action.  Please acknowledge receipt on the enclosed copy of this letter.

•     Honorable Paul G. Byron, United States District Judge appealed from.

•     Appeal filing fee was paid.

•     Certified copy of Notice of Appeal, docket entries, judgment and/or Order appealed from.  Opinion was not entered orally.

ELIZABETH M. WARREN, CLERK

By:     s/L. Kirkland, Deputy Clerk

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JENNIFER SMITH,**

> **Plaintiff,**

> **CASE NO: 6:24-cv-00457-PGB-RMN**

**FLORIDA AGRICULTURAL &
MECHANICAL UNIVERSITY
BOARD OF TRUSTEES, et al.**

> **Defendants.**

_____/

## PLAINTIFF'S NOTICE OF APPEAL

Notice is hereby given that Plaintiff Jennifer Smith ("Professor Smith"), hereby appeals to the United States Court of Appeals for the Eleventh Circuit from the Order, (Doc. 164), issued by Judge Paul G. Byron on August 30, 2024. Professor Smith also provides notice that she plans to seek expedited consideration in light of the ongoing harm that Plaintiff continues to suffer as a result of the denial of the preliminary injunction.

Dated: September 3rd, 2024

Respectfully submitted,

*/s/ Jennifer Smith*
Jennifer Smith
Florida Bar No. 964514 (*pro se*)
Law Office of Jennifer Smith
13506 Summerport Village Pkwy.
Suite 108
Windermere, FL 34786
407-455-0712
407-442-3023 (facsimile)
jensmithesq@aol.com

## CERTIFICATE OF SERVICE

I, HEREBY CERTIFY that on this 3rd of September 2024, I electronically

filed the foregoing with the Clerk of the Court by using the CM/ECF system, which

will send a notice of electronic filing to all registered users.

*/s/ Jennifer Smith*
Jennifer Smith (*pro se*)
Law Office of Jennifer Smith

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JENNIFER SMITH,**

                **Plaintiff,**

**v.**                           **Case No: 6:24-cv-457-PGB-RMN**

**FLORIDA AGRICULTURAL &**
**MECHANICAL UNIVERSITY**
**BOARD OF TRUSTEES,**
**ALLYSON WATSON, DENISE D.**
**WALLACE, LATONYA BAKER,**
**LATRECHA SCOTT, RICA**
**CALHOUN, GRAY ROBINSON,**
**P.A., JULIE ZOLTY, RICHARD**
**E. MITCHELL and SARAH**
**REINER,**

                **Defendants.**

_____/

**ORDER**

    This cause is before the Court on the Plaintiff's Motion for Preliminary Injunction, (Doc. 86 (the "**Motion**")), and request for a hearing, (Doc. 87). Defendant Florida Agricultural & Mechanical University ("**FAMU**") Board of Trustees filed a Response in Opposition to the Motion. (Doc. 125). The Court does not require a hearing on the merits, and the Motion is denied upon consideration.

**I.**    **BACKGROUND**

    The Plaintiff is a tenured professor employed by the FAMU College of Law. (Doc. 151, ¶¶ 28–29). On October 27, 2022, the Office of Compliance and Ethics ("**OCE**") received a referral via email from the Office of Equal Opportunity

Programs Director, Dr. Latrecha Scott. A law student reported a negative interaction with the Plaintiff and asserted her belief that Professor Smith violated the University Code of Conduct by her behavior. (Doc. 151-6, p. 6). The investigative report includes the student's complaint describing the Plaintiff's allegedly unprofessional and threatening behavior. (*Id.* at pp. 7–8). On November 15, 2022, the student provided five witness statements corroborating her account. (*Id.* at p. 8). Before the student filed her complaint, the Plaintiff notified Associate Dean Reginald Green to report her encounter with the student. (*Id.* at p. 11). The Plaintiff described the student as acting rudely when the Plaintiff would not let her enter the classroom to prepare for an upcoming class. (*Id.*). The Plaintiff's statement of the encounter is outlined in the investigative report. (*Id.* at pp. 11–13).

The OCE expressed concern over the Plaintiff's behavior after she learned about the complaint. (*Id.*). On March 9, 2023, the Plaintiff filed a complaint through the University's Compliance and Ethics Hotline, reporting that a student knowingly and intentionally disrupted her class on October 20, 2022. (*Id.* at p. 18). Concerned that this constituted retaliation against the student, the OCE sent a Notice regarding Non-Retaliation to the Dean of the College of Law reiterating the University prohibition on retaliation. (*Id.*). OCE stated that "[f]iling a complaint for the purpose of making a student 'understand she is also the subject of an investigation' is inappropriate." (*Id.*).

The administration discussed the OCE's position on non-retaliation with the Plaintiff, and, in response, the Plaintiff clarified that she filed the complaint to ensure the student reported the investigation to the bar when applying for admission. (*Id.* at pp. 18–19). The investigation found that Plaintiff retaliated against the student by filing a complaint to force the student to report the complaint on her bar application.[1] (*Id.* at p. 19). On December 5, 2023, the Provost and Vice President for Academic Affairs informed the Plaintiff of the University's intent to dismiss her from employment on January 19, 2024. (*Id.* at p. 1). She was placed on Administrative Leave with pay, pending her termination. (*Id.*).

In 2015, the Plaintiff sued FAMU for equal pay based on gender inequity of up to $20,000 in its law faculty salaries. (Doc. 151, ¶ 27). Plaintiff asserts that on August 9, 2021, Defendant hired a male professor who performed substantially equal work in terms of skill, effort, and responsibility, under similar working conditions as other tenured law professors, but is paid $25,000 more than her. (*Id.* ¶¶ 30–31). On June 28, 2022, Plaintiff filed an informal gender equity complaint with Defendant FAMU's Equal Opportunity Program. (*Id.* ¶ 39). In September 2022, the Equal Opportunity Program denied the existence of pay inequality between her and her male colleague. (*Id.* ¶¶ 40–41). On October 18, 2022, the

---

[1] The Plaintiff noticed Defendant FAMU for a conference which occurred on January 11, 2024. (Doc. 151, ¶¶ 106–10). The next day, the panel's report unanimously recommended the "Notice of Intent to Dismiss from Employment" be rescinded and determined that re-filing "what was believed to be a previously filed complaint" is not an act of retaliation. (*Id.* ¶ 112; Doc. 151-7, p. 3). On January 23, 2024, Defendant FAMU notified Plaintiff that her employment would terminate effective January 30, 2024. (*Id.* at p. 1).

Plaintiff filed a Charge of Discrimination under the Equal Pay Act with the EEOC. (*Id.*). The incident involving the student occurred two days later. Plaintiff contends that Defendant launched the investigation and terminated her employment in retaliation for filing the Equal Pay complaint. (*Id.* ¶¶ 57, 77–78, 82).

On October 17, 2023, Plaintiff filed a Complaint against Defendant FAMU in the Ninth Judicial Circuit in Orange County, Florida. (Doc. 1, ¶ 1). Plaintiff amended the complaint before it was served on Defendant FAMU. (*Id.* ¶ 2). Defendant FAMU removed the matter to the Middle District of Florida, Orlando Division on March 4, 2024. (*Id.* ¶¶ 8–13). Plaintiff filed a Motion for Temporary Restraining Order on March 6, 2024 (Doc. 6), and the motion was denied on March 8, 2024. (Doc. 10). Three days later, the Plaintiff filed a Motion for Preliminary Injunction. (Doc 11). This motion violated Rule 3.01(a) and 6.02(a) of the Middle District of Florida Local Rules, and so the Court struck the motion. (Docs. 11, 34). Plaintiff renewed her motion and then in response to Defendant FAMU's Motion to Dismiss sought, and was granted, leave to file an Amended Complaint. (Docs. 72, 80, 81). The Court denied the Motion for Preliminary Injunction as moot because of the filing of the Second Amended Complaint ("**SAC**"). (Doc. 82).

On July 10, 2024, Plaintiff again renewed the Motion for Preliminary Injunction (Doc. 86), and a week later, Defendant FAMU moved to strike the SAC, because the version Plaintiff filed differed from the version attached to the motion

for leave to amend.[2] (Doc. 112). Two weeks later, the Court granted Defendant's motion to strike. (Doc. 132). Three weeks after Plaintiff sought leave to file the most recent version of the SAC, the Court granted the motion to amend and the operative SAC was filed on August 18, 2024.[3] (Docs. 133, 149).

## II.    LEGAL STANDARD

"A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites." *ACLU of Fla., Inc. v. Miami-Dade Cnty. Sch. Bd.*, 557 F.3d 1177, 1198 (11th Cir. 2009) (citation omitted). A plaintiff must clearly establish these requirements: "(1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) that the threatened injury to the plaintiff outweighs the potential harm to the defendant; and (4) that the injunction will not disserve the public interest." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002) (citing *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001)). "Where the facts are bitterly contested and credibility

---

[2]    Defendant FAMU correctly observed that filing an amended complaint that differs from the version attached to Plaintiff's motion for leave to amend amounts to amending the complaint without leave of court. (Doc. 112).

[3]    The Plaintiff complains that she "has sought injunctive relief for months — for a court to seriously consider this — and prays for a ruling before the first week of August 2024," which is when the fall semester begins. (Doc. 86, p. 1). The Plaintiff's suggestion that the Court has not taken her motion "seriously" is misplaced. Any delay occasioned in ruling on Plaintiff's motion is due to counsel's inability to comply with the Local Rules and the Federal Rules of Civil Procedure. The rules matter and are not mere suggestions. Moreover, the Defendant has a right to know which version of the Complaint is operative before responding to a motion for injunctive relief. The SAC was not properly filed until August 16 because of Plaintiff's numerous procedural missteps. Counsel's condescending tone is beneath the dignity expected of practitioners appearing in federal court.

determinations must be made to decide whether injunctive relief should issue, an evidentiary hearing must be held." *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1312 (11th Cir. 1998).

That said, a showing of irreparable injury is "the sin qua non of injunctive relief." *Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville*, 896 F.2d 1283, 1285 (11th Cir. 1990) (citation omitted). The Eleventh Circuit has cautioned that "even if [a plaintiff] establish[es] a likelihood of success on the merits, the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (citation omitted). As the Supreme Court held:

> The key word in this consideration is irreparable. Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of [an injunction], are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.

*Leigh v. Artis-Naples, Inc.*, No. 2:22-cv-606-JLB-NPM, 2022 WL 18027780, at *16 (M.D. Fla. Dec. 30, 2022) (quoting *Sampson v. Murray*, 415 U.S. 61, 90 (1974)). "An irreparable injury is one that 'cannot be undone through monetary remedies.'" *Id.* at *17 (citation omitted). Moreover, the mere "possibility of irreparable harm" and speculative future injury cannot, by themselves, invoke the "extraordinary remedy" of a preliminary injunction. *Id.* (citation omitted).

## III.  DISCUSSION

### A.  Irreparable Harm

Plaintiff asserts that "[i]rreparable harm has been presumed in employment discrimination cases, such as Title VII." (Doc. 86, p. 5). Plaintiff relies on *Middleton-Keirn v. Stone*, 655 F.2d 609, 612 (5th Cir. 1981).[4] The Court in *Stone* held that where "the employee has exhausted all administrative remedies and has filed suit in the district court . . . irreparable injury is presumed." *Id*. When the Plaintiff filed the instant Motion for Preliminary Injunction, the operative pleading was the First Amended Complaint. (Docs. 1-1, 81, 132). The First Amended Complaint does not include a Title VII claim, and the Plaintiff has not sought leave to amend the Motion for Preliminary Injunction to include the Title VII claim. (Doc. 1-1). Plaintiff concedes in the Motion for Preliminary Injunction that "this case [unlike *Stone*] centers on an EPA claim. (Doc. 86, p. 18). Plaintiff argues that the distinction between a Title VII claim and an EPA claim is "essentially moot," because Plaintiff exhausted administrative remedies under her EPA claim as would be required under Title VII.[5] (*Id.*).

