## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**JENNIFER SMITH,**

           **Plaintiff,**

**v.**                                              **Case No: 6:24-cv-457-PGB-RMN**

**FLORIDA AGRICULTURAL &
MECHANICAL UNIVERSITY
BOARD OF TRUSTEES,
ALLYSON WATSON, DENISE D.
WALLACE, LATONYA BAKER,
LATRECHA SCOTT, RICA
CALHOUN, GRAY ROBINSON,
P.A., JULIE ZOLTY, RICHARD
E. MITCHELL and SARAH
REINER,**

           **Defendants.**

_____/

## ORDER

This cause is before the Court on the Plaintiff's Motion to Recuse the undersigned judge. (Doc. 169 (the "**Motion**")). Upon consideration, the Motion is denied.

## I.      BACKGROUND

Of significance to the instant Motion, the Plaintiff was a tenured professor employed by the FAMU College of Law. (Doc. 151, ¶¶ 28–29). A law student reported a negative interaction with the Plaintiff and asserted her belief that the Plaintiff violated the University Code of Conduct by her behavior. (Doc. 151-6, p. 6). On December 5, 2023, following an investigation by the Office of Compliance

and Ethics, the Provost and Vice President for Academic Affairs informed the Plaintiff of the University's intent to dismiss her from employment on January 19, 2024. (*Id.* at p. 1).

Plaintiff filed a Complaint against Defendant Florida Agricultural & Mechanical University Board of Trustees ("**FAMU**") in the Ninth Judicial Circuit in Orange County, Florida. (Doc. 1, ¶ 1). FAMU subsequently removed the matter to federal court. (*Id.* ¶¶ 8–13). The Plaintiff filed a Motion for Temporary Restraining Order (Doc. 6 (the "**Motion for TRO**")), which the instant Court denied, finding the Plaintiff failed to demonstrate irreparable injury and the Plaintiff failed to establish that granting the motion would not disserve the public interest in this case.[1] (Doc. 10, pp. 6–7). The Plaintiff then filed a Motion for Preliminary Injunction. (Doc. 11). This motion violated Rule 3.01(a) and 6.02(a) of the Middle District of Florida Local Rules, and so the Court struck the motion.[2] (Docs. 11, 34). Plaintiff renewed her Motion for Preliminary Injunction and

---

[1]   Plaintiff had previously filed in the state court a motion for temporary restraining order and injunctive relief, wherein Plaintiff asserted that Defendant had provided her notice that her termination would be effective the following day (January 30) and thus, Plaintiff sought an order preventing this termination from occurring. (Doc. 1-6, pp. 26–29). The trial court denied Plaintiff's request, and its ruling was appealed to the Sixth District Court of Appeal. (*See id.* at pp. 77–85). Additionally, when the Plaintiff filed her Motion for TRO in the instant Court, the Court observed in a footnote that the Plaintiff's Motion for TRO violated the Local Rules by exceeding the permissive page length. (Doc. 10, p. 1 n.2).

[2]   On March 22, 2024, the Court also struck Plaintiff's Motion for Hearing and Memorandum of Law in Opposition to Defendant's Request for Judicial Notice, because the Motion did not comply with Local Rule 3.01(g)-(h). (Doc. 25). The Court granted Plaintiff leave to refile consistent with the Local Rules. (*Id.*).

Plaintiff was later granted leave to file an Amended Complaint.[3] (Docs. 37, 72, 80, 81). The Court denied the Motion for Preliminary Injunction as moot because of the filing of the Second Amended Complaint ("**SAC**"). (Doc. 82).

On July 10, 2024, Plaintiff again renewed the Motion for Preliminary Injunction (Doc. 86), and a week later, Defendant FAMU moved to strike the SAC, because the version Plaintiff filed differed from the version attached to the Motion for Leave to Amend. (Doc. 112). Two weeks later, the Court granted Defendant's motion to strike. (Doc. 132). Three weeks after Plaintiff sought leave to file the most recent version of the SAC, the Court granted the Renewed Motion to Amend and the operative SAC was filed on August 18, 2024. (Docs. 133, 149). Seven days before the SAC was filed, the Plaintiff filed a writ of mandamus with the Court of Appeals.[4] On August 30, 2024, twelve days after the operative complaint was perfected, the Court denied Plaintiff's Motion for Preliminary Injunction. (Doc. 164). Plaintiff filed the Motion to Recuse the undersigned on September 3, 2024. (Doc. 169).