In *Baker v. Buckeye Cellulose, Corp.*, 856 F.2d 167, 169 (11th Cir. 1988), the Eleventh Circuit declared that "[i]n this circuit . . . courts are to presume

---

[4]  In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

[5]  Plaintiff's argument that the holding in *Stone* should extend to an EPA case may be persuasive, but *Stone* is controlling only in a Title VII case.

irreparable harm in Title VII cases." But as the trial court observed in *Leigh v. Artis-Naples, Inc.*, "[l]ater decisions have cast doubt on the degree to which *Baker* is a controlling authority." 2022 WL 18027780, at *17. In *Baker*, the plaintiff moved for preliminary injunction to enjoin alleged retaliatory actions taken by her employer due to her having filed suit. 856 F.2d at 169. In *McDonald's Corp. v. Robertson*, the Court explained that the presumption of irreparable harm applies only when the plaintiff seeks to enjoin actions viewed as retaliatory. 47 F.3d at 1312. Thus, the trial court in *Leigh* reasoned that *Baker* does not apply where there are no ongoing retaliatory actions. *Leigh*, 2022 WL 18027780, at *17. As in *Leigh*, the alleged retaliatory actions have already occurred, because the Plaintiff has been terminated from her position. Therefore, the presumption of irreparable harm outlined in *Baker* is inapplicable here.[6] *Id.*

Since irreparable harm is not presumed, the Court turns to whether the Plaintiff's loss of a tenured position constitutes irreparable harm. In *Van Arsdel v. Texas A&M University*, 628 F.2d 344, 345–46 (5th Cir. 1980), the Court reversed the trial court's order granting a preliminary injunction and reinstating a tenured associate professor who allegedly resigned under duress. The Court held "[s]ince reinstatement after trial, coupled with back pay, would suffice to redress appellee's

---

[6]     Additionally, in *Sambrano v. United Airlines, Inc.*, the Fifth Circuit distinguished the reparability of harm caused by an employer's placing the employee on unpaid leave for violating a vaccination mandate versus an employer forcing an employee to abandon religious convictions or face loss of pay and benefits. No. 21-11159, 2022 WL 486610, at *2 (5th Cir. 2022). In the former employment action, economic harm does not equate to irreparable harm. *Id.* at *9. In the latter, "ongoing coercion of being forced to choose either to contravene their religious convictions or to lose pay indefinitely" constitutes irreparable harm. *Id.*

alleged wrong, we find that the preliminary injunction must be vacated." *Id*. Should she prevail on the merits, the Plaintiff's alleged harm can also be remedied with reinstatement and back pay. While Plaintiff also asserts reputational damage within the academic community and the potential loss of career advancement opportunities, (Doc. 86, p. 22), the alleged harm is entirely speculative. *See Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (noting irreparable harm must "be neither remote nor speculative, but actual and imminent"). Plaintiff does not contend that she has applied for and been denied other equivalent tenured positions based on her termination by Defendant FAMU, and Plaintiff does not proffer any basis for the claim that she was on track for a deanship. The balance of the harms Plaintiff identifies falls within the category of economic harm, which is not irreparable.[7]

---

[7]   In *Assaf v. Univ. of Tex. Sys.*, 399 F. Supp. 1245, 1245–47 (S.D. Tex. 1975), injunctive relief was granted *before* the Plaintiff was terminated, and the court criticized the university's lack of transparency leading up to the hearing. In *Schrank v. Bliss*, 412 F. Supp. 28, 37 (M.D. Fla. 1976), injunctive relief was awarded where the "state-regulated system . . . ensures all future employers are informed of the plaintiff's termination, leading to actual and official stigmatization." The court distinguished the stigma associated with mandatory reporting of the termination to law enforcement agencies to which the plaintiff may apply from the embarrassment of discharge in the presence of co-workers, which the Supreme Court rejected in *Sampson v. Murray*, 415 U.S. 61, 89 (1974), as not irreparable. Plaintiff alleges no such mandatory reporting requirement here. Similarly, in *Blaine v. N. Brevard Cnty. Hosp. Div.*, 312 F. Supp. 3d 1295, 1307 (M.D. Fla. 2018), the court found the employer's action involving the physicians constituted a reportable event to the National Practitioner Data Bank and implicated the plaintiffs' right to practice, which cannot be monetized. The termination of a tenured professor does not implicate counsel's license to practice law and earn a living. Finally, *Keyer v. Civil Serv. Comm'n of the City of N.Y.*, 397 F. Supp. 1362 (E.D.N.Y. 1975), is inapposite. In *Keyer*, the plaintiffs were fired without being notified of the reason, unlike this case.

### B.   The Public Interest

Reinstatement of the Plaintiff before the resolution of the case on its merits disserves the public interest. The Plaintiff notes that injunctions protecting First Amendment freedoms are always in the public interest. (Doc. 86, p. 24). As a general principle, this is true—but context matters. This case is not only about the Plaintiff's speech in standing up for equal pay; it also involves termination based on a finding that the Plaintiff retaliated against a student. While Plaintiff contests the student's version of the encounter giving rise to the decision to terminate her employment, the student's version—corroborated by five witnesses—led Defendant FAMU to terminate Plaintiff for improper conduct. Forcing Defendant FAMU to reinstate the Plaintiff also forces students enrolled at FAMU to attend classes taught by the Plaintiff. On the record before the Court, the imposition of a mandatory injunction compelling Defendant FAMU to reinstate Plaintiff is contrary to public policy.

### C.   Likelihood of Success on the Merits

Since irreparable harm is the sin qua non of injunctive relief, the Court will not address the likelihood of success on the merits. "[E]ven if [the plaintiff] establish[es] a likelihood of success on the merits, the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper." *Siegel*, 234 F.3d at 1176. The Court has determined that the Plaintiff's alleged injuries are not irreparable, and so preliminary injunctive relief is denied, regardless of the merits of the asserted claims.

### D. Motion for Hearing

When the facts are bitterly contested and credibility determinations must be made to decide whether injunctive relief should issue, an evidentiary hearing must be held. *McDonald's Corp.*, 147 F.3d at 1312. While the parties contest whether Plaintiff's termination for retaliation was justified and whether Defendant FAMU's decision to fire Plaintiff is pretextual and retaliation for filing an Equal Pay claim, there is no disagreement over the harm Plaintiff alleges she sustained from her termination. Since whether those harms are irreparable does not require credibility determinations or the resolution of contested facts, an evidentiary hearing is unwarranted.

## IV. CONCLUSION

For these reasons, Plaintiff's Motion for Preliminary Injunction (Doc. 86) and Motion for Oral Argument and Evidentiary Hearing (Doc. 87) are **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on August 30, 2024.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

11

# U.S. District Court
## Middle District of Florida (Orlando)
### CIVIL DOCKET FOR CASE #: 6:24-cv-00457-PGB-RMN

Smith v. Florida Agricultural & Mechanical University Board of Trustees

Assigned to: Judge Paul G. Byron

Referred to: Magistrate Judge Robert M. Norway

Case in other court: 11th Circuit, USCA Number: 24-12583

Cause: 42:1983 Civil Rights Act

Date Filed: 03/04/2024

Jury Demand: Plaintiff

Nature of Suit: 442 Civil Rights: Jobs

Jurisdiction: Federal Question

**Plaintiff**

**Jennifer Smith**
represented by
**Jennifer M. Smith**
13506 Summerport Village Pkwy
Suite 108
Windermere, FL 34786
407-455-0712
Fax: 407-442-3023
Email: jensmithesq@aol.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Florida Agricultural & Mechanical University Board of Trustees**
represented by
**Maria A. Santoro**
Sniffen & Spellman, P.A.
123 North Monroe Street
Tallahassee, FL 32301
850-205-1996
Email: msantoro@sniffenlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Julie Zolty**
GrayRobinson, P.A.
301 E. Pine Street
Suite 1400
Orlando, FL 32801
407-204-3195
Email: julie.zolty@gray-robinson.com
*TERMINATED: 07/18/2024*
*ATTORNEY TO BE NOTICED*

**Teresa Ward**
Teresa Cooper Ward

123 North Monroe St.
Tallahassee, FL 32301
850-544-5171
Email: teresacooperward@gmail.com
*ATTORNEY TO BE NOTICED*

**Richard E. Mitchell**
GrayRobinson, P.A.
Legal
301 East Pine Street
Suite 1400
Orlando, FL 32801
407-843-8880
Email: rmitchell@gray-robinson.com
*TERMINATED: 07/18/2024*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Allyson Watson**
*individually and in her official capacity*

**Defendant**

**Denise D. Wallace**
*individually and in her official capacity*

**Defendant**

**Latonya Baker**
*individually and in her official capacity*

**Defendant**

**Latrecha Scott**
*individually and in her official capacity*

**Defendant**

**Rica Calhoun**
*individually and in her official capacity*

**Defendant**

**Gray Robinson, P.A.**

**Defendant**

**Julie Zolty**

**Defendant**

**Richard E. Mitchell**

**Defendant**

**Sarah Reiner**

**Mediator**

**Linda Edwards**        represented by   **Linda Bond Edwards**
                                                Rumberger, Kirk & Caldwell

101 N. Monroe St
Suite 1050
Tallahassee, FL 32301
850-841-8362
Fax: 850-222-8783
Email: ledwards@rumberger.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/04/2024 | 1 | COMPLAINT and NOTICE OF REMOVAL from Circuit Court of the Ninth Judicial Circuit, case number 2023CA016035O filed in State Court on 10/17/2023. Filing fee $405, receipt number AFLMDC-21833302 filed by Florida Agricultural & Mechanical University Board of Trustees. (Attachments: # 1 State Court COMPLAINT, # 2 Exhibit Exs 1-2 to State Court Amended Complaint, # 3 Exhibit Exs 3-6 to State Court Amended Complaint, # 4 Exhibit Exs 7-11 to State Court Amended Complaint, # 5 State Court Docket Sheet, # 6 State Court Other Documents, # 7 Civil Cover Sheet)(Mitchell, Richard) **(Chambers notified re: emergency filings in state court documents) Modified on 3/5/2024 (AJS). (Entered: 03/04/2024)** |
| 03/05/2024 | 2 | NEW CASE ASSIGNED to Judge Paul G. Byron and Magistrate Judge Embry J. Kidd. New case number: 6:24-cv-457-PGB-EJK. (AJS) (Entered: 03/05/2024) |
| 03/05/2024 | 3 | **INITIAL CASE ORDER re: Case Management and Deadlines. Signed by Judge Paul G. Byron on 3/5/2024. (KM)** (Entered: 03/05/2024) |
| 03/05/2024 | 4 | **ORDER REFERRING CASE to assigned Magistrate Judge for Report and Recommendations. Signed by Judge Paul G. Byron on 3/5/2024. (KM)** (Entered: 03/05/2024) |
| 03/06/2024 | 5 | **ORDER of recusal. Signed by Magistrate Judge Embry J. Kidd on 3/6/2024. (RMN)** (Entered: 03/06/2024) |
| 03/06/2024 | 6 | Emergency MOTION for Temporary Restraining Order, and Memorandum of Law in Support of Temporary Restraining Order and Injunctive Relief by Jennifer Smith. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Proposed Order) (chambers notified)(ARL) Motions referred to Magistrate Judge Embry J. Kidd. (Entered: 03/06/2024) |
| 03/06/2024 | 7 | Case Reassigned to Magistrate Judge Robert M. Norway. New case number: 6:24-cv-457-PGB-EJK. Magistrate Judge Embry J. Kidd no longer assigned to the case. Motion(s) REFERRED: 6 MOTION for Temporary Restraining Order. Motion(s) referred to Magistrate Judge Robert M. Norway. (RPB) (Entered: 03/06/2024) |
| 03/07/2024 | 8 | **STANDING ORDER ON DISCOVERY MOTIONS. Signed by Magistrate Judge Robert M. Norway on 3/7/2024. (JBS)** (Entered: 03/07/2024) |
| 03/08/2024 | 9 | NOTICE of Appearance by Jennifer M. Smith on behalf of Jennifer Smith. (Smith, Jennifer) (Entered: 03/08/2024) |
| 03/08/2024 | 10 | **ORDER denying 6 Emergency Motion and Memorandum of Law in Support of Temporary Restraining Order and Injunctive Relief. See Order for further details. Signed by Judge Paul G. Byron on 3/8/2024. (REG)** (Entered: 03/08/2024) |