---

[3]   FAMU opposed Plaintiff's Motion for Leave to Amend because Plaintiff had not attached a copy of the proposed amendment and had not adequately identified the substance of the new claims Plaintiff sought to add. (Doc. 59). Plaintiff filed a Notice of Filing Amended 3.01(g) Certificate for the Motion to Amend and provided a copy of the proposed amendment. (Doc. 65, p. 3). In striking Plaintiff's Notice, the Court also found Defendant had failed to comply with the Case Management and Scheduling Order and Local Rule 3.01(g)(3) by its initial refusal to confer with Plaintiff regarding the Motion to Amend. (Doc. 71, p. 2 n.1). The Court ordered that the Defendant "shall comply with these expectations in all future communications regarding conferrals under Local Rule 3.01(g)." (*Id.*). Hence, both parties have received instruction from the Court on the need to comply with the Local Rules.

[4]   Plaintiff provided a copy of the writ to this Court by email on August 11, 2024. It concerns, *inter alia*, Plaintiff's then-pending Motion for Preliminary Injunction.

Plaintiff contends that she has "failed the challenge of filing a writ of mandamus without simultaneously displeasing the Court," and filing the writ has "compromised the Court's ability to be impartial." (*Id.* at p. 4). The Plaintiff asserts that the undersigned "has demonstrated a pattern of hostility toward Professor Smith in multiple court orders, creating an appearance of bias that would cause any reasonable person, lay person or lawyer, to question the judge's impartiality." (*Id.* at p. 5). And so, Plaintiff seeks recusal and the reassignment of her case to another district judge.

## II.   LEGAL STANDARD

Pursuant to 28 U.S.C. § 455, the Court must view all the circumstances to determine whether recusal is appropriate. "[T]he standard for determining whether a judge should disqualify himself [or herself] under § 455 is an objective one, whether a reasonable person knowing all the facts would conclude that the judge's impartiality might be questioned." *United States v. Greenough*, 782 F.2d 1556, 1559 (11th Cir. 1986). "Ordinarily, a judge's rulings in the same or a related case may not serve as the basis for a recusal motion. The judge's bias must be personal and extrajudicial; it must derive from something other than that which the judge learned by participating in the case." *McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990) (citations omitted).

Only personal bias, not judicial bias, is sufficient to justify recusal of a judge. *Jaffree v. Wallace*, 837 F.2d 1461, 1465 (11th Cir. 1988). Moreover, the bias must "'stem from personal, extrajudicial sources' unless 'pervasive bias and prejudice is

shown by otherwise judicial conduct.'" *First Ala. Bank of Montgomery, N.A. v. Parsons Steel, Inc.*, 825 F.2d 1475, 1487 (11th Cir. 1987) (citation omitted).

As the Supreme Court observed in *Liteky v. United States*, 510 U.S. 540, 550–51 (1994):

> The judge who presides at a trial may, upon completion of the evidence, be exceedingly ill disposed towards the defendant, who has been shown to be a thoroughly reprehensible person. But the judge is not thereby recusable for bias or prejudice, since his knowledge and the opinion it produced were properly and necessarily acquired in the course of the proceedings and are indeed sometimes (as in a bench trial) necessary to completion of the judge's task.

Accordingly, judicial remarks "that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge."[5] *Id.* at 554.