| 03/11/2024 | 11 | STRICKEN PER ORDER SEE DE# 34 - MOTION for Preliminary Injunction by Jennifer Smith. (Attachments: # 1 Text of Proposed Order)(Smith, Jennifer) (Modified on 3/12/2024, chambers notified) (BGR). Modified text on 4/1/2024 (LAB). (Entered: 03/11/2024) |
|---|---|---|
| 03/11/2024 | 12 | NOTICE of Appearance by Maria A. Santoro on behalf of Florida Agricultural & Mechanical University Board of Trustees. (Santoro, Maria) (Entered: 03/11/2024) |
| 03/12/2024 | 13 | NOTICE of Local Rule 2.02(a), which states, "The first paper filed on behalf of a party must designate only one lead counsel who - unless the party changes the designation - remains lead counsel throughout the action." Counsel must file a **Notice of Lead Counsel Designation** identifying lead counsel. (Signed by Deputy Clerk). (LNR) (Entered: 03/12/2024) |
| 03/12/2024 | 14 | NOTICE of Lead Counsel Designation by Maria A. Santoro on behalf of Florida Agricultural & Mechanical University Board of Trustees. Lead Counsel: Maria A. Santoro. (Santoro, Maria) (Entered: 03/12/2024) |
| 03/13/2024 | 15 | CORPORATE Disclosure Statement by Jennifer Smith. (Smith, Jennifer) (Entered: 03/13/2024) |
| 03/13/2024 | 16 | MOTION for Extension of Time to File Answer re 1 Notice of Removal *Amended Complaint* by Florida Agricultural & Mechanical University Board of Trustees. (Santoro, Maria) (Entered: 03/13/2024) |
| 03/13/2024 | 17 | NOTICE by Florida Agricultural & Mechanical University Board of Trustees *Request for Judicial Notice* (Attachments: # 1 Exhibit Verdict, # 2 Exhibit Order Denying Motion to Reconsider, # 3 Exhibit Order Denying Motion for New Trial, # 4 Exhibit 687 Fed Appx 888 11th Cir, # 5 Exhibit Order Denying Fourth Motion to Compel, # 6 Exhibit Order Granting Motion for Summary Judgment ND Fla, # 7 Exhibit 831 Fed Appx 434 11th Circ 2020, # 8 Exhibit Cert Denied USSCT) (Santoro, Maria) (Entered: 03/13/2024) |
| 03/15/2024 | 18 | **ORDER denying 16 Motion for Extension of Time to Answer. Signed by Magistrate Judge Robert M. Norway on 3/15/2024. (JBS)** (Entered: 03/15/2024) |
| 03/15/2024 | 19 | CORPORATE Disclosure Statement by Florida Agricultural & Mechanical University Board of Trustees. (Santoro, Maria) (Entered: 03/15/2024) |
| 03/18/2024 | 20 | NOTICE of a related action per Local Rule 1.07(c) by Florida Agricultural & Mechanical University Board of Trustees. Related case(s): Yes re 3 Order (Santoro, Maria) Modified on 3/19/2024 to edit docket text (AJS). (Entered: 03/18/2024) |
| 03/18/2024 | 21 | MOTION for Hearing re 17 Notice (Other) by Jennifer Smith. (Smith, Jennifer) (Entered: 03/18/2024) |
| 03/18/2024 | 22 | MOTION to Quash Service of Process, Set Aside Clerk's Default, and Renewed Motion for Enlargement of Time to File Answer by Florida Agricultural & Mechanical University Board of Trustees. (Attachments: # 1 Exhibit Declaration of James Vaughan, # 2 Exhibit Declaration of Dr. D. Denise Wallace)(Santoro, Maria) Motions referred to Magistrate Judge Robert M. Norway. Added MOTION to Set Aside Clerk Default, MOTION for Extension of Time to File Answer on 3/19/2024 (AJS). (Entered: 03/18/2024) |
| 03/18/2024 | 23 | Unopposed MOTION for Extension of Time to File Response/Reply as to 11 MOTION for Preliminary Injunction by Florida Agricultural & Mechanical University Board of Trustees. (Zolty, Julie) (Entered: 03/18/2024) |

| 03/19/2024 | 24 | ENDORSED ORDER granting 23 Unopposed Motion for Enlargement of Time to File Response to 11 Motion for Preliminary Injunction. Defendant shall respond to 11 Motion for Preliminary Injunction on or before March 25, 2024. Signed by Judge Paul G. Byron on 3/19/2024. (REG) (Entered: 03/19/2024) |
|---|---|---|
| 03/22/2024 | 25 | ENDORSED ORDER striking 21 Motion for Hearing and Memorandum of Law in Opposition to Defendant's Request for Judicial Notice. The aforementioned 21 Motion fails to comply with Local Rule 3.01(g)-(h). Specifically, the Motion fails to contain a 3.01(g) Certification and contains a request for a hearing in the same document as Plaintiff's response to 17 Request for Judicial Notice. On or before March 27, 2024, Plaintiff may file her response to 17 Request for Judicial Notice. Plaintiff may separately request a hearing as to 17 Request for Judicial Notice in a Motion that complies with Local Rule 3.01(g). Signed by Judge Paul G. Byron on 3/21/2024. (REG) (Entered: 03/22/2024) |
| 03/25/2024 | 26 | RESPONSE re 17 Notice (Other) filed by Jennifer Smith. (Smith, Jennifer) (Entered: 03/25/2024) |
| 03/25/2024 | 27 | RESPONSE in Opposition re 11 MOTION for Preliminary Injunction *and Supporting Memorandum of Law* filed by Florida Agricultural & Mechanical University Board of Trustees. (Attachments: # 1 Exhibit A - Declaration of Provost Allyson Watson, # 2 Exhibit 1 to Exhibit A - Notice of Intent to Dismiss from Employment, # 3 Exhibit 2 to Exhibit A - Notice of Dismissal, # 4 Exhibit B - Jury Verdict, # 5 Exhibit C - Smith v. Florida Agricultural and Mechanical University Board of Trustees 687 Fed. App. 888, # 6 Exhibit D - Order Granting FAMU's MSJ, # 7 Exhibit E - Smith v Florida A And M University Board of Trustees 831 Fed. Appx. 434, # 8 Exhibit F - Notice from Pre-Determination Hearing, # 9 Exhibit G - State Court Order Denying Emergency TRO, # 10 Exhibit H - Preliminary Injunction Motion, # 11 Exhibit I - Smith Employment Contract, # 12 Exhibit J - Federal Court TRO, # 13 Exhibit K - Federal Court Order Denying TRO)(Zolty, Julie) (Entered: 03/25/2024) |
| 03/26/2024 | 28 | MOTION for Hearing re 11 MOTION for Preliminary Injunction by Jennifer Smith. (Smith, Jennifer) (Entered: 03/26/2024) |
| 03/26/2024 | 29 | NOTICE by Florida Agricultural & Mechanical University Board of Trustees re 22 MOTION to Quash Service of Process, Set Aside Clerk's Default, and Renewed Motion for Enlargement of Time to File Response MOTION to Set Aside Clerk Default MOTION for Extension of Time to File Answer (Attachments: # 1 Exhibit Amended Declaration of Dr. D. Denise Wallace)(Santoro, Maria) (Entered: 03/26/2024) |
| 03/26/2024 | 30 | (STRICKEN per 31 Order) RESPONSE to Motion re 22 MOTION to Quash Service of Process, Set Aside Clerk's Default, and Renewed Motion for Enlargement of Time to File Response MOTION to Set Aside Clerk Default MOTION for Extension of Time to File Answer filed by Jennifer Smith. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit)(Smith, Jennifer) (Modified on 3/29/2024, to edit text) (BGR). (Entered: 03/26/2024) |
| 03/28/2024 | 31 | ENDORSED ORDER striking 30 Application for Clerk's Default and Response in Opposition to Defendant's Motion to Quash Service of Process, Set Aside Clerk's Default and Renewed Motion for Enlargement of Time. The aforementioned 30 Application and Response fails to comply with Local Rule 3.01(a). Specifically, Plaintiff's request for a clerk's default is embedded in her |

| | | |
|---|---|---|
| | | **30** response to the Motion to Quash. On or before April 1, 2024, Plaintiff may file her response to **22** Motion to Quash. Plaintiff may separately file her request for a clerk's default in a motion that complies with Local Rule 3.01(a). Signed by Judge Paul G. Byron on 3/28/2024. (REG) (Entered: 03/28/2024) |
| 03/28/2024 | 32 | RESPONSE to Motion re **22** MOTION to Quash Service of Process, Set Aside Clerk's Default, and Renewed Motion for Enlargement of Time to File Response MOTION to Set Aside Clerk Default MOTION for Extension of Time to File Answer filed by Jennifer Smith. (Attachments: # 1 Exhibit Employment matter email address, # 2 Exhibit Wallace Bar Profile, # 3 Exhibit Returned US Mail, # 4 Exhibit 2018 ROS, # 5 Exhibit 2024 ROS, # 6 Exhibit Kady Amended ROS, # 7 Exhibit OGC 11, # 8 Exhibit OGC 13, # 9 Exhibit Wallace Physical Address)(Smith, Jennifer) (Entered: 03/28/2024) |
| 03/29/2024 | 33 | MOTION for Clerk's Default against Florida Agricultural & Mechanical University Board of Trustees by Jennifer Smith. (Smith, Jennifer) Motions referred to Magistrate Judge Robert M. Norway. (Entered: 03/29/2024) |
| 03/29/2024 | 34 | **ENDORSED ORDER striking 11 Motion for Preliminary Injunction. The aforementioned 11 Motion fails to comply with Local Rules 3.01(a) and 6.02(a). Specifically, the 11 Motion attempts to incorporate argument from a separate pleading and is therefore not in a single document. Such incorporation would also cause the 11 Motion to significantly exceed the page-limit for motions. The 11 Motion additionally fails to include as an attachment each paper on which the movant relies. Plaintiff is cautioned that continued violation(s) of the Local Rules may result in dismissal of the case without prejudice or in other appropriate sanctions. Signed by Judge Paul G. Byron on 3/29/2024. (REG)** (Entered: 03/29/2024) |
| 03/29/2024 | 35 | **ORDER denying 33 Motion for Clerk's Default. See Order for details. Signed by Magistrate Judge Robert M. Norway on 3/29/2024. (JBS)** (Entered: 03/29/2024) |
| 03/29/2024 | 36 | **ENDORSED ORDER finding as moot 28 Unopposed Motion for Evidentiary Hearing. See 34 Order. Signed by Judge Paul G. Byron on 3/29/2024. (REG)** (Entered: 03/29/2024) |
| 04/01/2024 | 37 | MOTION for Preliminary Injunction by Jennifer Smith. (Attachments: # 1 Exhibit Smith Dec, # 2 Exhibit Dec 5 2023 Notice, # 3 Exhibit Panel Decision, # 4 Exhibit FAMU Regs 10.204, # 5 Exhibit Smith Notice 2, # 6 Exhibit FAMU Reg 10.206, # 7 Exhibit Watson Dec, # 8 Exhibit FAMU EEOC Res, # 9 Exhibit Pernell Depo, # 10 Exhibit Smith Supp Dec, # 11 Exhibit Zisk Case, # 12 Exhibit FAMU Regs 10.120 10. 205, # 13 Exhibit Reyes Complaint, # 14 Exhibit State Complaint Oct 2023, # 15 Exhibit Amended Complaint, # 16 Text of Proposed Order Proposed Order)(Smith, Jennifer) (Entered: 04/01/2024) |
| 04/04/2024 | 38 | MOTION for Extension of Time to File Case Management Report by Jennifer Smith. (Smith, Jennifer) Modified text on 4/4/2024 (GL). (Entered: 04/04/2024) |
| 04/08/2024 | 39 | **ENDORSED ORDER denying without prejudice 38 Opposed Motion to Extend the Deadline to Submit a Uniform Case Management Report. The Court does not require a response to the aforementioned 38 Motion. The stated grounds are inadequate to justify the Court staying the imposition of all deadlines in the case. Signed by Judge Paul G. Byron on 4/8/2024. (REG)** (Entered: 04/08/2024) |
| 04/10/2024 | 40 | **REPORT AND RECOMMENDATIONS re 22 Motion to Quash Service of Process, Set Aside Clerk's Default, and Renewed Motion for Enlargement of** |