## III.   DISCUSSION

The Plaintiff points to language in various Orders that are characterized as critical or disapproving of Plaintiff's motion, legal reasoning, or in counsel's view, the case as a whole. Even if the Plaintiff's assessment was correct, judicial remarks that are critical, disapproving, or even hostile due not support recusal. Context matters, and when taken in context, the Court's observations are factual, objectively accurate, and do not reflect any extrajudicial bias. The Plaintiff is correct that the Court has repeatedly cautioned counsel for violating the Local Rules and has struck memorandum and pleadings; however, the Court has always

---

[5]   *Liteky v. United States* is cited as an extreme example, the Court is not "exceedingly ill disposed" towards the Plaintiff nor does the Court believe Plaintiff is "a thoroughly reprehensible person." 510 U.S. at 550–51.

done so with leave to correct the error and refile. Plaintiff may take issue with the Court's insistence on compliance with the Local Rules as evidence of bias or hostility, and repeatedly being admonished for violating those rules is undoubtedly frustrating. The Court takes no pleasure in reminding counsel to comply with the Local Rules and has instructed both Plaintiff and Defendant FAMU that the rules are not mere suggestions. Issuing orders to show cause and granting motions to strike for procedural errors expend the Court's limited resources. Having pleadings stricken and the Court's denial of motions for Temporary Restraining Order and Preliminary Injunction does not equate to the Court being biased against or harboring hostility toward the Plaintiff.

The Plaintiff points to language in the Court's Orders which is alleged to demonstrate pervasive bias and prejudice. The Court will address each item separately.a

> 1. *"She cannot access her professional e-mail or Defendant's personnel database, cannot teach, and is currently not even permitted to step foot on Defendant's premises."*

The Plaintiff cites the above sentence from the Order denying the Motion for TRO. (Doc. 169, p. 5). The Court's statement paraphrases information found in the Plaintiff's motion. In the Motion for TRO, the Plaintiff alleged that while she continued to receive compensation from FAMU, she was not "permitted on campus" and had lost access to email and other rights and privileges. (Doc. 6, p. 3). Plaintiff further alleged that she "has been removed from campus" and has "not been able to perform her duties as a professor." (*Id.* at p. 28). Plaintiff takes issue

with the Court saying counsel is not permitted to **step foot** on the campus, as to suggest that "step foot" is pejorative. Paraphrasing the facts provided by the Plaintiff does not indicate extrajudicial bias.

> 2. *"Plaintiff may not skirt the applicable law in the name of efficiency."*

The Plaintiff also cites language from the Order addressing the Defendant's motion to strike the SAC. (Doc. 132). Defendant FAMU moved to strike the SAC because the version filed by Plaintiff significantly differed from the proposed SAC attached to the motion for leave to amend, including because Plaintiff had added a new party Defendant. (Doc. 112, p. 6). In response, Plaintiff argued FAMU's objections regarding the "differences between the proposed and filed amended complaints are without merit, as [Plaintiff] was entitled to make revisions before filing the operative pleading; it is efficient." (Doc. 114, p. 2). Plaintiff argued that striking the new SAC would result in delay, would be prejudicial, and would "contravene the liberal amendment policy of Federal Rule of Civil Procedure 15."[6] (*Id.*). The Court correctly rejected Plaintiff's argument that counsel may file an unauthorized SAC because doing so is efficient, stating Plaintiff may not skirt the applicable law in the name of "efficiency." (Doc. 132, p. 4). The Court's statement is factually and legally correct.

---

[6]   Rule 15(a)(2) stands for the proposition that leave to amend should be liberally granted, not that a party may sua sponte file a *different* pleading than authorized by the Court. *See* FED. R. CIV. P. 15(a)(2).

The Plaintiff also takes issue with the Court's admonition that "at this stage" it should be evident that asking for forgiveness rather than permission does not promote efficiency. (*Id.* at pp. 4–5). One of the first orders entered by the Court included an observation that the 38-page Motion for TRO violated the Local Rule which limits motions to 25 pages. (Doc. 10, p. 1 n.2). The Court cautioned Plaintiff to abide by the Local Rules but did not strike the Motion for TRO. (*Id.*). And yet the Plaintiff continued to violate the Local Rules, prompting motions to strike. The Court was required to strike Plaintiff's motion for preliminary injunction, motion for hearing and motion in opposition to Defendant's request to take judicial notice, and motion for leave to amend based on the complaint due to Plaintiff's failure to comply with the Local Rules. The Court's instruction to seek permission before deviating from the Local Rules was justified. Plaintiff ignores that, notwithstanding repeated violations of the Local Rules, the Court has consistently granted Plaintiff leave to refile or amend. The Court's rulings evidence the opposite of extrajudicial bias or hostility against the Plaintiff.