| | | Time to File Response. See Report for details. Signed by Magistrate Judge Robert M. Norway on 4/10/2024. (JBS) (LDJ). (Entered: 04/10/2024) |
|---|---|---|
| 04/11/2024 | 41 | NOTICE of a related action per Local Rule 1.07(c) by Jennifer Smith. Related case(s): Yes (Smith, Jennifer) (Entered: 04/11/2024) |
| 04/12/2024 | 42 | RESPONSE in Opposition re 37 MOTION for Preliminary Injunction filed by Florida Agricultural & Mechanical University Board of Trustees. (Attachments: # 1 Exhibit Doc 27 Motion for Preliminary Injunction 04012024, # 2 Exhibit Doc. 1-6 pp 77-79 and Doc. 10 Orders Denying, # 3 Exhibit Declaration of Allyson Watson, # 4 Exhibit 2014 Docket Leon County No. 2014CA2022, # 5 Exhibit Doc. 17 pp. 5-11 Verdict 14cv540 ND Fla., # 6 Exhibit Doc. 17 pp. 16-17 Opinion 687 Fed.Appx. 888, # 7 Exhibit 2018 Docket Leon County No. 2018CA1680, # 8 Exhibit Doc. 17 pp. 20-23 Order 2019 WL 12317725, # 9 Exhibit Doc. 17 pp. 24-31 Opinion 831 Fex.Appx 434, # 10 Exhibit Doc. 27-2 Letter 12052023, # 11 Exhibit Doc. 1-3 Exhibits to Amended Complaint, # 12 Exhibit Doc. 1-6 pp. 2-16 Complaint, # 13 Exhibit Doc. 1-1 First Amended Complaint, # 14 Exhibit Doc. 1.6 pp. 77-79 order 01312024, # 15 Exhibit Doc. 27-8 Panel Letter 01122023[sic], # 16 Exhibit Doc. 1-4, p. 1-2 Letter 01232024, # 17 Exhibit Doc. 10 Order 03082024, # 18 Exhibit Doc. 34 Order 03292024, # 19 Exhibit Doc. 1-4 p. 9 Employment Contract)(Santoro, Maria) (Entered: 04/12/2024) |
| 04/12/2024 | 43 | CASE MANAGEMENT REPORT. (Santoro, Maria) (Entered: 04/12/2024) |
| 04/14/2024 | 44 | PROPOSED summons to be issued by Jennifer Smith. (Attachments: # 1 State Court COMPLAINT, # 2 Exhibit, # 3 Exhibit)(Smith, Jennifer) (Entered: 04/14/2024) |
| 04/15/2024 | 45 | **CASE MANAGEMENT AND SCHEDULING ORDER: Amended Pleadings due by 5/31/2024. Joinder of Parties due by 5/31/2024. Discovery due by 11/4/2024. Dispositive motions due by 12/2/2024. Pretrial statement due by 3/17/2025. All other motions due by 3/24/2025. Plaintiff disclosure of expert report due by 9/3/2024. Defendant disclosure of expert report due by 10/1/2024. Final Pretrial Conference set for 4/15/2025 at 03:00 PM in Orlando Courtroom 4 B before Judge Paul G. Byron. Jury Trial set for the trial term commencing on 5/5/2025 at 09:00 AM in Orlando Courtroom 4 B before Judge Paul G. Byron. Conduct mediation hearing by 11/12/2024. Lead counsel to coordinate dates. Signed by Judge Paul G. Byron on 4/15/2024. (KM)** (Entered: 04/15/2024) |
| 04/16/2024 | 46 | MOTION for Hearing re 37 MOTION for Preliminary Injunction by Jennifer Smith. (Smith, Jennifer) (Entered: 04/16/2024) |
| 04/23/2024 | 47 | OBJECTION re 40 REPORT AND RECOMMENDATIONS re 22 MOTION to Quash Service of Process, Set Aside Clerk's Default, and Renewed Motion for Enlargement of Time to File Response MOTION to Set Aside Clerk Default MOTION for Extension of Time to File Answer . (Smith, Jennifer) (Entered: 04/23/2024) |
| 04/26/2024 | 48 | RESPONSE to objections to 40 Report and Recommendations filed by Florida Agricultural & Mechanical University Board of Trustees. (Santoro, Maria) (Entered: 04/26/2024) |
| 04/29/2024 | 49 | RESPONSE to Motion re 46 MOTION for Hearing re 37 MOTION for Preliminary Injunction filed by Florida Agricultural & Mechanical University Board of Trustees. (Santoro, Maria) (Entered: 04/29/2024) |
| 05/06/2024 | 50 | **ORDER to show cause as to Jennifer Smith. Plaintiff has failed to comply with the Court's Order of April 15, 2024 directing Plaintiff to "contact opposing** |

| | | |
|---|---|---|
| | | counsel and the mediator to reserve a conference date and [to] file a Notice with the Court within 14 days of this Order advising of the date." (Doc. 45, p. 3). Such notice was never filed with the Court. Therefore, it is ORDERED that Plaintiff shall SHOW CAUSE and file a response to said Order within fourteen (14) days from the date of this Order. Failure to comply with this Order may result in dismissal of the case without further notice or other appropriate sanctions. Signed by Judge Paul G. Byron on 5/6/2024. (KM) (Entered: 05/06/2024) |
| 05/06/2024 | 51 | RESPONSE TO ORDER TO SHOW CAUSE re 50 Order to show cause filed by Jennifer Smith. (Smith, Jennifer) (Entered: 05/06/2024) |
| 05/07/2024 | 52 | NOTICE of mediation conference/hearing to be held on August 22, 2024 before Linda Bond Edwards, Esq. (Smith, Jennifer) (Entered: 05/07/2024) |
| 05/09/2024 | 53 | **ORDER discharging 50 Order to Show Cause. See Order for further details. Signed by Judge Paul G. Byron on 5/9/2024. (REG) (Entered: 05/09/2024)** |
| 05/20/2024 | 54 | Time Sensitive MOTION for Extension of Time to Amend *Complaint and Add Parties* by Jennifer Smith. (Attachments: # 1 Exhibit Email 1, # 2 Email 2, # 3 Email 3, # 4 Email 4)(Smith, Jennifer) (Entered: 05/20/2024) |
| 05/22/2024 | 55 | **ENDORSED ORDER re 54 Time Sensitive Opposed Motion for an Extension of Time, and for Leave to File an Amended Complaint and Add Parties. Defendant's response, if any, to the aforementioned 54 Motion shall be filed on or before May 28, 2024. Signed by Judge Paul G. Byron on 5/22/2024. (REG) (Entered: 05/22/2024)** |
| 05/22/2024 | 56 | Time Sensitive Opposed MOTION to Stay Discovery by Florida Agricultural & Mechanical University Board of Trustees. (Attachments: # 1 Exhibit A- Plaintiff's Discovery Requests)(Santoro, Maria) (Chambers notified)- Modified on 5/23/2024 to edit docket text (AJS). (Entered: 05/22/2024) |
| 05/23/2024 | 57 | RESPONSE to Motion re 56 Time Sensitive MOTION to Stay Discovery filed by Jennifer Smith. (Smith, Jennifer) (Entered: 05/23/2024) |
| 05/23/2024 | 58 | Time Sensitive and Opposed MOTION to Expedite ruling on *Report and Recommendation* by Jennifer Smith. (Smith, Jennifer) (Chambers notified)- Modified on 5/23/2024 to edit docket text (AJS). (Entered: 05/23/2024) |
| 05/28/2024 | 59 | RESPONSE to Motion re 54 Time Sensitive MOTION for Extension of Time to Amend Complaint and Add Parties filed by Florida Agricultural & Mechanical University Board of Trustees. (Santoro, Maria) (Entered: 05/28/2024) |
| 05/29/2024 | 60 | **ORDER adopting 40 Report and Recommendations; granting in part and denying as moot in part 22 Motion to Quash Service of Process, Set Aside Clerk's Default and Renewed Motion for Enlargement of Time to File Response. Counsel for Defendant is ORDERED to advise the Court and Plaintiff on or before June 1, 2024, whether counsel will accept service of process for Defendant and file a response to the amended complaint on Defendant's behalf. If counsel declines to accept service on Defendant's behalf, then Plaintiff is DIRECTED to obtain an alias summons and serve Defendant as required by Federal Rule of Civil Procedure 4(c). Plaintiff is ORDERED to serve Defendant on or before June 28, 2024. Signed by Judge Paul G. Byron on 5/29/2024. (REG) (Entered: 05/29/2024)** |
| 05/29/2024 | 61 | **ENDORSED ORDER finding as moot 58 Time Sensitive and Opposed Motion to Expedite Ruling on 40 Report and Recommendation. See 60 Court Order.** |

| | | Signed by Judge Paul G. Byron on 5/29/2024. (REG) (Entered: 05/29/2024) |
|---|---|---|
| 05/31/2024 | 62 | NOTICE by Florida Agricultural & Mechanical University Board of Trustees *Voluntary Acceptance of Service of Process* (Santoro, Maria) (Entered: 05/31/2024) |
| 05/31/2024 | 63 | MOTION to Dismiss First Amended Complaint *or In the Alternative, MOTION to Transfer Venue* by Florida Agricultural & Mechanical University Board of Trustees. (Santoro, Maria). Modified text and added event on 6/3/2024 (GL). (Entered: 05/31/2024) |
| 05/31/2024 | 64 | MOTION to Dismiss for Failure to State a Claim by Florida Agricultural & Mechanical University Board of Trustees. (Santoro, Maria) (Entered: 05/31/2024) |
| 05/31/2024 | 65 | STRICKEN per 71 Order; NOTICE by Jennifer Smith re 54 Time Sensitive MOTION for Extension of Time to Amend *Complaint and Add Parties of Filing Cert and Proposed SAC* (Attachments: # 1 Exhibit SAC, # 2 Exhibit Ex. 1 to SAC, # 3 Exhibit Ex. 2 to SAC, # 4 Exhibit Ex. 3 to SAC, # 5 Exhibit Ex. 4 to SAC, # 6 Exhibit Ex. 5 to SAC, # 7 Exhibit Ex. 6 to SAC, # 8 Exhibit Ex. 7 to SAC, # 9 Exhibit Ex. 8 to SAC, # 10 Exhibit Ex. 9 to SAC, # 11 Exhibit Ex. 10 to SAC, # 12 Exhibit Ex. 11 to SAC)(Smith, Jennifer) Modified on 6/14/2024 to edit docket text (JDR). (Entered: 05/31/2024) |
| 06/03/2024 | 66 | **ENDORSED ORDER. In light of 65 Notice of Filing Amended 3.01(g) Certificate and its exhibits, on or before June 13, 2024, Defendant may file an amended response to 54 Time Sensitive Opposed Motion for an Extension of Time and for Leave to File an Amended Complaint and Add Parties. Signed by Judge Paul G. Byron on 6/3/2024. (REG)** (Entered: 06/03/2024) |
| 06/04/2024 | 67 | **ORDER denying 56 Opposed Short Form Discovery Motion, wherein Defendant requests a stay of discovery or, alternatively, a protective Order as to [56-1] discovery requests. The Court sua sponte grants Defendant an extension of time for responding to the aforementioned discovery requests. Defendant shall respond to these discovery requests on or before July 1, 2024. See Order for further details. Signed by Judge Paul G. Byron on 6/4/2024. (REG)** (Entered: 06/04/2024) |
| 06/10/2024 | 68 | RESPONSE to Motion re 63 MOTION to Dismiss First Amended Complaint *or In the Alternative, to Transfer Venue* MOTION to Change Venue / Transfer Case filed by Jennifer Smith. (Smith, Jennifer) (Entered: 06/10/2024) |
| 06/10/2024 | 69 | MOTION to Strike 65 Notice (Other) *of Filing Amended 3.01G Certificate* by Florida Agricultural & Mechanical University Board of Trustees. (Santoro, Maria) (Entered: 06/10/2024) |
| 06/12/2024 | 70 | RESPONSE in Opposition re 69 MOTION to Strike 65 Notice (Other) *of Filing Amended 3.01G Certificate* filed by Jennifer Smith. (Attachments: # 1 Exhibit 1 Middle Dist. Rules rationale, # 2 Exhibit 2 May 14 email, # 3 Exhibit 3 May 20 email, # 4 Exhibit 4 May 20 pt 2 email, # 5 Exhibit 5 May 22 email, # 6 Exhibit 6 May 29, # 7 Exhibit 7 May 30)(Smith, Jennifer) Modified on 6/13/2024 (CTR). (Entered: 06/12/2024) |
| 06/13/2024 | 71 | **ORDER granting 69 Motion to Strike Plaintiff's Notice of Filing Amended 3.01(g) Certificate. Plaintiff's Notice of Filing Amended 3.01(g) Certificate 65 is hereby STRICKEN. Plaintiff may file an amended motion to amend the Complaint, consistent with the directives of this Order, on or before June 18, 2024. Defendant may file a response to Plaintiff's amended motion to amend the Complaint on or before June 21, 2024. See Order for further details. Signed by Judge Paul G. Byron on 6/13/2024. (REG)** (Entered: 06/13/2024) |