### 3. Miscellaneous

The Plaintiff identifies other descriptive terms and fractions of sentences from disparate Orders that purportedly indicate extrajudicial bias or hostility. (Doc. 169, p. 5 n.2). Counsel does not provide context for any of these isolated words or phrases and fails to demonstrate the descriptive terms are inaccurate. For example, in an Order adopting a Report and Recommendation, the Court notes that Plaintiff relies on a case that is "hopelessly distinguishable." Counsel does not

dispute that the case was hopelessly distinguishable, because it was. Plaintiff also notes that in the same Order the Court used the term "scant evidence." The issue concerned whether service of process was properly perfected on an individual Plaintiff had characterized as the Administrative Assistant to the Office of the President. (Doc. 60, p. 10). The Court found Plaintiff provided scant evidence that the person occupied that position. Plaintiff fails to articulate how this factual finding indicates extrajudicial bias on the part of the Court. It appears that Plaintiff searched every Order for words or phrases that *seem* to convey a negative connotation when viewed in isolation.

For example, Plaintiff cites as evidence of bias the Court's remark that "the Court will not entertain the fiction that Plaintiff should be treated like a novice litigant or that Plaintiff lacks the knowledge and experience necessary to coordinate simple meetings between herself and defense counsel." (Doc. 53, p. 3). Under the Case Management and Scheduling Order ("**CMSO**"), the Plaintiff is tasked with coordinating a mediation date with opposing counsel and notifying the Court. (Doc. 45, p. 3). Plaintiff failed to do so, and the Court issued an Order to Show Cause. (Doc. 50). In response, Plaintiff argued that as a *pro se* litigant, counsel expected Defendant to coordinate mediation. (Doc. 51). Plaintiff is correct that the CMSO provides that when a plaintiff appears *pro se*, counsel for the defense coordinates mediation. In *discharging* the Order to Show Cause, the Court noted:

> [A]ccording to the Local Rules, "'[p]ro se' means not represented by a lawyer." Local Rule 1.01(15). Further, "'[l]awyer' means a member of the Middle District bar or a lawyer specially admitted in the Middle District." Local Rule 1.01(8). Finally, "'[l]ead counsel' means the lawyer responsible to the Court and other parties for the conduct of the action, including scheduling." Local Rule 1.01(9).

(Doc. 53, p. 2).

The Court further observed that "Plaintiff filed a Notice of Appearance designating that Plaintiff, through her law office, would be the attorney representing Plaintiff in the case." (*Id.* (citing Doc. 9)). The Court noted that Plaintiff is a member of the Middle District bar and is designated as lead counsel for Plaintiff here. (*Id.*). The Court discharged the Order to Show Cause but rejected Plaintiff's invitation to "entertain the fiction that Plaintiff should be treated like a novice litigant." Again, Plaintiff fails to articulate how this factually correct statement demonstrates bias or hostility. The Plaintiff is not a novice *pro se* litigant. To find otherwise would be pure fiction.

Counsel also takes issue with the Court's characterization of delay caused by Plaintiff's numerous procedural missteps. (Doc. 169, p. 7). The Court has painstakingly outlined the numerous violations of the Local Rules which have prompted well-taken motions to strike filed by the defense. Plaintiff may not agree with the Court's characterization of the record, but the record speaks for itself. Disagreeing with the Judge's view of the records is not a basis for recusal. To the extent that Plaintiff views the case as having become "chaotic," this is not evidence

of extrajudicial bias. It does, however, demonstrate the consequences of not complying with the Local Rules.

## IV.   CONCLUSION

For these reasons, the Plaintiff's Motion to Recuse the Undersigned Judge (Doc. 169) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on September 6, 2024.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE


Copies furnished to:

Counsel of Record
Unrepresented Parties