| 06/18/2024 | 72 | Amended MOTION for Extension of Time to Amend *Complaint and Add Parties* by Jennifer Smith. (Attachments: # 1 Exhibit SAC, # 2 Exhibit 1 to SAC, # 3 Exhibit 2 to SAC, # 4 Exhibit 3 to SAC, # 5 Exhibit 4 to SAC, # 6 Exhibit 5 to SAC, # 7 Exhibit 6 to SAC, # 8 Exhibit 7 to SAC, # 9 Exhibit 8 to SAC, # 10 Exhibit 9 to SAC, # 11 Exhibit 10 to SAC, # 12 Exhibit 11 to SAC, # 13 Exhibit 12 to SAC, # 14 Exhibit 13 to SAC, # 15 Exhibit 14 to SAC, # 16 Exhibit 15 to SAC)(Smith, Jennifer) Modified text on 6/19/2024 (JK). (Entered: 06/18/2024) |
| --- | --- | --- |
| 06/20/2024 | 73 | RESPONSE in Opposition re 64 MOTION to Dismiss for Failure to State a Claim filed by Jennifer Smith. (Attachments: # 1 Exhibit Smith Title, # 2 Exhibit FAMU Reg. 10.111, # 3 Exhibit FAMU Reg 2.012, # 4 Exhibit COL Student Handbook, # 5 Exhibit Emails with Green, # 6 Exhibit Def. Interrog Answers)(Smith, Jennifer) (Entered: 06/20/2024) |
| 06/21/2024 | 74 | RESPONSE in Opposition re 72 Amended MOTION for Extension of Time to Amend *Complaint and Add Parties* filed by Florida Agricultural & Mechanical University Board of Trustees. (Santoro, Maria) (Entered: 06/21/2024) |
| 06/26/2024 | 75 | **ENDORSED ORDER denying as moot 54 Time Sensitive Opposed Motion for an Extension of Time, and for Leave to File an Amended Complaint and Add Parties. See 72 Amended Motion for an Extension of Time, and for Leave to File an Amended Complaint and Add Parties. Signed by Judge Paul G. Byron on 6/26/2024. (REG)** (Entered: 06/26/2024) |
| 07/01/2024 | 76 | MOTION for Protective Order by Florida Agricultural & Mechanical University Board of Trustees. (Santoro, Maria) Motions referred to Magistrate Judge Robert M. Norway. (Entered: 07/01/2024) |
| 07/01/2024 | 77 | NOTICE by Florida Agricultural & Mechanical University Board of Trustees re 76 MOTION for Protective Order (Attachments: # 1 Affidavit of Saundre Wilson, # 2 Affidavit of Duan Yongheng)(Santoro, Maria). (Entered: 07/01/2024) |
| 07/01/2024 | 78 | NOTICE by Florida Agricultural & Mechanical University Board of Trustees of Service of Discovery Responses (Santoro, Maria). (Entered: 07/01/2024) |
| 07/02/2024 | 79 | **ENDORSED ORDER denying without prejudice Defendant's 76 Motion for Protective Order. The Motion fails to comply with the 8 Standing Order on Discovery Motions, which requires the use of Short-Form Discovery Motions that do not exceed 500 words. All future discovery motions, including motions for protective order, must comply with the 8 Standing Order on Discovery Motions. Signed by Magistrate Judge Robert M. Norway on 7/2/2024. (MLS)** (Entered: 07/02/2024) |
| 07/03/2024 | 80 | **ORDER granting in part and denying in part 72 Amended Motion for an Extension of Time, and for Leave to File an Amended Complaint and Add Parties. Plaintiff's request to amend the First Amended Complaint is GRANTED. The aforementioned 72 Motion is DENIED in all other respects. Plaintiff shall file Plaintiff's second amended complaint on or before July 8, 2024. See Order for further details. Signed by Judge Paul G. Byron on 7/3/2024. (REG)** (Entered: 07/03/2024) |
| 07/08/2024 | 81 | **\*\*STRICKEN per Order 132\*\*** AMENDED COMPLAINT *Complaint and Add Parties* against Florida Agricultural & Mechanical University Board of Trustees with Jury Demand. filed by Jennifer Smith. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit, # 12 Exhibit, # 13 Exhibit, # 14 Exhibit, # 15 Exhibit, # 16 Exhibit, # 17 Exhibit, # 18 Exhibit, # 19 Exhibit, # 20 Exhibit, # 21 Affidavit) |

| | | |
|---|---|---|
| | | (Smith, Jennifer) Modified on 7/25/2024 as to docket text (ARL). (Entered: 07/08/2024) |
| 07/09/2024 | 82 | **ENDORSED ORDER finding as moot 37 Motion for Preliminary Injunction; finding as moot 46 Motion for Oral Argument and Evidentiary Hearing; finding as moot 63 Motion to Dismiss or in the Alternative, to Transfer Venue; finding as moot 64 Motion to Dismiss First Amended Complaint with Prejudice. See 81 Second Amended Complaint. Signed by Judge Paul G. Byron on 7/9/2024. (REG)** (Entered: 07/09/2024) |
| 07/09/2024 | 83 | NOTICE of Scrivener's Error and Re-Filing of the Corrected Second Amended Complaint by Jennifer Smith > (Smith, Jennifer) Modified docket text on 7/10/2024 (JOS). (Entered: 07/09/2024) |
| 07/09/2024 | 84 | **STRICKEN per Order 132** AMENDED COMPLAINT against All Defendants with Jury Demand. filed by Jennifer Smith. (Attachments: # 1 Exhibit FAMU EEOC Inter Responses, # 2 Exhibit COL Equity Study, # 3 Exhibit Reserve Class Email, # 4 Exhibit Pernell Depo, # 5 Exhibit Green Emails, # 6 Exhibit Dec. 5 2023 Notice, # 7 Exhibit Jan 23 2024 Notice, # 8 Exhibit Fac Contract, # 9 Exhibit Fac Handbook, # 10 Exhibit Student Handbook, # 11 Exhibit June 12 2023 memo, # 12 Exhibit Salary Adjust, # 13 Exhibit Univer Resp to Pl Inter, # 14 Exhibit Watson Dec #1, # 15 Exhibit Watson Dec #2, # 16 Exhibit Reyes Depo, # 17 Exhibit Bailey Email, # 18 Exhibit FAMU EEOC Pos Statement, # 19 Exhibit Baker Emails, # 20 Exhibit Baker Emails 2, # 21 Affidavit Smith Affidavit)(Smith, Jennifer) Modified on 7/25/2024 as to docket text (ARL). (Entered: 07/09/2024) |
| 07/10/2024 | 85 | **ENDORSED ORDER. In light of 83 Notice of Scrivener's Error and Re-Filing of the Corrected Second Amended Complaint, the Court hereby adopts 84 Corrected Second Amended Complaint as the operative complaint in this case. Signed by Judge Paul G. Byron on 7/10/2024. (REG)** (Entered: 07/10/2024) |
| 07/10/2024 | 86 | Time Sensitive MOTION for Preliminary Injunction by Jennifer Smith. (Attachments: # 1 Affidavit Smith Dec, # 2 Exhibit FAMU Regs, # 3 Exhibit Corrected SAC, # 4 Exhibit 3 lawyer panel, # 5 Affidavit Smith Supp Dec, # 6 Exhibit Dec. 5 2023 Notice, # 7 Exhibit Jan 23 2024 Notice, # 8 Exhibit FAMU EEOC Res, # 9 Exhibit FAC Contract, # 10 Exhibit FAMU Regs, # 11 Exhibit Zisk Case, # 12 Exhibit Reyes Depo, # 13 Exhibit Univer Resp to Pl Inter, # 14 Affidavit Waston Dec #1, # 15 Affidavit Watson Dec #2, # 16 Exhibit FAMU Position Statement to EEOC, # 17 Exhibit Def Resp to 1st P.I., # 18 Exhibit Def. Resp to 2nd P.I., # 19 Affidavit Smith Supp Amended Dec, # 20 Text of Proposed Order)(Smith, Jennifer) (Entered: 07/10/2024) |
| 07/10/2024 | 87 | MOTION for Hearing re 86 Time Sensitive MOTION for Preliminary Injunction by Jennifer Smith. (Smith, Jennifer) (Entered: 07/10/2024) |
| 07/15/2024 | 88 | MOTION for Discovery *Motion to Pierce Attorney-Client Privilege* by Jennifer Smith. (Attachments: # 1 Exhibit Def Resp to PL RFA, # 2 Exhibit Def Res to PL RFP)(Smith, Jennifer) Motions referred to Magistrate Judge Robert M. Norway. (Entered: 07/15/2024) |
| 07/15/2024 | 89 | MOTION for Discovery *to Pierce FERPA* by Jennifer Smith. (Attachments: # 1 Exhibit Def Resp to PL RFA, # 2 Exhibit Def Resp to PL RFA, # 3 Exhibit Def Resp to RFP, # 4 Exhibit Def Amended RFA, # 5 Exhibit Def Amended to RFP, # 6 Exhibit Pl Objections, # 7 Exhibit Pl Second Objections)(Smith, Jennifer) Motions referred to Magistrate Judge Robert M. Norway. (Entered: 07/15/2024) |

| 07/15/2024 | 90 | PROPOSED summons to be issued by Jennifer Smith. (Smith, Jennifer) (Entered: 07/15/2024) |
|---|---|---|
| 07/15/2024 | 91 | PROPOSED summons to be issued by Jennifer Smith. (Smith, Jennifer) (Entered: 07/15/2024) |
| 07/15/2024 | 92 | PROPOSED summons to be issued by Jennifer Smith. (Smith, Jennifer) (Entered: 07/15/2024) |
| 07/15/2024 | 93 | PROPOSED summons to be issued by Jennifer Smith. (Smith, Jennifer) Modified on 7/16/2024 counsel notified to correct name (JDR). (Entered: 07/15/2024) |
| 07/15/2024 | 94 | PROPOSED summons to be issued by Jennifer Smith. (Smith, Jennifer) (Entered: 07/15/2024) |
| 07/15/2024 | 95 | PROPOSED summons to be issued by Jennifer Smith. (Smith, Jennifer) (Entered: 07/15/2024) |
| 07/15/2024 | 96 | PROPOSED summons to be issued by Jennifer Smith. (Smith, Jennifer) (Entered: 07/15/2024) |
| 07/15/2024 | 97 | PROPOSED summons to be issued by Jennifer Smith. (Smith, Jennifer) (Entered: 07/15/2024) |
| 07/15/2024 | 98 | PROPOSED summons to be issued by Jennifer Smith. (Smith, Jennifer) (Entered: 07/15/2024) |
| 07/16/2024 | 99 | Opposed MOTION for Leave to Take Additional Depositions and Serve Additional Interrogatories by Jennifer Smith. (Smith, Jennifer) Motions referred to Magistrate Judge Robert M. Norway. Modified text on 7/16/2024 (BD). (Entered: 07/16/2024) |
| 07/16/2024 | 100 | SUMMONS issued as to Julie Zolty. (JDR) (Entered: 07/16/2024) |
| 07/16/2024 | 101 | SUMMONS issued as to Allyson Watson. (JDR) (Entered: 07/16/2024) |
| 07/16/2024 | 102 | SUMMONS issued as to Denise D. Wallace. (JDR) (Entered: 07/16/2024) |
| 07/16/2024 | 103 | SUMMONS issued as to Gray Robinson, P.A.. (JDR) (Entered: 07/16/2024) |
| 07/16/2024 | 104 | SUMMONS issued as to Latrecha Scott. (JDR) (Entered: 07/16/2024) |
| 07/16/2024 | 105 | SUMMONS issued as to Latonya Baker. (JDR) (Entered: 07/16/2024) |
| 07/16/2024 | 106 | SUMMONS issued as to Sarah Reiner. (JDR) (Entered: 07/16/2024) |
| 07/16/2024 | 107 | SUMMONS issued as to Rica Calhoun. (JDR) (Entered: 07/16/2024) |
| 07/16/2024 | 108 | PROPOSED summons to be issued by Jennifer Smith. (Smith, Jennifer) (Entered: 07/16/2024) |
| 07/16/2024 | 109 | Opposed MOTION to Compel Responses from Defendant (FAMU) by Jennifer Smith. (Attachments: # 1 Exhibit Def Resp to PL RFA, # 2 Exhibit Def Resp to ROG, # 3 Exhibit Def Resp to RFP, # 4 Exhibit Def Amended RFA, # 5 Exhibit Def Amended to RFP, # 6 Exhibit Pl Objections, # 7 Exhibit Pl Second Objections) (Smith, Jennifer) Motions referred to Magistrate Judge Robert M. Norway. Modified text on 7/16/2024 (BD). (Entered: 07/16/2024) |
| 07/16/2024 | 110 | SUMMONS issued as to Richard E. Mitchell. (BD) (Entered: 07/16/2024) |
| 07/16/2024 | 111 | NOTICE of hearing on motion re 99 Opposed MOTION for Leave to Take Additional Depositions and Serve Additional Interrogatories, 109 MOTION to Compel RESPONSES FROM DEFENDANT (FAMU) , 88 MOTION for Discovery |

Case 6:24-cv-00457-PGB-RMN   Document 170   Filed 09/03/24   Page 28 of 44 PageID 4931

| | | |
|---|---|---|
| | | *Motion to Pierce Attorney-Client Privilege*, 89 MOTION for Discovery *to Pierce FERPA*. Motion Hearing set for 7/23/2024 at 09:30 AM in Orlando Courtroom 3 C before Magistrate Judge Robert M. Norway. (LDJ) (Entered: 07/16/2024) |
| 07/17/2024 | 112 | MOTION to Strike 81 Amended Complaint 84 Amended Complaint by Florida Agricultural & Mechanical University Board of Trustees. (Santoro, Maria) (Entered: 07/17/2024) |
| 07/17/2024 | 113 | NOTICE by Florida Agricultural & Mechanical University Board of Trustees of Filing Affidavits in Support of Defendant's Motions for Protective Order (Attachments: # 1 Affidavit Affidavit of Saundre Wilson, # 2 Affidavit Affidavit of Duan Yongheng)(Santoro, Maria). (Entered: 07/17/2024) |
| 07/17/2024 | 114 | RESPONSE in Opposition re 112 MOTION to Strike 81 Amended Complaint 84 Amended Complaint filed by Jennifer Smith. (Attachments: # 1 Exhibit Compare Report Adobe, # 2 Exhibit Email)(Smith, Jennifer) (Entered: 07/17/2024) |
| 07/17/2024 | 115 | NOTICE of supplemental authority re 114 Response in Opposition to Motion to Strike Second Amended Complaints by Jennifer Smith. (Smith, Jennifer). (Entered: 07/17/2024) |
| 07/18/2024 | 116 | MOTION for Protective Order Interrogatories by Florida Agricultural & Mechanical University Board of Trustees. (Santoro, Maria) Motions referred to Magistrate Judge Robert M. Norway. (Entered: 07/18/2024) |
| 07/18/2024 | 117 | MOTION for Protective Order Request for Admissions by Florida Agricultural & Mechanical University Board of Trustees. (Santoro, Maria) Motions referred to Magistrate Judge Robert M. Norway. (Entered: 07/18/2024) |
| 07/18/2024 | 118 | MOTION for Protective Order Request for Production by Florida Agricultural & Mechanical University Board of Trustees. (Santoro, Maria) Motions referred to Magistrate Judge Robert M. Norway. (Entered: 07/18/2024) |
| 07/18/2024 | 119 | Unopposed MOTION for Richard E. Mitchell, Julie Zolty, and the law firm of GrayRobinson, P.A. to Withdraw as Attorney by Florida Agricultural & Mechanical University Board of Trustees. (Zolty, Julie) Motions referred to Magistrate Judge Robert M. Norway. (Entered: 07/18/2024) |
| 07/18/2024 | 120 | **ENDORSED ORDER granting 119 Motion to Withdraw. Attorney Richard E. Mitchell, Attorney Julie M. Zolty, and the law firm of GrayRobinson, P.A. are hereby withdrawn from the case. Signed by Magistrate Judge Robert M. Norway on 7/18/2024. (MLS)** (Entered: 07/18/2024) |
| 07/18/2024 | 121 | NOTICE canceling Motions 88, 89, 99, and 109 hearing scheduled for 7/23/2024. Hearing will be reset by separate notice. (LDJ) (Entered: 07/18/2024) |
| 07/18/2024 | 122 | NOTICE of hearing on motion re 99 Opposed MOTION for Leave to Take Additional Depositions and Serve Additional Interrogatories, 109 Opposed MOTION to Compel Responses from Defendant (FAMU), 88 MOTION for Discovery *Motion to Pierce Attorney-Client Privilege*, 116 MOTION for Protective Order *Interrogatories*, 89 MOTION for Discovery *to Pierce FERPA*, 118 MOTION for Protective Order *Request for Production*, 117 MOTION for Protective Order *Request for Admissions*. Motion Hearing set for 8/13/2024 at 09:30 AM in Orlando Courtroom 3 C before Magistrate Judge Robert M. Norway. (LDJ) (Entered: 07/18/2024) |
| 07/19/2024 | 123 | STRICKEN PER 124 ORDER. NOTICE Advising Court of Conflict and Filing Second Amended Order Setting Jury Trial and Pretrial Dates re 122 Notice of Hearing on Motion by Florida Agricultural & Mechanical University Board of |

| | | |
|---|---|---|
| | | Trustees (Santoro, Maria) Modified docket text on 7/22/2024 (JOS). Modified docket text on 7/22/2024 (JOS). (Entered: 07/19/2024) |
| 07/22/2024 | 124 | **ENDORSED ORDER striking Defendant's 123 Notice Advising Court of Conflict, which the Court construes as a Notice of Unavailability. The Court does not permit filing notices of unavailability unless required by rule or law. A party may file a motion setting forth good cause to continue a hearing, if they wish to do so. Signed by Magistrate Judge Robert M. Norway on 7/22/2024. (MLS)** (Entered: 07/22/2024) |
| 07/22/2024 | 125 | RESPONSE in Opposition re 86 Time Sensitive MOTION for Preliminary Injunction *and Supporting Memorandum* filed by Florida Agricultural & Mechanical University Board of Trustees. (Attachments: # 1 Exhibit 1- Pltf's MFPI and Supporting MOL, # 2 Exhibit 2- Doc. 86.6 - 12.05.23 Notice of Intent to Dismiss, # 3 Exhibit 3- Doc. 86.7 - 01.23.24 Notice of Dismissal, # 4 Exhibit 4- Doc. 86.4- 01.12.23 Letter P.B. Smith to Provost Watson, # 5 Exhibit 5- Doc. 85 - Endorsed Order Adopting Corrected Second Amended Complaint, # 6 Exhibit 6- Doc. 112 - Motion to Strike Second Amended Complaint, # 7 Exhibit 7- Doc. 84.2- COL Equity Study, # 8 Exhibit 8- Doc. 84.4 - Excerpt Pernell Deposition, # 9 Exhibit 9- Doc 86.9 - Plaintiff's 08.07.23-05.10.24 Contract, # 10 Exhibit 10- Doc. 42.3 - Declaration of Allyson Watson, # 11 Exhibit 11- Composite Declarations) (Santoro, Maria) (Entered: 07/22/2024) |
| 07/22/2024 | 126 | Unopposed MOTION for Leave to File Other Document :OMNIBUS RESPONSE TO DEFENDANT FAMU'S MOTIONS FOR PROTECTIVE ORDER by Jennifer Smith. (Smith, Jennifer) Motions referred to Magistrate Judge Robert M. Norway. (Entered: 07/22/2024) |
| 07/23/2024 | 127 | **ENDORSED ORDER denying Plaintiff's 126 Motion to File Omnibus Response. Signed by Magistrate Judge Robert M. Norway on 7/23/2024. (MLS)** (Entered: 07/23/2024) |
| 07/23/2024 | 128 | RESPONSE in Opposition re 116 MOTION for Protective Order *Interrogatories* filed by Jennifer Smith. (Smith, Jennifer) (Entered: 07/23/2024) |
| 07/23/2024 | 129 | RESPONSE in Opposition re 117 MOTION for Protective Order *Request for Admissions* filed by Jennifer Smith. (Smith, Jennifer) (Entered: 07/23/2024) |
| 07/23/2024 | 130 | RESPONSE in Opposition re 118 MOTION for Protective Order *Request for Production* filed by Jennifer Smith. (Smith, Jennifer) (Entered: 07/23/2024) |
| 07/24/2024 | 131 | NOTICE of Failure to Respond to Discovery Motions by Jennifer Smith re 99 Opposed MOTION for Leave to Take Additional Depositions and Serve Additional Interrogatories, 109 Opposed MOTION to Compel Responses from Defendant (FAMU), 88 MOTION for Discovery, 89 MOTION for Discovery (Smith, Jennifer) Modified text on 7/24/2024 (JK). (Entered: 07/24/2024) |
| 07/24/2024 | 132 | **ORDER granting 112 Motion to Strike Second Amended Complaints. The Second Amended Complaint 81 and Corrected Second Amended Complaint 84 are hereby STRICKEN. On or before July 31, 2024, Plaintiff shall either: (1) file the proposed Second Amended Complaint that was attached to 72 Amended Motion for an Extension of Time, and for Leave to File an Amended Complaint and Add Parties; or (2) file a renewed motion to amend the Amended Complaint seeking permission to file 84 Corrected Second Amended Complaint. Signed by Judge Paul G. Byron on 7/24/2024. (REG)** (Entered: 07/24/2024) |

| 07/26/2024 | 133 | Second MOTION to Amend *Complaint to File CSAC* by Jennifer Smith. (Attachments: # 1 Exhibit A, # 2 Exhibit 1 to SAC, # 3 Exhibit 2 to SAC, # 4 Exhibit 3 to SAC, # 5 Exhibit 4 to SAC, # 6 Exhibit 5 to SAC, # 7 Exhibit 6 to SAC, # 8 Exhibit 7 to SAC, # 9 Exhibit 8 to SAC, # 10 Exhibit 9 to SAC, # 11 Exhibit 10 to SAC, # 12 Exhibit 11 to SAC, # 13 Exhibit 12 to SAC, # 14 Exhibit 13 to SAC, # 15 Exhibit 14 to SAC, # 16 Exhibit 15 to SAC, # 17 Exhibit 16 to SAC, # 18 Exhibit 17 to SAC, # 19 Exhibit 18 to SAC, # 20 Exhibit 19 to SAC, # 21 Exhibit 20 to SAC, # 22 Exhibit 21 to SAC)(Smith, Jennifer) Modified text on 7/26/2024 (GL). (Entered: 07/26/2024) |
|---|---|---|
| 08/02/2024 | 134 | **ORDER denying without prejudice Plaintiff's 99 Opposed Short-Form Discovery Motion for Leave to Take Additional Depositions and Serve Additional Interrogatories. See Order for details. Signed by Magistrate Judge Robert M. Norway on 8/2/2024. (MLS)** (Entered: 08/02/2024) |
| 08/02/2024 | 135 | **ORDER denying without prejudice Plaintiff's 109 Opposed Short-Form Discovery Motion to Compel Responses. See Order for details. Signed by Magistrate Judge Robert M. Norway on 7/25/2024. (MLS)** Modified docket text on 8/5/2024 (EVK). (Entered: 08/02/2024) |
| 08/02/2024 | 136 | RESPONSE to Motion re 133 Second MOTION to Amend *Complaint to File CSAC* filed by Florida Agricultural & Mechanical University Board of Trustees. (Santoro, Maria) (Entered: 08/02/2024) |
| 08/09/2024 | 137 | Joint MOTION to Continue *Hearing* by Florida Agricultural & Mechanical University Board of Trustees. (Santoro, Maria) (Entered: 08/09/2024) |
| 08/09/2024 | 138 | JOINT NOTICE Certifying Conferral by Florida Agricultural & Mechanical University Board of Trustees (Santoro, Maria) Modified on 8/9/2024 to edit docket text (JDR). (Entered: 08/09/2024) |
| 08/12/2024 | 139 | **ENDORSED ORDER denying 137 Joint Motion to Continue Hearing. Signed by Magistrate Judge Robert M. Norway on 8/12/2024. (MLS)** (Entered: 08/12/2024) |
| 08/13/2024 | 140 | Minute Entry. In Person Proceedings held before Magistrate Judge Robert M. Norway: MOTION HEARING held on 8/13/2024 re 116 MOTION for Protective Order *Interrogatories* filed by Florida Agricultural & Mechanical University Board of Trustees, 88 MOTION for Discovery *Motion to Pierce Attorney-Client Privilege* filed by Jennifer Smith, 117 MOTION for Protective Order *Request for Admissions* filed by Florida Agricultural & Mechanical University Board of Trustees, 118 MOTION for Protective Order *Request for Production* filed by Florida Agricultural & Mechanical University Board of Trustees, 89 MOTION for Discovery *to Pierce FERPA* filed by Jennifer Smith. (Digital) (LDJ) (Entered: 08/13/2024) |
| 08/13/2024 | 142 | Entered in error. (Signed by Deputy Clerk) (RLK) Modified on 8/13/2024 (RLK). (Entered: 08/13/2024) |
| 08/13/2024 | 143 | **ORDER granting in part and denying in part Plaintiff's 88 Motion to Pierce Attorney Client Privilege. See Order for details. Signed by Magistrate Judge Robert M. Norway on 8/13/2024. (MLS)** (Entered: 08/13/2024) |
| 08/13/2024 | 144 | **ORDER granting Plaintiff's 89 Motion to Pierce FERPA Confidentially. See Order for details. Signed by Magistrate Judge Robert M. Norway on 8/13/2024. (MLS)** (Entered: 08/13/2024) |
| 08/13/2024 | 145 | **ORDER granting in part and taking under advisement Defendant Florida Agricultural & Mechanical University Board of Trustees' 116 Motion for** |

| | | |
|---|---|---|
| | | **Protective Order; taking under advisement Defendant Florida Agricultural & Mechanical University Board of Trustees'** <u>117</u> **Motion for Protective Order; taking under advisement Defendant Florida Agricultural & Mechanical University Board of Trustees'** <u>118</u> **Motion for Protective Order. See Order for details. Signed by Magistrate Judge Robert M. Norway on 8/13/2024. (MLS)** (Entered: 08/13/2024) |
| 08/13/2024 | 146 | NOTICE of hearing on motion re <u>116</u> MOTION for Protective Order *Interrogatories*, <u>118</u> MOTION for Protective Order *Request for Production*, <u>117</u> MOTION for Protective Order *Request for Admissions*. Motion Hearing set for 8/20/2024 at 11:00 AM in Orlando Courtroom 3 C before Magistrate Judge Robert M. Norway. (LDJ) (Entered: 08/13/2024) |
| 08/15/2024 | <u>147</u> | TRANSCRIPT of Discovery Motions Hearing held on 8/13/24 before Judge Robert M. Norway. Court Reporter/Transcriber: Suzanne L. Trimble, CRR, RPR, WA-CCR. Email address: trimblecourtreporter@outlook.com. Telephone number: 407.900.8775.<br><br>NOTICE TO THE PARTIES - The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such notice is filed, the transcript may be made remotely available to the public without redaction after ninety (90) calendar days. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or purchased through the Court Reporter. Redaction Request due 9/5/2024. Redacted Transcript Deadline set for 9/16/2024. Release of Transcript Restriction set for 11/13/2024. (SLT) (Entered: 08/15/2024) |
| 08/15/2024 | <u>148</u> | NOTICE of Appearance by Teresa Ward on behalf of Florida Agricultural & Mechanical University Board of Trustees (Ward, Teresa) (Entered: 08/15/2024) |
| 08/16/2024 | <u>149</u> | **ORDER granting** <u>133</u> **Renewed Motion to Amend Complaint. Plaintiff shall file her second amended complaint on or before August 20, 2024. Plaintiff is instructed to file the exact version of the second amended complaint that was attached to the** <u>133</u> **Renewed Motion along with the exact same exhibits. See Order for further details. Signed by Judge Paul G. Byron on 8/16/2024. (REG)** (Entered: 08/16/2024) |
| 08/16/2024 | <u>150</u> | NOTICE by Jennifer Smith *of Conferral* (Smith, Jennifer) (Entered: 08/16/2024) |
| 08/18/2024 | <u>151</u> | AMENDED COMPLAINT against All Defendants with Jury Demand. filed by Jennifer Smith. (Attachments: # <u>1</u> Exhibit FAMU EEOC Interr Resp, # <u>2</u> Exhibit COL Equity Study, # <u>3</u> Exhibit Reserve Class Email, # <u>4</u> Exhibit Pernell Depo, # <u>5</u> Exhibit Green Emails, # <u>6</u> Exhibit Dec. 5 2023 Notice, # <u>7</u> Exhibit Jan 23 2024 Notice, # <u>8</u> Exhibit Fac Contract, # <u>9</u> Exhibit Fac Handbook, # <u>10</u> Exhibit Student Handbook, # <u>11</u> Exhibit June 12 2023 memo, # <u>12</u> Exhibit Salary Adjust, # <u>13</u> Exhibit FAMU Resp to Smith Interr, # <u>14</u> Exhibit Watson Dec #1, # <u>15</u> Exhibit Watson Dec #2, # <u>16</u> Exhibit Reyes Depo, # <u>17</u> Exhibit Bailey Email, # <u>18</u> Exhibit FAMU EEOC Pos Statement, # <u>19</u> Exhibit Baker Emails, # <u>20</u> Exhibit Baker Emails 2, # <u>21</u> Exhibit Smith Affidavit)(Smith, Jennifer) (Entered: 08/18/2024) |
| 08/19/2024 | <u>152</u> | NOTICE of Conferral by Florida Agricultural & Mechanical University Board of Trustees (Santoro, Maria) Modified docket text on 8/20/2024 (JOS). (Entered: 08/19/2024) |
| 08/19/2024 | <u>153</u> | NOTICE of Conferral by Florida Agricultural & Mechanical University Board of Trustees (Santoro, Maria) Modified docket text on 8/20/2024 (JOS). (Entered: |

| 08/19/2024 | | (Entered: 08/19/2024) |
|---|---|---|
| 08/19/2024 | 154 | NOTICE of Conferral by Florida Agricultural & Mechanical University Board of Trustees (Santoro, Maria) Modified docket text on 8/20/2024 (JOS). (Entered: 08/19/2024) |
| 08/20/2024 | 155 | **ENDORSED ORDER. In light of 151 Corrected Second Amended Complaint, the Court sua sponte advises the parties that they are permitted to reschedule their mediation date within the deadline established for conducting mediation in the 45 Case Management and Scheduling Order. Should the parties choose to do so, Plaintiff shall file an amended notice of mediation on or before September 3, 2024. Signed by Judge Paul G. Byron on 8/20/2024. (REG)** (Entered: 08/20/2024) |
| 08/20/2024 | 156 | Minute Entry. In Person Proceedings held before Magistrate Judge Robert M. Norway: MOTION HEARING held on 8/20/2024 re 116 MOTION for Protective Order *Interrogatories* filed by Florida Agricultural & Mechanical University Board of Trustees, 118 MOTION for Protective Order *Request for Production* filed by Florida Agricultural & Mechanical University Board of Trustees. (Digital) (LDJ) (Entered: 08/20/2024) |
| 08/20/2024 | 159 | **ORDER granting in part and denying in part 116 Motion for Protective Order; taking under advisement 117 Motion for Protective Order; granting in part and taking under advisement 118 Motion for Protective Order. See Order for details. Signed by Magistrate Judge Robert M. Norway on 8/20/2024. (MLS)** (Entered: 08/20/2024) |
| 08/29/2024 | 160 | MOTION for More Definite Statement by Florida Agricultural & Mechanical University Board of Trustees. (Santoro, Maria) Motions referred to Magistrate Judge Robert M. Norway. (Entered: 08/29/2024) |
| 08/29/2024 | 161 | MOTION for Miscellaneous Relief, specifically Transfer Venue by Florida Agricultural & Mechanical University Board of Trustees. (Santoro, Maria) (Entered: 08/29/2024) |
| 08/29/2024 | 162 | TRANSCRIPT of MOTION HEARING (Docs 116 and 118) held on AUGUST 20, 2024 before Judge ROBERT M. NORWAY. Court Reporter/Transcriber: SHARON A. MILLER. Email address: sharon_miller@flmd.uscourts.gov. Telephone number: 8133015041.<br><br>NOTICE TO THE PARTIES - The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such notice is filed, the transcript may be made remotely available to the public without redaction after ninety (90) calendar days. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or purchased through the Court Reporter. Redaction Request due 9/19/2024. Redacted Transcript Deadline set for 9/30/2024. Release of Transcript Restriction set for 11/27/2024. (SAM) (Entered: 08/29/2024) |
| 08/30/2024 | 163 | NOTICE of hearing on motion re 118 MOTION for Protective Order *Request for Production*, 117 MOTION for Protective Order *Request for Admissions*. Motion Hearing set for 9/5/2024 at 10:00 AM in Orlando Courtroom 3 C before Magistrate Judge Robert M. Norway. If the parties intend to order a transcript, please notify the courtroom deputy before the hearing to have a court reporter present. (LDJ) (Entered: 08/30/2024) |

| | | |
|---|---|---|
| 08/30/2024 | 164 | **ORDER denying 86 Time-Sensitive Motion for Preliminary Injunction; denying 87 Motion for Oral Argument and Evidentiary Hearing. See Order for further details. Signed by Judge Paul G. Byron on 8/30/2024. (REG)** (Entered: 08/30/2024) |
| 09/03/2024 | 165 | NOTICE OF APPEAL as to 164 Order on Motion for Preliminary Injunction, Order on Motion for Hearing / Conference by Jennifer Smith. Filing fee $ 605, receipt number AFLMDC-22472566. (Attachments: # 1 Exhibit Court Order Doc 164) (Smith, Jennifer) (Entered: 09/03/2024) |
| 09/03/2024 | 166 | NOTICE of mediation conference/hearing to be held on N/A before Linda Bond Edwards, Esq.. (Smith, Jennifer) (Entered: 09/03/2024) |
| 09/03/2024 | 167 | RESPONSE in Opposition re 161 MOTION for Miscellaneous Relief, specifically Transfer Venue filed by Jennifer Smith. (Smith, Jennifer) (Entered: 09/03/2024) |
| 09/03/2024 | 168 | RESPONSE in Opposition re 160 MOTION for More Definite Statement filed by Jennifer Smith. (Smith, Jennifer) (Entered: 09/03/2024) |
| 09/03/2024 | 169 | MOTION for Recusal *of Judge Byron* by Jennifer Smith. (Smith, Jennifer) (Entered: 09/03/2024) |

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JENNIFER SMITH,

            **Plaintiff,**

v.                                                                **Case No: 6:24-cv-457-PGB-RMN**

FLORIDA AGRICULTURAL &
MECHANICAL UNIVERSITY
BOARD OF TRUSTEES,
ALLYSON WATSON, DENISE D.
WALLACE, LATONYA BAKER,
LATRECHA SCOTT, RICA
CALHOUN, GRAY ROBINSON,
P.A., JULIE ZOLTY, RICHARD
E. MITCHELL and SARAH
REINER,

            **Defendants.**
_____/

## ORDER

This cause is before the Court on the Plaintiff's Motion for Preliminary Injunction, (Doc. 86 (the "**Motion**")), and request for a hearing, (Doc. 87). Defendant Florida Agricultural & Mechanical University ("**FAMU**") Board of Trustees filed a Response in Opposition to the Motion. (Doc. 125). The Court does not require a hearing on the merits, and the Motion is denied upon consideration.

## I.      BACKGROUND

The Plaintiff is a tenured professor employed by the FAMU College of Law. (Doc. 151, ¶¶ 28–29). On October 27, 2022, the Office of Compliance and Ethics ("**OCE**") received a referral via email from the Office of Equal Opportunity

Programs Director, Dr. Latrecha Scott. A law student reported a negative interaction with the Plaintiff and asserted her belief that Professor Smith violated the University Code of Conduct by her behavior. (Doc. 151-6, p. 6). The investigative report includes the student's complaint describing the Plaintiff's allegedly unprofessional and threatening behavior. (*Id.* at pp. 7–8). On November 15, 2022, the student provided five witness statements corroborating her account. (*Id.* at p. 8). Before the student filed her complaint, the Plaintiff notified Associate Dean Reginald Green to report her encounter with the student. (*Id.* at p. 11). The Plaintiff described the student as acting rudely when the Plaintiff would not let her enter the classroom to prepare for an upcoming class. (*Id.*). The Plaintiff's statement of the encounter is outlined in the investigative report. (*Id.* at pp. 11–13).

The OCE expressed concern over the Plaintiff's behavior after she learned about the complaint. (*Id.*). On March 9, 2023, the Plaintiff filed a complaint through the University's Compliance and Ethics Hotline, reporting that a student knowingly and intentionally disrupted her class on October 20, 2022. (*Id.* at p. 18). Concerned that this constituted retaliation against the student, the OCE sent a Notice regarding Non-Retaliation to the Dean of the College of Law reiterating the University prohibition on retaliation. (*Id.*). OCE stated that "[f]iling a complaint for the purpose of making a student 'understand she is also the subject of an investigation' is inappropriate." (*Id.*).

The administration discussed the OCE's position on non-retaliation with the Plaintiff, and, in response, the Plaintiff clarified that she filed the complaint to ensure the student reported the investigation to the bar when applying for admission. (*Id.* at pp. 18–19). The investigation found that Plaintiff retaliated against the student by filing a complaint to force the student to report the complaint on her bar application.[1] (*Id.* at p. 19). On December 5, 2023, the Provost and Vice President for Academic Affairs informed the Plaintiff of the University's intent to dismiss her from employment on January 19, 2024. (*Id.* at p. 1). She was placed on Administrative Leave with pay, pending her termination. (*Id.*).

In 2015, the Plaintiff sued FAMU for equal pay based on gender inequity of up to $20,000 in its law faculty salaries. (Doc. 151, ¶ 27). Plaintiff asserts that on August 9, 2021, Defendant hired a male professor who performed substantially equal work in terms of skill, effort, and responsibility, under similar working conditions as other tenured law professors, but is paid $25,000 more than her. (*Id.* ¶¶ 30–31). On June 28, 2022, Plaintiff filed an informal gender equity complaint with Defendant FAMU's Equal Opportunity Program. (*Id.* ¶ 39). In September 2022, the Equal Opportunity Program denied the existence of pay inequality between her and her male colleague. (*Id.* ¶¶ 40–41). On October 18, 2022, the

---

[1] The Plaintiff noticed Defendant FAMU for a conference which occurred on January 11, 2024. (Doc. 151, ¶¶ 106–10). The next day, the panel's report unanimously recommended the "Notice of Intent to Dismiss from Employment" be rescinded and determined that re-filing "what was believed to be a previously filed complaint" is not an act of retaliation. (*Id.* ¶ 112; Doc. 151-7, p. 3). On January 23, 2024, Defendant FAMU notified Plaintiff that her employment would terminate effective January 30, 2024. (*Id.* at p. 1).

Plaintiff filed a Charge of Discrimination under the Equal Pay Act with the EEOC. (*Id.*). The incident involving the student occurred two days later. Plaintiff contends that Defendant launched the investigation and terminated her employment in retaliation for filing the Equal Pay complaint. (*Id.* ¶¶ 57, 77–78, 82).

On October 17, 2023, Plaintiff filed a Complaint against Defendant FAMU in the Ninth Judicial Circuit in Orange County, Florida. (Doc. 1, ¶ 1). Plaintiff amended the complaint before it was served on Defendant FAMU. (*Id.* ¶ 2). Defendant FAMU removed the matter to the Middle District of Florida, Orlando Division on March 4, 2024. (*Id.* ¶¶ 8–13). Plaintiff filed a Motion for Temporary Restraining Order on March 6, 2024 (Doc. 6), and the motion was denied on March 8, 2024. (Doc. 10). Three days later, the Plaintiff filed a Motion for Preliminary Injunction. (Doc 11). This motion violated Rule 3.01(a) and 6.02(a) of the Middle District of Florida Local Rules, and so the Court struck the motion. (Docs. 11, 34). Plaintiff renewed her motion and then in response to Defendant FAMU's Motion to Dismiss sought, and was granted, leave to file an Amended Complaint. (Docs. 72, 80, 81). The Court denied the Motion for Preliminary Injunction as moot because of the filing of the Second Amended Complaint ("**SAC**"). (Doc. 82).

On July 10, 2024, Plaintiff again renewed the Motion for Preliminary Injunction (Doc. 86), and a week later, Defendant FAMU moved to strike the SAC, because the version Plaintiff filed differed from the version attached to the motion

for leave to amend.[2] (Doc. 112). Two weeks later, the Court granted Defendant's motion to strike. (Doc. 132). Three weeks after Plaintiff sought leave to file the most recent version of the SAC, the Court granted the motion to amend and the operative SAC was filed on August 18, 2024.[3] (Docs. 133, 149).

## II.   LEGAL STANDARD

"A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites." *ACLU of Fla., Inc. v. Miami-Dade Cnty. Sch. Bd.*, 557 F.3d 1177, 1198 (11th Cir. 2009) (citation omitted). A plaintiff must clearly establish these requirements: "(1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) that the threatened injury to the plaintiff outweighs the potential harm to the defendant; and (4) that the injunction will not disserve the public interest." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002) (citing *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001)). "Where the facts are bitterly contested and credibility

---

[2]   Defendant FAMU correctly observed that filing an amended complaint that differs from the version attached to Plaintiff's motion for leave to amend amounts to amending the complaint without leave of court. (Doc. 112).

[3]   The Plaintiff complains that she "has sought injunctive relief for months — for a court to seriously consider this — and prays for a ruling before the first week of August 2024," which is when the fall semester begins. (Doc. 86, p. 1). The Plaintiff's suggestion that the Court has not taken her motion "seriously" is misplaced. Any delay occasioned in ruling on Plaintiff's motion is due to counsel's inability to comply with the Local Rules and the Federal Rules of Civil Procedure. The rules matter and are not mere suggestions. Moreover, the Defendant has a right to know which version of the Complaint is operative before responding to a motion for injunctive relief. The SAC was not properly filed until August 16 because of Plaintiff's numerous procedural missteps. Counsel's condescending tone is beneath the dignity expected of practitioners appearing in federal court.

determinations must be made to decide whether injunctive relief should issue, an evidentiary hearing must be held." *McDonald's Corp. v. Robertson*, <u>147 F.3d 1301, 1312</u> (11th Cir. 1998).

That said, a showing of irreparable injury is "the sin qua non of injunctive relief." *Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville*, <u>896 F.2d 1283, 1285</u> (11th Cir. 1990) (citation omitted). The Eleventh Circuit has cautioned that "even if [a plaintiff] establish[es] a likelihood of success on the merits, the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper." *Siegel v. LePore*, <u>234 F.3d 1163, 1176</u> (11th Cir. 2000) (citation omitted). As the Supreme Court held:

> The key word in this consideration is irreparable. Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of [an injunction], are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.

*Leigh v. Artis-Naples, Inc.*, No. 2:22-cv-606-JLB-NPM, <u>2022 WL 18027780</u>, at *16 (M.D. Fla. Dec. 30, 2022) (quoting *Sampson v. Murray*, <u>415 U.S. 61, 90</u> (1974)). "An irreparable injury is one that 'cannot be undone through monetary remedies.'" *Id.* at *17 (citation omitted). Moreover, the mere "possibility of irreparable harm" and speculative future injury cannot, by themselves, invoke the "extraordinary remedy" of a preliminary injunction. *Id.* (citation omitted).

## III.   DISCUSSION

### A.   Irreparable Harm

Plaintiff asserts that "[i]rreparable harm has been presumed in employment discrimination cases, such as Title VII." (Doc. 86, p. 5). Plaintiff relies on *Middleton-Keirn v. Stone*, 655 F.2d 609, 612 (5th Cir. 1981).[4] The Court in *Stone* held that where "the employee has exhausted all administrative remedies and has filed suit in the district court . . . irreparable injury is presumed." *Id.* When the Plaintiff filed the instant Motion for Preliminary Injunction, the operative pleading was the First Amended Complaint. (Docs. 1-1, 81, 132). The First Amended Complaint does not include a Title VII claim, and the Plaintiff has not sought leave to amend the Motion for Preliminary Injunction to include the Title VII claim. (Doc. 1-1). Plaintiff concedes in the Motion for Preliminary Injunction that "this case [unlike *Stone*] centers on an EPA claim. (Doc. 86, p. 18). Plaintiff argues that the distinction between a Title VII claim and an EPA claim is "essentially moot," because Plaintiff exhausted administrative remedies under her EPA claim as would be required under Title VII.[5] (*Id.*).

In *Baker v. Buckeye Cellulose, Corp.*, 856 F.2d 167, 169 (11th Cir. 1988), the Eleventh Circuit declared that "[i]n this circuit . . . courts are to presume

---

[4]   In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

[5]   Plaintiff's argument that the holding in *Stone* should extend to an EPA case may be persuasive, but *Stone* is controlling only in a Title VII case.

irreparable harm in Title VII cases." But as the trial court observed in *Leigh v. Artis-Naples, Inc.*, "[l]ater decisions have cast doubt on the degree to which *Baker* is a controlling authority." 2022 WL 18027780, at *17. In *Baker*, the plaintiff moved for preliminary injunction to enjoin alleged retaliatory actions taken by her employer due to her having filed suit. 856 F.2d at 169. In *McDonald's Corp. v. Robertson*, the Court explained that the presumption of irreparable harm applies only when the plaintiff seeks to enjoin actions viewed as retaliatory. 47 F.3d at 1312. Thus, the trial court in *Leigh* reasoned that *Baker* does not apply where there are no ongoing retaliatory actions. *Leigh*, 2022 WL 18027780, at *17. As in *Leigh*, the alleged retaliatory actions have already occurred, because the Plaintiff has been terminated from her position. Therefore, the presumption of irreparable harm outlined in *Baker* is inapplicable here.[6] *Id.*

Since irreparable harm is not presumed, the Court turns to whether the Plaintiff's loss of a tenured position constitutes irreparable harm. In *Van Arsdel v. Texas A&M University*, 628 F.2d 344, 345–46 (5th Cir. 1980), the Court reversed the trial court's order granting a preliminary injunction and reinstating a tenured associate professor who allegedly resigned under duress. The Court held "[s]ince reinstatement after trial, coupled with back pay, would suffice to redress appellee's

---

[6] Additionally, in *Sambrano v. United Airlines, Inc.*, the Fifth Circuit distinguished the reparability of harm caused by an employer's placing the employee on unpaid leave for violating a vaccination mandate versus an employer forcing an employee to abandon religious convictions or face loss of pay and benefits. No. 21-11159, 2022 WL 486610, at *2 (5th Cir. 2022). In the former employment action, economic harm does not equate to irreparable harm. *Id.* at *9. In the latter, "ongoing coercion of being forced to choose either to contravene their religious convictions or to lose pay indefinitely" constitutes irreparable harm. *Id.*

alleged wrong, we find that the preliminary injunction must be vacated." *Id*. Should she prevail on the merits, the Plaintiff's alleged harm can also be remedied with reinstatement and back pay. While Plaintiff also asserts reputational damage within the academic community and the potential loss of career advancement opportunities, (Doc. 86, p. 22), the alleged harm is entirely speculative. *See Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (noting irreparable harm must "be neither remote nor speculative, but actual and imminent"). Plaintiff does not contend that she has applied for and been denied other equivalent tenured positions based on her termination by Defendant FAMU, and Plaintiff does not proffer any basis for the claim that she was on track for a deanship. The balance of the harms Plaintiff identifies falls within the category of economic harm, which is not irreparable.[7]

---

[7] In *Assaf v. Univ. of Tex. Sys.*, 399 F. Supp. 1245, 1245–47 (S.D. Tex. 1975), injunctive relief was granted *before* the Plaintiff was terminated, and the court criticized the university's lack of transparency leading up to the hearing. In *Schrank v. Bliss*, 412 F. Supp. 28, 37 (M.D. Fla. 1976), injunctive relief was awarded where the "state-regulated system . . . ensures all future employers are informed of the plaintiff's termination, leading to actual and official stigmatization." The court distinguished the stigma associated with mandatory reporting of the termination to law enforcement agencies to which the plaintiff may apply from the embarrassment of discharge in the presence of co-workers, which the Supreme Court rejected in *Sampson v. Murray*, 415 U.S. 61, 89 (1974), as not irreparable. Plaintiff alleges no such mandatory reporting requirement here. Similarly, in *Blaine v. N. Brevard Cnty. Hosp. Div.*, 312 F. Supp. 3d 1295, 1307 (M.D. Fla. 2018), the court found the employer's action involving the physicians constituted a reportable event to the National Practitioner Data Bank and implicated the plaintiffs' right to practice, which cannot be monetized. The termination of a tenured professor does not implicate counsel's license to practice law and earn a living. Finally, *Keyer v. Civil Serv. Comm'n of the City of N.Y.*, 397 F. Supp. 1362 (E.D.N.Y. 1975), is inapposite. In *Keyer*, the plaintiffs were fired without being notified of the reason, unlike this case.

### B.     The Public Interest

Reinstatement of the Plaintiff before the resolution of the case on its merits disserves the public interest. The Plaintiff notes that injunctions protecting First Amendment freedoms are always in the public interest. (Doc. 86, p. 24). As a general principle, this is true—but context matters. This case is not only about the Plaintiff's speech in standing up for equal pay; it also involves termination based on a finding that the Plaintiff retaliated against a student. While Plaintiff contests the student's version of the encounter giving rise to the decision to terminate her employment, the student's version—corroborated by five witnesses—led Defendant FAMU to terminate Plaintiff for improper conduct. Forcing Defendant FAMU to reinstate the Plaintiff also forces students enrolled at FAMU to attend classes taught by the Plaintiff. On the record before the Court, the imposition of a mandatory injunction compelling Defendant FAMU to reinstate Plaintiff is contrary to public policy.

### C.     Likelihood of Success on the Merits

Since irreparable harm is the sin qua non of injunctive relief, the Court will not address the likelihood of success on the merits. "[E]ven if [the plaintiff] establish[es] a likelihood of success on the merits, the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper." *Siegel*, 234 F.3d at 1176. The Court has determined that the Plaintiff's alleged injuries are not irreparable, and so preliminary injunctive relief is denied, regardless of the merits of the asserted claims.

### D.   Motion for Hearing

When the facts are bitterly contested and credibility determinations must be made to decide whether injunctive relief should issue, an evidentiary hearing must be held. *McDonald's Corp.*, 147 F.3d at 1312. While the parties contest whether Plaintiff's termination for retaliation was justified and whether Defendant FAMU's decision to fire Plaintiff is pretextual and retaliation for filing an Equal Pay claim, there is no disagreement over the harm Plaintiff alleges she sustained from her termination. Since whether those harms are irreparable does not require credibility determinations or the resolution of contested facts, an evidentiary hearing is unwarranted.

## IV.   CONCLUSION

For these reasons, Plaintiff's Motion for Preliminary Injunction (Doc. 86) and Motion for Oral Argument and Evidentiary Hearing (Doc. 87) are **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on August 30, 2024.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

11